**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                          :

In re:                                       :         Chapter 11
                                          :

ORION HEALTHCORP, INC., *et al.*,[1]      :         Case No. 18-71748 (AST)
                                          :
                       Debtors.          :         (Joint Administration Pending)
                                          :
--------------------------------------------------------- x

**STIPULATED ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 and 363**

Pursuant to the terms of this Stipulated Order (I) Authorizing Use of Cash Collateral and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 (this "Order"), Orion Healthcorp, ("Orion" or "Borrower") and its affiliated debtors and debtors in possession (collectively with Orion, the "Debtors") in the above-referenced chapter 11 cases (collectively, the "Cases") and Bank of America, N.A. (as the Prepetition Agent (defined below)) have agreed to the Debtors' consensual use of cash collateral in accordance with the terms of the Budget (defined below).

This Court having found good and sufficient cause appearing therefore,

        IT IS HEREBY FOUND that:[2]

        A.        On March 16, 2018 (the "Petition Date"), the Debtors commenced the Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors include all of the affiliated entities that are listed on the **Appendix** attached hereto. The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

CHAR2\2003652v4

"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of creditors holding unsecured claims (a "Creditors' Committee") has been appointed in any of these Chapter 11 Cases.

B.     The Court has jurisdiction over these Chapter 11 Cases, the parties, and the Debtors' property pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). The Court is a proper venue of these Chapter 11 Cases and the Motion under 28 U.S.C. §§ 1408 and 1409.

C.     The Borrower, the other Debtors and certain non-Debtor affiliates are parties to the Credit Agreement, dated as of January 30, 2017 (as the same has been amended, restated, supplemented or modified from time to time, the "Prepetition Credit Agreement"), with Bank of America, N.A. as administrative agent, swing line lender and L/C issuer (the "Prepetition Agent"), BMO Harris Bank, N.A., as syndication agent (the "Syndication Agent") and certain lenders parties thereto (collectively with the Prepetition Agent, the Syndication Agent and providers of hedge products and treasury management services secured by the Prepetition Collateral (as defined below), the "Prepetition Secured Parties"). Pursuant to the terms of the Prepetition Credit Agreement and the other "Loan Documents" (as defined in the Prepetition Credit Agreement), the Debtors granted liens and security interests to the Prepetition Agent, for the benefit of the Prepetition Secured Parties, in substantially all of their prepetition assets (the "Prepetition Collateral"). The Debtors believe that all of the "cash collateral" of the Debtors, as such term is defined in Section 363 of the Bankruptcy Code ("Cash Collateral") is subject to the prior perfected lien of the Prepetition Secured Parties.

D.      Good cause has been shown for entry of this Order, as the Debtors do not have available sources of working capital and financing to carry on the operation of their business without the use of the Cash Collateral.

E.      The Debtors' ability to maintain business relationships with vendors, suppliers and customers and to meet payroll and other operating expenses is essential to the Debtors' continued viability and the value of their businesses as going concerns.  In the absence of the use of the Cash Collateral, the continued operation of the Debtors' businesses would not be possible, and serious and irreparable harm to the Debtors and their estates would occur.

F.      The Debtors have requested immediate entry of this Order pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure.  The permission granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors.  Entry of this Order is in the best interests of the Debtors' estates and creditors, and its implementation will, among other things, allow for the continued operation, and maintain the going concern values of, the Debtors' existing businesses.

G.      The Prepetition Secured Parties are willing to consent to the Debtors' limited use of Cash Collateral pursuant to the terms of this Order.  The Prepetition Secured Parties have made a good faith request for adequate protection of its interests in its collateral.

H.      The terms and conditions of the Debtors' use of Cash Collateral are fair and reasonable under the circumstances, and good cause has been shown for the entry of this Order. Among other things, the entry of this Order is critical to preserve and maintain the going concern value of the Debtors and will enhance the Debtors' prospects to maximize value of the Debtors' assets in an orderly sale process.

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED that**:

1. <u>Nunc pro tunc</u> to the Petition Date, the Debtors are hereby authorized, during the period from the Petition Date through and including the Expiration Date (as defined below) to use the Cash Collateral generated from the operation of the Debtors' businesses in the ordinary course through the collection of accounts receivable and the proceeds of other collateral.

2. Prior to the expiration of the Debtors' authority to use Cash Collateral in accordance with this Order, any bank with which the Debtors have bank accounts subject to blocked account agreements in favor of the Prepetition Agent are hereby authorized to permit the Debtors' access to all Cash Collateral in such bank accounts.

3. Subject to the terms and conditions of this Order and the Debtors' compliance with the terms of this Order, the Debtors are authorized to use the Cash Collateral for the purposes set forth in the budget attached hereto as Exhibit "A" and made a part hereof (the "<u>Budget</u>").  The Budget shall be adhered to, and any variance in expenses shall not exceed ten percent (10%) of the cumulative budgeted items. Upon the reasonable request of the Prepetition Agent, during the period between now and the Expiration Date, the Debtors will deliver a report of the cash usage showing variance from the projected budget.  The Debtors shall not pay any Cash Collateral to professionals for fees, expenses or otherwise, and neither this Order nor the Prepetition Secured Parties' consent to the entry of this Order shall act as a consent to any such payment or an agreement to any "carve out" for professionals retained by the Debtors or any Creditors' Committee.

4.  Subject to entry of a separate order determining the extent, validity and priority of the Prepetition Secured Parties' interest in Cash Collateral, as a condition to the use of Cash Collateral set forth herein, and to provide adequate protection to the Prepetition Secured Parties in respect of their interests in the Cash Collateral to the extent of any diminution in the value of the Cash Collateral occurring from and after the Petition Date (the "Diminution") caused by or as a result of the use of Cash Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Debtors are authorized to grant, and by this Order shall be deemed to have granted to the Prepetition Agent for the benefit of the Prepetition Secured Parties, valid and perfected replacement liens on and security interests in all of the Debtors' postpetition assets, including receivables, inventory, payment intangibles, general intangibles or other similar property created postpetition (provided that, for the avoidance of doubt, these liens shall not include any actions arising under Sections 544, 546, 547, 548 or 550 of the Bankruptcy Code), with the same priority on such postpetition assets as the Prepetition Secured Parties held on the Prepetition Collateral as of the Petition Date (such replacement liens and security interests, the "Replacement Liens").  The Replacement Liens shall be in addition to any liens in favor of the Prepetition Secured Parties arising in respect of Section 552(b) of the Bankruptcy Code.  In the event that the Replacement Liens fail to provide adequate protection of the Prepetition Secured Parties' interests in their collateral, the Prepetition Secured Parties shall have the right to assert a claim for the failure of such adequate protection in accordance with Section 507(b) of the Bankruptcy Code.

5.  The Debtors' authority to use Cash Collateral hereunder shall expire on the earlier of (a) March 23, 2018, at 5:00 p.m. and (b) one business day after delivery to the Debtors by the Prepetition Agent of a notification that the Debtors have failed to comply with a term of this

Order (the "*Expiration Date*").  The rights granted to the Prepetition Secured Parties, including any lien or administrative priority granted hereunder, shall survive the expiration or termination of this Order.

6. During the period between the entry of this Order and the Expiration Date, as a condition to the Debtors' use of Cash Collateral, the Debtors must comply with the terms of the Budget and must deliver to the Prepetition Agent the report set forth in Paragraph 3 of this Order.

7. The rights and obligations of the Debtors and rights of the Prepetition Secured Parties hereunder are in addition to, and not in lieu or substitution of, or in prejudice to, the rights or obligations of the parties otherwise existing as of the Petition Date.

8. Without the necessity of the filing of financing statements or other documents, this Order shall be sufficient evidence of the perfected liens and security interests as granted herein. Such liens and security interests shall be valid and duly perfected against, and binding upon, the Debtors and any successors thereof, including any trustee appointed herein.  The Debtors are authorized and directed to execute such documents including, without limitation, mortgages, pledges and Uniform Commercial Code financing statements, and to pay such actual costs and expenses as may be reasonably required to provide further evidence of the perfection of the liens and security interests as provided herein.  The Prepetition Secured Parties may file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in which the Debtors have real or personal property.

9. The Debtors are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein.  The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated herein.

10. This Order is without prejudice to all rights of the Prepetition Secured Parties to seek modification or enhancement of the grant of adequate protection provided herein and/or to pursue all other rights and remedies available under the Bankruptcy Code. The Prepetition Secured Parties specifically reserve the right to object to any use of Cash Collateral after the Expiration Date or that is in any manner inconsistent with this Order.

11. The Debtors shall continue to keep in force adequate insurance coverage for, and to maintain, all the collateral securing the claims of the Prepetition Secured Parties and shall immediately report to the Prepetition Agent notice of any change in the status of their insurance coverage.

12. In the event of the appointment of a trustee, either during the Chapter 11 proceeding or upon a conversion to Chapter 7, the provisions of this Order shall be binding upon any such trustee.

13. From and after the Expiration Date, the Debtors shall have no ability to use any Cash Collateral absent further order of this Court.

14. Notice of the entry of this Order shall be served by the Debtors pursuant to Bankruptcy Rules 2002 and 4001 and in accordance with the Local Bankruptcy Rules of the Eastern District of New York (the "Local Rules") on (i) the Debtors' seventy-five (75) largest unsecured creditors on a consolidated basis, (ii) counsel to the Prepetition Agent, (iii) any parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (iv) all of the landlords of the Debtors' commercial real properties, (v) all known holders of liens upon the Debtors' assets, (vi) all persons asserting an interest in any of the Debtors' assets, (vii) the New York State Attorney General and the New York State Department of Taxation and Finance, (viii) the Internal Revenue Service, and (ix) the United States Trustee for the Eastern

District of New York (the "U.S. Trustee"). Under the circumstances, no further notice of this Order is necessary or shall be required.

Dated: March __, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

*Confidential*

ACCEPTED TO AND AGREED:

BANK OF AMERICA, N.A.,
as Prepetition Agent

By: /s/ Heather Strickland
Name:  Heather Strickland
Title:    Senior Vice President

CHAR2\2003652v4

ACCEPTED TO AND AGREED:    Orion HealthCorp, Inc.
Constellation Healthcare Technologies, Inc.
NEMS Acquisition, LLC
Northeast Medical Solutions, LLC
NEMS West Virginia, LLC
Physicians Practice Plus, LLC
Physicians Practice Plus Holdings, LLC
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.
NYNM Acquisition, LLC
Northstar FHA, LLC
Northstar First Health, LLC
Vachette Business Services, Ltd.
MDRX Medical Billing, LLC
VEGA Medical Professionals, LLC
Allegiance Consulting Associates, LLC
Allegiance Billing & Consulting, LLC
Phoenix Health, LLC


By: */s/ Timothy J. Dragelin*
Name:   Timothy J. Dragelin
Title:     Authorized Signatory

## **APPENDIX**

| #   | Debtor Name                                  | Case No.  | Last 4 Digits of EIN |
|-----|----------------------------------------------|-----------|----------------------|
| 1.  | Orion HealthCorp, Inc.                       | 18-71748  | 7246                 |
| 2.  | Constellation Healthcare Technologies, Inc.  | 18-71749  | 0135                 |
| 3.  | NEMS Acquisition, LLC                        | 18-71750  | 7378                 |
| 4.  | Northeast Medical Solutions, LLC             | 18-71751  | 2703                 |
| 5.  | NEMS West Virginia, LLC                      | 18-71752  | unknown              |
| 6.  | Physicians Practice Plus, LLC                | 18-71753  | 4122                 |
| 7.  | Physicians Practice Plus Holdings, LLC       | 18-71754  | 6100                 |
| 8.  | Medical Billing Services, Inc.               | 18-71755  | 2971                 |
| 9.  | Rand Medical Billing, Inc.                   | 18-71756  | 7887                 |
| 10. | RMI Physician Services Corporation           | 18-71757  | 7239                 |
| 11. | Western Skies Practice Management, Inc.      | 18-71758  | 1904                 |
| 12. | Integrated Physician Solutions, Inc.         | 18-71759  | 0543                 |
| 13. | NYNM Acquisition, LLC                        | 18-71760  | unknown              |
| 14. | Northstar FHA, LLC                           | 18-71761  | unknown              |
| 15. | Northstar First Health, LLC                  | 18-71762  | unknown              |
| 16. | Vachette Business Services, Ltd.             | 18-71763  | 4672                 |
| 17. | MDRX Medical Billing, LLC                    | 18-71764  | 5410                 |
| 18. | VEGA Medical Professionals, LLC              | 18-71765  | 1055                 |
| 19. | Allegiance Consulting Associates, LLC        | 18-71766  | 7291                 |
| 20. | Allegiance Billing & Consulting, LLC         | 18-71767  | 7141                 |
| 21. | Phoenix Health, LLC                          | 18-41488  | 0856                 |

# EXHIBIT A

## APPROVED BUDGET

| Disbursement | Amount (in 000's) | Notes |
| --- | ---: | --- |
| Payroll | $437 | Net pay and 401k w/h |
| Benefits (401k) | 38 | IPS 401K match pass through |
| Utilities deposit | 40 | Utilities deposit |
| Critical vendors | 182 | Checks from previous week |
| Management fee | 13 | Checks from previous week |
| Employee expense reimbursements | 5 | Checks from previous week |
| Total | **$715** | |