# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND
RETAIN FTI CONSULTING, INC. TO PROVIDE THE DEBTORS A CHIEF
EXECUTIVE OFFICER AND CHIEF RESTRUCTURING OFFICER AND CERTAIN
<u>ADDITIONAL PERSONNEL, *NUNC PRO TUNC* TO THE PETITION DATE</u>**

Upon consideration of the application (the "<u>Application</u>")[1] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for an order, pursuant to sections 105(a) and 363(b) of title 11 of the Bankruptcy Code: (a) authorizing the Debtors to retain FTI Consulting,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

-2-

Inc. ("FTI"), pursuant to the terms and conditions of that certain letter agreement between FTI and the Debtors dated October 19, 2017 (the "Engagement Letter"), to (i) provide Timothy J. Dragelin as Chief Executive Officer and Chief Restructuring Officer ("CEO/CRO"), as applicable (ii) provide additional staff (the "Hourly Temporary Staff" and, together with the CEO/CRO, the "FTI Professionals" or the "Interim Management Service Providers"); (b) providing that the employment of the FTI Professionals is effective *nunc pro tunc* as of the commencement of these cases (the "Petition Date"); and (c) granting certain related relief; the Court having reviewed the Application and the Dragelin Declaration in support of the Application; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue is proper in this district pursuant to 28 U.S.C. § 1409, and (d) notice of the Application was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' estates and such relief is in the best interests of the Debtors, their estates and creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ FTI and the FTI Professionals to provide the Services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein and in the Application, effective *nunc pro tunc* as of the Petition Date.

3. Notwithstanding anything in the Application or the Engagement Letter to the contrary:

(a) FTI and the FTI Professionals shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator or investor/acquirer) in connection with the above-captioned chapter 11 cases.

(b) In the event the Debtors seek to have the FTI Professionals assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) FTI shall file with the Court and serve on the Notice Parties a Staffing Report by the 30th of each month for the previous month, which shall include the names and functions filled by all FTI Professionals assigned to the engagement. The Staffing Report (and FTI's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

(d) FTI shall file with this Court, and serve upon the Notice Parties, Compensation Reports on a quarterly basis, which Compensation Reports will be filed by the 30th of the month following the end of the previous quarter. The Compensation Reports shall summarize the service provided, identify the compensation earned, itemize expenses incurred and provide for an objection period of 21 days from the filing and service of such Compensation Report. All such compensation would be subject to review by this Court if an objection is filed.

(e) Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any other orders of this Court, or any guidelines regarding submission and approvals of fee applications, FTI and its professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead FTI is hereby authorized to keep reasonably detailed time records and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

(f) During the course of these chapter 11 cases, FTI will only seek reimbursement of actual and necessary expenses itemized in the monthly Staffing Report.

    (g) No principal, employee or independent contractor of FTI or its affiliates shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

    (h) The Indemnification Provisions in the Engagement Letter are approved.

    (i) For a period of three years after the conclusion of FTI's engagement, neither FTI nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

    (j) FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

  4. With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these cases.

  5. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

  6. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

  7. The Debtors are authorized to take all such actions as are necessary to implement the terms of this Order.

  8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.