CHARLES E. SIMPSON, ESQ.
WINDELS MARX LANE & MITTENDORF, LLP
156 WEST 56TH STREET
NEW YORK, NEW YORK 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Email: csimpson@windelsmarx.com

*Attorneys for Parmjit Singh Parmar, et al.,*
*Non-Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :     Chapter 11 Case
                                                            :     No. 18-71748 (AST)
ORION HEALTHCORP, INC., *et al.*,                           :
                                                            :     (Joint Administration Pending)
                    Debtors.                                :
------------------------------------------------------------x

### LIMITED OBJECTION OF PARMJIT SINGH PARMAR, *ET AL.*, TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§542(a) AND 542(e) COMPELLING ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC TO TURNOVER AND ACCOUNT FOR PROPERTY OF THE ESTATES AND RECORDED INFORMATION

Parmjit Singh Parmar ("Paul Parmar") and his affiliated non-Debtors (the "Non-Debtors'), as set forth below:

> Constellation Health LLC
> Constellation Health Investment LLC
> First United Health LLC
> Naya Constellation Health LLC
> Alpha Cepheus LLC
> Blue Mountain Healthcare, LLC
> Sage Group Consulting, Inc.

by and through their counsel, Windels Marx Lane & Mittendorf, LLP, hereby submit their Limited Objection (the "Objection") to the entry of an order compelling Robinson Brog

{11535526:1}                                                                                    1

Leinwand Greene Genovese & Gluck PC ("Robinson Brog") to turnover to the Debtors recorded information Robinson Brog obtained during the course of Robinson Brog's representation of the Non-Debtors and which recorded information is subject to any one of the following three (3) privileges against disclosure:

1. Attorney/Client Privilege
2. 5th Amendment privilege; and
3. Work product privilege.

In support thereof, the Non-Debtors respectfully state as follows:

1. First, the Objection of the Non-Debtors is limited to this Court issuing an Order in any manner that could be construed as directing Robinson Brog to turnover to the Debtors documentation, emails and any other recorded information (the 'recorded information") which came into Robinson Brog's possession during or as a result of Robinson Brog's legal representation of the Non-Debtors. As a result, each of the Non-Debtors asserts each of the above stated privileges as the basis for their Objection and do not waive their rights with respect to the privileges.

2. Second, in support of each of their Objections, the Non-Debtors refer the Court to paragraph 29 of the Debtors' motion and its reference to the scope of section 542(a) of the Bankruptcy Code as relating solely to "non-privileged documents". Further, at paragraph 35 of the Debtors' motion, the Debtors' state that they "need only make an initial showing that the recorded information 'related to a debtor's property or financial affairs'". However, no showing of any type whatsoever has been made by the Debtors with regard to the application of this argument to the recorded information subject to the Non-Debtors privileges and/or privileged documents. Nor have the Debtors identified with any specificity the Non-Debtors documents

they seek to have turned over to them. The Debtors' argument relates solely to the <u>Debtors'</u> <u>recorded information</u> not to the Non-Debtors.

3.  Third, with respect to the "relating to" requirement, the Debtors' failure to make any showing that the Non-Debtors' recorded information relates to the Debtors' property renders their claim to a turnover of the Non-Debtors' recorded information moot. This "relating to" requirement only relates to Robinson Brog's assertion of the Non-Debtors' privileges. Here the Non-Debtors are asserting their respective privileges to the recorded information and against Robinson Brog being ordered to surrender the Non-Debtors' recorded information to the Debtors in violation of the Non-Debtors' privileges.

4.  Likewise, the Debtors' assertion that Robinson Brog's assertion of the attorney/client privilege or work product doctrine fails is to no avail. Similar to the Debtors' arguments to their entitlement to their recorded information held by Robinson Brog, the Non-Debtors "have 'presumptive access'" to their files and recorded information for in the matters on which the Non-Debtors were represented by Robinson Brog, the Non-Debtors are the "Clients [with] presumptive access", they are the clients the attorney/client privilege is intended to benefit and the Non-Debtors, as clients of Robinson Brog, "control the attorney/client privilege with respect to all…communications with Robinson Brog" on the matters on which they were represented by Robinson Brog.

5.  Accordingly, this Court cannot compel Robinson Brog to violate its ethical obligations and turnover to the Debtors recorded information Robinson Brog obtained from the Non-Debtors during the course of Robinson Brog's representation of the Non-Debtors on matters pertaining to Robinson Brog's retention as legal counsel by the Non-Debtors.

**WHEREFORE**, the Non-Debtors respectfully request that the Court deny the relief sought by the Debtors on their Motion to the extent the Debtors seek recorded information from Robinson Brog subject to the Non-Debtors' privileges.

Dated:  New York, New York
         April 23, 2018

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

/s/Charles E. Simpson
         **Charles E. Simpson**

156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile:  (212) 262-1215
Email: csimpson@windelsmarx.com

*Attorneys for Parmjit Sing Parmar, et al., Non-Debtors*
