UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re: : Chapter 11
 :
   Orion HealthCorp, Inc. : Case No. 18-71748 (AST)
   Constellation Healthcare Technologies, Inc. : Case No. 18-71749 (AST)
   NEMS Acquisition, LLC : Case No. 18-71750 (AST)
   Northeast Medical Solutions, LLC : Case No. 18-71751 (AST)
   NEMS West Virginia, LLC : Case No. 18-71752 (AST)
   Physicians Practice Plus, LLC : Case No. 18-71753 (AST)
   Physicians Practice Plus Holdings, LLC : Case No. 18-71754 (AST)
   Medical Billing Services, Inc. : Case No. 18-71755 (AST)
   Rand Medical Billing, Inc. : Case No. 18-71756 (AST)
   RMI Physician Services Corporation : Case No. 18-71757 (AST)
   Western Skies Practice Management, Inc. : Case No. 18-71758 (AST)
   Integrated Physician Solutions, Inc. : Case No. 18-71759 (AST)
   NYNM Acquisition, LLC : Case No. 18-71760 (AST)
   Northstar FHA, LLC : Case No. 18-71761 (AST)
   Northstar First Health, LLC : Case No. 18-71762 (AST)
   Vachette Business Services, Ltd. : Case No. 18-71763 (AST)
   MDRX Medical Billing, LLC : Case No. 18-71764 (AST)
   Vega Medical Professionals, LLC : Case No. 18-71765 (AST)
   Allegiance Consulting Associates, LLC : Case No. 18-71766 (AST)
   Allegiance Billing & Consulting, LLC : Case No. 18-71767 (AST)
   Phoenix Health, LLC : Case No. 18-71789 (AST)
 :
                    Debtors. : (Jointly Administered)
 :
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C §§ 542(a) AND 542(e) COMPELLING
ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC
TO TURNOVER AN ACCOUNTING**

Upon consideration of the (i) *Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information* [Docket No. 18] (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (ii) *Objection of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell*

*Greene, Adam Greene and Matthew C. Capozzoli to the (I) Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck, PC to Turn Over and Account for Property of the Estates and Recorded Information; and (II) Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [Docket No. 64] (the "<u>Objection</u>"); (iii) *Reply in Support of (I) Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information and (II) Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [Docket No. 84] (the "<u>Reply</u>"); (iv) *Brief in Support of Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information* [Docket No. 141] (the "<u>Debtors' Brief</u>"); and this Court having reviewed the Motion, Objection, Reply, and Debtors' Brief; and this Court having jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and sufficient notice of the Motion having been given; and hearings having been held to consider the relief requested in the Motion (the "<u>Hearings</u>"); and upon consideration of the record of the Hearings and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. No later than **May 17, 2018 at 5:00 p.m. (prevailing Eastern Time),** Robinson Brog Leinwand Greene Genovese & Gluck PC ("Robinson Brog") shall provide accountings to Debtors in compliance with Rules 1.5[1] and 1.15[2] of the New York Rules of Professional Conduct, as follows: (i) as to all billings sent to Debtors and all payments received from Debtors, a history of all billing statements sent to any of the Debtors by date and amount owed, including any unpaid balances as of the statement date, and the dates of all payments made, to be broken down by client matters as previously identified by Robing Brog [dkt item 141-1]; and (ii) as to any Debtor special accounts, including Debtor escrow accounts and trust accounts, such accounting shall include the names of all persons for whom the funds are or were held, the amount of such funds, the date, source, and description of each item

---

[1] Rule 1.5(b) provides, *inter alia*:
(b) A lawyer shall communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible. This information shall be communicated to the client before or within a reasonable time after commencement of the representation and shall be in writing where required by statute or court rule.

[2] Rule 1.15(d) provides, *inter alia*:
(d) Required Bookkeeping Records.
(1) A lawyer shall maintain for seven years after the events that they record:
(i) the records of all deposits in and withdrawals from the accounts specified in Rule 1.15(b) and of any other bank account that concerns or affects the lawyer's practice of law; these records shall specifically identify the date, source and description of each item deposited, as well as the date, payee and purpose of each withdrawal or disbursement;
(ii) a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;
(iii) copies of all retainer and compensation agreements with clients;
(iv) copies of all statements to clients or other persons showing the disbursement of funds to them or on their behalf;…

deposited, as well as the date, payee and purpose of each withdrawal or disbursement, to be broken down by client matters as previously identified by Robing Brog [dkt item 141-1].

2. Contemporaneously with providing these accountings to Debtors, Robinson Brog shall file an ex parte motion and submit a proposed Order to file these accountings under seal, and shall email the motion to ast_hearings@nyeb.uscourts.gov. On or before **May 22, 2018**, Debtors may file a letter challenging whether the accountings are in compliance with this Order and may seek to file such letter under seal to the extent required to protect any potential privileges.

3. Within two (2) business days following entry of this Order, Debtors shall serve copies of this Order on Robinson Brog and on all parties who have filed a request for notices of pleadings, and shall file an affirmation of service within two (2) business days thereafter.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.



**Dated: May 4, 2018**  **Alan S. Trust**
**Central Islip, New York**  **United States Bankruptcy Judge**