QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Alex Spiro, Esq.
Lindsay M. Weber, Esq.

L'ABBATE, BALKAN, COLVITA &
CONTINI LLP
1001 Franklin Avenue
Garden City, New York 11530
Marian C. Rice, Esq.

*Co-Counsel to Robinson Brog Leinwand Greene
Genovese & Gluck P.C.*

Hearing Date: May 24, 2018
Hearing Time: 9:15 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE | : | |
| TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

# MOTION PURSUANT TO FRCP 45(D)(3) TO QUASH AND/OR MODIFY DEBTORS' SUBPOENA SEEKING NON-DEBTOR RECORDS HELD BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Robinson Brog Leinwand Greene Genovese & Gluck, P.C. ("Robinson Brog"), by its undersigned attorneys, as and for its objection (the "Objection") pursuant to Fed. R. Civ. P 45(d)(3) to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated May 7, 2018 (the "Subpoena"), annexed as Exhibit 1, served by Proposed Counsel for the above-captioned Debtors (collectively, the "Debtors") respectfully represents as follows:

## I. INTRODUCTION

1. On May 7, 2018, the Debtors served the Subpoena on Robinson Brog seeking, *inter alia*, an accounting of all monies held in escrow for certain of Robinson Brog's former Non-Debtor clients and production of all documents "relating to the escrow accounts." Robinson Brog moves to quash and/or modify the Subpoena because the information sought to be produced is confidential and potentially subject to the privileges of Robinson Brog's former Non-Debtor clients, and therefore should be protected from discovery. Although Robinson Brog forwarded copies of the Subpoena to some of its former clients, none of the parties subject to the Subpoena have received proper formal notice of the Subpoena and therefore have not received their proper due process. Further, given recent events involving the arrest and issuance of warrants for arrest of several of the Debtors' former officers (whose information is subject to the Subpoena), due process considerations are paramount and should be strictly followed. For these, and for the reasons detailed below, Robinson Brog respectfully requests that the Court quash and/or modify the Subpoena to ensure that proper notice has been afforded to Robinson Brog's former Non-Debtor clients in accordance with the Federal Rules.

## II. JURISDICTION

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Fed. R. Civ. P 45 and Fed. R. Bank. P. 9016.

## III. BACKGROUND

3. On March 16, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only. *See* Doc. No. 34.

4. The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 20, 2018, the Debtors filed a Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog [Doc. No. 21] (the "Initial 2004 Application") and a Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog to Turn Over and Account for Property of the Estates and Recorded Information [Doc. No. 18] (the "Turn Over Motion").

6. Robinson Brog filed its Objection to the Initial 2004 Motion and the Turn Over Motion on April 2, 2018 [Doc. No. 64] on a number of grounds, including the fact that the Debtors sought documents exchanged or created and information provided in the context of Robinson Brog's joint representation of Debtors and Non-Debtors and that certain Non-Debtors had demanded that Robinson Brog not waive the privileges to which they were entitled.

7.  On April 4, 2018, the Debtors filed their Reply in further support of the Initial 2004 Motion and the Turn Over Motion [Doc. No. 84].

8.  On April 5, 2018, this Court held a hearing on, *inter alia*, the Initial 2004 Motion and the Turn Over Motion. Recognizing that the Debtors' demands had placed Robinson Brog in the middle of their former clients' privilege assertions and the Debtors' motions, on April 13, 2018, the Court issued an order to show cause [Doc. No. 107] (the "Order to Show Cause") scheduled for hearing on April 26, 2018 (the "OTSC Hearing"). Pursuant to that order, certain non-Debtor former clients of Robinson Brog (the "Notice Parties") were ordered to show cause as to why the Debtor/Non-Debtor files in Robinson Brog's possession should not be turned over to the Debtors [Doc. 107].

9.  Under the terms of the Order to Show Cause, "[a]ny Notice Party, that fails to timely file and serve an Objection in accordance with this Order shall be deemed to consent to the turnover of the Files to the Debtors in a manner to be further directed by the Court." *Id.* ¶ 4. The Order to Show Cause did not relate to the production of material in matters where Robinson Brog represented *only* the Non-Debtor Notice Parties.

10. In accordance with the Court's direction, Robinson Brog served the Order to Show Cause, together with the Turn Over Motion and the Initial 2004 Application, upon the identified Notice Parties [Doc. Nos. 120 & 128]. None of these documents put the Notice Parties on notice that the Debtors sought material from Non-Debtor only representations.

11. On April 13, 2018, the Court issued the Initial Order Concerning Debtors' Motion Pursuant to 11 U.S.C. §§ 542(A) And 542(E) Regarding Turnover of Property of the Estates, and Directing Meet and Confer [Doc. No. 109] (the "Initial Order").

12. In response to the Order to Show Cause, Parmjit Singh Parmar, Constellation Health LLC, Constellation Health Investment LLC, First United Health LLC, Naya Constellation Health LLC, Alpha Cepheus LLC, Blue Mountain Healthcare, LLC and Sage Group Consulting, Inc. (the "Parmar Related Parties") filed a Limited Objection [Doc. No. 132] to the turnover of any "documents, emails or other recorded information (the "Recorded Information") which came into Robinson Brog's possession during or as a result of Robinson Brog's legal representation of the Non-Debtors" based upon the Attorney-Client Privilege, the Fifth Amendment privilege and the Work Product privilege. Notice Party Sotorios Zaharis also sent an email to Robinson Brog asserting his right to protection under all available privileges, but did not file papers with the Court asserting privileges as to the Debtor/Non-Debtor materials.

13. In their April 25, 2018 Brief in Further Support of Debtors' Motion for an Order Pursuant to 11 E.S.C. §§ 542(a) and 542(e) [Doc. No. 141], the Debtors acknowledged that the production of Non-Debtor files were "not part of the Initial Order or the Order to Show Cause," [Dkt. No. 132] and "not at issue in the Debtor's Turnover Motion." *Id.* at 9, 10.

14. The Parmar Related Parties appeared at the OTSC Hearing. At that hearing, the Court set a briefing schedule allowing the Parmar Related Parties to further address the issue of the privileges asserted as to the Debtor/Non-Debtor materials. During the hearing, the Debtors' counsel for the first time raised their assertion that the Debtors were also seeking and purportedly entitled to an accounting of the escrow funds held by Robinson Brog on behalf of Non-Debtors only. The Palmer Related Parties' counsel was present at the hearing and again asserted his clients' privileges in opposition to this request. *See* 4/26/18 Hrg. Tr. at 103:13-104:5.

15. In order to afford the Parmar Related Parties the opportunity to brief the privileges asserted as to production of the Non-Debtor Accounting, the Court permitted the

Debtors to serve the Subpoena seeking production of an accounting of the Non-Debtor escrow maintained by Robinson Brog. *Id.* at 105:24-106:6. In accordance with this direction, on May 4, 2018, the Court issued the Order Authorizing the Debtors to Issue Subpoenas that had been submitted *ex parte* to the Court [Doc. No. 163]. Debtors included a schedule of Non-Debtors in their *ex parte* submission that listed two entities/individuals not included in the Notice Party list previously identified and included the vague addition of "[a]ll affiliates, subsidiaries, and predecessors-in-interests of the Non-Debtors." *Id.*

16. On May 4, 2018, the Court issued two additional Orders based upon submissions made *ex parte* by the Debtors with no consultation with, and no input by, Robinson Brog [Doc. No. 164 (the "Debtor Only Accounting Order") and Doc. No. 166 (the "Turn Over OTSC")].[1] Accordingly, Robinson Brog only learned of the expanded scope of the discovery sought by the Debtors through these orders *after* they had been issued by the Court in violation of the Court's directive. The Debtor's counsel undoubtedly knew that the expanded scope of the order directly impacted the work Robinson Brog had to undertake to timely comply with the Orders and therefore was plainly entitled to *prior* notice of its scope and content and not have to be forced to engage in additional motion practice to seek its vacatur.

17. On May 7, 2018, the Debtors served the Subpoena on Robinson Brog seeking:

> All documents and records, including electronically stored information, relating to the escrow accounts held by Robinson

---

[1] At the April 26th Hearing, the Court stated to Debtors' counsel:

> ". . . if your office would draft a first form of order with the scheduling form of order and then send that around to Ms. Weber and Mr. Simpson for review and then we'll get that captured so I can enter that well in advance of the May 24 [hearing]."

4/26/18 Hrg. Tr. at 90:10-14. Despite this instruction, Robinson Brog's counsel was not provided any draft of either order prior to their submission to the Court. Robinson Brog was required to undertake significant additional effort and expense to timely comply with the deadlines set forth in those order, to which it did not agree to and had no notice of.

5

Brog Leinwand Greene Genovese & Gluck PC on behalf of those individuals and entities set forth below (collectively, the "Non-Debtors"), including an accounting of the amounts, dates, sources and description of each item deposited, as well as the amounts, dates, payees and purposes of each withdrawal or disbursement.

**Non-Debtors:**

1. Parmjit Singh Parmar
2. Constellation Health LLC
3. Constellation Health Investment LLC
4. First United Health LLC
5. Naya Constellation Health LLC
6. Alpha Cepheus LLC
7. Blue Mountain Healthcare, LLC
8. Sage Group Consulting, Inc.
9. Porteck Corporation
10. O'Rion HelpCorp
11. 2 River Terrace Apartment 12J, LLC
12. Sankar Chivukula
13. Ravi Chivukula
14. Arvind Walia
15. Sotirios Zaharis
16. All affiliates, subsidiaries, and predecessors-in-interests of the Non-Debtors listed above.

18. Upon receipt of the Subpoena, Robinson Brog provided a copy to the Notice Parties, but did not have information for the two parties added to the list by the Debtors or the vaguely worded "affiliates, subsidiaries and predecessors-in-interest of the Non-Debtors" which the Debtors apparently included in their *ex parte* submission to the Court. Upon information and belief, the Debtors have not provided either the Non-Debtor Parties listed on the Subpoena or the Notice Parties the Rule 45(a)(4) Notice of the Subpoena, which seeks materials impacting upon their confidentialities and privileges.

19. On May 10, 2018, the Parmar Related Parties further elaborated the basis for their asserted privileges [Doc. No. 187] as to the materials maintained by Robinson Brog in the Debtor/Non-Debtor matters. It is expected the Parmar Related Parties will re-assert the attorney-

6

client privilege, the Fifth Amendment privilege and the act of production privilege in the context of a motion to quash the Subpoena seeking Non-Debtor only information from Robinson Brog.

20. On May 15, 2018, Parmit Parmar aka Paul Parmar, Sotirios Zaharis aka Sam Zaharis and Ravi Chivukula, three of the Notice Parties identified by Robinson Brog, were criminally charged on a variety of charges stemming from alleged fraudulent misrepresentations and conduct related to the Debtors. *See, U.S.A v. Parmar, et al*, Mag. No. 1808040 (D. N.J. May 15, 2018) (the "Criminal Complaint"), annexed as Exhibit 2. A related action was filed against the same three parties by the Securities Exchange Commission on May 16, 2018 (*U.S. Securities Exchange Commission v. Parmar, et al*, 2:18-cv-09284-MCA-MAH [Doc. No. 1] (D. N.J.) (the "SEC Proceeding") and a civil forfeiture action was likewise filed on May 16, 2018 (*United States of America v. The Real Properties Known As 50 Riverside Blvd. Unit 21B, et al*, 2:18-cv-09293 [Doc. No. 1] (D. N.J.) (the "Civil Forfeiture Complaint").[2]

### IV. ARGUMENT

21. Robinson Brog is duty bound to assert the privileges maintained by its Non-Debtor former clients in response to the Subpoena which seeks "[a]ll documents and records, including electronically stored information, relating to the escrow accounts" from Robinson Brog's representations of the Non-Debtors.[3] In addition to confidential, non-public financial and bank account information related to the Non-Debtors, this demand clearly encompasses communications protected by the attorney-client privilege. The Subpoena is not limited to the

---

[2] It is noted that the plethora of Debtors' interoffice emails and communications quoted *verbatim* in these pleadings undermines the Debtors' claim that it needed emails and other communications from Robinson Brog because it did not already have access to those communications because Parmar stole the company servers containing, among other things, his email communications, upon his resignation. *See* 4/5/18 Hrg. Tr. 84:24-86:7.

[3] *See, United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); Rules of Professional Conduct 22 N.Y.C.R.R. § 1200, Rule 1.6 (a)(1)-(2) and (b)(6); ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 473 (2016).

mere recitation of deposits and withdrawals that the Debtors have argued might not be privileged, which assertion assumed that the act itself was not protected by the privilege against self-incrimination. Rather, the Subpoena intentionally broadened the discussion at the April 26th Hearing to include any documents and records "relating to the escrow accounts."[4] This broad demand clearly invades the Non-Debtors' privileges. In light of the Criminal Complaint, the SEC Proceeding and the Civil Forfeiture Complaint, the Non-Debtors' Fifth Amendment and act of production privileges are not merely theoretical exercises.

22. In recognition of the fact that Robinson Brog had been placed in the middle of its former clients' assertions of privilege over the Joint Debtor/Non-Debtor materials and the Debtors' demand for that these materials be turned over, on April 5, 2018, the Court devised a notice mechanism which essentially "flip[ped] the onus to the party whose privilege it may or may not be" to assert the merits of any claimed privilege. *See* 4/5/18 Hrg. Tr. at 86:12-20. While the Court did advise the Parmar Related Parties who appeared at the April 26th OTSC Hearing of the need to appear at the upcoming May 24th Hearing should they seek to object to the production of material related to Non-Debtor Only representations (4/26/18 Hrg. Tr. at 88:11-16), the remaining entities and individuals unilaterally listed by the Debtors in the Subpoena who have an interest in the Non-Debtor Only materials sought by the Debtors, have not been similarly placed on notice.

---

[4] Robinson Brog has previously raised the undue burden and expense of the Debtors' blunderbuss demands in its Objections to the Initial 2004 Motion and the Turn Over Motion. Doc. No. 64, ¶ 32-36. While the Court continues to address Robinson Brog's request that the cost of the production and review to date be imposed upon the Debtors pursuant to Fed. R. Civ. P. Rule 45(d)(1), it is appropriate to note that the Debtors' inclusion in the Subpoena of a demand for all documents and records "relating to the escrow accounts" would require a page by page review of all documents maintained by Robinson Brog in the course of any representation of Non-Debtors. Clearly, in drafting the Subpoena, the Debtors did not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.*

23. Although Robinson Brog forwarded the Subpoena to the Notice Parties not included in the Parmar Related Parties, (i) Robinson Brog does not have contact information related to the two names inserted in the 2004 Order by debtors (*i.e.* O'Rion HelpCorp. and Sankar Chivukula); and (ii) none of the parties have received the Fed. R. Civ. P. Rule 45(a)(4) Notice of service of the Subpoena that fairness would dictate should be served given the legitimate potential for abrogation of the privileges similar to those asserted by the Parmar Related Parties.

24. Federal Rule of Civil Procedure 45(a)(4), made applicable by Federal Rule of Bankruptcy Procedure 9016, provides:

> ***Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

The 2013 amendments to the Rule were "intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials." *See* Fed. R. Civ. P. Rule 45, Advisory Committee Notes.

25. While the Notice Parties may or may not be "parties" within the literal meaning of the statute, in equity and in light of the court's overarching intent that the persons and entities holding a potential privilege be given an opportunity to assert their claims and that Robinson Brog cease being placed in the "middle" of the Debtors' and Non-Debtors' competing contentions, the Notice Parties and the two recently included Non-Debtors should have been provided notice of the Subpoena at the contact information noted in Docs. No. 120 and 128 together with whatever information the Debtors have in their possession that led to the inclusion of the two names on the Non-Debtor list included in the Subpoena.

26. The recent criminal proceeding and multiple civil enforcement actions against Parmar, Zaharis and Chivukula make it very clear that compliance with the Subpoena as to the Non-Party only accounting and related documentation sought by the Debtors may have catastrophic consequences to those parties. On the other hand, the delay which would occur in affording the Non-Debtors notice and opportunity to be heard would not prejudice the Debtors particularly where, as here, the Criminal Complaint (Ex. 1), the Civil Forfeiture Complaint, the SEC Proceedings, the Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1007-1(b) Schedule A/B, Schedule D, Schedule E/F, Schedule G, Schedule H [Doc. No. 203], the two Adversary Complaints filed by Debtors (*Orion Healthcorp, Inc., et al v. Capita IRG Trustees (Nominees) Limited, et al*, Docket No. 8-18-08048-ast and *Orion Healthcorp, Inc., et al v. Young Conaway Stargatt & Taylor, LLP (in its capacity as Escrow Agent), et al*, Docket No. 8-18-08053-ast) amply demonstrate that Debtors have had in their possession virtually all of the information already sought and produced by Robinson Brog at great cost, expense and disruption.

27. To counter the expected refrain that Debtors have been postulating to the Court in the two months since the Chapter 11 was filed, Robinson Brog is not seeking to obstruct or delay these proceedings. In the three week period since the April 26, 2018 Hearing, Robinson Brog has expeditiously complied with the Debtors' demands and

    a. Produced over 215,000 pages of Debtor Only materials (complying with the unreasonable deadline of May 17, 2018, that Debtors unilaterally inserted in the Turn Over OTSC without conferring with Robinson Brog despite the fact that at the hearing the Court had ruled the production would continue on a rolling basis (*See*, 4/26/18 Hrg. Tr. at 89:20-21));

    b. Briefed the issue of adequate protection for Robinson Brog's common law retaining lien by May 7, 2018;

    c. Produced an accounting of the invoices rendered by Robinson Brog and the payments made to Robinson Brog by May 7, 2018;

    d. Provided a list of Non-Debtor Only Representations by May 14, 2018, the date inserted by the Debtors in the Turn Over OTSC (despite the fact that at the Hearing, the Court set a deadline of May 17th (*See* 4/26/18 Hrg. Tr. at 89:21-90:4));

    e. Provided the Debtors with the accounting of the Debtor Only transactions by May 17, 2018;

    f. Prepared and filed a motion to seal in connection with the Debtor-Only accounting by May 17, 2018; and

    g. Reached out to the Debtors on at least four occasions (without success) with respect to proposed search terms and email addresses for review and discussion so that the process of culling related email ESI could begin.

28. In short, Robinson Brog has taken every reasonable step to move this process forward but is ethically constrained to raise the impropriety of the Debtors' attempt to obtain the privileged communications of Non-Debtors not before this Court who have not been provided the appropriate notice of the Subpoena served on Robinson Brog. This Court should not countenance a violation of the procedures adopted in this case to provide adequate due process notice to the non-parties whose rights may be adversely affected by the disclosure of their privileged information. Here, the Debtors have proceeded in a manner contrary to the notice procedures adopted by the Court, which were calculated to provide such appropriate notice. The Debtors should not be permitted to run roughshod over those rights and ignore the notice requirements of the Federal Rules of Civil Procedure.

29. Finally, while it is submitted that the notice procedures developed by the Court in connection with the Joint Debtor/Non-Debtor materials should be implemented in connection with Debtors' new request for Non-Debtor only privileged information, in the event the Court declines to quash or modify the Subpoena, the materials responsive pursuant to the Subpoena should be submitted to the Independent Examiner selected by the Court, with the input of the

Debtors and the Parmar Parties, so that the appropriate privilege review can be conducted prior to any materials being turned over to Debtors.

## V. CONCLUSION

WHEREFORE, Robinson Brog respectfully requests entry of an Order quashing and/or modifying the Subpoena served on Robinson Brog, directing service of Notice of the Subpoena on the Notice Parties and the individual/entities the Debtors added to the Non-Debtor list to permit those parties to assert their privileges, if any, together with such other and further relief as to the Court seems just and proper.

Dated: New York, New York
      May 21, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ Alex Spiro
Alex Spiro
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, NY 10010
alexspiro@quinnemanuel.com
Phone: 212-849-7000
Fax: 212-849-7100

L'ABBATE, BALKAN, COLVITA & CONTINI LLP

/s/ Marian C. Rice
Marian C. Rice
1001 Franklin Avenue
Garden City, New York 11530
mrice@lbcclaw.com
Phone: 516-294-8844
Fax: 516-294-8202

*Co-counsel to Robinson Brog Leinwand Greene Genovese & Gluck PC*