Thomas R. Califano, Esq.
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
thomas.califano@dlapiper.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

------------------------------------------------------------------x
In re:                                                             : Chapter 11
                                                                   :
ORION HEALTHCORP, INC.                                             : Case No. 18-71748 (AST)
CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.                        : Case No. 18-71749 (AST)
NEMS ACQUISITION, LLC                                              : Case No. 18-71750 (AST)
NORTHEAST MEDICAL SOLUTIONS, LLC                                   : Case No. 18-71751 (AST)
NEMS WEST VIRGINIA, LLC                                            : Case No. 18-71752 (AST)
PHYSICIANS PRACTICE PLUS, LLC                                      : Case No. 18-71753 (AST)
PHYSICIANS PRACTICE PLUS HOLDINGS, LLC                             : Case No. 18-71754 (AST)
MEDICAL BILLING SERVICES, INC.                                     : Case No. 18-71755 (AST)
RAND MEDICAL BILLING, INC.                                         : Case No. 18-71756 (AST)
RMI PHYSICIAN SERVICES CORPORATION                                 : Case No. 18-71757 (AST)
WESTERN SKIES PRACTICE MANAGEMENT, INC.                            : Case No. 18-71758 (AST)
INTEGRATED PHYSICIAN SOLUTIONS, INC.                               : Case No. 18-71759 (AST)
NYNM ACQUISITION, LLC                                              : Case No. 18-71760 (AST)
NORTHSTAR FHA, LLC                                                 : Case No. 18-71761 (AST)
NORTHSTAR FIRST HEALTH, LLC                                        : Case No. 18-71762 (AST)
VACHETTE BUSINESS SERVICES, LTD.                                   : Case No. 18-71763 (AST)
MDRX MEDICAL BILLING, LLC                                          : Case No. 18-71764 (AST)
VEGA MEDICAL PROFESSIONALS, LLC                                    : Case No. 18-71765 (AST)
ALLEGIANCE CONSULTING ASSOCIATES, LLC                              : Case No. 18-71766 (AST)
ALLEGIANCE BILLING & CONSULTING, LLC                               : Case No. 18-71767 (AST)
PHOENIX HEALTH, LLC                                                : Case No. 18-71789 (AST)
                                                                   :
         Debtors.                                                  : (Jointly Administered)
------------------------------------------------------------------x

## AGENDA FOR MAY 24, 2018 HEARING

| | |
|---|---|
| Time and Date of Hearing: | May 24, 2018 at 9:15, 10:00 and 11:00 a.m. (prevailing Eastern Time) |
| Location of Hearing: | The Honorable Alan S. Trust<br>Courtroom 2554<br>United States Bankruptcy Court<br>Eastern District of New York<br>Conrad B. Duberstein United States Courthouse<br>271-C Cadman Plaza East<br>Brooklyn, New York 11201 |
| Copies of Motions: | Copies of the pleadings below may be obtained from the Court's website at http://www.nyeb.uscourts.gov/ by obtaining a PACER login and password from the Court's website (a PACER password is obtained by accessing the PACER website at: http://pacer.psc.uscourts.gov).  The pleadings are also available at no cost on the following website maintained by the Debtors in these chapter 11 cases: http://dm.epiq11.com/orionhealthcorp. |

**9:15 a.m. Matter**

1. Parmar's Letter Request for Adjournment of Hearing [Dkt. No. 227].

    **Related Documents:**

    A. Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 18].

    B. Order to Show Cause Concerning Turnover and Review of Documents and Other Materials by Robinson Brog [Dkt. No. 166].

    C. Motion of the Debtors for Entry of Orders (A)(I) Approving Bidding Procedures Relating to the Sale of Certain of the Debtors' Assets; (II) Approving Bid Protections; (III) Approving the Form and Manner of Notice of Sale By Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; (V) Scheduling a Hearing on the Proposed Sale; and (VI) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Dkt. No. 191].

    **Responses Received:** None.

    **Status:** This matter is going forward.

2. Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 18].

    **Related Documents:**

    A. Order to Show Cause [Dkt. No. 107].

    B. Initial Order Concerning Debtors' Motion Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Regarding Turnover of Property of the Estates, and Directing Meet and Confer [Dkt. No. 109].

    C. Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turnover an Accounting [Dkt. No. 164].

D.     Order to Show Cause Concerning Turnover and Review of Documents and Other Materials by Robinson Brog [Dkt. No. 166].

E.     Debtors' Status Letter to Judge Trust on Independent Reviewer Selection [Dkt No. 194].

F.     Matters In Which Robinson Brog Leinwand Greene Genovese & Gluck, P.C. Represented Parmar Parties [Dkt. No. 200].

G.     Debtors' Letter to Judge Trust Regarding Selection of Independent Reviewer [Dkt. No. 201].

H.     *Ex Parte* Motion to File Accounting Materials Under Seal [Dkt. No. 218].

I.     Order Granting *Ex Parte* Motion for Leave to File Accounting Materials Under Seal [Dkt. No. 225].

J.     Debtors' Status Letter to the Honorable Alan S. Trust Regarding Order to Compel Turnover of Accounting Records [Dkt. No. 234].

K.     *Ex Parte* Motion of the Debtors for Entry of an Order Authorizing the Debtors to File Certain Documents Under Seal [Dkt. No. 241].

**Responses Received:**

A.     Objection of Robinson Brog Leinwand Green Genovese & Gluck P.C., A. Mitchell Greene, Adam Greene and Matthew C. Capozzoli to the (I) Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck, PC to Turn Over and Account for Property of the Estates and Recorded Information; and (II) Debtors' *Ex Parte* Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq. [Dkt. No. 64].

B.     Reply in Support of (I) Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information and (II) Debtors' *Ex Parte* Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq. [Dkt. No. 84].

C.     Limited Objection of Parmjit Singh Parmar, et al., to the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 132].

D.     Brief in Further Support of Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 141].

E.     Reply in Further Support of Robinson Brog Leinwand Greene Genovese & Gluck P.C.'s Request for Adequate Protection [Dkt. No. 177].

F.     Limited Objection of Parmjit Singh Parmar and His Related Entities to the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 187].

G.     Debtors' Response in Opposition to Limited Objection of Parmjit Singh Parmar and His Related Entities to Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information [Dkt. No. 202].

**Status:**   This matter is going forward.

**10:00 a.m. Matters**

3. Motion of the Debtors for Entry of Interim and Final Orders Authorizing (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Transfers Among Debtors and Non-Debtor Affiliates and (IV) Continued Use of Existing Business Forms [Dkt. No. 16].

    **Related Documents:**

    A. Declaration of Timothy J. Dragelin in Support of Chapter 11 Petitions and First Day Motions [Dkt. No. 2].

    B. Interim Order Authorizing, But Not Directing, the Debtors to (I) Continue Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Transfers Among Debtors and Non-Debtor Affiliates and (IV) Continued Use of Existing Business Forms [Dkt. No. 47].

    C. Second Interim Order Authorizing, But Not Directing, the Debtors to (I) Continue Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Transfers Among Debtors and Non-Debtor Affiliates and (IV) Continued Use of Existing Business Forms [Dkt. No. 182].

    **Responses Received:** None.

    **Status:** This matter is going forward.

4. Motion of the Debtors for Entry of an Administrative Order Pursuant to Sections 105(a), 330 and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. No. 119].

    **Related Documents: None.**

    **Responses Received: None.**

    **Status:** This matter is going forward.

5. Motion of the Debtors for Entry of Orders (A)(I) Approving Bidding Procedures Relating to the Sale of Certain of the Debtors' Assets; (II) Approving Bid Protections; (III) Approving the Form and Manner of Notice of Sale By Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; (V) Scheduling a Hearing on the Proposed Sale; and (VI) Granting Related Relief; and (B)(I) Approving Asset

Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Dkt. No. 191].

**Related Documents: None.**

**Responses Received:**

A. Limited Objection of Pediatric Associates of Dayton, Inc., Children's Medical Center, Inc., and Pediatric Group Associates, Inc. to the Motion of the Debtors for Entry of Orders (A)(I) Approving Bidding Procedures Relating to the Sale of Certain of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Notice of Sale By Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; (VI) Scheduling a Hearing on the Proposed Sale; and (VII) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Dkt. No. 213].

B. Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Entry of Orders (A)(I) Approving Bidding Procedures Relating to the Sale of Certain of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Notice of Sale By Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; (VI) Scheduling a Hearing on the Proposed Sale; and (VII) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Dkt. No. 214].

C. Notice of Competing Stalking Horse Bid and Objection to the Motion of the Debtors for Entry of Orders (A)(I) Approving Bidding Procedures Relating to the Sale of Certain of the Debtors'

        Assets; (II) Approving Bid Protections; (III) Approving the Form and Manner of Notice of Sale By Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; (V) Scheduling a Hearing on the Proposed Sale; and (VI) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Dkt. No. 216].

    D.    Objection of GSS Infotech, Limited to the Motion of the Debtors for Entry of orders (A)(i) Approving Bidding procedures for the Sale of Certain of the Debtors' Assets; (ii) Approving Bid Protections; (iii) Approving the Form and Manner of Notice of the Sale by Auction; (iv) Establishing Procedures for Noticing and Determining Cure Amounts; (v) Scheduling Hearing on the Proposed Sale; and (vi) Granting Related Relief; and (B)(i) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (iii) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (iv) Granting Related Relief [Dkt. No. 226].

    E.    Debtors' Omnibus Response to Objections to the Motion of the Debtors for Entry of orders (A)(i) Approving Bidding procedures for the Sale of Certain of the Debtors' Assets; (ii) Approving Bid Protections; (iii) Approving the Form and Manner of Notice of the Sale by Auction; (iv) Establishing Procedures for Noticing and Determining Cure Amounts; (v) Scheduling Hearing on the Proposed Sale; and (vi) Granting Related Relief; and (B)(i) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of the Debtors' Assets; (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (iii) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (iv) Granting Related Relief [Dkt. No. 239].

**Status:  This matter is going forward.**

6.    Order Scheduling Initial Case Management Conference [Dkt. No. 184].

**Related Documents: None.**

**Responses Received: None.**

**Status:  This matter is going forward.**

## MATTERS PERTAINING TO ADVERSARY PROCEEDING NUMBER 18-08048

7. Debtors' Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 7065 Against the Internal Revenue Service [Adv. Dkt. No. 2].

   **Related Documents:**

   A. Order Scheduling a Further Hearing to Consider Debtors' Request for Preliminary Injunction [Adv. Dkt. No. 3].

   B. Temporary Restraining Order and Order Scheduling Further Hearing [Adv. Dkt. No. 8].

   C. Temporary Restraining Order and Order Scheduling Further Hearing [Adv. Dkt. No. 13].

   **Responses Received:**

   A. The Internal Revenue Service's Response to the Debtor's Motion for a Temporary Restraining Order [Adv. Dkt. No. 6].

   **Status:  This matter is going forward.**

## MATTERS PERTAINING TO ADVERSARY PROCEEDING NUMBER 18-08053

8. Plaintiffs' Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 7065 [Adv. Dkt. No. 5].

   **Related Documents:**

   A. Memorandum of Law in Support of Plaintiffs' Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 7065 [Adv. Dkt. No. 6].

**Responses Received:**

A.     United States' Objection to Plaintiffs' Emergency Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 7065 [Adv. Dkt. No. 10].

B.     Objection to Motion for Temporary Restraining Order [Adv. Dkt. No. 11] (filed by The Destra Targeted Income Unit Investment Trust and Constellation Health Group, LLC).

**Status:**   **This matter is going forward.**

**11:00 a.m. Matters**

9.  Application for an Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, *Nunc Pro Tunc* to the Petition Date [Dkt. No 104].

    **Related Documents:**

    A.  Supplemental Declaration of Timothy J. Dragelin in Support of Application for an Order Authorizing the Debtors to Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, *Nunc Pro Tunc* to the Petition Date [Dkt. No. 179].

    B.  Second Supplemental Declaration of Timothy J. Dragelin in Support of Application for an Order Authorizing the Debtors to Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, *Nunc Pro Tunc* to the Petition Date [Dkt. No. 206].

    **Responses Received:** None.

    **Status:** This matter is going forward.

10. Application of the Debtors, Pursuant to Sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rules 2014-1 and 2016-1, for an Order Authorizing the Retention and Employment of Hahn & Hessen LLP as Conflicts Counsel to the Debtors, *Nunc Pro Tunc* to March 28, 2018 [Dkt. No. 105].

    **Related Documents:** None.

    **Responses Received:** None.

    **Status:** This matter is going forward.

11. Application for Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to April 4, 2018 [Dkt. No. 151].

    **Related Documents:** None.

    **Responses Received:** None.

    **Status:** This matter is going forward.

12. Application for an Order Pursuant to 11 U.S.C. § 1103 Authorizing and Approving the Employment and Retention of CBIZ Accounting, Tax & Advisory of New York, LLC as Financial Advisor to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to April 13, 2018 [Dkt. No. 174].

**Related Documents:** None.

**Responses Received:** None.

**Status:** This matter is going forward.

Dated: May 22, 2018
New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

 /s/ Thomas R. Califano
Thomas R. Califano (6144)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

*Proposed Counsel to the Debtors and Debtors in Possession*