Thomas R. Califano, Esq.
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------------x

***EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE
<u>CERTAIN DOCUMENTS UNDER SEAL</u>**

Orion HealthCorp, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby move the Court for the entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), authorizing the Debtors to file under seal the declaration of Frank Lazzara (the "Declaration") in support of the *Debtors' Response (i) in Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (ii) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* (the "Response"), filed contemporaneously herewith.[1] In support of this motion (the "Motion"), the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for relief requested in this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Response.

**BACKGROUND**

4.  On March 16, 2018 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases are jointly administered for procedural purposes only [D.I. 34].

5.  The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On April 4, 2018, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 82]. As of the date hereof, no trustee or examiner has been appointed in the Debtors' chapter 11 cases.

7.  Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Timothy J. Dragelin in Support of Chapter 11 Petitions and First Day Motions* [D.I. 2].

8.  On the date hereof, the Debtors filed the Response (i) in opposition to the *Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C.* [D.I. 228] (the "Motion to Quash") and (ii) in support of the Debtors' request for complete and accurate accounting records [D.I. 234] pursuant to the *Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turnover an Accounting* [D.I. 164] (the "Accounting Order") and the *Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination*

3

*of Robinson Brog Leinwand Greene Genovese & Gluck PC A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [D.I. 21] (the "2004 Motion"). In support of the Response, the Debtors rely on the Declaration. The Declaration contains confidential, non-public financial and bank account information related to the Debtors. Accordingly, the Debtors submit that such information should be subject to the protections of section 107(b) of the Bankruptcy Code.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing them to file the Declaration under seal.

## BASIS FOR RELIEF

10. Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1).

11. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

> or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bank. P. 9018.

13.  Further, Local Rule 9018-1 provides, in relevant part, that "a motion to file a document under seal (but not the document itself) shall be filed electronically." E.D.N.Y. Bankr. L.R. 9018-1.

14.  If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994).

15.  Here, the Declaration contains certain confidential, non-public financial and bank account information related to the Debtors, which the Debtors submit needs to be protected from the public. If such information were to be made public via PACER or on the Debtors' case website, valuable accounting and financial information would be disclosed to the detriment of the Debtors, their estates and their creditors.

16.  For the foregoing reasons, the Debtors respectfully request that the Court permit the Debtors to file the Declaration under seal with a copy of the Declaration provided to this Court and Robinson Brog.

17.  No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein, and (ii) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: June 4, 2018<br>New York, New York | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Thomas R. Califano*<br>Thomas R. Califano (6144)<br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 335-4500<br>Facsimile:  (212) 335-4501<br>E-mail:  thomas.califano@dlapiper.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |