## EXHIBIT A

**PROPOSED ORDER RELATED TO APPOINTMENT OF
INDEPENDENT REVIEWER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

## ORDER APPOINTING INDEPENDENT REVIEWER

Pending before the Court are the following: (i) *Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information* [Docket No. 18] (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (ii) *Objection of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Adam Greene and Matthew C. Capozzoli to the (I) Debtors'*

*Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck, PC to Turn Over and Account for Property of the Estates and Recorded Information; and (II) Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [Docket No. 64] (the "Objection"); (iii) *Reply in Support of (I) Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information and (II) Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [Docket No. 84] (the "Reply"); (iv) *Limited Objection of Parmjit Singh Parmar and His Related Entities to the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turnover and Account for Property of the Estates and Recorded Information* [Docket Nos. 132 & 187] (the "Parmar Objection"); (v) *Brief in Further Support of Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turn Over and Account for Property of the Estates and Recorded Information* [Docket No. 141] (the "Debtors' Brief"); and (vi) *Debtors' Response in Opposition to Limited Objection of Parmjit Singh Parmar and His Related Entities to Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turnover and Account for Property of the Estates and Recorded Information* [Docket No. 202] (the "Parmar

Response"). The Court has reviewed the Motion, Objection, Reply, Parmar Objection, Debtors' Brief and Parmar Response.

The Court has jurisdiction over the matter under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and sufficient notice of the Motion having been given; and hearings having been held on April 5, 2018, April 26, 2018 and May 24, 2018 to consider the relief requested in the Motion and the various responses and replies (the "Hearings"). The Court has entered (i) an *Order to Show Cause* on April 13, 2018 [Docket No. 107]; (ii) an *Initial Order Concerning Debtors' Motion Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Regarding Turnover of Property of the Estates and Directing Meet and Confer* on April 13, 2018 [Docket No. 109]; (iii) an *Order Pursuant to 11 U.S.C. §§ 542(a) and 542(e) Compelling Robinson Brog Leinwand Greene Genovese & Gluck PC to Turnover an Accounting* on May 4, 2018 [Docket No. 164], and (iv) an *Order to Show Cause Concerning Turnover and Review of Documents and Other Materials by Robinson Brog* on May 4, 2018 [Docket No. 166].

As reflected in the letter dated May 14, 2018 [Docket No. 201], Paul Parmar and those entities set forth on the annexed **Schedule A** (collectively, the "Parmar Parties") and counsel to the Debtors conferred and selected Judge Melanie Cyganowski to review certain documents or files maintained by Robinson Brog Leinwand Greene Genovese & Gluck PC ("Robinson Brog").

Upon consideration of the record of the Hearings and all proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. On or before June 27, 2018, Robinson Brog shall turn over all documents related to matters in which Robinson Brog jointly represented one or more of the Debtors, on the one hand, and the Parmar Parties, on the other hand (the "Joint Documents") to the Debtors as maintained by Robinson Brog in the ordinary course of its business. The Debtors shall not distribute or share any of the Joint Documents absent a further order of this Court. The Debtors shall also make any such Joint Documents available to counsel for the Parmar Parties.

2. Pursuant to Rule 706 of the Federal Rules of Evidence, Judge Melanie Cyganowski is appointed as an expert to review documents to determine if any such documents are subject to the Fifth Amendment protection or attorney client privilege of the Parmar Parties.

3. On or before June 29, 2018, Robinson Brog shall turn over those documents that relate solely to matters in which Robinson Brog maintains that it represented only the Parmar Parties (the "Non-Debtor Only Documents") to Judge Cyganowski as maintained by Robinson Brog in the ordinary course of its business. The Parmar Parties shall have the right to request and receive a copy of the Non-Debtor Only Documents.

4. On or before June 29, 2018, Robinson Brog shall turn over the email exchanges between A. Mitchell Greene, Adam J. Greene and Matthew M. Capozzoli, on the one hand, and Paul Parmar, Sotiros (Sam) Zaharis and Ravi Chivukula, on the other, maintained by Robinson Brog in the ordinary course of its business related to Debtor, Joint or Non-Debtor Only representations (the "Email ESI") to Judge Cyganowski. The turnover of the Email ESI is without prejudice to the Debtors requesting the turnover of other email exchanges from Robinson Brog. The Parmar Parties shall have the right to request and receive a copy of the Email ESI production.

5. On or before June 29, 2018, Judge Cyganowski, Robinson Brog and counsel to the Debtors shall meet and confer to discuss the process of reviewing the Non-Debtor Only Documents and Email ESI.

6. On or before August 31, 2018, Judge Cyganowski shall prepare and file with the Court a report summarizing her review of the Non-Debtor Only Documents and Email ESI and provide a log of those documents she believes are subject to a privilege or protection. Judge Cyganowski may use resources at her firm, Otterbourg P.C., to complete her review of the Non-Debtor Only Documents and Email ESI and to prepare the privilege log.

7. The Debtors' estates shall bear the costs of the review of the Non-Debtor Only Documents and Email ESI by Judge Cyganowski and her firm.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

## Schedule A

### Parmar Parties

1. Parmjit Singh Parmar;

2. Constellation Health LLC;

3. Constellation Health Investment LLC;

4. First United Health LLC;

5. Naya Constellation Health LLC;

6. Alpha Cepheus LLC;

7. Blue Mountain Healthcare, LLC; and

8. Sage Group Consulting, Inc.

# EXHIBIT B

**PROPOSED ORDER RELATED TO MOTION TO QUASH**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**ORDER ON MOTION PURSUANT TO FRCP 45(D)(3)
TO QUASH AND/OR MODIFY DEBTORS' SUBPOENA
SEEKING NON-DEBTOR RECORDS HELD BY
<u>ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.</u>**

Upon consideration of (i) the *Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C.* [D.E. 228] (the "<u>Motion</u>"); (ii) the *Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese &*

EAST\156757259.3                                            1

*Gluck P.C. and (II) In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* [D.E. 270] (the "<u>Response</u>");[1] (iii) the *Declaration of Frank A. Lazzara in Support of Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* filed under seal (the "<u>Lazzara Declaration</u>"); (iv) *Supplemental Declaration of Frank A. Lazzara* [D.E. 286] (the "<u>Supplemental Declaration</u>"); (v) the *Joinder of Bank of America, N.A., in Its Capacity as Prepetition Agent for the Prepetition Lenders, to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq*. [D.E. 280] (the "<u>Lender Joinder</u>"); and (vi) the *Joinder of Official Committee of Unsecured Creditors to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

*Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq*. [D.E. 288] (the "Committee Joinder"); and the Court having reviewed the Motion, the Response, the Lazzara Declaration, the Supplemental Declaration, the Lender Joinder and the Committee Joinder; and the Court having jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and this Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and sufficient notice of the Motion having been given; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, based thereon

**IT IS HEREBY ORDERED THAT**:

1. Within two (2) business days of entry of this Order, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") shall deliver to DLA Piper LLP (US) ("DLA") an unredacted version of an accounting reflecting all funds transferred in and out of the Escrow Account on behalf of the Debtors and those entities listed on Exhibit A attached hereto in the same form as the one attached to the letter of Marian C. Rice of L'Abbate, Balkan, Colavita & Contini, L.L.P. dated as of June 5, 2018.

2. Within thirty (30) days of entry of this Order, Robinson Brog shall make available a partner with the most knowledge concerning the operation of the Escrow Account for a deposition not to exceed two (2) hours in length to be held at the offices of DLA. The deposition shall be limited to questions related to the manner in which Robinson Brog maintained the Escrow Account and identification of the transactions that are reflected in the accounting. For

the avoidance of doubt, any questions that may impact assertions of privilege that may be made by a non-debtor party, such as questions along the lines of "why did you make this transfer?" and "who directed you to do this?" shall be prohibited.

3. The Order shall be without prejudice to the Debtors seeking additional depositions of partners at Robinson Brog at some time thereafter, at which deposition Judge Melanie Cyganowski shall be authorized to attend and empowered to determine questions of privilege.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5

**Exhibit A**

**Non-Debtors**

1. Parmjit Singh Parmar
2. Constellation Health LLC
3. Constellation Health Investment LLC
4. First United Health LLC
5. Naya Constellation Health LLC
6. Alpha Cepheus LLC
7. Blue Mountain Healthcare, LLC
8. Sage Group Consulting, Inc.
9. Porteck Corporation
10. O'Rion HealthCorp
11. 2 River Terrace Apartment 12J, LLC
12. Sankar Chivukula
13. Ravi Chivukula
14. Arvind Walia
15. Sotirios Zaharis
16. All affiliates, subsidiaries and predecessors-in-interests of the Non-Debtors listed above