UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

## ORDER ON MOTION PURSUANT TO FRCP 45(D)(3) TO QUASH AND/OR MODIFY DEBTORS' SUBPOENA SEEKING NON-DEBTOR RECORDS HELD BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Upon consideration of (i) the *Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C.* [D.E. 228] (the "Motion"); (ii) the *Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II)*

*In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* [D.E. 270] (the "Response");[1] (iii) the *Declaration of Frank A. Lazzara in Support of Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* filed under seal (the "Lazzara Declaration"); (iv) *Supplemental Declaration of Frank A. Lazzara* [D.E. 286] (the "Supplemental Declaration"); (v) the *Joinder of Bank of America, N.A., in Its Capacity as Prepetition Agent for the Prepetition Lenders, to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [D.E. 280] (the "Lender Joinder"); and (vi) the *Joinder of Official Committee of Unsecured Creditors to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

*and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [D.E. 288] (the "<u>Committee Joinder</u>"); and the Court having reviewed the Motion, the Response, the Lazzara Declaration, the Supplemental Declaration, the Lender Joinder and the Committee Joinder; and the Court having jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and this Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and sufficient notice of the Motion having been given; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, based thereon

**IT IS HEREBY ORDERED THAT**:

1.     Within two (2) business days of entry of this Order, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("<u>Robinson Brog</u>") shall deliver to DLA Piper LLP (US) ("<u>DLA</u>") an unredacted version of an accounting reflecting all funds transferred in and out of the  Escrow Account on behalf of the Debtors and those entities listed on <u>Exhibit A</u> attached hereto in the same form as the one attached to the letter of Marian C. Rice of L'Abbate, Balkan, Colavita & Contini, L.L.P. dated as of June 5, 2018.

2.     Within thirty (30) days of entry of this Order, Robinson Brog shall make available a partner with the most knowledge concerning the operation of the Escrow Account for a deposition not to exceed two (2) hours in length to be held at the offices of DLA.  The deposition shall be limited to questions related to the manner in which Robinson Brog maintained the Escrow Account and identification of the transactions that are reflected in the accounting.  For the

avoidance of doubt, any questions that may impact assertions of privilege that may be made by a non-debtor party, such as questions along the lines of "why did you make this transfer?" and "who directed you to do this?" shall be prohibited.

3. The Order shall be without prejudice to the Debtors seeking additional depositions of partners at Robinson Brog at some time thereafter, at which deposition former Judge Melanie Cyganowski shall be authorized to attend and empowered to determine questions of privilege.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: June 26, 2018
  Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

## Exhibit A

**Non-Debtors**

1.  Parmjit Singh Parmar
2.  Constellation Health LLC
3.  Constellation Health Investment LLC
4.  First United Health LLC
5.  Naya Constellation Health LLC
6.  Alpha Cepheus LLC
7.  Blue Mountain Healthcare, LLC
8.  Sage Group Consulting, Inc.
9.  Porteck Corporation
10. O'Rion HealthCorp
11. 2 River Terrace Apartment 12J, LLC
12. Sankar Chivukula
13. Ravi Chivukula
14. Arvind Walia
15. Sotirios Zaharis
16. All affiliates, subsidiaries and predecessors-in-interests of the Non-Debtors listed above