**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No: 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

-----------------------------------------------------------------------

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OF NEW YORK NETWORK MANAGEMENT, L.L.C.

New York Network Management, L.L.C. (the "Debtor") has filed its respective Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs of New York Network Management, L.L.C.* (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>") and are not intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor on an individual-company basis.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the subsequent discovery of conflicting or additional information or contracts, may require the Debtor to amend the Schedules and Statements. The Debtor reserves all rights to amend the Schedules and Statements from time to time as needed.

The Debtor and its officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions (whether negligent or otherwise) in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtor and its officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, amend, modify, revise, or recategorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, amended, modified, revised, or recategorized. The Debtor, on behalf of itself, its officers, employees, agents, attorneys, and financial advisors, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by Timothy J. Dragelin of FTI Consulting, Inc., who is the Chief Restructuring Officer of the Debtor. In reviewing and signing the Schedules and Statements, Mr. Dragelin relied upon the efforts, statements, and representations of the Debtor's other personnel and professionals. Mr. Dragelin has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

**1.      Reservation of Rights.**   Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.   The Debtor reserves all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any claim, except as previously waived or stipulated by the Debtor.   Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not "disputed," "contingent," or "unliquidated."   Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, recharacterization, other equitable rights or remedies, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy law.   Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph or the record of this chapter 11 case. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

**2.      Description of Cases and "As of" Information Date.**   On July 5, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor performed a close of its books as of June 30, 2018.   Thus, the asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtor as of the close of business on June 30, 2018, and the liability information provided herein, except as otherwise noted, represents the Debtor liability data as of close of business on June 30, 2018.

**3.      Accounting Methodology.**   The Debtor utilizes the cash basis of accounting.   As such, assets and liabilities are recorded as received, without any allocation to the calendar period to which they apply.   Consequently, the Debtor's delineation of prepetition and post-petition liabilities was limited to those liabilities that were recorded, but unpaid, as of the Petition Date.

**4.      Net Book Value of Assets.**   It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets for purposes of the Schedules and Statements.   Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the close of business on June 30, 2018. Additionally, because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined or unknown amounts as of the Petition Date.   Furthermore, as applicable, assets that have fully depreciated or

were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

5.    **Recharacterization.**    Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business.  Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

6.    **Real Property and Personal Property Leased.**    In the ordinary course of its business, the Debtor leased real property.  The Debtor has made reasonable efforts to list all such leases in the Schedules and Statements.  The Debtor has made reasonable efforts to include lease obligations on Schedule A/B to the extent applicable.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

7.    **Excluded Assets and Liabilities.**    The Debtor has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  If additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Bankruptcy Court has authorized the Debtor to pay, in its discretion, certain outstanding pre-petition claims on a post-petition basis, including, but not limited to, prepetition claims related insurance policies, wages and compensation.  Claims that have been paid post-petition have not been included in the Schedules and Statements.  To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtor reserves all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8.    **Insiders.**    Solely for purposes of the Schedules and Statements, the Debtor defines "insiders" to include the following: (a) directors, (b) senior level officers, (c) equity holders, holding in excess of 5% of the voting securities of the Debtor-entity, (d) Debtor-affiliates, and (e) relatives of any of the foregoing (to the extent known by the Debtor). Entities

or persons listed as "insiders" have been included for informational purposes, and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

**9.      Intellectual Property Rights.**   The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights do not exist or have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.   Conversely, inclusion of any intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**10.     Executory Contracts and Unexpired Leases.**   Although the Debtor made diligent attempts to locate executory contracts and unexpired leases, the Debtor may have inadvertently failed to locate all of them.   Moreover, other than real property leases reported in Schedule A/B, the Debtor has not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtor's estate. The Debtor's executory contracts and unexpired leases have been set forth in Schedule G.

**11.     Materialman's/Mechanic's Liens.**   The assets listed in the Schedules and Statements are presented without consideration of materialman's or mechanic's liens, if any such liens exist.

**12.     Classifications.**   Listing a claim or contract on (a) Schedule D as "secured," (b) Schedule E/F, Part 1 as "priority," (c) Schedule E/F, Part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired" does not constitute (i) an admission by the Debtor of the legal rights of the claimant, (ii) a waiver of the Debtor's rights to recharacterize or reclassify such claims or contracts or leases, (iii) a waiver to exercise its rights to set off against such claims, or (iv) a waiver of defaults.

**13.     Claims Description.**   Schedules D and E/F permit the Debtor to designate a claim as "disputed," "contingent," and/or "unliquidated."   Any failure to designate a claim on the given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objections or defenses.   Moreover, listing a claim does not constitute an admission of liability by the Debtor.

**14.     Causes of Action.**   Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other non-bankruptcy laws.   The Debtor reserves all of its respective rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever,

known, unknown, fixed, or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver or release of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15. **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

a. <u>Undetermined Amounts.</u>  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such an amount.

b. <u>Totals.</u>  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts included in the sum, the actual totals may be different than the listed totals.

c. <u>Liens.</u>  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Estimates and Assumptions.**  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual amounts could differ from those estimates, which differences may be material.

17. **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

<u>**Specific Disclosures with Respect to the Debtor's Schedules of Assets and Liabilities**</u>

As stated above, the Schedules do not purport to represent financial statements prepared in accordance with GAAP and are not intended to be fully reconciled with the financial statements of the Debtor.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent that the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

1. **Schedule A/B.**  All values set forth in Schedule A/B reflect the net book value of the Debtor's assets as of the close of business on June 30, 2018, unless indicated that the value is stated as of the date specific property was acquired.

**2.      Schedule A/B, Part 5, Questions 19-26 – Inventory, Excluding Agricultural Assets**

The Debtor does not maintain capitalized asset accounts for any items in Part 5, specifically "Other Inventory or Supplies". For a summary of Debtor's capitalized office equipment please refer to Part 7.

**3.      Schedule A/B, Part 7, Questions 39-45 - Office Furniture, Fixtures, Equipment and Collectibles**

The Debtor does not appear to maintain an active fixed asset listing by asset class, and records all accumulated depreciation to a single contra asset account.  As a result, the fixed asset values set forth in Part 7 reflect the gross book value. The aggregate accumulated depreciation against all classes of fixed assets is $302,460.53.

**4.      Schedule D**

Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtor has not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights, including certain parties from whom the Debtor has received lien notices but whose notices the Debtor understands have not yet been filed or recorded.  While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome or cost prohibitive, and, therefore, the Debtor may not list a date for each claim listed on Schedule D.

Finally, the Debtor is taking no position on the extent or priority of any particular creditors lien in the Schedules or the Global Notes.

**5.      Schedule E/F**

To the extent any federal, state, or local tax obligations have accrued but are not yet due and payable, such obligations have not been included in Schedule E/F.

The claims of individual creditors for, among other things, goods and services are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowance, or other adjustments due from such creditors to the Debtor.  The Debtor reserves all rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

The Debtor has made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtor's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the Debtor's knowledge, all tax authorities have been included.  If no amount was indicated as being expected to be owed for 2017, the "Unliquidated" claim box has been checked. All known litigation matters have been listed.

Claims of individual creditors for items described as Trade Payables have been incurred at various periods and according to certain payment terms and have been marked as "various" where the form requests a "Date Debt Was Incurred."

## 6.    Schedule G

Although the Debtor has relied upon its respective existing books, records, and financial systems to identify and schedule executory contracts and unexpired leases (collectively, the "Agreements") for the Debtor, and commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party or the remaining term of the Agreement, may not be included where such information could not be obtained using the Debtor's reasonable efforts.  Certain of the Agreements listed in Schedule G may not have been entered into by the Debtor.  Additionally, the Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance.   Lastly, the Debtor continues to review its contracts and may have inadvertently omitted certain contracts on Schedule G.

Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable.  The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G.  The Debtor reserves all of its rights to dispute the validity, status, or enforceability of any Agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.

In the ordinary course of business, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, subordination agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G.  Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease.

Schedule G may be amended at any time to add any omitted contracts, agreements, or leases.  Certain of the Agreements listed in Schedule G may consist of several parts, including, amendments, restatements, waivers, letters, and other documents that may not be listed in Schedule G or that may be listed as a single entry.  The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.  Additionally, certain of the Agreements listed in Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights, which are not set forth separately in Schedule G.  The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.  Further, unless otherwise specified in Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or

indirectly by any agreement, instrument, or other document that in any manner affects such Agreement, without respect to whether such agreement, instrument, or other document is listed therein.  In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  The Debtor reserves all of its rights, claims, and causes of action with respect to the Agreements listed in Schedule G, including the right to (a) dispute the validity, status, or enforceability of any Agreement set forth in Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G; and (c) amend or supplement such Schedule as necessary.

**7.      Schedule H**

For purposes of Schedule H, the Debtor that is either the principal obligor or guarantor under the prepetition debt facilities are listed as co-Debtor on Schedule H.  The Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of its business, the Debtor may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because the Debtor has treated all such claims as contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

**<u>Specific Disclosures with Respect to the Debtor's Statements of Financial Affairs</u>**

**1.      Part 2, Question 4 - Payments or transfers made within 1-year preceding commencement of this case to creditors who are or were insiders**

Items in this list include items that were paid on behalf of the cardholder even though they are under dispute with the American Express Company, due to their questionable validity as business-related charges. As such, items in Question 4 are subject to change because of this dispute. Due to incomplete records, the Debtor does not have all the supporting details of some of the transactions related to this question. The Debtor has made its best attempt to accurately provide such information.

**2.      Part 6, Question 13 - Other transfers - property transferred outside ordinary course of business within 2 years preceding commencement of this case**

Items in this list include items that were paid on behalf of the cardholder even though they are under dispute with the American Express Company, due to their questionable validity as business-related charges. As such, items in Question 13 are subject to change. Due to incomplete records, the Debtor does not have all the supporting details of some of the transactions related to this question. The Debtor has made its best attempt to accurately provide such information.

**3.      SOFA Part 13, Question 26d - Creditors and other parties to whom a financial statement was issued within 2 years preceding commencement of this case**

On March 10, 2017, the Debtor was acquired by Debtor NYNM Acquisition, LLC and in accordance therewith, may have shared its financial books and records with such debt and/or equity investors.

**4.      Part 13, Question 30 - Payments, distributions, or withdrawals credited to an insider within 1-year preceding commencement of this case**

Items in this list include items that were paid on behalf of the cardholder even though they are under dispute with the American Express Company, due to their questionable validity as business-related charges. As such, items in Question 30 are subject to change. Due to incomplete records, the Debtor does not have all the supporting details of some of the transactions related to this question. The Debtor has made its best attempt to accurately provide such information.

Fill in this information to identify the case:

Debtor   New York Network Management, L.L.C.

United States Bankruptcy Court for the:   Eastern District of New York

Case number   18-74545
(if known)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

## Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | UNKNOWN |

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | $10,526,182.25 |

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | $10,526,182.25 |

---

## Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

    | $159,272,474.78 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | UNKNOWN |

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

    | **+**   $1,969,953.42 |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b

    | $161,242,428.20 |

---

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>New York Network Management, L.L.C.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern District of New York</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-74545</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property           12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    CASH AND CASH EQUIVALENTS

1.  **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
    ☐ No. Go to Part 2.
    ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2.  **CASH ON HAND**
    N/A

3.  **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
    *(IDENTIFY ALL)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | BANK OF AMERICA MERRILL LYNCH | CHECKING | 4516 | $0.00 |
| 3.2. | CHASE | CHECKING | 3730 | $1,241,796.41 |
| 3.3. | CHASE | SAVINGS | 0821 | $0.00 |

4.  **OTHER CASH EQUIVALENTS**
    N/A

5   **Total of Part 1.**
    ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.          | $1,241,796.41 |

### Part 2:    DEPOSITS AND PREPAYMENTS

6.  **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
    ☐ No. Go to Part 3.
    ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7.  **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
    DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT
    N/A

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| | | Current value of debtor's interest |
|---|---|---|
| **8.** | **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** | |
| | DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |
| | 8.1.    MULTIPLE - ADVANCES TO MEDICAL GROUPS | $209,501.95 |
| **9** | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | $209,501.95 |

## Part 3:   ACCOUNTS RECEIVABLE

**10.   DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
- ☒ No. Go to Part 4.
- ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **11.   ACCOUNTS RECEIVABLE** | |
| **12   Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | |

## Part 4:   INVESTMENTS

**13.   DOES THE DEBTOR OWN ANY INVESTMENTS?**
- ☐ No. Go to Part 5.
- ☒ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.   MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** | | | |
| NAME OF FUND OR STOCK:<br>N/A | | | |
| **15.   NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | | |
| Name of entity | % of ownership | | |
| 15.1.    BROOKLYN MEDICAL SYSTEMS IPA 3, INC. | 100%% | HISTORICAL BOOK VALUE | $2,500.00 |
| 15.2.    BROOKLYN MEDICAL SYSTEMS IPA 4, INC. | 100%% | HISTORICAL BOOK VALUE | $2,500.00 |
| 15.3.    BROOKLYN MEDICAL SYSTEMS IPA 5, INC. | 100%% | HISTORICAL BOOK VALUE | $2,500.00 |
| 15.4.    NETWORK MANAGEMENT INSURANCE BROKERAGE SERVICES, LLC | 100%% | HISTORICAL BOOK VALUE | $9,774.19 |
| 15.5.    NEW YORK NETWORK IPA INC | 100%% | HISTORICAL BOOK VALUE | $2,500.00 |
| 15.6.    NEW YORK PREMIER IPA, INC. | 100%% | HISTORICAL BOOK VALUE | $2,500.00 |
| **16.   GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** | | | |
| DESCRIBE:<br>N/A | | | |
| **17   Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | | $22,274.19 |

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

## Part 5: INVENTORY, EXCLUDING AGRICULTURE ASSETS

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| **20. WORK IN PROGRESS** | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |

**23 Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

**24. Is any of the property listed in Part 5 perishable?**

☒ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☒ No

☐ Yes     Book value _____     Valuation method _____     Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☒ No

☐ Yes

## Part 6: FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

**33 Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

**34. Is the debtor a member of an agricultural cooperative?**

☒ No

☐ Yes.  Is any of the debtor's property stored at the cooperative?

    ☒ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☒ No

☐ Yes

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☒ No

☐ Yes

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

**37.  Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☑ No
☐ Yes

### Part 7:  OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES

**38.  DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  OFFICE FURNITURE** | | | |
| 39.1.    FURNITURE AND FIXTURES | $100,038.49 | COST | $100,038.49 |
| **40.  OFFICE FIXTURES** | | | |
| 40.1.    LEASEHOLD IMPROVEMENTS - 9201 4TH AVENUE | $140,500.00 | COST | $140,500.00 |
| **41.  OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.    COMPUTER AND OFFICE EQUIPMENT | $289,529.30 | COST | $289,529.30 |
| **42.  COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES<br><br>N/A | | | |

**43   Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

$530,067.79

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

### Part 8:  MACHINERY, EQUIPMENT, AND VEHICLES

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

**51   Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

**52.   Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53.   Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:   REAL PROPERTY

**54.   DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

**55.   ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   9201 FOURTH AVENUE<br>BROOKLYN, NY 11209 | LEASED OFFICE SPACE | UNKNOWN | UNKNOWN | UNKNOWN |

**56   Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

UNKNOWN

**57.   Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:   INTANGIBLES AND INTELLECTUAL PROPERTY

**59.   DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**60.   PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS**

**61.   INTERNET DOMAIN NAMES AND WEBSITES**

**62.   LICENSES, FRANCHISES, AND ROYALTIES**

**63.   CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

**64.   OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY**

**65.   GOODWILL**

**66   Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**67.   Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
| --- | --- | --- | --- |
| | (Name) | | |

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11:  ALL OTHER ASSETS

70. **DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

|  |  |  |  | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 71. **NOTES RECEIVABLE** | | | | |
| DESCRIPTION (INCLUDE NAME OF OBLIGOR) | | | | |
| ANDREW WINAKOR (OUTSIDE CONSULTANT) | $30,000 <br> total face amount | − | $30,000.00 <br> doubtful or uncollectable accounts | = ➔ $0.00 |

72. **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

N/A

73. **INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

N/A

74. **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

N/A

75. **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

N/A

76. **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

N/A

77. **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

| | |
| --- | --- |
| INTERCOMPANY ADVANCES RECEIVABLE FROM IPAs | $1,017,000.00 |
| INTERCOMPANY ADVANCES RECEIVABLE FROM ORION HEALTHCARE | $7,389,000.00 |
| UNAUTHORIZED WITHDRAWALS (LIKELY UNCOLLECTIBLE) | $116,541.91 |

| 78 | **Total of Part 11.** <br> ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $8,522,541.91 |
| --- | --- | --- |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $1,241,796.41 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $209,501.95 | |

Debtor    New York Network Management, L.L.C.                                    Case number (if known)    18-74545
_____                               _____
          (Name)

| | | |
|---|---|---|
| **82.** | **Accounts receivable.** *Copy line 12, Part 3.* | |
| **83.** | **Investments.** *Copy line 17, Part 4.* | $22,274.19 |
| **84.** | **Inventory.** *Copy line 23, Part 5.* | |
| **85.** | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | |
| **86.** | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $530,067.79 |
| **87.** | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | |
| **88.** | **Real property.** *Copy line 56, Part 9.* .................................... ➔ | UNKNOWN |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | |
| **90.** | **All other assets.** *Copy line 78, Part 11.* ＋ | $8,522,541.91 |
| **91.** | **Total.** Add lines 80 through 90 for each column . . . . . . . 91a. | $10,526,182.25 ＋ 91b   UNKNOWN |
| **92.** | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ....................................... | $10,526,182.25 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>New York Network Management, L.L.C.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern District of New York</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-74545</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1.  1. Do any creditors have claims secured by debtor's property?
    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
    ☒ Yes. Fill in all of the information below.

**Part 1:    List All Creditors with Secured Claims**

2.    List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Creditor's name**<br>BANK OF AMERICA N.A., AS ADMIN AGENT<br><br>**Creditor's mailing address**<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>ATTN: BRENDA SCHRINER, TX1-492-14-11<br>901 MAIN STREET<br>DALLAS, TX  75202-3714<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/30/2017<br><br>**Last 4 digits of account number: 2995**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>1ST LIEN ON SUBSTANTIALLY ALL ASSETS OF THE DEBTORS<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $158,200,710.89 | UNKNOWN |
| 2.2 | **Creditor's name**<br>BANK OF AMERICA N.A., AS ADMIN AGENT<br><br>**Creditor's mailing address**<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>ATTN: BRENDA SCHRINER, TX1-492-14-11<br>901 MAIN STREET<br>DALLAS, TX  75202-3714<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>2/22/2018<br><br>**Last 4 digits of account number: 5917**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>1ST LIEN ON SUBSTANTIALLY ALL ASSETS OF THE DEBTORS<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,071,763.89 | |
| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $159,272,474.78 | |

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>New York Network Management, L.L.C.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern District of New York</td></tr>
<tr><td>Case number<br/>(if known)</td><td>18-74545</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☒ Yes. Go to line 2.

2.    **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | UNKNOWN | UNKNOWN |

2.1    **Priority creditor's name and mailing address**

NYC DEPARTMENT OF FINANCE
UNINCORPORATED BUSINESS TAX UNIT
345 ADAMS STREET
10TH FLOOR
BROOKLYN, NY  11201

**Date or dates debt was incurred**

2015 - 2017

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
NYC UNINCORPORATED BUSINESS TAX (UBT)

**Is the claim subject to offset?**
☒ No
☐ Yes

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|
| 3.1 | $23,451.06 |

3.1    **Nonpriority creditor's name and mailing address**

AGULNICK & GOGEL, LLC
8 BOND STREET
SUITE #3003
GREAT NECK, NY  11021

**Date or dates debt was incurred**

6/25/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
☒ No
☐ Yes

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | |
|---|---|---|---|

| | | **Amount of claim** |
|---|---|---|

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $11,751.19 |
|---|---|---|---|

CHANGE HEALTHCARE
PO BOX 572490
MURRAY, UT  84157

**Date or dates debt was incurred**

6/30/2018

**Last 4 digits of account number:**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

---

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $2,700.00 |
|---|---|---|---|

EARLY, TOM
44 ACKLEY CT.
MALVERNE, NY  11565

**Date or dates debt was incurred**

6/10/2018

**Last 4 digits of account number:**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

---

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $184.55 |
|---|---|---|---|

FEDERAL EXPRESS
P.O. BOX 371461
PITTSBURGH, PA  15250-7461

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

---

| 3.5 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $7,293.42 |
|---|---|---|---|

GARFUNKEL WILD, PC
111 GREAT NECK ROAD
GREAT NECK, NY  11021

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $1,874,664.22 |
|---|---|---|---|

KELLY, ELIZABETH
125 ANNFIELD CT.
STATEN ISLAND, NY  10304

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☒ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page |
|---|---|

| | | Amount of claim |
|---|---|---|
| 3.7 | **Nonpriority creditor's name and mailing address** | UNKNOWN |

**3.7**

**Nonpriority creditor's name and mailing address**
KELLY, KEVIN & EDEL
26 COURT STREET - 11TH FLOOR
BROOKLYN, NY  11242

**Date or dates debt was incurred**
12/14/2016

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☑ No
☐ Yes

Amount of claim: UNKNOWN

---

**3.8**

**Nonpriority creditor's name and mailing address**
MCLOUDSERV LLC
7333 6TH AVENUE
BROOKLYN, NY  11209

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
☑ No
☐ Yes

Amount of claim: $8,947.08

---

**3.9**

**Nonpriority creditor's name and mailing address**
REFEREE THEODORE D. SKLAR, ESQ.
DEVITT SPELLMAN BARRETT, LLP
50 ROUTE 11
SMITHTOWN, NY  11787

**Date or dates debt was incurred**
6/20/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
☑ No
☐ Yes

Amount of claim: $7,702.50

---

**3.10**

**Nonpriority creditor's name and mailing address**
TAL & ASSOCIATES LLC
43 KENSICO DRIVE
MOUNT KISCO, NY  10549

**Date or dates debt was incurred**
3/16/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
☑ No
☐ Yes

Amount of claim: $27,500.00

---

**3.11**

**Nonpriority creditor's name and mailing address**
TRAVELERS
P.O. BOX 660317
DALLAS, TX  75266-0317

**Date or dates debt was incurred**
6/18/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLES

**Is the claim subject to offset?**
☑ No
☐ Yes

Amount of claim: $5,557.35

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page |
|---|---|

| | | | Amount of claim |
|---|---|---|---|

| 3.12 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $202.05 |
|---|---|---|---|

WB MASON
P.O. BOX 981101
BOSTON, MA  02298-1101

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

VARIOUS

**Basis for the claim:**
TRADE PAYABLES

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☒ No
☐ Yes

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.    Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| **5a.** | Total claims from Part 1 | **5a.** | **UNKNOWN** |
| **5b.** | Total claims from Part 2 | **5b.  +** | **$1,969,953.42** |
| **5c.** | **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | **5c.** | **$1,969,953.42** |

| Fill in this information to identify the case: |
| --- |

Debtor     New York Network Management, L.L.C.

United States Bankruptcy Court for the:  Eastern District of New York

Case number     18-74545
(if known)

☐ Check if this is an
   amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- | --- |
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | NEW YORK DELEGATED MASTER MANAGEMENT AGREEMENT, DATED MAY 11, 2016, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | AETNA HEALTH MANAGEMENT LLC<br>C/O AETNA HIPAA MEMBERS RIGHTS TEAM<br>151 FARMINGTON AVE, RT65<br>HARTFORD, CT  6156 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PARTICIPATING PROVIDER GROUP AGREEMENT, DATED NOVEMBER 1, 2002, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | BEECH STREET CORPORATION<br>ATTN: MARK TABAK<br>115 FIFTH AVENUE<br>NEW YORK, NY  10003-1004 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CLAIM SERVICES AGREEMENT | CARECORE NATIONAL LLC<br>ATTN KEVIN RYAN, EVP SPECIALTY PRODUCTS<br>400 BUCKWALTER PLACE BLVD<br>BLUFFTON, SC  29910 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CHANNEL PARTNER AGREEMENT, DATED JULY 2017 | CARECORE NATIONAL LLC<br>D/B/A EVICORE HEALTHCARE<br>ATTN CEO<br>400 BUCKWALTER PLACE BOULEVARD<br>BLUFFTON, SC  29910 |

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.5** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | LICENSE FOR PROPRIETARY SOFTWARE AND AGREEMENT FOR RELATED CUSTOMERS, DATED NOVEMBER 8, 2002, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | COMPUTER TECHNOLOGY CORPORATION (CACTUS FROM SYMPLR) 4900 COLLEGE BLVD OVERLAND PARK, KS 66211 |
| **2.6** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | PARTICIPATING MSO AGREEMENT, DATED FEBRUARY 2, 1998, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | CONSUMER HEALTH NETWORK 371 HOES LANE SUITE 101 PISCATAWAY, NJ 08854 |
| **2.7** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | DELEGATED CREDENTIALING AGREEMENT, DATED FEBRUARY 2, 1998, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | CONSUMER HEALTH NETWORK 371 HOES LANE, STE 101 PISCATAWAY, NJ 08854 |
| **2.8** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | DELEGATED CREDENTIALING AGREEMENT, DATED JUNE 1, 2010, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | COVENTRY HEALTH CARE ATTN MANAGEMENT DEPT 3200 HIGHLAND AVE DOWNERS GROVE, IL 60515 |
| **2.9** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | PARTICIPATING PROVIDER AGREEMENT, DATED JUNE 1, 2018, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | FIRST HEALTH GROUP CORPORATION ATTN NETWORK MANAGEMENT DEPARTMENT 750 RIVERPOINT DR WEST SACRAMENTO, CA 95605 |
| **2.10** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | PARTICIPATING PHYSICIAN AGREEMENT, DATED JULY 1, 2002, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | GALAXY HEALTH NETWORK ATTN: WENDY P. SHANE 631 106TH ST ARLINGTON, TX 76011 |

| Debtor | New York Network Management, L.L.C. | Case number (if known) | 18-74545 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.11** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | IPA PARTICIPATION AGREEMENT, DATED AUGUST 1, 1997, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | GUARDIAN RESOURCES INC PO BOX 3767 HOLIDAY, FL 34691 |
| **2.12** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | CONFIDENTIALITY NON-INTERFERENCE AND INVENTION ASSIGNMENT AGREEMENT, DATED MARCH 10, 2017 | KELLY, ELIZABETH 125 ANNFIELD COURT STATEN ISLAND, NY 10304 |
| **2.13** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | PARTICIPATING GROUP PRACTICE AGREEMENT, DATED NOVEMBER 1, 1998, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | MULTIPLAN INC ATTN MARK TABAK, CHIEF EXECUTIVE OFFICER 115 FIFTH AVENUE NEW YORK, NY 10003-1004 |
| **2.14** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | POMCO PARTICIPATING PROVIDER AGREEMENT DELEGATED CREDENTIALING, DATED MAY 1, 2013, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | POMCO, INC. ATTN: DONALD NAPIER, SVP & COO 2425 JAMES STREET SYRACUSE, NY 13206 |
| **2.15** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | DELEGATED CREDENTIALING AGREEMENT, DATED AUGUST 21, 2013, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | POMCO, INC. ATTN: DONALD P. NAPIER, SVP & COO 2425 JAMES STREET SYRACUSE, NY 13206 |
| **2.16** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | CONSULTING AGREEMENT, DATED MARCH 10, 2007, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | PREMIER NETWORK MANAGEMENT, LLC ATTN: ELIZABETH KELLY 125 ANNFIELD CT STATEN ISLAND, NY 10304 |

| Debtor | New York Network Management, L.L.C. | | Case number (if known) | 18-74545 |
|---|---|---|---|---|
| | (Name) | | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.17** **State what the contract or lease is for and the nature of the debtor's interest** | PREFERRED PHYSICIAN AGREEMENT, DATED SEPTEMBER 1, 1998, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | PRIVATE HEALTHCARE SYSTEMS INC ATTN CONTRACT ADMINISTRATION 1100 WINTER STREET WALTHAM, MA  02154 |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |
| **2.18** **State what the contract or lease is for and the nature of the debtor's interest** | PREFERRED PROFESSIONAL INDEPENDENT PRACTICE ASSOCIATION AGREEMENT, DATED MARCH 1, 1998, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | PRIVATE HEALTHCARE SYSTEMS INC ATTN CONTRACT ADMINISTRATION 1100 WINTER STREET WALTHAM, MA  02154 |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |
| **2.19** **State what the contract or lease is for and the nature of the debtor's interest** | AGREEMENT FOR DELEGATED CREDENTIALING, DATED DECEMBER 16, 1999, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | PRIVATE HEALTHCARE SYSTEMS INC ATTN DIRECTOR, CREDENTIALING 1100 WINTER STREET WALTHAM, MA  02154 |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |
| **2.20** **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE | SPL ASSOCIATES 9201 FOURTH AVE BROOKLYN, NY  11209 |
| **State the term remaining** | EXPIRES SEPTEMBER 30, 2018 | |
| **List the contract number of any government contract** | | |
| **2.21** **State what the contract or lease is for and the nature of the debtor's interest** | UNITED PAYORS & UNITED PROVIDERS PROVIDER NETWORK DELEGATED PHYSICIAN GROUP AGREEMENT, DATED SEPTEMBER 3, 1997, AND ALL AMENDMENTS AND MODIFICATIONS THERETO | UNITED PAYORS & UNTIED PROVIDERS ATTN: ANDREW L. BLAIR NEWTORK DEVELOPMENT 2275 RESEARCH BOULEVARD, SIXTH FLOOR ROCKVILLE, MD  20850 |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor    New York Network Management, L.L.C.

United States Bankruptcy Court for the:  Eastern District of New York

Case number    18-74545
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                          12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1.  Does the debtor have any codebtors?**

☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes.

**2.  In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1  ALLEGIANCE BILLING & CONSULTING, LLC | 333 JERICHO TURNPIKE, STE 102 JERICHO, NY  17753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.2  ALLEGIANCE CONSULTING ASSOCIATES, LLC | 2 BROAD STREET, 3RD FLOOR BLOOMFIELD, NJ  07003 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.3  BROOKLYN MEDICAL SYSTEMS IPA 3, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.4  BROOKLYN MEDICAL SYSTEMS IPA 4, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.5  BROOKLYN MEDICAL SYSTEMS IPA 5, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.6  CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.7  INTEGRATED PHYSICIAN SOLUTIONS, INC. | 368 W. PIKE ST., STE 103 LAWRENCEVILLE, GA  30046 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.8  MDRX MEDICAL BILLING, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.9  MEDICAL BILLING SERVICES, INC. | 3200 WILCREST DRIVE, SUITE 600, HOUSTON, TX  77042 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.10  NEMS ACQUISITION LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.11  NEMS WEST VIRGINIA, LLC | 417 GRAND PARK DRIVE, STE 204 PARKERSBURG, WV  26102 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |

| Debtor | New York Network Management, L.L.C. | | Case number (if known) | 18-74545 |
|---|---|---|---|---|
| | (Name) | | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.12 | NETWORK MANAGEMENT INSURANCE BROKERAGE SERVICES LLC | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.13 | NEW YORK NETWORK IPA, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.14 | NEW YORK PREMIER IPA, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.15 | NORTHEAST MEDICAL SOLUTIONS, LLC | 3824 NORTHERN PIKE, STE 600 MONROEVILLE, PA 15146 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.16 | NORTHSTAR FHA, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.17 | NORTHSTAR FIRST HEALTH, LLC | 3400 HIGHWAY 35 SOUTH SUITE 9A, HAZLET, NJ 07730 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.18 | NYNM ACQUISITION, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.19 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE STE 235 JERICHO, NY 11753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.20 | PHOENIX HEALTH, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.21 | PHYSICIANS PRACTICE PLUS HOLDINGS LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.22 | PHYSICIANS PRACTICE PLUS LLC | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 11753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.23 | RAND MEDICAL BILLING, INC. | 1633 ERRINGER ROAD, FIRST FL SIMI VALLEY, CA 93065 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.24 | RMI PHYSICIAN SERVICES CORPORATION | 3200 WILCREST DRIVE, STE 600 HOUSTON, TX 77042 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.25 | VACHETTE BUSINESS SERVICES, LTD. | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.26 | VEGA MEDICAL PROFESSIONALS, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.27 | WESTERN SKIES PRACTICE MANAGEMENT, INC. | 7175 WEST JEFFERSON AVENUE, STE 2500 LAKEWOOD, CO 80238 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☐ D ☐ E/F ☐ G |

| Fill in this information to identify the case: | |
|---|---|

Debtor    New York Network Management, L.L.C.

United States Bankruptcy Court for the:  Eastern District of New York

Case number    18-74545
(if known)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/19/2018            ✗  /s/ TIMOTHY J. DRAGELIN
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

TIMOTHY J. DRAGELIN
Printed name

CHIEF RESTRUCTURING OFFICER
Position or relationship to debtor