UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

----------------------------------------------------------------------

**STIPULATED ORDER (I) AUTHORIZING CONTINUED USE OF
CASH COLLATERAL AND (II) GRANTING ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363**

Pursuant to the terms of this *Stipulated Order (I) Authorizing Continued Use of Cash Collateral and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* (this "Order"), the Initial Debtors (defined below), the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A. (as the Prepetition Agent and DIP Agent (defined

below)) have agreed to the continued consensual use of cash collateral by the Initial Debtors in accordance with the terms of the Budget (defined below). This Court having found good and sufficient cause appearing therefore,

IT IS HEREBY FOUND that:[1]

A.      On March 16, 2018 (the "Petition Date"), Orion HealthCorp, Inc. (the "Borrower"), Constellation Healthcare Technologies, Inc., NEMS Acquisition, LLC, Northeast Medical Solutions, LLC, NEMS West Virginia, LLC, Physicians Practice Plus, LLC, Physicians Practice Plus Holdings, LLC, Medical Billing Services, Inc., Rand Medical Billing, Inc., RMI Physician Services Corporation, Western Skies Practice Management, Inc., Integrated Physician Solutions, Inc., NYNM Acquisition, LLC, Northstar FHA, LLC, Northstar First Health, LLC, Vachette Business Services, Ltd., MDRX Medical Billing, LLC, Vega Medical Professionals, LLC, Allegiance Consulting Associates, LLC, Allegiance Billing & Consulting, LLC, and Phoenix Health, LLC (collectively, the "Initial Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

B.      The Initial Debtors continue to be in possession of their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.      On April 4, 2018, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 82]. As of the date hereof, no trustee or examiner has been appointed in the Initial Debtors' chapter 11 cases.

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

D. On July 5, 2018, New York Network Management, L.L.C. ("NYNM Management" and collectively with the Initial Debtors, the "Debtors") commenced a chapter 11 case (together with the chapter 11 cases of the Initial Debtors, the "Chapter 11 Cases") by filing with this Court a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only [D.I. 34, 381].

E. The Court has jurisdiction over these Chapter 11 Cases, the parties, and the Debtors' property pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). The Court is a proper venue of these Chapter 11 Cases under 28 U.S.C. §§ 1408 and 1409.

F. The Borrower, the other Debtors and certain non-Debtor affiliates are parties to the Credit Agreement, dated as of January 30, 2017 (as the same has been amended, restated, supplemented or modified from time to time, the "Prepetition Credit Agreement"), with Bank of America, N.A. as administrative agent, swing line lender and L/C issuer (the "Prepetition Agent"), BMO Harris Bank, N.A., as syndication agent (the "Syndication Agent") and certain lenders parties thereto (collectively with the Prepetition Agent, the Syndication Agent and providers of hedge products and treasury management services secured by the Prepetition Collateral (as defined below), the "Prepetition Secured Parties"). Pursuant to the terms of the Prepetition Credit Agreement and the other "Loan Documents" (as defined in the Prepetition Credit Agreement), the Debtors granted liens and security interests to the Prepetition Agent, for the benefit of the Prepetition Secured Parties, in substantially all of their prepetition assets (the "Prepetition Collateral"). The Debtors believe that all of the "cash collateral" of the Debtors, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral") is subject to the prior perfected lien of the Prepetition Secured Parties.

G.	On March 20, 2018, the Initial Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [D.I. 26], seeking approval to, among other things, (i) obtain secured postpetition financing on a superpriority basis (the "DIP Loan") and (ii) use Cash Collateral.  Bank of America, N.A. serves as the DIP Agent in connection with the DIP Loan.

H.	On May 3, 2018, the Court entered the *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [D.I. 159] (the "Final DIP Order"), which approved, among other things, the DIP Loan and the Initial Debtors' use of Cash Collateral through June 15, 2018 (the "Initial Expiration Date").

I.	On July 1, 2018, the Initial Debtors closed on a sale of substantially all of their assets to Medical Transcription Billing, Corp. for a purchase price of $12.6 million (the "Sale"). The proceeds of the Sale were used, in part, to satisfy the DIP Loan in full.

J.	Good cause has been shown for entry of this Order, as the Initial Debtors do not have available sources of working capital and financing to administer their Chapter 11 Cases without the use of Cash Collateral.  In the absence of the use of the Cash Collateral, the continued administration of the Initial Debtors' Chapter 11 Cases would not be possible, and serious and irreparable harm to the Initial Debtors and their estates would occur.

K.       The Initial Debtors have requested immediate entry of this Order pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure.  The permission granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Initial Debtors.  Entry of this Order is in the best interests of the Initial Debtors' estates and creditors, and its implementation will, among other things, allow for the continued administration of the Initial Debtors' Chapter 11 Cases.

L.       The Prepetition Secured Parties are willing to consent to the Initial Debtors' limited use of Cash Collateral pursuant to the terms of this Order.  The Prepetition Secured Parties have made a good faith request for adequate protection of its interests in its collateral.

M.       The terms and conditions of the Initial Debtors' use of Cash Collateral are fair and reasonable under the circumstances, and good cause has been shown for the entry of this Order.  Among other things, the entry of this Order is critical to the continued administration of the Initial Debtors' Chapter 11 Cases.

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED that**:

1.       The Initial Debtors are hereby authorized, during the period from the Initial Expiration Date through and including the Extended Expiration Date (as defined below) to use the Cash Collateral generated from the operation of the Initial Debtors' businesses in the ordinary course through the collection of accounts receivable and the proceeds of the Sale.

2.       Prior to the expiration of the Initial Debtors' authority to use Cash Collateral in accordance with this Order, any bank with which the Initial Debtors have bank accounts subject

to blocked account agreements in favor of the Prepetition Agent are hereby authorized to permit the Initial Debtors' access to all Cash Collateral in such bank accounts.

3. Subject to the terms and conditions of this Order and the Initial Debtors' compliance with the terms of this Order, the Initial Debtors are authorized to use the Cash Collateral for the purposes set forth in the budget attached hereto as Exhibit "A" and made a part hereof (the "Budget"). The Budget shall be adhered to, and any variance in expenses shall not exceed ten percent (10%) of the cumulative budgeted items. Upon the reasonable request of the Prepetition Agent, during the period between now and the Extended Expiration Date, the Initial Debtors will deliver a report of the cash usage showing variance from the projected budget.

4. Subject to entry of a separate order determining the extent, validity and priority of the Prepetition Secured Parties' interest in Cash Collateral, as a condition to the use of Cash Collateral set forth herein, and to provide adequate protection to the Prepetition Secured Parties in respect of their interests in the Cash Collateral to the extent of any diminution in the value of the Cash Collateral occurring from and after the Petition Date (the "Diminution") caused by or as a result of the use of Cash Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Initial Debtors are authorized to grant, and by this Order shall be deemed to have granted to the Prepetition Agent for the benefit of the Prepetition Secured Parties, valid and perfected replacement liens on and security interests in all of the Initial Debtors' postpetition assets, including receivables, inventory, payment intangibles, general intangibles or other similar property created postpetition (provided that, for the avoidance of doubt, these liens shall not include any actions arising under Sections 544, 546, 547, 548 or 550 of the Bankruptcy Code), with the same priority on such postpetition assets as the Prepetition Secured Parties held on the Prepetition Collateral as of the Petition Date (such replacement liens and security interests,

the "Replacement Liens"). The Replacement Liens shall be in addition to any liens in favor of the Prepetition Secured Parties arising in respect of Section 552(b) of the Bankruptcy Code. In the event that the Replacement Liens fail to provide adequate protection of the Prepetition Secured Parties' interests in their collateral, the Prepetition Secured Parties shall have the right to assert a claim for the failure of such adequate protection in accordance with Section 507(b) of the Bankruptcy Code.

5. The Initial Debtors' authority to use Cash Collateral hereunder shall expire on the earlier of (a) August 3, 2018, at 5:00 p.m. and (b) one business day after delivery to the Initial Debtors by the Prepetition Agent of a notification that the Initial Debtors have failed to comply with a term of this Order (the "Extended Expiration Date"). The rights granted to the Prepetition Secured Parties, including any lien or administrative priority granted hereunder, shall survive the expiration or termination of this Order.

6. During the period between the Initial Expiration Date and the Extended Expiration Date, as a condition to the Initial Debtors' use of Cash Collateral, the Initial Debtors must comply with the terms of the Budget and must deliver to the Prepetition Agent the report set forth in Paragraph 3 of this Order.

7. The rights and obligations of the Initial Debtors and rights of the Prepetition Secured Parties hereunder are in addition to, and not in lieu or substitution of, or in prejudice to, the rights or obligations of the parties otherwise existing as of the Petition Date.

8. Nothing in this Order shall affect the rights of the Committee under the Final DIP Order and *Stipulation and Order Extending Deadline for Official Committee of Unsecured Creditors to Commence a Challenge with Respect to Liens and Claims of Prepetition Lenders* [D.I. 338] to a file a Challenge (as defined in the Final DIP Order).

9. Without the necessity of the filing of financing statements or other documents, this Order shall be sufficient evidence of the perfected liens and security interests as granted herein. Such liens and security interests shall be valid and duly perfected against, and binding upon, the Initial Debtors and any successors thereof, including any trustee appointed herein. The Initial Debtors are authorized and directed to execute such documents including, without limitation, mortgages, pledges and Uniform Commercial Code financing statements, and to pay such actual costs and expenses as may be reasonably required to provide further evidence of the perfection of the liens and security interests as provided herein. The Prepetition Secured Parties may file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in which the Initial Debtors have real or personal property.

10. The Initial Debtors are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein. The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated herein.

11. This Order is without prejudice to all rights of the Prepetition Secured Parties to seek modification or enhancement of the grant of adequate protection provided herein and/or to pursue all other rights and remedies available under the Bankruptcy Code. The Prepetition Secured Parties specifically reserve the right to object to any use of Cash Collateral after the Extended Expiration Date or that is in any manner inconsistent with this Order.

12. The Initial Debtors shall continue to keep in force adequate insurance coverage for, and to maintain, all the collateral securing the claims of the Prepetition Secured Parties and

shall immediately report to the Prepetition Agent notice of any change in the status of their insurance coverage.

13. In the event of the appointment of a trustee, either during the Chapter 11 proceeding or upon a conversion to Chapter 7, the provisions of this Order shall be binding upon any such trustee.

14. From and after the Extended Expiration Date, the Initial Debtors shall have no ability to use any Cash Collateral absent further order of this Court.

15. A final hearing on the Debtors' further use of Cash Collateral will be held before the Honorable Judge Alan S. Trust, Courtroom 760, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722 on **July 30, 2018 at 11:00 a.m. (EST)**.

16. Notice of the entry of this Order shall be served by the Initial Debtors pursuant to Bankruptcy Rules 2002 and 4001 and in accordance with the Local Bankruptcy Rules of the Eastern District of New York on (i) the Initial Debtors' seventy-five (75) largest unsecured creditors on a consolidated basis, (ii) counsel to the Prepetition Agent, (iii) any parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (iv) all of the landlords of the Initial Debtors' commercial real properties, (v) all known holders of liens upon the Initial Debtors' assets, (vi) all persons asserting an interest in any of the Initial Debtors' assets, (vii) the New York State Attorney General and the New York State Department of Taxation and Finance, (viii) the Internal Revenue Service, and (ix) the United States Trustee for the Eastern District of New York. Under the circumstances, no further notice of this Order is necessary or shall be required.

ACCEPTED TO AND AGREED:

BANK OF AMERICA, N.A.,
as Prepetition Agent and DIP Agent

By: *[signature: Brenda Schriner]*
Name:  Brenda Schriner
Title:   Vice President

*[Signature Page to Cash Collateral Stipulation]*

ACCEPTED TO AND AGREED:

Orion HealthCorp, Inc.
Constellation Healthcare Technologies, Inc.
NEMS Acquisition, LLC
Northeast Medical Solutions, LLC
NEMS West Virginia, LLC
Physicians Practice Plus, LLC
Physicians Practice Plus Holdings, LLC
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.
NYNM Acquisition, LLC
Northstar FHA, LLC
Northstar First Health, LLC
Vachette Business Services, Ltd.
MDRX Medical Billing, LLC
VEGA Medical Professionals, LLC
Allegiance Consulting Associates, LLC
Allegiance Billing & Consulting, LLC
Phoenix Health, LLC

By: _____
Name: Timothy J. Dragelin
Title:   Authorized Signatory

*[Signature Page to Cash Collateral Stipulation]*

ACCEPTED TO AND AGREED:    OFFICIAL COMMITTEE OF UNSECURED
                                                CREDITORS

                                                By: _____
                                                Name:  Ilan D. Scharf
                                                Title:    Counsel to the Official Committee of Unsecured
                                                                       Creditors of the Initial Debtors

*[Signature Page to Cash Collateral Stipulation]*

**EXHIBIT A**

**APPROVED BUDGET**

| Orion, Allegiance & IPS | | | | | | Total |
|---|---|---|---|---|---|---|
| ($ in thousands) | Actual 7/2/2018 | Actual 7/9/2018 | Week 1 Forecast 7/16/2018 | Week 2 Forecast 7/23/2018 | Week 3 Forecast 7/30/2018 | 7/2/2018 to 7/30/2018 |
| **Cash Flow** | | | | | | |
| **Total - Cash in** | **$ 146** | **$ -** | **$ -** | **$ -** | **$ -** | **$ 146** |
| | | | | | | |
| GPO Flu Season AR | - | - | - | - | - | - |
| Tax Refunds | - | - | - | - | - | - |
| Proceeds from Sale | 12,600 | - | - | - | - | 12,600 |
| **Total - Adj. Cash in with A/R** | **$ 12,746** | **$ -** | **$ -** | **$ -** | **$ -** | **$ 12,746** |
| | | | | | | |
| **Cash Disbursements** | | | | | | |
| Net Compensation | (283) | (380) | (58) | - | 28 | (693) |
| Benefits | - | (138) | - | - | 138 | - |
| 401K | (14) | - | (15) | - | 8 | (22) |
| Key Employee Retention Program | - | - | - | - | - | - |
| Management Fees | - | (36) | (23) | - | - | (59) |
| AP Payments | (4) | (303) | (117) | (50) | 13 | (461) |
| Vaccine Payments | - | (132) | (684) | - | - | (816) |
| IPS Physician Payment | (300) | - | - | - | - | (300) |
| Porteck India Funding | - | - | - | - | - | - |
| Rent | (40) | - | - | - | - | (40) |
| NYNM Amex | - | - | - | - | - | - |
| Amex Charges | - | - | - | - | - | - |
| D&O Insurance | - | - | - | - | - | - |
| Taxes | - | - | - | - | - | - |
| **Total Operating Cash Disbursements** | **$ (642)** | **$ (989)** | **$ (897)** | **$ (50)** | **$ 187** | **$ (2,391)** |
| *Net Cash Flow* | *$ 12,104* | *$ (989)* | *$ (897)* | *$ (50)* | *$ 187* | *$ 10,355* |
| | | | | | | |
| Litigation Trust | - | - | - | - | - | - |
| US Trustee Fee | - | - | - | - | - | - |
| **Total Non-Recurring Items** | **-** | **-** | **-** | **-** | **-** | **-** |
| | | | | | | |
| FTI Fees | - | (1,275) | - | (455) | - | (1,730) |
| Legal Counsel | (1,200) | - | - | (655) | - | (1,855) |
| Additional Legal Counsel | (150) | - | - | (331) | - | (481) |
| Lender Advisor Fees | - | - | - | - | - | - |
| Investment Bank Fees | (1,500) | - | - | - | (300) | (1,800) |
| Claim Agent | (155) | - | - | (100) | - | (255) |
| Credit Committee Fees | (225) | - | - | - | - | (225) |
| Board of Directors Fees | (30) | - | - | - | (30) | (60) |
| **Total Professional Fees** | **$ (3,260)** | **$ (1,275)** | **$ -** | **$ (1,542)** | **$ (330)** | **$ (6,407)** |
| *Total Cash Disbursements* | *$ (3,901)* | *$ (2,264)* | *$ (897)* | *$ (1,592)* | *$ (143)* | *$ (8,798)* |
| | | | | | | |
| Net Operating Cash Flow | $ 8,845 | $ (2,264) | $ (897) | $ (1,592) | $ (143) | $ 3,949 |
| Plus: DIP Loan Proceeds | - | - | - | - | - | - |
| Less: DIP Loan Commitment Fee | (1) | - | - | - | - | (1) |
| Less: DIP Loan Principal | (3,100) | - | - | - | - | (3,100) |
| Less: DIP Loan Interest | (82) | - | 19 | - | - | (63) |