**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC. | : Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : Case No: 18-74545 (AST) |
| | : |
| Debtors. | x (Jointly Administered) |

-------------------------------------------------------------------

**SUPPLEMENTAL DECLARATION OF TIMOTHY J. DRAGELIN IN SUPPORT OF EXTENSION OF ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN FTI CONSULTING, INC. TO PROVIDE THE DEBTORS A CHIEF EXECUTIVE OFFICER AND CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, *NUNC PRO TUNC* TO THE PETITION DATE [D.I. 262] TO THE CHAPTER 11 CASE OF NEW YORK NETWORK MANAGEMENT, L.L.C.**

I, Timothy J. Dragelin declare the following:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI" or "FTI Professionals").

2. On April 11, 2018, certain of the above-captioned debtors and debtors in possession (collectively, the "Initial Debtors") filed the *Application for an Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date* [D.I. 104] (the "Application")[1] in the chapter 11 cases jointly administered as *Orion HealthCorp*, *Inc., et al.*, Case No. 18-71748-AST (the "Main Case").

3. In support of the Application, I submitted (i) the *Declaration of Timothy J. Dragelin in Support of Application for an Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date*, attached to the Application as Exhibit C (the "First Dragelin Declaration"), and (ii) the *Second Supplemental Declaration of Timothy J. Dragelin in Support of Application for an Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date* [D.I. 206] (the "Supplemental Dragelin Declaration").

4. On May 29, 2018, the Court entered the *Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date*

---

[1] Capitalized terms not otherwise defined in this Declaration have the meanings given to them in the Application.

[D.I. 262] (the "Retention Order") in the Main Case, authorizing the Initial Debtors' retention of FTI and employment of Timothy J. Dragelin as Chief Executive Officer and Chief Restructuring Officer of the Initial Debtors, as applicable, as well as the FTI Professionals.

5. On July 5, 2018 (the "Supplemental Petition Date"), New York Network Management, L.L.C. (the "Additional Debtor" and together with the Initial Debtors, the "Debtors"), an affiliate of the Initial Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 case of the Additional Debtor is being jointly administered with the chapter 11 cases of the Initial Debtors [D.I. 381].

6. On the Supplemental Petition Date, the Additional Debtor also filed the *Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code for Entry of an Order Directing that Certain Orders in the Chapter 11 Case of Orion HealthCorp, Inc. Be Made Applicable to an Additional Case* [D.I. 363], seeking to extend, among other orders, the Retention Order and make it applicable to the chapter 11 case of the Additional Debtor, effective as of the Supplemental Petition Date.

7. I am duly authorized to submit this declaration (the "NYNM Management Declaration") on behalf of FTI and in support of the extension of the Retention Order to the Additional Debtor's chapter 11 case. This NYNM Management Declaration supplements the First Dragelin Declaration and the Supplemental Dragelin Declaration. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein. If called as a witness, I would testify thereto.

8. The Additional Debtor does not believe that the FTI Professionals are "professionals" whose retention is subject to approval under section 327 of the Bankruptcy Code.

Nevertheless, I submit this NYNM Management Declaration in support of the extension of the Retention Order to the chapter 11 case of the Additional Debtor.

## FTI'S QUALIFICATIONS

8. The Additional Debtor is familiar with the professional standing and reputation of FTI. The Additional Debtor understands that FTI comprises a worldwide network of 4,400 employees in 26 countries on six continents and has a wealth of experience providing financial advisory services in restructurings and reorganizations. FTI enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States and is particularly well-qualified to advise the Additional Debtor with respect to its restructuring efforts. FTI's clients include many corporations in the Global 1000, as well as a majority of the largest 25 banks and top 100 law firms in the world.

9. FTI has advised management, senior lenders, and unsecured creditors in several significant restructurings and turnarounds in recent years, including General Motors, Northwest Airlines, American Home Mortgage, Bombay Company, Calphine, Global Power, Tower Automotive, Winn Dixie, Refco, Dana Corporation, Bally Total Fitness, Circuit City, Delphi, Flying J/Big West Oil, Fremont Investment & Loan, Gottschalks, Hawaiian Telecom, Intermet, Lehman Brothers, LyondellBassell, Townsends, Inc., Tribune Company, Nortel Networks, Washington Mutual, and WCI Communities, among others. FTI has a wealth of experience in providing restructuring and financial advisory services in restructurings and reorganization and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

10. Since the time FTI was engaged on behalf of the Initial Debtors and Additional Debtor, FTI has developed a great deal of institutional knowledge regarding the Additional

Debtor's operations, finances, and systems. FTI has, therefore, accumulated significant in-depth knowledge regarding the Additional Debtor. Its professionals have worked closely with the Additional Debtor and has become well acquainted with the Additional Debtor's operations, debt structure, creditors, business, and related matters. Accordingly, FTI has developed significant relevant experience regarding the Additional Debtor that will assist FTI in providing effective and efficient services in the Additional Debtor's chapter 11 case.

## TERMS OF RETENTION

11. As set forth in the agreement between FTI and Constellation Healthcare Technologies, Inc., a Debtor and the parent company of the other Debtors (the "Engagement Letter"), FTI has been providing and will continue to provide a Chief Executive Officer and Chief Restructuring Officer ("CEO/CRO"), as applicable, and additional personnel to perform the following services, with the goals of assisting the Additional Debtor, in a cost effective manner, in the planning, analysis of, and execution of a restructuring that is intended to maximize value for all constituents and minimize disruption to the Additional Debtor's operations. A copy of the Engagement Letter is attached to the Application as Exhibit B.

12. Among other things, the FTI Professionals have provided, or will provide on a prospective basis, services in the following categories (the "Services"):

> (a) Timothy J. Dragelin will serve as the Additional Debtor's CEO/CRO, as applicable.
>
> (b) The Hourly Temporary Staff will assist the CEO/CRO to provide the following services:
>
>> (1) Assisting the Additional Debtor in its assessment of cash management and cash flow forecasting processes, including the monitoring of actual cash flow versus projections;
>>
>> (2) Assisting the Additional Debtor in (i) identifying various operational, managerial, financial and strategic

     restructuring alternatives, especially as they relate to the sale of assets in a bankruptcy court proceeding, and (ii) understanding the business and financial impact of same;

(3)  Assisting the Additional Debtor in connection with its communications and negotiations with other parties, including its secured creditors, significant vendors, etc.;

(4)  Subject to the limitations set forth in the Engagement Letter, assisting the Additional Debtor with its preparation of various financial reports which may be required during discussions with the Additional Debtor's board, creditors, and stakeholders;

(5)  Advising and assisting the Additional Debtor in its development of budgets, DIP financing, and other purposes;

(6)  Advising and assisting the Additional Debtor concerning various other financial/business disclosures, assisting with filing tax returns, and reporting requirements pertaining to its chapter 11 case;

(7)  Interact with the advisors to the Committee;

(8)  Upon conclusion of a sale or restructuring process, advising and assisting the Additional Debtor to analyze claims and potential objections to claims and avoidance actions (e.g. preference and fraudulent transfer actions) based on the proposed exit strategy;

(9)  Providing advice and recommendations with respect to other related matters as the Additional Debtor or its professionals may request from time to time, as agreed to by FTI;

(10)  Providing such other financial advisory services as may be agreed by FTI and the Additional Debtor;

(11)  assisting in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions;

(12)  assisting in segregating prepetition and postpetition business transactions;

(13) assisting the Additional Debtor in the identification of executory contracts and unexpired leases and performing cost/benefit evaluations with respect to the assumption or rejection of each;

(14) assisting the Additional Debtor in the preparation of required financial related disclosures, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

(15) providing assistance with implementation of court orders;

(16) participating in meetings and providing support to the Additional Debtor and its other professional advisors in negotiations with potential investors, banks and other secured lenders, the Committee, the U.S. Trustee, other parties-in-interest, and professionals hired by the same, as requested; and

(17) rendering such other restructuring and general business consulting or such other assistance that the Additional Debtor's management or counsel may request, that are not duplicative of services provided by other professionals engaged by the Additional Debtor.

13. The FTI Professionals are willing to provide the Services to the Additional Debtor. The CEO/CRO will report directly to the Board of Directors. FTI will coordinate with the Additional Debtor's other retained professionals to avoid unnecessary duplication of services.

## COMPENSATION AND EXPENSES

14. The FTI Professionals have agreed to be paid according to the following fee structure (the "Fee Structure"):

(a) Hourly Rates. The normal hourly billing rates for the current, or any additional, professionals with the skills and experience needed for engagements of this kind, which are subject to periodic revision, are as follows:

Per Hour (USD):[2]

---

[2] Pursuant to the Engagement Letter, the hourly rates are subject to monthly or weekly caps for certain individuals as follows: Timothy J. Dragelin, $120,000/month; Daniel Jones, $20,000/week; Llewelyn Hall, $48,000/month. *See* Engagement Letter, Exhibit B.

|  |  |
|---|---|
| Senior Managing Directors | $660 - 1,050 |
| Directors / Senior Directors / Managing Directors | $500 - 835 |
| Consultants/Senior Consultants | $335 - 605 |
| Administrative / Paraprofessionals | $135 - 265 |

(b) <u>Reasonable Direct Expenses</u>. FTI will bill for reasonable direct expenses which are incurred on the Additional Debtor's behalf during its engagement (the "<u>Reasonable Direct Expenses</u>"). The Reasonable Direct Expenses include reasonable and customary third-party out-of-pocket expenses which are billed directly to the engagement such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement and billed at actual cost. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated by the Additional Debtor at its regular hourly rates and reimbursed for reasonable allocated and direct expenses (including reasonable counsel fees) with respect thereto.

(c) <u>Retainer</u>. FTI received a total of $413,500.00 in retainer payments (the "<u>Retainer</u>") from the Initial Debtors, all of which was applied against prepetition fees and expenses. FTI did not receive a Retainer from the Additional Debtor. FTI will send the Additional Debtor, in conjunction with the Initial Debtors, periodic invoices on the first day of the month for services rendered and charges and disbursements incurred. Upon transmittal of the invoice, FTI may immediately draw upon the Retainer up to the amount of the invoice.

(d) <u>Employment Protections</u>. The Additional Debtor agrees to promptly notify FTI if the Additional Debtor or any of its subsidiaries or affiliates extend (or solicit the possible interest in receiving) an offer of employment to a principal or employee of FTI involved in this engagement and agree that FTI has earned and is entitled to a cash fee, upon hiring, equal to 150% of the aggregate first year's annualized compensation, including any guaranteed or target bonus, to be paid to FTI's former principal or employee that the Additional Debtor or any of its affiliates hire at any time up to one year subsequent to the date of the final invoice rendered by FTI with respect to this engagement.

## **INDEMNIFICATION PROVISIONS**

15. As a material part of the consideration for which FTI has agreed to provide the Services described herein, the Additional Debtor has agreed to the indemnification provisions in

Exhibit A of the Engagement Letter (the "Indemnification Provisions"). The Indemnification Provisions provide that the Additional Debtor indemnifies and hold harmless FTI and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contractors and employees under certain circumstances. All requests of FTI for the payment of indemnity pursuant to the Indemnification Provisions will be made by means of an application to, and shall be subject to review by, the Court to ensure that payment of such indemnity (a) conforms to the terms of the Engagement Letter and (b) is reasonable based upon the circumstances.

16.     The Additional Debtor and FTI believe that the Indemnification Provisions are customary and reasonable for firms providing interim management services.

17.     Moreover, the terms and conditions of the Indemnification Provisions were negotiated by the Additional Debtor and FTI at arm's-length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of FTI's proposed retention, are reasonable and in the best interests of the Additional Debtor, its estate, and creditors in light of the fact that the Additional Debtor requires FTI's services to successfully navigate its chapter 11 case.

## ALLOWANCE OF FEES AND EXPENSES

18.     Neither FTI nor the FTI Professionals are employed under section 327 of the Bankruptcy Code, but rather as interim management service providers under section 363 of the Bankruptcy Code. Accordingly, FTI and the FTI Professionals will not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.

19.     In accordance with the Retention Order, FTI intends to file with the Court and serve on the Debtors, the Additional Debtor, the U.S. Trustee and the Committee (collectively, the "Notice Parties") a report on staffing by the 30th of each month for the previous month (the

"Staffing Report"). The Staffing Report will include the names and functions filled by all FTI Professionals assigned to this engagement, and is subject to review by the Court in the event so requested by any of the Notice Parties.

20. In addition, FTI will file with this Court, and serve upon the Notice Parties, reports of compensation earned and expenses (the "Compensation Reports") incurred on a quarterly basis, which Compensation Reports will be filed by the 30th of the month following the end of the previous quarter. The Compensation Reports will summarize the services provided, identify the compensation earned, itemize expenses incurred and provide for an objection period of twenty-one (21) days from the filing and service of the Compensation Reports. All such compensation would be subject to review by this Court if an objection is filed.

## DISINTERESTEDNESS

21. To the best of FTI's knowledge and except to the extent disclosed herein, neither FTI nor any employee of FTI holds or represents an interest adverse to the Additional Debtor's estate or has any connection to the Additional Debtor, its creditors or other parties in interest in the the Additional Debtor's chapter 11 case.

22. FTI conducted a review of its professional contacts with the Additional Debtor, its affiliates, and other parties in interest. This review consisted of queries of an internal computer database containing names of individuals and entities that are present or former clients of FTI in order to identify potential relationships. FTI's search included, among others, the following types of entities: the Debtors, the Additional Debtor as well as the Additional Debtor's affiliates, depository banks, secured creditors, professionals, insurers, utility providers and significant unsecured creditors. A listing of the parties reviewed is attached hereto as Schedule 1. A list of any connections that FTI identified during this process is set forth on Schedule 2 attached hereto.

23.     As set forth on <u>Schedule 2</u>, FTI is or has been involved in engagements involving the parties in interest described therein (the "<u>Identified Parties</u>") in matters unrelated to the matters for which FTI is to be retained or employed in this chapter 11 case.  As one of the largest providers of financial advisory and restructuring services, FTI has had and currently has engagements with various attorneys and law firms.

24.     Based on the results of its review, FTI does not have a relationship with any of the Identified Parties in matters related to this proceeding.  FTI has provided and could reasonably be expected to continue to provide services unrelated to the Additional Debtor's chapter 11 case for the Identified Parties.  To the best of my knowledge, other than as set forth in the Application, no services have been provided to the Identified Parties which involve their rights in the Additional Debtor's case, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

25.     FTI will continue to review its files during the pendency of the Additional Debtor's chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  To the extent that FTI discovers any new relevant facts or relationships bearing on the matters described herein during the period of FTI's retention, FTI will use reasonable efforts to promptly file a supplemental declaration.

## **EFFORTS TO AVOID DUPLICATION OF SERVICES**

26.     The Additional Debtor and FTI intend that all of the services that FTI will provide to the Additional Debtor will be appropriately directed by the Additional Debtor so as to avoid duplication of efforts among the other professionals retained in the Additional Debtor's chapter 11 case and performed in accordance with applicable standards of the profession.  FTI will work collaboratively with the Additional Debtor's professionals to avoid duplication of

services among professionals. The Additional Debtor believes that the services to be provided by FTI will complement and will not be duplicative of any services of the Additional Debtor's other professionals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 2, 2018  */s/ Timothy J. Dragelin*  
Timothy J. Dragelin  
Senior Managing Director  
FTI Consulting, Inc.

# **SCHEDULE 1**

**LISTING OF PARTIES-IN-INTEREST NOTED FOR COURT DISCLOSURE**

**Additional Debtor Affiliates**
Orion HealthCorp, Inc.
Constellation Healthcare Technologies, Inc.
Physicians Practice Plus Holdings, LLC
Allegiance Billing & Consulting, LLC
Allegiance Consulting Associates, LLC
Integrated Physician Solutions, Inc.
MDRX Medical Billing, LLC
Medical Billing Services, Inc.
NEMS Acquisition, LLC
NEMS West Virginia, LLC
North East Medical Solutions, LLC
Northstar FHA, LLC
Northstar First Health, LLC
NYNM Acquisition, LLC
Phoenix Health, LLC
Physicians Practice Plus, LLC
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Vachette Business Services, Ltd.
VEGA Medical Professionals, LLC
Western Skies Practice Management, Inc.
New York Network Management, L.L.C.

**Other Names of Debtors**
NYNM

**Non-Debtor Affiliates**
Alpha Cepheus, LLC
CHT Holdco, LLC
CC Capital Management, LLC
CC Capital CHT Holdco, LLC
Pediatric Physician Alliance, Inc.
Brooklyn Medical Systems IPA 3, Inc.
Brooklyn Medical Systems IPA 4, Inc.
Brooklyn Medical Systems IPA 5, Inc.
Network Management Insurance Brokerage Services, LLC
New York Network IPA, Inc.
New York Premier IPA, Inc.

**Current and Former Directors and Officers of Additional Debtor and Debtor Affiliates**
Chinh Chu
Eric Feldstein
Parth Mehrotra
Douglas Newton
Timothy J. Dragelin
Truc To
Arvind Walia
Parmjit "Paul" Parmar
Pav Bakshi
Mark L. Shwartz
James Quella
Elizabeth Kelly
Joseph A. Seale
Dale Brinkman
Robert J. Rosenberg
John Johnston
David Clark
Mark Feuer
Sir Rodney Aldridge
Dr. Shawn Zimberg
Sotirio "Sam" Zaharis
Ravi Chivukula

**Professionals**
DLA Piper LLP (US)
FTI Consulting, Inc.
Epiq Bankruptcy Solutions, LLC
Houlihan Lokey Capital, Inc.
Hahn & Hessen LLP

**Banking Institutions**
Bank of America, N.A.
J.P. Morgan Chase Bank, N.A.

**Secured Lenders and Agents**
Bank of America, N.A.
Stifel Bank & Trust
BMO Harris Bank, N.A.
Keybank National Association
Woodforest National Bank

**Insurance Providers**
Travelers Corp.
Hartford Fidelity & Bonding Co.
Liberty Mutual (Ironshore)

**Judges in the United States Bankruptcy Court for the Eastern District of New York**
Strong, Elizabeth S.
Craig, Carla E.
Grossman, Robert E.
Lord, Nancy Hershey
Trust, Alan S.
Scarcella, Louis A.

**Office of the United States Trustee – (Region 2) New York**
Harrington, William K.
Black, Christine H.

**Major Vendors**
ADP TotalSource, Inc.
Evicore Healthcare

**Top Unsecured Creditors**
Agulnick & Gogel, LLC
Devitt Spellman Barrett, LLP
Garfunkel Wild, PC
Travelers
Provider Assistants LLC
Early, Tom
WB Mason

**Utility Providers**
Spectrum Enterprise
Sprint Wireless

**Other**:
United States Attorney for the Eastern District of New York
Tax Division of the U.S. Department of Justice
Federal Bureau of Investigation

## SCHEDULE 2

### IDENTIFIED PARTIES

ADP TotalSorce, Inc.
Bank of America, N.A.
BMO Harris Bank, N.A.
DLA Piper LLP (US)
Garfunkel Wild, PC
Houlihan Lokey Capital, Inc.
J.P. Morgan Chase Bank, N.A.
KeyBank National Association
Liberty Mutual