UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

------------------------------------------------------------------------

### STIPULATED ORDER (I) AUTHORIZING CONTINUED USE OF CASH COLLATERAL THROUGH SEPTEMBER 10, 2018 AND (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363

Pursuant to the terms of this *Stipulated Order (I) Authorizing Continued Use of Cash Collateral through September 10, 2018 and (II) Granting Adequate Protection Pursuant to 11*

*U.S.C. §§ 361 and 363* (this "Order"),[1] the Debtors (defined below), the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A. (as the Prepetition Agent and DIP Agent) have agreed to the continued consensual use of cash collateral by the Debtors in accordance with the terms of the Budget (defined below). This Court having found good and sufficient cause appearing therefor,

IT IS HEREBY FOUND that:[2]

A. On March 16, 2018 (the "Petition Date"), Orion HealthCorp, Inc. (the "Borrower"), Constellation Healthcare Technologies, Inc., NEMS Acquisition, LLC, Northeast Medical Solutions, LLC, NEMS West Virginia, LLC, Physicians Practice Plus, LLC, Physicians Practice Plus Holdings, LLC, Medical Billing Services, Inc., Rand Medical Billing, Inc., RMI Physician Services Corporation, Western Skies Practice Management, Inc., Integrated Physician Solutions, Inc., NYNM Acquisition, LLC, Northstar FHA, LLC, Northstar First Health, LLC, Vachette Business Services, Ltd., MDRX Medical Billing, LLC, Vega Medical Professionals, LLC, Allegiance Consulting Associates, LLC, Allegiance Billing & Consulting, LLC, and Phoenix Health, LLC (collectively, the "Initial Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

B. The Initial Debtors continue to be in possession of their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order (as defined herein).

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

C. On April 4, 2018, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 82] in the chapter 11 cases of the Initial Debtors. On July 26, 2018, the Office of the United States Trustee appointed the same Committee in the chapter 11 case of New York Network Management, L.L.C. ("NYNM Management," and collectively with the Initial Debtors, the "Debtors") [D.I. 433]. As of the date hereof, no trustee or examiner has been appointed in the Debtors' chapter 11 cases.

D. On July 5, 2018 (the "Supplemental Petition Date"), NYNM Management commenced a chapter 11 case (together with the chapter 11 cases of the Initial Debtors, the "Chapter 11 Cases") by filing with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

E. The Chapter 11 Cases are jointly administered for procedural purposes only [D.I. 34, 381].

F. The Court has jurisdiction over these Chapter 11 Cases, the parties, and the Debtors' property pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). The Court is a proper venue of these Chapter 11 Cases under 28 U.S.C. §§ 1408 and 1409.

G. The Borrower, the other Debtors and certain non-Debtor affiliates are parties to the Credit Agreement, dated as of January 30, 2017 (as the same has been amended, restated, supplemented or modified from time to time, the "Prepetition Credit Agreement"), with Bank of America, N.A. as administrative agent, swing line lender and L/C issuer (the "Prepetition Agent"), BMO Harris Bank, N.A., as syndication agent (the "Syndication Agent") and certain lenders parties thereto (collectively with the Prepetition Agent, the Syndication Agent and providers of hedge products and treasury management services secured by the Prepetition Collateral (as

defined below), the "Prepetition Secured Parties"). Pursuant to the terms of the Prepetition Credit Agreement and the other "Loan Documents" (as defined in the Prepetition Credit Agreement), the Debtors granted liens and security interests to the Prepetition Agent, for the benefit of the Prepetition Secured Parties, in substantially all of their prepetition assets (the "Prepetition Collateral"). The Debtors believe that all of the "cash collateral" of the Debtors, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral") is subject to the prior perfected lien of the Prepetition Secured Parties.

H. On March 20, 2018, the Initial Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [D.I. 26], seeking approval to, among other things, (i) obtain secured postpetition financing on a superpriority basis (the "DIP Loan") and (ii) use Cash Collateral. Bank of America, N.A. serves as the DIP Agent in connection with the DIP Loan.

I. On May 3, 2018, the Court entered the *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [D.I. 159] (the "Final DIP Order"), which approved, among other things, the DIP Loan and the Initial Debtors' use of Cash Collateral through June 15, 2018.

J. On June 26, 2018, the Court entered the *Stipulation and Order Extending Deadline for Official Committee of Unsecured Creditors to Commence a Challenge With Respect to Liens and Claims of Prepetition Lenders* [D.I. 338] (the "First Extension Stipulation").

K. On July 1, 2018, the Initial Debtors closed on a sale of substantially all of their assets to Medical Transcription Billing, Corp. for a purchase price of $12.6 million (the "RCM Sale"). The proceeds of the RCM Sale were used, in part, to satisfy the DIP Loan in full.

L. On July 11, 2018, NYNM Management, the Committee and the Prepetition Agent agreed to the terms of the *Stipulated Order (I) Authorizing Continued Use of Cash Collateral and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* [D.I. 383], pursuant to which NYNM Management was authorized to use Cash Collateral through and including July 30, 2018 (the "NYNM Management Cash Collateral Expiration Date").

M. On July 25, 2018, the Initial Debtors, the Committee and the Prepetition Agent agreed to the terms of the *Stipulated Order (I) Authorizing Continued Use of Cash Collateral and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* [D.I. 434], pursuant to which the Initial Debtors were authorized to use Cash Collateral through and including August 3, 2018 (the "Initial Debtors Cash Collateral Expiration Date" and together with the NYNM Management Cash Collateral Expiration Date, the "Expiration Date").

N. On July 31, 2018, the Court entered the *Stipulation and Order Further Extending Deadline for Official Committee of Unsecured Creditors to Commence a Challenge With Respect to Liens and Claims of Prepetition Lenders* [D.I. 446] (the "Second Extension Stipulation" and, collectively, with the First Extension Stipulation, the "Extension Stipulations").

O. On August 1, 2018, NYNM Management closed on a sale of certain of its assets to HealthTek Solutions, LLC for a purchase price of $16.5 million (the "NYNM Sale").

P. Good cause has been shown for entry of this Order, as the Debtors do not have available sources of working capital and financing to administer their Chapter 11 Cases without the use of Cash Collateral. In the absence of the use of the Cash Collateral, the continued administration of the Debtors' Chapter 11 Cases would not be possible, and serious and irreparable harm to the Debtors and their estates would occur.

Q. The Debtors have requested immediate entry of this Order pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure. The permission granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors. Entry of this Order is in the best interests of the Debtors' estates and creditors, and its implementation will, among other things, allow for the continued administration of the Debtors' Chapter 11 Cases.

R. The Prepetition Secured Parties are willing to consent to the Debtors' limited use of Cash Collateral pursuant to the terms of this Order. The Prepetition Secured Parties have made a good faith request for adequate protection of its interests in its collateral.

S. The terms and conditions of the Debtors' use of Cash Collateral are fair and reasonable under the circumstances, and good cause has been shown for the entry of this Order. Among other things, the entry of this Order is critical to the continued administration of the Debtors' Chapter 11 Cases.

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED that**:

1. The Debtors are hereby authorized, during the period from the Expiration Date through and including the Extended Expiration Date (as defined below) to use the Cash Collateral generated from (i) the collection of accounts receivable and (ii) the proceeds of the RCM Sale and NYNM Sale.

2. Prior to the expiration of the Debtors' authority to use Cash Collateral in accordance with this Order, any bank with which the Debtors have bank accounts subject to blocked account agreements in favor of the Prepetition Agent are hereby authorized to permit the Debtors' access to all Cash Collateral in such bank accounts.

3. Subject to the terms and conditions of this Order and the Debtors' compliance with the terms of this Order, the Debtors are authorized to use the Cash Collateral for the purposes set forth in the budget attached hereto as Exhibit "A" and made a part hereof (the "Budget"). The Budget shall be adhered to, and any variance in expenses shall not exceed ten percent (10%) of the cumulative budgeted items, except with respect to professional fees which shall not exceed twenty percent (20%) of budgeted amounts. On a weekly basis, on the third business day of each week, the Debtors will deliver a report of the cash usage showing variance from the Budget.

4. Subject to the rights reserved to parties other than the Debtors under Paragraph 19 of the Final DIP Order prior to the Challenge Period Termination Date, as a condition to the use of Cash Collateral set forth herein, and to provide adequate protection to the Prepetition Secured Parties in respect of their interests in the Cash Collateral to the extent of any diminution in the value of the Cash Collateral occurring from and after the Petition Date (the "Diminution") caused by or as a result of the use of Cash Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Debtors are authorized to grant, and by this Order shall

be deemed to have granted to the Prepetition Agent for the benefit of the Prepetition Secured Parties, valid and perfected replacement liens on and security interests in all of the Debtors' postpetition assets, including, without limitation, receivables, inventory, payment intangibles, general intangibles or other similar property created postpetition (provided that, for the avoidance of doubt, these liens shall not include any actions arising under Sections 544, 546, 547, 548 or 550 of the Bankruptcy Code), with the same priority on such postpetition assets as the Prepetition Secured Parties held on the Prepetition Collateral as of the Petition Date or Supplemental Petition Date, as applicable (such replacement liens and security interests, the "Replacement Liens"). In addition to the foregoing, the Prepetition Agent and the Prepetition Lenders shall receive, as further adequate protection for consenting to the use of Cash Collateral as set forth herein, all of the adequate protection rights set forth in Paragraph 16 of the Final DIP Order, including, without limitation, the Adequate Protection Liens and Adequate Protection Superpriority Claim. The Replacement Liens shall be in addition to any liens in favor of the Prepetition Secured Parties arising in respect of Section 552(b) of the Bankruptcy Code.

5. The Debtors' authority to use Cash Collateral hereunder shall expire on the earliest of (a) September 10, 2018, at 5:00 p.m., (b) one business day after delivery to the Debtors by the Prepetition Agent of a notification that the Debtors have failed to comply with a term of this Order, (c) one business day after the delivery to the Debtors by the Prepetition Agent of a notification of the occurrence of an event set forth in Paragraph 10 of the Final DIP Order, (d) the filing of a motion by the Debtors seeking dismissal of any or all of the Chapter 11 Cases; (e) the dismissal of any or all of the Chapter 11 Cases; (f) the filing of a motion by the Debtors seeking to convert any or all of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; (g) the conversion of any or all of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy

Code; (h) the appointment or election of a trustee under chapter 11 of the Bankruptcy Code, a responsible officer or an examiner with enlarged powers relating to the operation of the Debtors' business (powers beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106 of the Bankruptcy Code; or (i) the filing or support by any Debtor of a plan of reorganization or liquidation (a "Plan") that is not otherwise acceptable to the Required DIP Lenders in their sole discretion (the "Extended Expiration Date").  The rights granted to the Prepetition Secured Parties, including any lien or administrative priority granted hereunder, shall survive the expiration or termination of this Order.  Once the Debtors' right to use Cash Collateral is no longer permitted by this Order, the Debtors shall be prohibited from using any Cash Collateral until such time (if any) as the Prepetition Lenders have consented to further use of Cash Collateral.

6. During the period between the Expiration Date and the Extended Expiration Date, as a condition to the Debtors' use of Cash Collateral, the Debtors must comply with the terms of the Budget and must deliver to the Prepetition Agent the report set forth in Paragraph 3 of this Order.

7. From and after the Extended Expiration Date, the Prepetition Agent and the Prepetition Lenders shall have all rights, including without limitation, the rights provided in Paragraphs 21 and 25 of the Final DIP Order, regarding enforcement of their respective rights and remedies arising as a result of a violation of this Order or (as applicable) the Final DIP Order.

8. The rights and obligations of the Debtors and rights of the Prepetition Secured Parties hereunder are in addition to, and not in lieu or substitution of, or in prejudice to, the rights or obligations of the parties otherwise existing as of the Petition Date and Supplemental Petition

Date, including, without limitation, the rights provided to the Prepetition Agent and the Prepetition Lenders under the Final DIP Order.

9. Nothing in this Order shall affect the rights of the Committee under the Final DIP Order or the Extension Stipulations, including, without limitation, the Committee's rights to commence a Challenge (as defined in the Final DIP Order).

10. Without the necessity of the filing of financing statements or other documents, this Order shall be sufficient evidence of the perfected liens and security interests as granted herein. Such liens and security interests shall be valid and duly perfected against, and binding upon, the Debtors and any successors thereof, including any trustee appointed herein. The Debtors are authorized and directed to execute such documents including, without limitation, mortgages, pledges and Uniform Commercial Code financing statements, and to pay such actual costs and expenses as may be reasonably required to provide further evidence of the perfection of the liens and security interests as provided herein. The Prepetition Secured Parties may file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in which the Debtors have real or personal property.

11. The Debtors are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein. The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated herein.

12. This Order is without prejudice to all rights of the Prepetition Secured Parties to seek modification or enhancement of the grant of adequate protection provided herein and/or to pursue all other rights and remedies available under the Bankruptcy Code. The Prepetition

Secured Parties specifically reserve the right to object to any use of Cash Collateral after the Extended Expiration Date or that is in any manner inconsistent with this Order.

13.     The Debtors shall continue to keep in force adequate insurance coverage for, and to maintain, all the collateral securing the claims of the Prepetition Secured Parties and shall immediately report to the Prepetition Agent notice of any change in the status of their insurance coverage.

14.     In the event of the appointment of a trustee, either during the Chapter 11 proceeding or upon a conversion to Chapter 7, the provisions of this Order shall be binding upon any such trustee.

15.     The Final DIP Order shall continue in full force and effect in accordance with its terms, notwithstanding the payment in full of the DIP Loan, and the entry of this Order and any adequate protection or other rights provided to the DIP Agent, the DIP Lenders, the Prepetition Agent or the Prepetition Lenders shall be unaffected by the entry of this Order. Specifically, and without limitation, the provisions of Paragraphs 19, 20, 21, 22, 23, 31, 32, 34, 36, 37 and 40 of the Final DIP Order shall continue to apply notwithstanding the entry of this Order.

16.     No Prepetition Lender shall be required to file a proof of claim in the NYNM Management Chapter 11 case and all stipulations regarding the Prepetition Agent's and the Prepetition Lenders' liens and obligations, including those set forth in Paragraph D of the Final DIP Order, shall bind NYNM Management and all third parties (subject to the rights preserved to parties under Paragraph 19 of the Final DIP Order prior to the Challenge Termination Date) as if made by NYNM Management on the date of entry of the Final DIP Order.

17.     From and after entry of this Order, the "Carve-Out" under the Final DIP Order shall be modified to be the Carve-Out (defined below). The Adequate Protection Liens, the

Adequate Protection Superpriority Claim, the Replacement Liens and the Prepetition Liens shall be subject and subordinate to the prior payment of (i) the Case Administration Fees, (ii) unpaid professional fees and expenses ("Professional Fees") payable to any legal or other advisors retained by the Debtors or the Committee in the amounts permitted under the Budget (including, for the avoidance of doubt, any authorized variance) and incurred or accrued prior to the Extended Expiration Date upon notice thereof and which Professional Fees are ultimately allowed by the Court pursuant to sections 328, 330, 331 and 503 of the Bankruptcy Code, and (iii) unpaid Professional Fees incurred or accrued on or after the occurrence of the Extended Expiration Date in an aggregate amount not to exceed $50,000 in respect of the Debtors' Professional Fees and $25,000 in respect of the Committee's Professional Fees (the "Post-Termination Expense Cap") ((i), (ii) and (iii), collectively, the "Carve-Out"). The remaining provisions of Paragraph 17 of the Final DIP Order shall govern the manner in which Professional Fees and Case Administration Fees may be paid or deposited in the Professional Fee Trust Account.

18. A status conference on the Debtors' further use of Cash Collateral will be held before the Honorable Judge Alan S. Trust, Courtroom 2554, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201 on **September 13, 2018 at 11:00 a.m. (EST)**.

19. Notice of the entry of this Order shall be served by the Debtors pursuant to Bankruptcy Rules 2002 and 4001 and in accordance with the Local Bankruptcy Rules of the Eastern District of New York on (i) the Debtors' seventy-five (75) largest unsecured creditors on a consolidated basis, (ii) counsel to the Prepetition Agent, (iii) any parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (iv) all of the landlords of the Debtors' commercial real properties, (v) all known holders of liens upon the

Debtors' assets, (vi) all persons asserting an interest in any of the Debtors' assets, (vii) the New York State Attorney General and the New York State Department of Taxation and Finance, (viii) the Internal Revenue Service, and (ix) the United States Trustee for the Eastern District of New York. Under the circumstances, no further notice of this Order is necessary or shall be required.

ACCEPTED TO AND AGREED:

BANK OF AMERICA, N.A.,
as Prepetition Agent and DIP Agent

By: *Brenda Schriner*
Name: Brenda Schriner
Title: Vice President

[*Signature Page to Cash Collateral Stipulation*]

ACCEPTED TO AND AGREED:    Orion HealthCorp, Inc.
Constellation Healthcare Technologies, Inc.
NEMS Acquisition, LLC
Northeast Medical Solutions, LLC
NEMS West Virginia, LLC
Physicians Practice Plus, LLC
Physicians Practice Plus Holdings, LLC
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.
NYNM Acquisition, LLC
Northstar FHA, LLC
Northstar First Health, LLC
Vachette Business Services, Ltd.
MDRX Medical Billing, LLC
VEGA Medical Professionals, LLC
Allegiance Consulting Associates, LLC
Allegiance Billing & Consulting, LLC
Phoenix Health, LLC
New York Network Management, L.L.C.

By: _____
Name:   Timothy J. Dragelin
Title:   Authorized Signatory

ACCEPTED TO AND AGREED:    OFFICIAL COMMITTEE OF UNSECURED
  CREDITORS

  By: _____
  Name:  Ilan D. Scharf
  Title:   Counsel to the Official Committee of Unsecured
     Creditors

[*Signature Page to Cash Collateral Stipulation*]