**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No: 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

---------------------------------------------------------------------

**ORDER EXTENDING ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN FTI CONSULTING, INC. TO PROVIDE THE DEBTORS A CHIEF EXECUTIVE OFFICER AND CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, *NUNC PRO TUNC* TO THE PETITION DATE [D.I. 262] TO THE CHAPTER 11 CASE OF NEW YORK NETWORK MANAGEMENT, L.L.C.**

Upon consideration of the *Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code for Entry of an Order Directing That Certain Orders in the Chapter 11 Case of Orion HealthCorp, Inc. Be Made Applicable to an Additional Case* [D.I. 363] (the "Motion") filed by New York Network Management, L.L.C. ("NYNM Management"), Orion HealthCorp, Inc. and

their affiliated debtors and debtors in possession seeking entry of an order (i) extending and making applicable the *Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date* [D.I. 262] (the "Retention Order")[1] to NYNM Management, (ii) authorizing NYNM Management to retain FTI Consulting, Inc. ("FTI"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, on the terms and conditions of that certain letter agreement between FTI and Constellation Healthcare Technologies, Inc., dated October 19, 2017 (the "Engagement Letter"), to (a) provide Timothy J. Dragelin as Chief Restructuring Officer ("CRO") and (b) provide additional staff (the "Hourly Temporary Staff" and, together with the CRO, the "FTI Professionals"); (iii) providing that the employment of the FTI Professionals is effective *nunc pro tunc* to July 5, 2018; and (iv) granting certain related relief; the Court having reviewed the Motion and the *Supplemental Declaration of Timothy J. Dragelin in Support of Extension of Order Authorizing the Debtors to Employ and Retain FTI Consulting, Inc. to Provide the Debtors a Chief Executive Officer and Chief Restructuring Officer and Certain Additional Personnel, Nunc Pro Tunc to the Petition Date [D.I. 262] to the Chapter 11 Case of New York Network Management, L.L.C.* [D.I. 450]; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper in this district pursuant to 28 U.S.C. § 1409; and (iv) notice of the Motion was sufficient under the circumstances; and, after due deliberation, the Court having determined that the relief requested in the Motion is necessary and essential for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Retention Order.

NYNM Management's estate and such relief is in the best interests of NYNM Management, its estate and creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Retention Order is hereby made applicable to NYNM Management to the extent set forth herein.

2. NYNM Management is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ FTI and the FTI Professionals to provide the Services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective *nunc pro tunc* to July 5, 2018.

3. Notwithstanding anything in the Engagement Letter to the contrary:

    (a) FTI and the FTI Professionals shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator or investor/acquirer) in connection with the chapter 11 case of NYNM Management.

    (b) In the event NYNM Management seeks to have the FTI Professionals assume executive officer positions that are different than the positions disclosed in the Engagement Letter, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

    (c) FTI shall file with the Court and serve on the Notice Parties a Staffing Report by the 30th of each month for the previous month, which shall include the names and functions filled by all FTI Professionals assigned to the engagement. The Staffing Report (and FTI's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

    (d) FTI shall file with this Court, and serve upon the Notice Parties, Compensation Reports on a quarterly basis, which Compensation Reports will be filed by the 30th of the month following the end of the previous quarter. The Compensation Reports shall summarize the service provided, identify the compensation earned, itemize expenses incurred and provide for an objection period of 21 days from the filing and service of such Compensation Report. All such

        compensation would be subject to review by this Court if an objection is filed.

(e)    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any other orders of this Court, or any guidelines regarding submission and approvals of fee applications, FTI and its professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead FTI is hereby authorized to keep reasonably detailed time records and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

(f)    During the course of the chapter 11 case of NYNM Management, FTI will only seek reimbursement of actual and necessary expenses itemized in the monthly Staffing Report.

(g)    No principal, employee or independent contractor of FTI or its affiliates shall serve as a director of NYNM Management during the pendency of its chapter 11 case.

(h)    The Indemnification Provisions in the Engagement Letter are approved.

(i)    For a period of three years after the conclusion of FTI's engagement, neither FTI nor any of its affiliates shall make any investments in NYNM Management or any of its affiliates.

(j)    FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to NYNM Management, its creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

4.    With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of NYNM Management's case.

5. To the extent that there may be any inconsistency between the terms of the Retention Order, the Engagement Letter, and this Order, the terms of this Order shall govern.

6. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. NYNM Management is authorized to take all such actions as are necessary to implement the terms of this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

No Objection:

*s/ Alfred M. Dimino*

Office of the United States Trustee



**Dated: August 23, 2018**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**