UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

------------------------------------------------------------------------

**ORDER APPROVING (I) FIRST INTERIM APPLICATIONS OF
PACHULSKI STANG ZIEHL & JONES LLP, CBIZ ACCOUNTING, TAX
AND ADVISORY OF NEW YORK, LLC, HAHN & HESSEN, LLP,
AND DLA PIPER LLP (US); AND (II) FINAL APPLICATION OF
HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE AND PAYMENT
OF COMPENSATION FOR SERVICES RENDERED AND
<u>REIMBURSEMENT OF EXPENSES  INCURRED</u>**

Upon consideration of (i) *First Application of Pachulski Stang Ziehl & Jones LLP for*

*Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of*

*Actual and Necessary Expenses Incurred as Counsel for the Official Committee of Unsecured*

*Creditors for the Period from April 4, 2018 through July 31, 2018* filed by Pachulski Stang Ziehl & Jones LLP [D.I. 472] (the "Pachulski Fee Application"); (ii) *Application of CBIZ Accounting, Tax & Advisory of New York, LLC, Financial Advisor for the Official Committee of Unsecured Creditors of Orion HealthCorp, Inc. et al for Interim Allowance of Compensation and for the Reimbursement of Expenses for Services Rendered During the Period from April 13, 2018 through July 31, 2018* filed by CBIZ Accounting, Tax and Advisory of New York, LLC [D.I. 473] (the "CBIZ Fee Application"); (iii) *First and Final Fee Application of Houlihan Lokey Capital, Inc. for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker to the Debtors for the Period March 22, 2018 through August 1, 2018* filed by Houlihan Lokey Capital, Inc. [D.I. 517] (the "Houlihan Fee Application"); (iv) *Notice of and First Interim Fee Application Request* filed by Hahn & Hessen LLP [D.I. 521] (the "Hahn and Hessen Fee Application"); and (v) *First Interim Fee Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for the Period from March 16, 2018 through July 31, 2018* filed by DLA Piper LLP (US) [D.I. 523] (the "DLA Fee Application," and collectively with the Pachulski Fee Application, CBIZ Fee Application, Houlihan Fee Application and Hahn & Hessen Fee Application, the "Fee Applications")[1] seeking allowance and payment of compensation for services rendered and reimbursement of expenses incurred pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Guidelines; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fee Applications and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Fee Applications.

§§ 1408 and 1409; and due and proper notice of the Fee Applications having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Fee Applications establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Fee Applications are approved as set forth herein.

2.      The Pachulski Fee Application is approved and the fees and expenses requested therein are allowed on an interim basis in the amount of $370,505.50 as compensation for services rendered and $2,311.92 for reimbursement of expenses incurred by Pachulski Stang Ziehl & Jones LLP, as counsel to the Official Committee of Unsecured Creditors, during the period from April 4, 2018 to July 31, 2018.

3.      The CBIZ Fee Application is approved and the fees and expenses requested therein are allowed on an interim basis in the amount of $154,255.00 as compensation for services rendered and $133.50 for reimbursement of expenses incurred by CBIZ Accounting, Tax and Advisory of New York, LLC, as financial advisor to the Official Committee of Unsecured Creditors, during the period from April 13, 2018 to July 31, 2018.

4.      The Houlihan Fee Application is approved and the fees and expenses requested therein are allowed on a final basis in the amount of $2,250,000.00 as compensation for services rendered and $7,825.33 for reimbursement of expenses incurred by Houlihan Lokey Capital, Inc., as investment banker to the Debtors, during the period from March 22, 2018 to August 1, 2018.

5.      The Hahn & Hessen Fee Application is approved and the fees and expenses requested therein are allowed on an interim basis in the amount of $1,081,836.00 as compensation for services rendered and $26,667.36 for reimbursement of expenses incurred by Hahn & Hessen,

LLP, as special counsel and conflicts counsel to the Debtors, during the period from March 28, 2018 to July 31, 2018.

6.      The DLA Fee Application is approved and the fees and expenses requested therein are allowed on an interim basis in the amount of $3,442,852.50 as compensation for services rendered and $121,887.79 for reimbursement of expenses incurred by DLA Piper LLP (US), as counsel to the Debtors, during the period from March 16, 2018 to July 31, 2018.

7.      The Debtors are authorized and directed to pay the approved fees and expenses set forth in this Order and in the Fee Applications less any amounts previously paid pursuant to the *Order Pursuant to Sections 105(a), 330 and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 261].

8.      The Debtors are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Fee Applications.

9.      Notwithstanding Bankruptcy Rule 6004, this Order shall be immediately effective and enforceable upon its entry, and the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.



**Dated: November 7, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**