UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
| --- | --- |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER (I) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT PLAN OF LIQUIDATION, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATING RELIEF**

Upon the motion [D.I. 586] (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order (this "Solicitation Procedures Order") (i) approving the adequacy of the *Third Amended Disclosure Statement for Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 644] (the "Disclosure Statement"), (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 645] (as amended from time to time, the "Plan"), (iii) scheduling a Confirmation Hearing, and (iv) approving related notice procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Disclosure Statement and the Plan; and due and adequate notice of the Motion having been given in accordance with Bankruptcy Rules 2002 and 3017; and it appearing that no other or further notice need be given; after due deliberation thereon, the Court having determined, for the reasons stated in the Motion and based on the record in these Chapter 11 Cases and at the hearing held in consideration of the same, that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and upon all of the proceedings had before the Court; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor:

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Disclosure Statement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Solicitation Procedures Order in accordance with the Motion.

3. The Disclosure Statement complies with section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

4. Any objections to approval of the Disclosure Statement not previously withdrawn are hereby overruled.

5. The Solicitation Procedures (and the form and manner of notice thereof), including the notice of non-voting status (substantially in the form annexed hereto as Exhibit 1), the form of ballots (substantially in the forms annexed hereto as Exhibit 2), the Solicitation Commencement Date of January 8, 2019, the Voting Deadline of January 29, 2019, the Solicitation Package, the Record Date of January 8, 2019, the Tabulation Rules, and all other Solicitation Procedures described in the Motion, as amended by this Solicitation Procedures Order, are hereby approved; *provided, however*, that the Debtors have reserved, subject to Court approval, the right to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

6. The temporary allowance of Claims for voting purposes does not constitute an allowance of such Claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Debtors and the Liquidating Trustee (as defined in the Plan) in any other context, including the right of the Debtors and the Liquidating Trustee to contest the

amount, validity, or classification of any Claim for purposes of allowance and distribution under the Plan.

7. As discussed in the Disclosure Statement, any Claim in an Impaired Class that is subject to a pending objection or is scheduled as unliquidated, disputed or contingent is not entitled to vote unless the Holder of such Claim has obtained an order of the Court temporarily allowing the Claim for the purpose of voting on the Plan.

8. The Confirmation Procedures, including the Confirmation Hearing Notice (substantially in the form annexed hereto as Exhibit 3) and the form and manner of service and publication thereof, and all other Confirmation Procedures described in the Motion, as amended by this Solicitation Procedures Order, are hereby approved; *provided, however*, that the Debtors have reserved, subject to Court approval, the right to further amend or supplement the Confirmation Procedures to better facilitate the confirmation process.

9. The Confirmation Hearing is scheduled to be held before the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, Courtroom 2554, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **February 5, 2019 at 11:00 a.m. (prevailing Eastern Time)**, which date may be continued from time-to-time without further notice other than the announcement at such time of the date or dates of any adjourned hearing.

10. Any objections to the Plan must: (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, so as to be *actually received* not later than **5:00 p.m. (prevailing Eastern**

**Time) on January 29, 2019 (the "Objection Deadline")** and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) counsel to the Debtors, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn: Thomas R. Califano, Esq. [thomas.califano@dlapiper.com] and Rachel Nanes, Esq. [rachel.nanes@dlapiper.com]); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Ilan D. Scharf, Esq. [ischarf@pszjlaw.com]), (iii) the U.S. Trustee, Long Island Federal Plaza Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Alfred M. Dimino [al.m.dimino@usdoj.gov]); (iv) counsel to Bank of America, N.A., Moore & Van Allen, PLLC, 100 North Tyron Street, Suite 4700, Charlotte, North Carolina 28202 (Attn: David Eades, Esq. [davideades@mvalaw.com] and Gabriel L. Mathless, Esq. [gabemathless@mvalaw.com]); (v) counsel to BMO Harris Bank, N.A., Chapman and Cutler LLP, 111 West Monroe Street, Chicago, IL 60603 (Attn. Stephen R. Tetro II, Esq. [stetro@chapman.com]); (vi) counsel to KeyBank National Association, 127 Public Square, 2nd Floor, Cleveland, Ohio 4114 (Attn: Robert J. Burns, Esq. [bob_j_burns@KeyBank.com]); (vii) counsel to Stifel Bank & Trust and Woodforest National Bank, Reed Smith LLP, 335 South Grand Avenue, Suite 2900, Los Angeles, California 90071 (Attn: Christopher Rivas, Esq. [crivas@reedsmith.com]) and 1202 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne, Esq. [kgwynne@reedsmith.com]); (viii) any other party requesting notice in these Chapter 11 Cases; and (ix) such other parties as the Bankruptcy Court may order.

11. The Debtors and any other parties in interest shall file replies, if any, to objections to confirmation of the Plan by **February 3, 2019, at 5:00 p.m. (prevailing Eastern Time)**.

12. Within three (3) business days of entry of this Solicitation Procedures Order, the Debtors shall cause the Confirmation Hearing Notice to be published at least once in either *The Wall Street Journal* or *The New York Times*.

13. The Voting Agent is authorized to assist the Debtors in (a) distributing the Disclosure Statement, Plan and Ballots; (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots and all other related documents and matters related thereto; and (d) soliciting votes on the Plan.

14. The terms of this Solicitation Procedures Order shall be binding upon the Debtors, all creditors of the Debtors, the Committee and any trustees appointed in this proceeding or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties in interest.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Solicitation Procedures Order in accordance with the Motion.

16. All time periods set forth in this Solicitation Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. Notwithstanding any Bankruptcy Rule to the contrary, this Solicitation Procedures Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Solicitation Procedures Order.

United States Bankruptcy Court Eastern District of New York

**Dated: January 7, 2019**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**