UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No: 18-74545 (AST) |
| | : | |
| Debtors. | x | (Jointly Administered) |

----------------------------------------------------------------------

## STIPULATED ORDER DIRECTING THE TURNOVER OF FUNDS HELD BY
## ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC

Pursuant to the terms of this *Stipulated Order Directing the Turnover of Funds Held by Robinson Brog Leinwand Greene Genovese & Gluck PC* (this "Order"), (i) the above-captioned debtors and debtors in possession (the "Debtors"), (ii) Robinson Brog Leinwand Greene Genovese & Gluck PC ("Robinson Brog"), and (iii) Parmjit Singh Parmar, Constellation Health LLC, Constellation Health Investment LLC, First United Health LLC, Naya Constellation Health, LLC,

Alpha Cepheus LLC, Blue Mountain Healthcare, LLC, and Sage Group Consulting, Inc. (collectively, "Parmar") have agreed to the disposition of the funds currently held by Robinson Brog in its IOLA escrow account (the "Escrow Account") in accordance with the terms and conditions of this Order.  This Court having found good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT**:

A.    On March 16, 2018 (the "Petition Date"), Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., NEMS Acquisition, LLC, Northeast Medical Solutions, LLC, NEMS West Virginia, LLC, Physicians Practice Plus, LLC, Physicians Practice Plus Holdings, LLC, Medical Billing Services, Inc., Rand Medical Billing, Inc., RMI Physician Services Corporation, Western Skies Practice Management, Inc., Integrated Physician Solutions, Inc., NYNM Acquisition, LLC, Northstar FHA, LLC, Northstar First Health, LLC, Vachette Business Services, Ltd., MDRX Medical Billing, LLC, Vega Medical Professionals, LLC, Allegiance Consulting Associates, LLC, Allegiance Billing & Consulting, LLC, and Phoenix Health, LLC (collectively, the "Initial Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

B.    On July 5, 2018, New York Network Management, L.L.C. ("NYNM Management," and collectively with the Initial Debtors, the "Debtors") commenced a chapter 11 case (the "NYNM Management Chapter 11 Case," and collectively with the chapter 11 cases of the Initial Debtors, the "Chapter 11 Cases") by filing with this Court a voluntary petition for relief under the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only [D.I. 34, 381].

C.      The Debtors have sold their operating assets pursuant to going concern sales approved by this Court under section 363 of the Bankruptcy Code.  The Debtors continue to be in possession and control of their remaining assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D.      On April 4, 2018, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 82].  On July 26, 2018, the Office of the United States Trustee appointed the same Committee in the NYNM Management Chapter 11 Case [D.I. 433].  As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Cases.

E.      The Court has jurisdiction over these Chapter 11 Cases, the parties, and the Debtors' property pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).  The Court is a proper venue of these Chapter 11 Cases under 28 U.S.C. §§ 1408 and 1409.

F.      Prior to the Petition Date Robinson Brog represented certain parties in an action venued in Delaware Chancery Court entitled DESTRA TARGETED INCOME UNIT INVESTMENT TRUST *et al*. v. PARMJIT SINGH PARMAR *et al.*, C.A. No. 13006-VCL (the "*Destra* Litigation") and asserts that it rendered legal service in connection with that representation and other representations to Parmar.

G.      On June 28, 2018, Robinson Brog turned over an accounting of the Escrow Account to the Debtors and Parmar that reflected a balance of $1,723,877.58 being held by Robinson Brog (the "Escrowed Funds").

H.      The parties hereto have agreed to the turnover of a portion of the Escrowed Funds in accordance with the terms of this Order.

**IT IS HEREBY ORDERED THAT:**

1.      Robinson Brog is authorized and directed to turn over $1,031,280.43 of the Escrowed Funds (the "Debtor Funds") to the Debtors within two (2) business days of entry of this Order.

2.      Robinson Brog shall maintain the balance of the Escrowed Funds in the sum of $692,597.15 (the "Remaining Escrowed Funds") in the Escrow Account and shall not release, distribute or otherwise dispose of the Remaining Escrowed Funds absent a further order of the Court.

3.      The Debtor Funds shall be deposited into a debtor-in-possession account and shall be used by the Debtors subject to the *Stipulated Order (I) Authorizing Continued Use of Cash Collateral Through February 28, 2019 and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* [D.I. 659].

4.      In the event Robinson Brog receives any additional funds related to the Debtors or Parmar, such funds shall be turned over to the Debtors within two (2) business days of receipt of such funds to be held in accordance with this Order.

5.      The maintenance of the Remaining Escrowed Funds in the Escrow Account in accordance with this Order shall not constitute a finding or determination of the Court that such funds are property of Robinson Brog or Parmar.

6.      Nothing in this Order shall preclude the Debtors from seeking to attach the Remaining Escrowed Funds or claiming that the Remaining Escrowed Funds are property of the Debtors' estates in any appropriate manner or proceeding.  Robinson Brog asserts that it is entitled to be paid out of the Remaining Escrowed Funds (i) the sum of $206,022.89 for fees and expenses it incurred performing legal services for Parmar and/or (ii) the sum of $326,186.53 for fees and

4

expenses it incurred in the *Destra* Litigation, both of which Robinson Brog asserts is unpaid as of the date hereof.  This Order shall not prejudice Robinson Brog's claims to be paid out of the Remaining Escrowed Funds as set forth in this paragraph; *provided, however*, in no event shall Robinson Brog withdraw, remove or transfer any of the Remaining Escrowed Funds from the Escrow Account for any reason absent a further order of this Court.

7.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.     The Debtors and Robinson Brog are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*[Signature page follows]*

**ACCEPTED TO AND AGREED:**

**DLA PIPER LLP (US)**

*/s/ Thomas R. Califano*
Thomas R. Califano, Esq. (6144)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
thomas.califano@dlapiper.com

*Counsel to the Debtors and Debtors in Possession*

**L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.**

*/s Marian C. Rice*
Marian C. Rice, Esq. (7648)
1001 Franklin Avenue
Garden City, NY 11530
Telephone: (516) 294-8844
Facsimile: (516) 294-8202
mrice@lbcclaw.com

*Counsel to Robinson Brog Leinwand Greene Genovese & Gluck PC*

**WINDELS MARX LANE& MITTENDORF, LLP**

*/s/ Charles E. Simpson*
Charles E. Simpson, Esq.
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1070
Facsimile: (212 262-1215
csimpson@windelsmarx.com

*Counsel to Parmjit Singh Parmar, Constellation Health LLC,*
*Constellation Health Investment LLC, First United Health LLC,*
*Naya Constellation Health, LLC, Alpha Cepheus LLC,*
*Blue Mountain Healthcare, LLC, and Sage Group Consulting, Inc.*

**SO ORDERED:**



**Dated: February 13, 2019**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**