| | |
|---|---|
| Christopher R. Belmonte, Esq.<br>Pamela A. Bosswick, Esq.<br>Duane Morris LLP<br>230 Park Avenue, Suite 1130<br>New York, New York 10169<br>Telephone: (212) 818-9200 | **Presentment Date: March 10, 2021, at 10:00 a.m. (prevailing Eastern Time)**<br>**Objections Due:  March 3, 2021**<br>**Hearing Date: To Be Scheduled by the Court** |

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,*
*Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

# NOTICE OF PRESENTMENT OF ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION OBJECTING TO <u>CLAIM NO. 10139 FILED BY 1805 OLD ALABAMA ROAD LLC</u>

**Claim at Issue: Claim No. 10139 Filed By 1805 Old Alabama Road LLC**

> **THE ATTACHED MOTION AND PROPOSED ORDER SEEK TO REDUCE, MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOF(S) OF CLAIM. CLAIMANTS RECEIVING THIS NOTICE SHOULD REVIEW THE NOTICE AND THE ATTACHED TO DETERMINE IF THEIR CLAIM(S) ARE AFFECTED.**

**PLEASE TAKE NOTICE**, that, upon the annexed motion (the "<u>Motion</u>") of Howard M. Ehrenberg (the "<u>Liquidating Trustee</u>") under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "<u>Debtors</u>" or "<u>Debtor Entities</u>"), the Liquidating Trustee, by and through his attorneys of record, shall present for signature and approval to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, presiding, on **March 10, 2021, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as the Motion may be heard, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "<u>Court</u>" or "<u>Bankruptcy Court</u>"), the proposed Order, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), disallowing and expunging Claim No. 10139 filed by 1805 Old Alabama Road LLC.

**PLEASE TAKE FURTHER NOTICE** that a response or objection (collectively, the "<u>Objection</u>") to the relief requested in the Motion or the proposed Order, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall be filed with the Bankruptcy Court, shall set forth the nature of the objector's interest in the Debtors' estates and the reasons and legal basis for the objection, and be served upon the Liquidating Trustee's counsel of record as follows: Duane Morris LLP, Attn: Christopher R. Belmonte, Esq., and **Sulmeyer**Kupetz, A

Professional Corporation, Attn: Daniel A. Lev, Esq. and Matthew P. Kelly, Esq., at the addresses listed on the first page of this Notice, **no later than March 3, 2021**. The Objection and proof of service shall be filed at least seven (7) days prior to the date set for the presentment of the proposed Order. If no Objection is timely served and filed, the Bankruptcy Court may enter the proposed Order with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE, that if an Objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the applicant.**

Dated: February 3, 2021
New York, New York

        Respectfully submitted

By: */s/ Christopher R. Belmonte*
    Christopher R. Belmonte
    Pamela Bosswick
    Duane Morris LLP
    230 Park Avenue, Suite 1130
    New York, New York 10169
    Telephone: (212) 818-9200
    Facsimile: (212) 818-9606
    Email: CRBelmonte@duanemorris.com
            PABosswick@duanemorris.com

*-and-*

Daniel A. Lev (CA No. 129622)
Matthew P. Kelly (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: (213) 626-2311
Facsimile: (213) 629-4520
Email: dlev@sulmeyerlaw.com
       mkelly@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
Duane Morris LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,
Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 10139 FILED BY 1805 OLD ALABAMA ROAD LLC**

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), by and through his attorneys, hereby submits the *Liquidating Trustee's Motion Objecting to Claim No. 10139 Filed By 1805 Old Alabama Road LLC* (the "Claim Objection"). In support of the Claim Objection, the Liquidating Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. The Court also has jurisdiction to hear this Claim Objection pursuant to Section 13 of the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan").

2. The statutory basis for the relief sought herein is sections 105(a) and 502(b) of the Bankruptcy Code, as defined below, Rules 3003, 3007, and 9006 of the Federal Rules of Bankruptcy Procedure, as amended or modified, (the "Bankruptcy Rules"), and Section 8.2 of the Plan.

**BACKGROUND**

3. On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of New York (the "Bankruptcy Court").

4.  On July 5, 2018, New York Network Management, L.L.C. commenced its case (the "NYNM Case" and, collectively, with the Initial Chapter 11 Cases, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which Chapter 11 Cases were subsequently jointly administered under Case No. 18-71748 (AST).

5.  On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, presiding, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Plan.

6.  The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Plan's Effective Date (defined below) to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. On March 1, 2019, the Plan became effective (the "Effective Date").

7.  The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required payments have been made pursuant to the Plan.

8.  As of the Effective Date, the Liquidating Trustee was tasked with, among other things, (a) the establishment and maintenance of any necessary operating, reserve and trust accounts required to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to, estimation of, and settlements of Claims, including proofs of claim filed against the Debtors' Estates; (c) the prosecution of any Causes of Action of the Debtors' Estates not otherwise released under the Plan for the benefit

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.

9. On September 15, 2020, for cause shown, this Court issued an order [Docket No. 858] granting the Liquidating Trustee's request to extend the Claims Objection Deadline to January 29, 2021. A motion to extend the Claims Objection Deadline to April 29, 2021, is now pending with the Court [Docket No. 888].

10. On May 3, 2018, the Court entered an "Order Granting Motion of the Debtors for an Order (I) Establishing Deadlines for Filing of Proofs of Claim, Section 503(b)(9) Claims and (II) Approving the Form and Manner of Notice Thereof" (the "May 3 Order") [Docket No. 156]. The May 3 Order set a claims bar date of July 5, 2018, at 5:00 p.m. (EST) (the "General Bar Date"). Moreover, paragraph 13 of the May 3 Order states that "[a]ny holder of a claim against any Debtor who receives notice of the applicable Bar Dates (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date, shall, pursuant to Bankruptcy Rule 3003(c)(2), not be treated as a creditor with respect to that claim for purposes of voting and distribution."

11. Notice of the General Bar Date was required to be served on, among others, all known and suspected holders of claims and was, in fact, served upon 1805 Old Alabama Road LLC (the "Old Alabama") [Docket Nos. 199, 235, 267].

## RELIEF REQUESTED

12. The Liquidating Trustee files this Claim Objection to Claim No. 10139 (the "Old Alabama Claim") of Old Alabama pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 3007, and seeks entry of an order disallowing and expunging the Old Alabama Claim. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

13. The Liquidating Trustee has examined the Old Alabama Claim, attached hereto as **Exhibit B**, and determined that the proof of claim was untimely filed on August 11, 2020, over two years from the General Bar Date set by the Bankruptcy Court. The Liquidating Trustee, therefore, requests that the claim be disallowed in its entirety and expunged. Pursuant to Local Rule 3007-1, a true and correct copy of the Old Alabama Claim is annexed hereto as **Exhibit B**.

## BASIS FOR RELIEF

14. As highlighted, the Plan, the Confirmation Order, and the Liquidating Trust grant the Liquidating Trustee all powers necessary to implement the provisions of the Plan and to administer the Liquidating Trust for the benefit of creditors.

15. Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]" 11 U.S.C. § 502(b)(1). Likewise, section 502(b)(9) of the Bankruptcy Code provides, with certain exceptions, for the disallowance of claims where proof of such claims are not timely filed. 11 U.S.C. § 502(b)(9). This Court also routinely disallows and expunges duplicative claims filed against the same debtor. *See, e.g.*, *In re Residential Capital, LLC*, 524 B.R. 465, 471 (Bankr. S.D.N.Y. 2015) (court expunged duplicative claims earlier in proceedings). Upon an objection and showing that a claim is legally insufficient, the claimant has the burden to demonstrate the validity of the claim. *See In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014).

17. In chapter 11 cases, the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. § 3003(c)(3). "A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *First Fidelity Bank, N.A. v. Hooker Invs., Inc.* (*In re Hooker Invs., Inc.*), 937 F.2d 833, 840 (2d Cir. 1991).

18. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Liquidating Trustee determined that the claim at issue was untimely filed. Therefore, the Debtors do not owe any amounts asserted in the untimely claim and, accordingly, the Liquidating Trustee requests that the Court disallow and expunge the Old Alabama Claim.

## RESERVATION OF RIGHTS

19. The Liquidating Trustee hereby reserves the right to object in the future to the Old Alabama Claim on any additional ground not set forth in this Claim Objection, and to amend, modify, or supplement this Claim Objection to the extent the Claim Objection is not sustained. A separate notice and hearing will be scheduled for any such objection.

## NOTICE AND PRIOR REQUEST

20. Notice of this Claim Objection shall be provided to (i) Old Alabama at the address for notices set forth in the Old Alabama Claim (**Exhibit B**), (ii) the Office of the United States Trustee, and (iii) all parties requesting notice under Bankruptcy Rule 2002. The Liquidating Trustee submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided. No previous request for the relief sought herein has been made by the Debtors or the Liquidating Trustee to this or any other Court.

## CONCLUSION

For the foregoing reasons, the Liquidating Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) sustaining the Claim Objection, (ii) disallowing the Old Alabama Claim in its entirety, and (iii) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated: February 3, 2021
      New York, New York

Respectfully submitted

By: */s/ Christopher R. Belmonte*
    Christopher R. Belmonte
    Pamela Bosswick
    Duane Morris LLP
    230 Park Avenue
    New York, New York 10169
    Telephone:  (212) 818-9200
    Facsimile:   (212) 818-9606
    Email:         CRBelmonte@duanemorris.com
                 PABosswick@duanemorris.com

*-and-*

Daniel A. Lev (CA No. 129622)
Matthew P. Kelly (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone:  (213) 626-2311
Facsimile:   (213) 629-4520
Email:         dlev@sulmeyerlaw.com
              mkelly@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 10139 FILED BY 1805 OLD ALABAMA ROAD LLC**

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), by and through his attorneys, submitted the *Liquidating Trustee's Motion Objecting to Claim No. 10139 Filed By 1805 Old Alabama Road LLC* (the "Claim Objection"). Based on the Claim Objection, and the evidence in support thereof, the Court finds that Claim No. 10139 filed by 1805 Old Alabama Road LLC shall be disallowed in its entirety and expunged from the claims register.

The Court having further determined that the Claim Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and due and sufficient notice of the Claim Objection having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Claim Objection is hereby sustained.

2. The Motion is GRANTED.

3. Claim No. 10139 filed by 1805 Old Alabama Road LLC was filed after the claims deadline, is deemed untimely, and, therefore, is disallowed in its entirety and ordered expunged from the claims register.

4. The Liquidating Trustee, the Clerk of this Court, and the Claims Agent, Epiq Bankruptcy Solutions, LLC, shall have the authority to take all actions necessary or appropriate to give effect to this Order.

5. The Liquidating Trustee retains any and all rights to object to Claim No. 10139 filed by 1805 Old Alabama Road LLC, as necessary.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

# EXHIBIT B
## 1805 Old Alabama Road LLC Proof of Claim No. 10139

| United States Bankruptcy Court for the Eastern District of New York | |
|---|---|
| **Name of Debtor:** Orion HealthCorp, Inc. <br> **Case Number:** 18-71748 | **For Court Use Only** <br> Claim Number: 0000010139 <br> File Date: 08/11/2020 14:59:38 |

# Proof of Claim

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/16**

---

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): 1805 Old Alabama Road, LLC

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: 1805 Old Alabama Road, LLC <br> Address: ATTN: Poole Huffman, LLC <br> 3562 Habersham at Northlake <br> Building J, Suite 200 <br> City: Tucker <br> State: GA   ZIP Code: 30084 <br> Country (if International): United States <br> Phone: 4043734008 <br> Email: scott@poolehuffman.com | Name: _____ <br> Address: _____ <br> _____ <br> _____ <br> City: _____ <br> State: _____ ZIP Code: _____ <br> Country (if International): _____ <br> Phone: _____ <br> Email: _____ |

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.
   Claim number on court claims register (if known) _____
   Filed on _____
                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
   Who made the earlier filing?
   _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ 276,773.72

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Litigation

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this Proof of Claim.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Scott B. McMahan*  08/11/2020 14:59:38

Signature                                                                                           Date

**Provide the name and contact information of the person completing and signing this claim:**

Name: Scott McMahan

Address: Poole Huffman, LLC
3562 Habersham at Northlake
Building J, Suite 200

City: Tucker

State: GA   Zip: 30084

Country (in international): United States

Phone: 4043734008

Email: scott@poolehuffman.com

State Court of Fulton County
\*\*E-FILED\*\*
16EV000241
10/19/2016 4:11:07 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| 1805 OLD ALABAMA ROAD, LLC,<br>    Plaintiff,<br><br>v.<br><br>ORION HEALTHCORP, INC.,<br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION FILE<br>)   NO. 2016EV000241-J<br>)<br>)<br>) |

## FINAL JUDGMENT AND DECREE

The above-styled case appeared before this Court on its Civil No Service/Default calendar for October 6, 2016 for a final hearing on default and damages. Notice of the calendar was published in the *Fulton County Daily Report* as required by law. Notice was also provided directly to counsel and pro se parties. At the call of the case for trial, Plaintiff and counsel appeared to prosecute this action. No attorney or other representative appeared on behalf of Defendant.

After review, this Court finds that a judgment is warranted against Defendant. First, this Court finds that Defendant is in default. The record is clear that Defendant was served but never filed an Answer in the record of the case. Additionally, this Court finds that the evidence in the record and testimony presented at the hearing demonstrates that Plaintiff is entitled to damages. Plaintiff presented evidence of the Lease Agreement between the parties which governs the claims herein. Under ¶ 7.2 of the Lease, in the event of default, the Plaintiff is entitled to terminate the Defendant's right of possession and recover from Defendant all sums due under the remaining term of the Lease. Additionally, under ¶ 10.18, in the event an action is instituted to collect the amounts due, Plaintiff is also permitted to recover 15% of the amounts due as attorney's fees. The property manager testified that the last payment from Defendant was

received on or about August 12, 2015, and that Defendant was evicted from the premises on or about January 19, 2016. As of the date of the hearing, the Defendant owed a total of $193,881.96 in unpaid rent payments, plus $990.75 in operating expenses, for a total of $194,872.71 in principal. Interest has accrued on this balance in the amount of $2,695.63.[1] Additionally, the Plaintiff provided Defendant with notice of its intention to seek its attorney's fees under the Lease, and this Court finds that such notice complied with the requirements of O.C.G.A. § 13-1-11. Therefore, this Court finds that Plaintiff is also entitled to recover the amount of $29,635.25 as its attorney's fees in this case. Defendant did not appear to present evidence or otherwise contest damages, leaving these amounts unliquidated.

Therefore, based upon the undisputed evidence and testimony and the record in this case, this Court finds that a judgment is proper against Defendant in the amount of $194,872.71 in principal, plus $2,695.63 accrued interest, plus $29,635.25 statutory attorney's fees, plus $270.00 court costs. There being no just reason for delay, **FINAL JUDGMENT** is hereby entered in favor of Plaintiff and against Defendant in the **TOTAL amount of $227,473.59.** This judgment shall continue to accrue post-judgment interest at the rate provided by law.

**SO ORDERED**, this __19th__ day of October, 2016.

_____
Judge Diane E. Bessen
State Court of Fulton County

Copies by efileGA to counsel
C:\CIVIL\DEFAULT\1805 OLD ALA-ORION-FJD.doc

---

[1] The summary of account submitted at the hearing clearly shows that Defendant was charged interest of 18% each month on the unpaid rent.

ITEMIZATION

| | |
|---|---|
| Principal: | $194,872.71 |
| Pre-Judgment Interest: | $2,695.63 |
| Post-Judgment Interest (through date of filing): | $49,300.13 |
| Attorney's Fees: | $29,635.25 |
| Court Costs: | $270 |
| Total: | $276,773.72 |