Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 818-9200

**Presentment Date: May 10, 2021, at 10:00 a.m.**
**Objections Due:  May 3, 2021**
**Hearing Date: To Be Scheduled by the Court**

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,*
*Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

## NOTICE OF PRESENTMENT OF AN ORDER EXTENDING
## THE LIQUIDATING TRUSTEE'S DEADLINE TO OBJECT TO CLAIMS

**PLEASE TAKE NOTICE,** that, upon the annexed motion (the "Motion") of Howard M. Ehrenberg (the "Liquidating Trustee") under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), the Liquidating Trustee, by and through his attorneys of record, shall present for signature and approval to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, presiding, on **May 10, 2021, at 10:00 a.m.,** or as soon thereafter as the Motion may be heard, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Court"), the proposed Order, pursuant to 11 U.S.C. § 105(a) and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, extending the Liquidating Trustee's deadline to object to Claims and Interests filed against the Debtors' Estates from the current deadline of April 29, 2021, to, through and including October 29, 2021, without prejudice to requesting additional extensions for cause shown.

**PLEASE TAKE FURTHER NOTICE,** that objections (the "Objections") to the relief requested in the Motion, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall set forth the nature of the objector's interest in the Debtors' Estates and the reasons and legal basis for the objection, and be served upon the undersigned counsel for the Liquidating Trustee at (i) Duane Morris LLP, 230 Park Avenue, Suite 1130, New York, NY 10169, Attn: Christopher R. Belmonte, Esq. (crbelmonte@duanemorris.com) and Pamela A. Bosswick, Esq. (pabosswick@duanemorris.com), and (ii) **SULMEYER**KUPETZ, A.P.C., 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406, Attn: Daniel A. Lev, Esq. (dlev@sulmeyerlaw.com) and Matthew P. Kelly, Esq. (mkelly@sulmeyerlaw.com), **no later than**

**May 3, 2021.** The Objection and proof of service shall be filed at least seven (7) days prior to the

date set for the presentment of the proposed order.

      **PLEASE TAKE FURTHER NOTICE,** that if Objections are timely filed to the relief

**requested, or if the Court determines that a hearing is appropriate, the Court will schedule a**

**hearing.  Notice of such a hearing will be provided by the Liquidating Trustee.**

Dated: April 13, 2021
      New York, New York

                  Respectfully submitted

                  By:  */s/ Christopher R. Belmonte*
                      Christopher R. Belmonte
                      Pamela Bosswick
                      DUANE MORRIS LLP
                      230 Park Avenue
                      New York, New York 10169
                      Telephone: (212) 818-9200
                      Facsimile:   (212) 818-9606
                      Email:       CRBelmonte@duanemorris.com
                                PABosswick@duanemorris.com

                      *-and-*

                      Daniel A. Lev (CA No. 129622)
                      Matthew P. Kelly (CA Bar No. 224297)
                      **SULMEYER**KUPETZ, A.P.C.
                      333 South Grand Avenue, Suite 3400
                      Los Angeles, CA 90071-1406
                      Telephone:  (213) 626-2311
                      Facsimile:  (213) 629-4520
                      Email:       dlev@sulmeyerlaw.com
                                mkelly@sulmeyerlaw.com

                      *Counsel for Howard M. Ehrenberg, Liquidating*
                      *Trustee*

Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 818-9200

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,*
*Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

## LIQUIDATING TRUSTEE'S MOTION TO
## EXTEND THE DEADLINE TO OBJECT TO CLAIMS

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), by and through his attorneys, hereby submits the *Liquidating Trustee's Motion to Extend the Deadline to Object to Claims* (the "Motion").  In support of the Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution.  The Court also has jurisdiction to hear this Motion pursuant to Section 13 of the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan").

2.      The statutory basis for the relief sought herein is section 105(a) of the Bankruptcy Code, as defined below, and Rule 9006 of the Federal Rules of Bankruptcy Procedure (as amended or modified, the "Bankruptcy Rules") and Section 8.2 of the Plan.

### BACKGROUND

3.      On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of New York (the "Bankruptcy Court").

4.      On July 5, 2018, New York Network Management, L.L.C. commenced its case (the "<u>NYNM Case</u>" and, collectively, with the Initial Chapter 11 Cases, the "<u>Chapter 11 Cases</u>") by filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which Chapter 11 Cases were subsequently jointly administered under Case No. 18-71748 (AST).

5.      On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, presiding, entered an order (the "<u>Confirmation Order</u>") [Docket No. 701] confirming the Plan.

6.      The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Plan's Effective Date (defined below) to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  On March 1, 2019, the Plan became effective (the "<u>Effective Date</u>").

7.      The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required payments have been made pursuant to the Plan.

8.      As of the Effective Date, the Liquidating Trustee was tasked with, among other things, (a) the establishment and maintenance of any necessary operating, reserve and trust accounts required to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to, estimation of, and settlements of Claims; (c) the prosecution of any Causes of Action of the Debtors' Estates not otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.

---

[1]  Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

3

9.      On June 25, 2019, the Liquidating Trustee moved by motion and notice of presentment for an order extending the deadline to object to Claims and Interests filed against the Debtors' Estates (the "Claims Objection Deadline") to March 6, 2020 [Docket Nos. 747 and 748].

10.      On July 23, 2019, for cause shown, this Court issued an order [Docket No. 753] granting that request to extend the Claims Objection Deadline to March 6, 2020.

11.      On January 24, 2020, the Liquidating Trustee moved by motion and notice of presentment for an order extending the Claims Objection Deadline to September 18, 2020 [Docket No. 805].

12.      On March 2, 2020, for cause shown, this Court issued an order [Docket No. 813] granting that request to extend the Claims Objection Deadline to September 18, 2020.

13.      On August 17, 2020, the Liquidating Trustee moved by motion and notice of presentment for an order extending the Claims Objection Deadline to January 29, 2021 [Docket No. 853].

14.      On September 15, 2020, for cause shown, this Court issued an order [Docket No. 858] granting that request to extend the Claims Objection Deadline to January 29, 2021.

15.      On January 11, 2021, the Liquidating Trustee moved by motion and notice of presentment for an order extending the Claims Objection Deadline to April 29, 2021 [Docket No. 888].

16.      On February 9, 2021, for cause shown, this Court issued an order [Docket No. 912] granting that request to extend the Claims Objection Deadline to April 29, 2021.

17.      Since the filing of the last motion to extend the Claims Objection Deadline, the Liquidating Trustee been actively engaged in negotiations with various creditors regarding their pending claims.  The Liquidating Trustee has settled litigation with various parties that has led to the agreement to remove various claims from the claims register; negotiated and resolved a number of duplicative and improperly classified claims; and filed a number of stipulations to remove duplicate

claims from the register. The Court has issued orders approving many of these stipulated agreements. For instance, after several months of negotiations the Liquidating Trustee finalized a comprehensive agreement with counsel for Allegiance Billing Associates, Mark Bellisimo, John Esposito, Rossana Wearverling-Dovgala and Kristi Jadzak to remove duplicative claims from the register.  The Liquidating Trustee has also reached informal agreements with the State of Oregon regarding the removal of duplicative claims. The Liquidating Trustee has amended pleadings in pending matters to add claims objections to those cases where necessary and has filed two individualized objections to claims.  Despite this progress, the Liquidating Trustee is still actively negotiating with parties to address issues with their respective claims.

18.     During this time, the United States has been fighting the current COVID-19 pandemic.  While the Liquidating Trustee has diligently negotiated with parties regarding a number of claims, the COVID-19 pandemic has slowed the related litigations and claims resolution process that have a direct impact on such claims.   In this regard, response times from claimants have slowed as the Liquidating Trustee seeks to obtain more information from parties regarding their submitted proofs of claims.

**RELIEF REQUESTED**

19.     Under the Plan, the Liquidating Trustee was provided one hundred and eighty (180) days from the Effective Date to analyze and object, if necessary, to Claims and Interests.  As noted above, the Liquidating Trustee sought and was granted four extensions of the Claims Objection Deadline to April 29, 2021, for cause shown.

20.     By this Motion, the Liquidating Trustee seeks the entry of an order, substantially in the form attached hereto in Exhibit A, further extending the Claims Objection Deadline to, through and including October 29, 2021, without prejudice to request additional extensions for cause shown. While the Liquidating Trustee hoped that the universe of claims would be resolved by the April 29, 2021 deadline, the COVID-19 pandemic and ongoing litigation have impacted the timing of certain

objections.  The Liquidating Trustee does, however, anticipate that all objections will be filed by the newly proposed October  29, 2021 deadline.

21.    This request is justified by Section 8.2 of the Plan which provides that the Liquidating Trustee may request that the Court fix a date by which all Claims objections must be filed.  Moreover, as discussed below, there is good cause for this fifth request, as it will give the Liquidating Trustee sufficient additional time to investigate, analyze, and address any objectionable Claims or Interests.

## **BASIS FOR RELIEF**

22.    As highlighted, the Plan and Confirmation Order grant the Liquidating Trustee all powers necessary to implement the provisions of the Liquidating Trust and to administer the Liquidating Trust for the benefit of creditors.

23.    As stated above, pursuant to Section 8.2 of Plan, the Liquidating Trustee may ask the Court to extend the Claims Objection Deadline for cause shown.  This section of the Plan specifically states:

> Upon the Effective Date, the Liquidating Trustee shall have the exclusive authority to file, settle, compromise, withdraw or litigate to judgment any objections to Claims as permitted under this Plan. Any objections to Claims shall be filed and served on or before the later of (i) one hundred eighty (180) days after the Effective Date or (ii) such date as may be fixed by the Bankruptcy Court upon request of the Liquidating Trustee….

Plan, at Section 8.2 (emphasis added).

24.    Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

25.    Additionally, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period ... by order of the court, the court for cause shown may at any time in its discretion ... order the period enlarged if the request therefor is made before

the expiration of the period originally prescribed...."  As demonstrated herein, good cause exists to further extend the Claims Objection Deadline.

## **Initial Review and Analysis of Claims**

26.    The official claims register (the "Claims Register") was prepared and maintained by Epiq.  The Claims Register reflects that five hundred forty-one (541) proofs of claim (each a "Proof of Claim") have been filed in the Chapter 11 Cases asserting claims against the Debtors.

27.    Prior to the Effective Date, the Debtors, their lawyers, and their advisors began reviewing, comparing, and reconciling the Proofs of Claim and all supporting documentation provided in connection therewith.  Moreover, the Debtors began reviewing potential grounds for adversary proceedings against various parties.

28.    Based on this review process, the Debtors filed objections to certain Claims.  The Debtors also filed adversary proceedings against several parties that had also filed Proofs of Claim.

29.    The Liquidating Trustee has resolved a number of claims through negotiations, litigation and settlements.  There remains, however, a number of substantive claims that need to be resolved.

## Liquidating Trustee's Progress on Litigation Related to Claims

30.    The Liquidating Trustee has been actively litigating cases against various parties since the outset of the creation of the Liquidating Trust.  The litigation initiated has been intertwined with the claims filed by various parties.  In an effort to avoid duplicative motion practice, the Liquidating Trustee has combined claims objections with ongoing litigation when the opportunity has arisen.

31.    Most recently, on September 30, 2020, the Liquidating Trustee commenced an adversary proceeding against Rosenberg Rich Baker Berman & Company ("RRBB"), captioned *Ehrenberg. v. Rosenberg Rich Baker Berman & Company* [Adv. Proc. No. 8-20-08161-AST] (the "RRBB Litigation") asserting, among things, claims against RRBB for:  (i) negligent misrepresentation; (ii) professional malpractice; (iii) objections to the proof of claim filed by RRBB; and (iv) equitable subordination of that claim.  Since the filing of the last motion for an extension, the parties have reached a settlement resolving this action, including the objections to the RRBB proof of claim.

## Ongoing Negotiations Impacting the Claims Register

32.    The Liquidating Trustee currently is in the midst of negotiations with a number of parties who have filed Proofs of Claims.  Many of the claimants submitted partial documentation. The Liquidating Trustee has requested that the parties provide more information.  This process has been delayed at times due to the COVID-19 pandemic.

33.    The Liquidating Trustee is seeking to resolve claims with these parties without Court intervention in an effort to avoid costly litigation.  However, as noted, the current COVID-19 pandemic has slowed response times from parties as lawyers and their clients are often not working in their physical offices.  While the Liquidating Trustee has diligently negotiated with parties regarding a number of claims, the COVID-19 pandemic has slowed response times from claimants

as the Liquidating Trustee seeks to obtain more information from parties regarding their submitted proofs of claims.

34.    By moving the Claims Objection Deadline to October 29, 2021, the Court will ensure that the Liquidating Trustee will not be forced to file unnecessary complaints or motions against these parties during the midst of the attempts to informally resolve these issues.

### Post-Effective Date Review of Claims Register

35.    As noted, following the Effective Date, the Liquidating Trustee and his advisors continued (i) the reconciliation process identifying categories of Claims that may be targeted for disallowance, reduction, allowance, or reclassification, and (ii) negotiating resolution of Claims Objections which were unresolved as of the Effective Date.  To avoid possible double recovery or otherwise improper recovery by claimants, the Liquidating Trustee is continuing his reconciliation process and will file additional objections to Claims or otherwise seek resolution thereof as and when warranted.

36.    In this regard, the Liquidating Trustee has resolved a number of Proofs of Claims with various parties and also has finalized or is finalizing agreements with various parties to remove duplicate claims and reduce and/or reclassify certain claims.  Those parties include Timothy Dragelin, Aulnick & Gogel, Allegiance Billing Associates, Mark Bellisimo, CDW Direct, Rosanna Dovgala-Weaverling, John Esposito, Genisys Corporation, Kristi Jadczak, Edell Kelly, Kevin Kelly, Robert Rosenberg, T-Mobile USA, Truc To, Truc N. To LLC, Dr. Frank Dos Santos, JQ1 Associates, LLC, and U.S. Bank, N.A.  Since the last motion to extend, the Liquidating Trustee entered into four stipulations with claimants consensually resolving their claims and negotiated four withdrawals of claims. Moreover, the Liquidating Trustee has filed two objections with respect to certain claims filed by the Bernard Lirola IRA and 1805 Old Alabama Road LLC, respectively. While an order was entered in connection with the former objection, the latter objection is still pending.  In addition, the

Liquidating Trustee is currently in negotiations with several parties regarding the removal of claims that are either duplicative or lack sufficient documentation and facts to support the claims.

37.     The Liquidating Trustee is also reviewing a collection of new claims, some of which were filed as recently as this month.  The Liquidating Trustee is investigating these claims to determine why the parties filed these late claims and if they can be removed without court intervention.

38.     While the Liquidating Trustee continues to make progress reconciling and otherwise resolving Proofs of Claim, this process will not be completed by the current Claims Objection Deadline.  The Liquidating Trustee anticipates that he will file additional, substantive objections to a number of claims, but the investigation into the proper grounds to object is ongoing.  Accordingly, the Liquidating Trustee seeks to further extend the Claims Objection Deadline from April 29, 2021, to October 29, 2021.

39.     Due to the complexity of the cases, the cross-over between pending and anticipated litigation and the Claims Register, and the multitude of constituencies involved in the matters, there are a number of reasons to further extend the Claims Objection Deadline.  Accordingly, good cause exists to extend the Claims Objection Deadline to October 29, 2021, to permit the orderly and efficient administration of the Liquidating Trust.  As this process continues, the Liquidating Trustee expects to continue his review of the Claims, file any necessary objections, and work to resolve all Claims as expeditiously and economically as possible.

40.     As a result of the foregoing, the Liquidating Trustee believes that the additional amount of time requested is proper.  For these reasons, the Liquidating Trustee believes an extension of the Claims Objection Deadline from April 29, 2021, to October 29, 2021, is appropriate.  The extension is not sought for the purposes of delay and will not prejudice any Claimants.

41.     The Liquidating Trustee reserves the right to seek further extensions of the Claims Objection Deadline, as necessary, for further cause shown.

**NOTICE AND PRIOR REQUEST**

42.     Notice of this Motion has been provided to (i) the Office of the United States Trustee and (ii) all parties requesting notice under Bankruptcy Rule 2002.  Considering the nature of the relief requested, the Liquidating Trustee submits that no other or further notice need be given.  As set forth above, the Liquidating Trustee sought, by prior motions, dated June 25, 2019, January 24, 2020, August 17, 2020, and January 11, 2021, similar relief to the relief sought herein from this Court.

**CONCLUSION**

For these reasons, the Liquidating Trustee respectfully requests that this Bankruptcy Court enter an order (i) granting the Motion, (ii) extending the Claims Objection Deadline to, through and including October 29, 2021, and (iii) granting such other and further relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: April 13, 2021
       New York, New York

                                      Respectfully submitted

                              By:  */s/ Christopher R. Belmonte*_____
                                      Christopher R. Belmonte
                                      Pamela Bosswick
                                      DUANE MORRIS LLP
                                      230 Park Avenue
                                      New York, New York 10169
                                      Telephone: (212) 818-9200
                                      Facsimile:  (212) 818-9606
                                      Email:       CRBelmonte@duanemorris.com
                                                      PABosswick@duanemorris.com

                                      *-and-*

                                      Daniel A. Lev (CA No. 129622)
                                      Matthew P. Kelly (CA Bar No. 224297)
                                      **SULMEYER**KUPETZ, A.P.C.
                                      333 South Grand Avenue, Suite 3400
                                      Los Angeles, CA 90071-1406
                                      Telephone:  (213) 626-2311
                                      Facsimile:  (213) 629-4520
                                      Email:       dlev@sulmeyerlaw.com
                                                      mkelly@sulmeyerlaw.com

                                      *Counsel for Howard M. Ehrenberg, Liquidating
                                      Trustee*

11

EXHIBIT A

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING LIQUIDATING TRUSTEE'S**
**MOTION TO EXTEND THE DEADLINE TO OBJECT TO CLAIMS**

Upon the *Liquidating Trustee's Motion to Extend the Deadline to Object to Claims* (the

"Motion"); and the Court having reviewed the Motion; and the Court having jurisdiction over the

Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court finding that venue in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and the

Court having determined that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief requested therein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the Claims Objection Deadline is hereby extended from April 29, 2021, to, through and including October 29, 2021, without prejudice to the right of the Liquidating Trustee to seek further extensions of time for cause shown; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from and related to the entry of this Order.