Ilan D. Scharf
Jeffrey P. Nolan (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel to Howard M. Ehrenberg,*
*in his Capacity as Liquidating Trustee of*
*Orion Healthcorp, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC, | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF LIQUIDATING TRUSTEE'S (I) MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF APARTMENT 12J LOCATED AT 2 RIVER TERRACE, NEW YORK, N.Y. FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND (II) APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PAYMENT TO THE RESIDENTIAL BOARD AND OF SALES COMMISSION UPON CLOSING**

**PLEASE TAKE NOTICE THAT** Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, (the "**Liquidating Trustee**"), estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, hereby files the *Motion for Entry of an Order Authorizing the Sale of Apartment 12J Located at 2 River Park Avenue, New York, N.Y. Free and Clear of Liens, Claims, and Encumbrances and (II) Application for Entry of an Order Authorizing and Approving Payment to the Residential Board and of Sales Commission Upon Closing* (the "**Motion and Application**").

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider the Motion and Application (the "**Hearing**") shall be held on **June 3, 2021 at 11:00 a.m. (prevailing Eastern Time)** before The Honorable Judge Alan S. Trust, Courtroom 760, United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"), 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE THAT** that any responses or objections ("**Responses**") to the relief requested in the Motion, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall set forth the nature of the objector's interest in the Debtors' Estates and the reasons and legal basis for the objection, and be served upon counsel for the Liquidating Trustee, Pachulski Stang Ziehl & Jones LLP, 780 Third

Avenue, 34th Floor, New York, New York 10017-2024 (Attn.: Jeffrey P. Nolan, Esq.), no later than **May 27, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES TO THE MOTION AND APPLICATION ARE TIMELY FILED, SERVED, AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY ENTER THE RELIEF REQUESTED BY THE MOTION AND APPLICATION WITHOUT FURTHER NOTICE OR HEARING**.

Dated: New York, New York
May 11, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey P. Nolan*
Ilan D. Scharf
Jeffrey P. Nolan (admitted *pro hac vice*)
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al.*

Ilan D. Scharf
Jeffrey P. Nolan (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel to Howard M. Ehrenberg,*
*in his Capacity as Liquidating Trustee of*
*Orion Healthcorp, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC, | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| Debtors. | : | (Jointly Administered) |

**LIQUIDATING TRUSTEE'S (I) MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE SALE OF APARTMENT 12J LOCATED AT
2 RIVER TERRACE, NEW YORK, N.Y., FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES AND (II) APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING AND APPROVING PAYMENT TO
THE RESIDENTIAL BOARD AND OF SALES COMMISSION UPON CLOSING**

Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., (the "**Liquidating Trustee**"), estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, hereby submits his (i) motion for entry of an order authorizing the sale of Apartment 12J, located at 2 River Terrace, New York, New York 10282, (the "**Property**"), to The PM Riverhouse Trust 1 (the "**Buyer**"), free and clear of all liens, claims and encumbrances and (ii) application for entry of an order authorizing and approving the payment of monies owed to the Residential Board (as defined below) and sales commission earned by the Broker (as defined below), upon the closing of the sale of the Property (the "**Motion and Application**"). In support of his Motion and Application, the Liquidating Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a), 330, and 363 of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 6004-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**").

## BACKGROUND

A.     **Chapter 11 Case Background**

   2. On March 16, 2018, each of the Debtors except New York Network Management, LLC ("**NYNM**") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") under chapter 11 of the Bankruptcy Code. On July 5, 2018, NYNM commenced its voluntary petition.  The Debtors' cases were jointly administered for administrative purposes only [Dkt. Nos. 34 and 381].

   3. On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "**Confirmation Order**") [Dkt. No. 701] confirming the *Debtors' Third Amended Joint Plan of Liquidation* (the "**Plan**").

   4. The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates (each as defined in the Plan).  The Effective Date occurred on March 1, 2019.

   5. The Plan provides that the Liquidating Trustee shall hold legal title to any and all assets of the Liquidating Trust including, without limitation, receiving all property belonging to the Liquidating Trust including the responsibility to, among other things, receive, manage, invest, supervise and protect the Liquidating Trust Assets, as well as make distributions to creditors holding Allowed claims.  The Bankruptcy Court has authority to approve or oversee

administration of the Liquidating Trust pursuant to the Liquidating Trust Agreement and the terms of the Plan.

B.     **Procedural Posture**

6.     Prior to the commencement of the Debtors' chapter 11 cases, the Property was occupied by Defendant, 2 River Terrace Apartment 12J, LLC (the "**Defendant**" or "**Parmar Entity**"), an entity controlled by Paul Parmar, the Debtors' former President.

7.     On September 20, 2019, the Supreme Court of the State of New York, County of New York, issued a default judgment in favor of the Residential Board of Managers of the Riverhouse One Rockefeller Park (the "**Residential Board**") against the Judgment Party, Parmar Entity, in the amount of $200,193.04 (the "**State Court Judgment**") (*See* **Exhibit A**). The Judgment consisted of accrued common charges for the Property, including real property taxes, electricity, and pilot fees which remained unpaid, month to month, from approximately February 2018 to February 2021, as well as interest, penalties and associated legal fees.[1] As discussed below, the Liquidating Trustee obtained possession of the Property as of March 1, 2021 (the "**Possession Date**"), at which time the Liquidating Trustee began paying for charges and costs of the Property incurred as of or after the Possession Date, including common charges, real estate pilot fees, and electricity. The Residential Board maintains that approximately $463,369.16 was owed by the Parmar Entity. The funds owed to the Residential Board are subject to a lien (the "**Board Lien**")

---

[1] Beginning March 2021, the Liquidating Trustee paid the monthly common charges owed to the Residential Board associated with the Property.

8. On March 14, 2020, the Liquidating Trustee filed his complaint (the "**Complaint**") against the Parmar Entity and other defendants. *See Ehrenberg v. Sartinson, et al.*, Adv. No. 20-8051 (AST) (the "**Adversary Proceeding**") [Dkt. No. 1] Through the Complaint, the Liquidating Trustee sought to recover various transfers under applicable provisions of the Bankruptcy Code and the N.Y. Debtor and Creditor Law and turnover of the Property. During the course of 2020, Plaintiff learned of a noticed Sheriff's Sale to auction the Property in satisfaction of the State Court Judgment. The Residential Board agreed to adjourn the Sheriff's Sale from time-to-time in light of the Adversary Proceeding pending in the Bankruptcy Court.

9. On November 10, 2020, the Court conducted a hearing on the Liquidating Trustee's *Motion for Default Judgment* against the Parmar Entity. The Parmar Entity opposed the *Motion for Default Judgment* and the Court denied the motion.

10. On November 16, 2020, the Court issued its Amended Scheduling Order and Order Concerning Summary Judgment (the "**Amended Scheduling Order**") [Dkt. No. 38] On November 24, 2020, the Parmar Entity filed its answer to the Complaint [Dkt No. 41] (the "**Answer**").

11. On December 1, 2020, Plaintiff filed his *Motion for Summary Judgment or in the Alternative, Summary Adjudication*, and related papers against the Parmar Entity. [Adv. Pro. Dkt No. 42] On or about December 30, 2021, Defendant filed its Opposition. [Adv. Pro. Dkt No. 50] On January 21, 2021, the Court held a hearing and heard argument of counsel.

12. On March 1, 2021, the Court issued its *Order Granting Plaintiff's Motion for Summary Judgment, in Part as Against Defendant 2 River Terrace Apartment 12J, LLC*,

which Order avoided and vested legal and possessory title to the Property with the Liquidating Trustee. [Adv. Pro. Dkt No. 64] (the "**Summary Judgment Order**"). On March 8, 2021, Defendant file a Notice of Appeal. [Adv. Pro. Dkt No. 72]

13. On March 19, 2021, the Liquidating Trustee filed his *Motion Pursuant to Bankruptcy Code Sections 544(A) and 363 for Entry of an Order Authorizing Liquidating Trustee to Abandon and Dispose of Personal Property Located at 2 River Terrace, Apartment 12J, New York, New York*. [Dkt No. 929] Plaintiff and Defendant consensually resolved the issues in the motion by *Stipulation and Agreed Order in Resolution of the Motion for Entry of an Order Authorizing Liquidating Trustee to Abandon and Dispose of Personal Property Located at 2 River Terrace, Apartment I2J, New York, New York Pursuant to Bankruptcy Code Sections 544(A) and 363*. [Dkt No. 946]

C. **Marketing the Property and Locating a Buyer**

14. On or about February 10, 2021, the Liquidating Trustee sought and retained Compass ("**Compass**"), a national real estate company, and specifically The Stanton Hoch Team, who are familiar with the Manhattan residential real estate market. (*See* **Exhibit B**, Affidavit of Wesley Stanton). Since 2019, Compass Realty has represented buyers and/or sellers of thousands of properties in Manhattan. Wesley Stanton, the broker at Compass with primary responsibility for this engagement, has experience in buying and selling properties in Manhattan, and specifically in the area of Battery Park. (*See* Stanton Decl. §§3, 4) Compass advised the Liquidating Trustee with respect to the sale of the Property. With Compass's assistance, the Liquidating Trustee determined that a private sale strategy would maximize the value of the Property. (*See* Stanton Decl. at §5) Compass' advice in this regard was based on various factors,

including without limitation, the market conditions at the time of the listing, the nature of the Property, the building in which the Property is located, the likely pool of buyers for the Property, and experience of Compass agents where buyers for similar residential real estate declined to participate in multiple bidder sales or auctions for properties in the same market as the Property.

15. The need to sell the Property is also informed by the Board Lien. The obligation to the Board on account of the State Court Judgment and ongoing common charges will only increase over time as fees, charges and interest continue to accrue. The Liquidating Trustee has balanced the need for an expeditious sale against the ongoing costs of maintaining the Property, as well as the possibility that the Board would seek to undertake its Sherriff's Sale notwithstanding that such a sale would likely fail to maximize value. These issues also must be considered in light of the impact of the Covid-19 pandemic on real estate prices in New York City and the market in Battery Park. As described in the Stanton Decl., the Property was marketed in a reasonable manner and a private sale is appropriate under the circumstances. Based on Compass's advice regarding the market, the Liquidating Trustee determined a range of value and ultimately listed the Property for sale with an asking price of $5.25 million. (*See* Stanton Decl. at §5) In connection with the listing, the Property was advertised across various online platforms including Streeteasy, Zillow, Trulia and the RLS Broker Database. The Property was also advertised in the Wall Street Journal, NY Times, and Realtor.com. Lastly, the Property was placed on Compass.com and advertised by Compass with other licensed real estate agents in order to reach those active buyers best suited and able to purchase this type of property. (*See* Stanton Decl. at §5) Mr. Stanton also personally contacted various individuals who were either in the market for an apartment or represent or advise people who are active in the market

for properties of this nature. (*See* Stanton Decl. at §5) The Property elicited numerous responses of interest. During the months of March and April, Compass received in excess of 10 inquiries from prospective purchasers regarding the Property and made the Property available for viewing.

16. The Liquidating Trustee received multiple offers for the Property. Compass assessed the merits of each offer by reviewing, among other things, (a) the amount of the offer, (b) whether the offer was subject to financing or other contingencies, (c) whether the offeror had provided required financial disclosures, and (d) financial information disclosed by the offeror. Compass presented all of the offers to the Liquidating Trustee, including the Buyer's offer, which was the highest offer. The Liquidating Trustee determined that the Buyer's offer was higher and better than any other offer since it was, in fact, the highest offer and is an all cash offer with no financing contingency

17. The Buyer is not related to or affiliated with the Liquidating Trustee or the Debtors. (*See* Stanton Decl. at §6) The purchase price is fair and equitable, and the result of an arms' length negotiation informed by multiple bids for the Property

**D.** **Terms of Proposed Sale**

18. The *Contract of Sale – Condominium Unit* dated as of April 23, 2021 between the Liquidating Trustee and the Buyer (the "**Agreement**") governs the terms of the sale of the Property.

19. A true and correct copy of the Agreement is annexed hereto as **Exhibit C**. The salient terms of the Agreement are as follows:[2]

---

[2] To the extent there is a conflict between the terms of the Agreement and the description herein, the terms of the Agreement shall govern. Capitalized terms used, but not defined in this paragraph 17, shall have the meanings and definitions ascribed to them in the Agreement.

(a) **Purchase Price.** The purchase price is $4,800,000 (the "**Purchase Price**").

(b) **Deposit.** The contract deposit is $480,000.00.

(c) **Balance.** The balance of the Purchase Price is $4,320,000.00.

(d) **Personal Property.** "Personalty" is the following personal property, to the extent existing in the Apartment: the refrigerators, freezers, ranges, ovens, built-in microwave ovens, dishwashers, garbage disposal units, cabinets and counters, lighting fixtures, chandeliers, wall-to-wall carpeting, plumbing and heating fixtures, central air-condition and/or window or sleeve units, washing machines, dryers, screens and storm windows, window treatments, switch plates, door hardware, and mirrors. Excluded from the sale are all furniture, mounted TV's and mounting brackets, and decorative items such as paintings.

(e) **Obligations.** Seller is not obligated to install any equipment or appliances in the Apartment. Seller is obligated to deliver at closing the appliances, plumbing/electrical systems and fixtures as well as heating and air conditioning in working order. Seller is obligated to remove all furniture, furnishings and other personal property not included in the sale and repair any damage caused by such removal.

(f) **Liens.** Seller is obligated to satisfy or remove any mortgage or consensual liens against the Property including any involuntary monetary liens or judgments against the Property.

(g) **Right of First Refusal.** If so provided in the Declaration or By-Laws, the sale is subject to and conditional upon the waiver of the right of first refusal to purchase the Property by the Residential Board.

### E. Real Estate Commission

20. Compass is the Liquidating Trustee's real estate broker. The real estate broker for the Buyer is Bryan Cushman. Pursuant to the Agreement and terms, the Seller is responsible for paying the commission of 6% which sum is split equally between the buyer and seller's broker. Compass was engaged to market the Property for sale in exchange for a commission and successfully solicited competing offers for the Property. The split of the commission is standard practice in the residential real estate market in Manhattan. Accordingly,

real estate commissions of $288,000 are owed in accordance with the Agreement (6% of $4,800,000). In support of Compass' request for compensation, the Liquidating Trustee relies on the Affidavit of Wesley Stanton, attached hereto as **Exhibit B**.

**RELIEF REQUESTED**

21. By this Motion, the Liquidating Trustee seeks entry of an order pursuant to sections 105(a), 330, and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004 and Local Bankruptcy Rules 6004-1 and 6005-1, authorizing (i) the sale of the Property free of liens, claims, and encumbrances pursuant to the terms of the Agreement and (ii) payment of the State Court Judgment of approximately $463,369.16, (subject to proof at the hearing) at closing and, (iii) payment of commission earned by the real estate brokers, Compass and Brain Cushman, upon the closing of the sale of the Property, and without further application to this Court, in the amount of $288,000.

**BASIS FOR RELIEF REQUESTED**

**A.     The Sale of the Property is Proper Under Sections 105(a) and 363(b)**

22. Ample authority exists for approval of the proposed sale. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides, in relevant part that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts in the Second Circuit and others, in applying section 363, have required that the sale of a debtor's assets be based on upon the sound business judgment of the Liquidating Trustee. *See Official Comm. of Unsecured Creditors v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141 (2d Cir. 1992) (holding that a judge

reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same). Once a Court is satisfied that there is a sound business justification for the proposed sale, the Court must then determine whether (i) the Liquidating Trustee provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. *In re Betty Owens Sch., Inc.*, No. 96 Civ. 3576 (PKL), 1997 U.S. Dist. Lexis 5877, at *11-12 (S.D.N.Y. Apr. 16, 1997); *accord In re Del. and Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991); *In re Decora Indus., Inc.,* Case No. 00-4459 JJF, 2002 WL32332749, at *3 (D. Del. May 20, 2002).

23. The Liquidating Trustee's sale or use of property of the estate outside the ordinary course of business should be approved by the Court if he can demonstrate a sound business justification for the proposed transaction. *See, e.g., Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070-71 (2d Cir. 1983); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670 (Bankr. S.D.N.Y. 1989); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991). For the reasons set forth herein, the Liquidating Trustee has concluded that sale of the Property pursuant to the terms of the Agreement is warranted under section 363(b).

**B. The Liquidating Trustee Provided Interested Parties with Adequate and Reasonable Notice**

24. Throughout the sale process, the Liquidating Trustee has consistently consulted with the Liquidating Trust Oversight Board. In addition, the Liquidating Trustee is providing notice of this Motion in accordance with Bankruptcy Rule 2002 and pursuant to an order of the Court. As such, parties in interest will have adequate and reasonable notice of the proposed sale.

### C. The Terms of the Sale are Fair and Reasonable

25. A sale of the Property through a private sale (as opposed to an auction) is fair and reasonable under the circumstances. The Property is considered high-end for the Battery Park market, which required marketing across public platforms but in a focused effort through agents and private buyers given the pricing of the Property. The marketing process resulted in multiple offers by qualified buyers. The Liquidating Trustee desired that the Property be competitively priced such that it not sit on the market for an inordinate period of time and stagnate. Pricing was an important factor in realizing the highest and best value. The Liquidating Trustee, as appropriately advised by the Broker, considered comparable sales and priced the Property correctly in order to solicit multiple bids. Under the circumstances, the Purchase Price, the strength of the financials of the prospective purchaser and the absence of financing contingencies reflects the highest and best sale price for the Property. The Liquidating Trustee, or his agent, have no pre-existing relationship or prior dealings with the prospective buyer. Buyer and seller were both represented by real estate counsel and the contract was negotiated at arms' length in good faith over the course of a number of weeks. Moreover, the Liquidating Trustee continues to incur costs to maintain the Property by paying common charges and other costs associated with the Property. A sale will put an end to those costs. Based on the foregoing, it is clear that the Liquidating Trustee properly exercised his business judgment when he entered into the Agreement.

### D. Sale of the Property Should be Free and Clear of Liens, Claims and Encumbrances Under Section 363(f)

26. Pursuant to section 363(f) of the Bankruptcy Code, the Liquidating Trustee seeks authority to sell and transfer the Property free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the sale of the Property, subject to any rights and defenses of the Liquidating Trustee with respect thereto. Section 363(f) of the Bankruptcy Code provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> 1. applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> 2. such entity consents;
>
> 3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> 4. such interest is in bona fide dispute; or
>
> 5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

27. The Residential Board maintains a judgment and lien of common charges as recorded against the Property on May 31, 2018. As the Court is aware, the Residential Board has requested notice of all pleadings in the Adversary Proceeding and has been present for many of the hearings. The Residential Board asserts that the unpaid base common charges, electric charges, legal fees/expenses, late fees and PILOT charges (Payment in lieu of taxes) were $463,369.16 as of March 2, 2021. *See* **Exhibit D** attached hereto. The Plaintiff has met and conferred with the Residential Board and will meet prior to the hearing on this Motion in good

faith to attempt to resolve any issues with or disputes regarding the outstanding fees.[3] The purchase price for the Property is more than adequate to satisfy the Board Lien in full. The Liquidating Trustee has reviewed the Board Lien and does not dispute the Residential Board's right to be paid outstanding common charges. The Liquidating Trustee will continue to review and assess the amount of certain fees and expenses sought by the Residential Board. The Board Lien will attach to the proceeds of the Sale of the Property. Subject to any dispute as to propriety of any charges, the Residential Board is more than adequately protected because the net sale proceeds are almost ten (10) times more than the amount of the Board Lien.

28. On September 24, 2020 the Plaintiff recorded a Lis Pendens against the Property. Plaintiff will release the attachment as a condition to the sale of the Property.

29. The Liquidating Trustee is not aware of any other liens asserted against the Property. However, to the extent that the Property may be subject to liens and/or interests asserted by third parties, the Liquidating Trustee disputes the validity and priority of any such assertion(s). As such, the sale of the Property should be free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

**E.     The Requested Compensation Should be Allowed**

30. The Liquidating Trustee acknowledges that the Plan does not require Court approval for payment of professional fees. However, in an abundance of caution, the Liquidating Trustee seeks to disclose the broker's commission ("**Commission**") and seek approval thereof given Mr. Parmar's appeal of the Summary Judgment Order. Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

---

[3] The Liquidating Trustee continues to pay the monthly common charges associated with the Property since March 1, 2021, as the owner of the Property.

> (a) reasonable compensation for actual, necessary services rendered by the trustee, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (b) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

31. In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

32. The Liquidating Trustee respectfully submits that both the seller's and buyers' agents have satisfied the requirements for the allowance of the Commission sought herein. Compass's real estate brokerage services, at the time they were provided, were necessary and beneficial to the Liquidating Trustee's administration of a significant asset in the bankruptcy case. The Commission sought by Compass of 6%, to be split between buyer/seller's agents, is reasonable because it is based on the customary compensation charged by comparably skilled

real estate agents in this market. Furthermore, the Commission is reasonable because Compass marketed the Property, solicited competing bids, and the Property is under contract for sale for $4,800,000 as an all cash bid which the Liquidating Trustee believes is fair and reasonable for the Property given the size, condition and amenities relative to comparable sales in the same area. In this market and at this price point, a risk exists in allowing a property to be overpriced and languish on the market. (*See* Stanton Decl. at §5)

33. All services for which Compass requests compensation were performed for or on behalf of the Liquidating Trustee in connection with the Property only. Compass and the buyer's agent fees are limited to its request for compensation to the commission.

34. Other than Compass' obligation to share the commission with the Buyer's broker, there is no agreement or understanding between Compass and any other person other than the partners, members, agents or employees of Compass for the sharing of compensation to be received for services rendered in the Orion Case. No retainer was issued in the present case.

35. Pursuant to the terms of the Agreement, the Commission is earned upon the closing of the sale of the Property. For purpose of judicial efficiency, the Liquidating Trustee submits this Motion, seeking recognition that the Commission is earned and payable upon the closing of the sale of the Property, without further application to this Court.

36. Accordingly, approval of the Commission and authorization to pay the Commission at closing are warranted.

## NOTICE

37. Notice of this Motion has been given to (a) the U.S. Trustee; (b) counsel to each of the Debtors;(c) counsel to Mr. Parmar and the Parmar Entity (d) counsel to the Buyer, and (e) all parties that are entitled to notice of this Motion in these Cases. In light of the nature

of the relief requested herein, the Liquidating Trustee submits that no other or further notice is required.

## **NO PRIOR REQUEST**

38. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Liquidating Trustee requests that this Court enter an order, substantially in the form attached hereto as **Exhibit E** authorizing the sale of the Property free and clear of any and all liens, claims, and encumbrances and grant such other and further relief as is just and proper.

Dated: May 11, 2021  
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey P. Nolan*
Ilan D. Scharf
Jeffrey P. Nolan (admitted *pro hac vice*)
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel Howard M. Ehrenberg, In His Capacity As Liquidating Trustee of Orion Healthcorp, Inc., et al.*