UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Orion HealthCorp, Inc. | : | Case No. 18-71748 (AST) |
| Constellation Healthcare Technologies, Inc. | : | Case No. 18-71749 (AST) |
| NEMS Acquisition, LLC | : | Case No. 18-71750 (AST) |
| Northeast Medical Solutions, LLC | : | Case No. 18-71751 (AST) |
| NEMS West Virginia, LLC | : | Case No. 18-71752 (AST) |
| Physicians Practice Plus, LLC | : | Case No. 18-71753 (AST) |
| Physicians Practice Plus Holdings, LLC | : | Case No. 18-71754 (AST) |
| Medical Billing Services, Inc. | : | Case No. 18-71755 (AST) |
| Rand Medical Billing, Inc. | : | Case No. 18-71756 (AST) |
| RMI Physician Services Corporation | : | Case No. 18-71757 (AST) |
| Western Skies Practice Management, Inc. | : | Case No. 18-71758 (AST) |
| Integrated Physician Solutions, Inc. | : | Case No. 18-71759 (AST) |
| NYNM Acquisition, LLC | : | Case No. 18-71760 (AST) |
| Northstar FHA, LLC | : | Case No. 18-71761 (AST) |
| Northstar First Health, LLC | : | Case No. 18-71762 (AST) |
| Vachette Business Services, LTD. | : | Case No. 18-71763 (AST) |
| MDRX Medical Billing, LLC | : | Case No. 18-71764 (AST) |
| Vega Medical Professionals, LLC | : | Case No. 18-71765 (AST) |
| Allegiance Consulting Associates, LLC | : | Case No. 18-71766 (AST) |
| Allegiance Billing & Consulting, LLC | : | Case No. 18-71767 (AST) |
| Phoenix Health, LLC, | : | Case No. 18-71789 (AST) |
| New York Network Management, LLC | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------------------- x

**REPLY TO TRUSTEE'S REPLY IN SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF APARTMENT 12J LOCATED AT 2 RIVER TERRACE, NEW YORK, NEW YORK, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

COMES NOW, 2 River Terrace Apartment 12J LLC, by and through undersigned counsel Maryam N. Hadden, Esq., replying to the Reply in Support submitted by the Trustee [Docket No. 960] in response to the Opposition filed by 2 River Terrace Apartment 12J LLC [Docket No. 956] in opposition to the Trustee's Motion For Entry of an Order Authorizing the Sale of Apartment 12J Located at 2 River Terrace, New York, New York, Free and Clear of Liens, Claims and Encumbrances [Docket No. 929] for the reasons set forth below.

2 River Terrace Apartment 12J LLC (hereinafter "2 River") recognizes that in the ordinary course, no sur-reply is necessary but notes that it is not forbidden under the Bankruptcy Rules and that certain of the Trustee's statements require a brief response.

## STATEMENT IN REPLY

1.  Throughout the Trustee's Reply, the Trustee notes that 2 River did not previously seek a stay pending the appeal of this Court's Summary Judgment Order, referring to the current stay application as an "11th hour" stay. Yet nowhere within the Reply does the Trustee acknowledge his position in the District Court appeal that the Summary Judgment Order was not a final, appealable order. 2 River, rather than trying to cause excess filings as the Trustee claims, did not seek a stay in mistaken reliance upon that position. Once it became clear that the Trustee was actively attempting to sell the asset despite his announced position that the order transferring the apartment to the estate was not final, 2 River moved for a stay to protect its interest.

2.  The Trustee bases the argument in support of the sale in large part on the outstanding judgment against the apartment, yet ignores the surrounding factors leading to that judgment – including the fact that the LLC's manager was barred from the lawful use and access of the apartment beginning in 2018, at a potential cost to the LLC far higher than the Board's fees, and the fact that the LLC's manager has actively opposed any proposed Sheriff's sale and the

initial lien on the property from the Department of Justice.[1]

3.   The Trustee cites to the May 4, 2021 stipulation regarding the removal of personal property from the premises [Docket No. 942] in support of the claim that 2 River's opposition to the planned sale is a "diversion." This argument is unsupported by either the plain language of the stipulation or common sense. The fact that 2 River's manager wished to preserve his personal property from the Trustee's Motion to Abandon [Docket No. 929] and – again – to reduce time and funds spent in litigation and so therefore entered into a stipulation does *not* somehow equate to the effective abandonment of 2 River's appeal of this Court's grant of Summary Judgment. Nor can the Trustee reasonably contend that the sale of Apartment 12J would do anything other than render the appeal a moot exercise at the LLC's expense, as 2 River would be barred by the Bankruptcy Code from appealing the sale of the Apartment once it has been completed.

4.   Contrary to the Trustee's claim under Argument A of the Reply that he is not obligated to seek approval of the sale of the property from this Court, considering the manner in which the Trustee has chosen to engage in the sale process – forgoing a public auction and apparently marketing the property to private buyers – the Sale Guidelines adopted by the Bankruptcy Court of the Eastern District of New York contemplate that such a sale be noticed and that the Motion to Sell should set forth the reasons for proceeding in this manner (indeed, the Trustee's Motion to Sell seems to comply with this interpretation).

5.   The Trustee emphasizes that no formal lease of tenancy exists between the Trustee and 2 River. However, 2 River made no such claim; rather, it was 2 River's assertion that the Trustee by his actions had *effectively* become a landlord. Again, the thrust of this argument is not

---

[1] Apartment 12J was dropped from a New Jersey District Court *in rem* proceeding on June 5, 2020, and abandoned as a potential property for forfeiture in the pending New Jersey District Court criminal indictment by the Department of Justice on May 12, 2021, the day before the Trustee's Motion was filed in this Court.

whether 2 River is being properly evicted by a *de facto* landlord, but whether the Bankruptcy Court is the proper forum for this issue to be determined. 2 River submits that it is not.

6. Finally, the Trustee both complains that 2 River should have requested a stay pursuant to Rule 8007 immediately after filing its notice of appeal – despite the Trustee's position that the order being appealed from was not final – and complains that 2 River is needlessly expending estate resources by opposing the Motion to Sell. This argument again tries to argue both sides. Having received a notice of appeal within a week of the issuance of the Court's Summary Judgment Order, the Trustee can hardly claim to be unaware that 2 River remained actively engaged in disputing ownership of the apartment. Yet in spite of that knowledge, the Trustee chose to spend estate assets on: retaining a real estate agent, filings to ensure that 2 River's personal property was removed, entering into contract with a buyer, and then filing the Motion to Sell seeking the Court's approval of its actions. Each of these expenditures was initiated by the Trustee despite his stated position that the Order was not final. Having taken all of these actions and then served a Motion seeking approval of them – in the main bankruptcy case where 2 River is not a party rather than in the adversary proceeding in which 2 River is a Defendant – the Trustee can hardly call foul when 2 River is now forced to enter into what would otherwise have been an unnecessary Rule 8007 application.

7. Bankruptcy Rule 8007 explicitly allows for the filing of an application for a stay after the notice of appeal but does not specify a set time frame for the stay application. Where, as here, the filing of an application pursuant to Rule 8007 is necessitated by occurrences that took place after the notice of appeal had been filed, a later application is not merely permissible but a reasonable use of resources. Here, as noted in further detail in 2 River's Opposition, the four factors supporting a stay weigh heavily in favor of a stay being granted: 1) irreparable harm to 2

River is clear in the absence of a stay; 2) substantial injury to another party, to the extent that any can be argued, was brought upon the estate by the Trustee's actions[2]; 3) 2 River has demonstrated a substantial likelihood of success on appeal[3]; and 4) the public interest in this matter is served by allowing the appellate process to continue in an effective manner.

## CONCLUSION

For the reasons and arguments set forth both above and in the Opposition filed on May 27, 2021, 2 River Terrace Apartment 12J LLC prays this Court deny Trustee's Motion For Entry Of An Order Authorizing the Sale of Apartment 12J Located at 2 River Terrace, New York, New York, Free and Clear of Liens, Claims and Encumbrances.  Moreover, 2 River Terrace Apartment 12J LLC asks that this Court grant a Stay of the Order Granting Summary Judgment pending the resolution of the District Court Appeal.

Dated:  June 2, 2021                                    By:   /s/Maryam N. Hadden
                                                                                Maryam N. Hadden, Esq.
                                                                                Parlatore Law Group, LLP
                                                                                One World Trade Center, Suite 8500
                                                                                New York, New York   10007
                                                                                Maryam.hadden@parlatorelawgroup.com
                                                                                (646)846-6382

                                                                                *Attorney for*
                                                                                *2 River Terrace Apartment 12J LLC*

---

[2] Even the claim that the Board's state court judgment is a harm to the estate is one created by the Trustee's choice to assume that debt by moving to claw back an asset purchased more than two years before the filing of the bankruptcy, while inexplicably leaving untouched transfers of equal or higher value made much closer in time to the bankruptcy, such as those to John Altorelli or Chinh Chu which were made without any contractual obligations and unburdened by judgments such as the Board's.

[3] The Trustee spends more space arguing this factor than any other, perhaps because he is speaking to the forum being appealed; yet, in light of the fact that this Summary Judgment ruling made a determination as to solvency before discovery had taken place, in the absence of any expert valuation, and over the vigorous opposition of 2 River which had argued more than 50 million dollars in expenditures by the Debtors after February of 2016 (including the loans paid off, subsidiaries acquired, $5,000,000 contributed to CC Capital's costs at the closing of the Go Private Transaction, and other items set forth previously) there is a high probability of success in the District Court.