UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Orion HealthCorp, Inc., *et al.* | : | Case No. 18-71748-67 (AST) |
|  | : | Case No. 18-71789 (AST) |
|  | : | Case No. 18-74545 (AST) |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------------x
| Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, | : |  |
|  | : |  |
|  | : | Adv. Pro. No. 20-08051 (AST) |
| Plaintiffs, | : |  |
| v. | : |  |
|  | : |  |
| Elena Sartison, *et al.*, | : |  |
|  | : |  |
| Defendant. | : |  |

-------------------------------------------------------------x

## ORDER SETTING TRIAL BY VIDEO CONFERENCE
## AND ESTABLISHING RELATED DEADLINES

In accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rule of

Bankruptcy Procedure 7016, and Eastern District of New York Administrative Order No. 2020-22

et seq. re: Restrictions on Visitors to Courthouses, and in order to protect the health and safety of

the public, the Court hereby **ORDERS** as follows:

**Trial Date and Time Limits:**

1.      Trial of the Liquidating Trustee's Motion to Sell Property of the Estate [main case dkt 949] in the above matter is scheduled for **June 16, 2021 at 2:00 p.m. EST.** The Liquidating Trustee / Plaintiff will be given sixty (60) minutes, and 2 River Terrace / Defendant will be given sixty (60) minutes to present all argument and evidence. Plaintiff may reserve a portion of this time for rebuttal.

**Pleadings:**

2.      All motions requesting relief in the adversary proceeding No. 20- 8051 related to a final judgment under FRCP Rule 54(b) or for a stay pending appeal under Bankruptcy Rule 8007 must be filed no later than **June 9, 2021 at 5:00 p.m. EST**; any response must be filed no later than **June 14, 2021 at 12:00 p.m. EST.**

**Direct Testimony by Affidavit:**

3.      The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than **June 9, 2021 at 5:00 p.m. EST**; copies of the filed Affidavits shall be served upon the opposing party (or parties) by facsimile, electronic mail, or first class mail simultaneously with the filing of same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the trial for cross-examination.

Any objection to any portion of a witness affidavit, including evidentiary objections, shall be filed no later than **June 14, 2021 at 12:00 p.m. EST**.

Nothing contained herein, however, shall limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure.

**Exchange of exhibits:**

4.      On or before **June 9, 2021 at 5:00 p.m. EST**, the parties shall exchange:

   (A)   The name, address, and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and identifying those witnesses for whom an affidavit of direct testimony has been filed;

   (B)   A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony;

   (C)   A list of witnesses intended to be called as experts along with a summary of their qualifications, together with any statement(s) as to an objection to their qualification, and identifying those expert witnesses for whom an affidavit of direct testimony has been filed;

   (D)   An appropriate identification (prenumeration) of each document or other exhibit, including witness affidavits, other than those to be used for impeachment or rebuttal, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises. Exhibits tendered by Plaintiff(s) shall be marked numerically, and exhibits tendered by Defendant(s) shall be marked alphabetically. If exhibits tendered by respondent(s) exceed twenty-six (26) in number, they shall be labelled A-1 through Z-1, then A-2 through Z-2, and so forth. Custody exhibits shall conform to EDNY Local Bankruptcy Rule 9070-1.;

5.      Any objection to any exhibit shall be filed no later than **June 14, 2021 at 12:00 p.m. EST**.

**Video Conference:**

6.      The Trial will take place on the Zoom platform, which provides for full video conference capacity as well as for separate audio only capacity. The following is the attendance link for the Trial:

https://www.zoomgov.com/j/16128361380?pwd=K3VpQURKUnNSYmlDZFprQUF0L0pDUT09

All parties are to log in or dial in to the Trial no less than **thirty (30) minutes** prior to the Trial and place their audio lines on mute. Please consult your IT personnel if you have any problems registering or logging in for the Trial. For additional help see information posted on Judge Trust's procedures web page.

**Prior Notice of Intent to Participate; Limit on Participation by Video; Telephone participation:**

7.      In addition to registering for the Trial, all persons wishing to participate in the Trial by video shall send an email to ast_hearings@nyeb.uscourts.gov at least two (2) **business days** in advance of the Trial to identify the parties that will appear. Such email shall state in the Re section the adversary and/or main case number(s) in which the party(s) shall participate, and the date of the Trial; the body of the email shall include the full name and electronic mail address of the proposed participant(s) and the party(s) represented, and whether the party shall appear by audio only or by audio and video. The parties are directed to limit video conference participation to those who are necessary to address the Matters. If the number of persons wishing to participate in the video conference, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the Trial by video conference, the Court may require that certain persons be permitted to participate in the Trial only by audio.

**Public Access:**

8.      This is a public hearing.

**Conduct During Trial:**

9.      No person shall communicate with a witness during his or her testimony, except by direct examination or cross examination on the record, unless specifically authorized by the Court.

Although conducted using video conferencing technology, the Trial is a court proceeding. The formalities of the courtroom shall be strictly observed. Counsel and witnesses who appear on the video shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. In the interest of public safety, counsel and witnesses are directed to refrain from participating either by audio or video while operating a vehicle. At all times when not addressing the Court, counsel and witnesses are directed to place the connection on "mute" to prevent background noise from being heard. When speaking, you must announce who you are each time before speaking, speak up and enunciate so that you can be heard and

understood. In addition, the parties are to avoid the use of a speaker phone (use a landline if possible).

The Court reserves the right to remove from the Trial any participant who fails to observe the formalities and decorum of the courtroom by disconnecting his or her line and/or video feed after due warning by either Judge Trust or his Courtroom Deputy. Such person will not be permitted reentry for the remainder of the Trial.

**Recording Prohibited; Official Record:**

10. No person may record the proceedings from any location by any means. The audio recording maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the Trial.

**Remote Witness Testimony:**

11. In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic and the requirements of Eastern District of New York Administrative Order No. 2020-05 et seq. merits application of this rule with regard to all witnesses who may testify in this matter. Each remote witness called to testify or subject to cross-examination in this matter shall be permitted to testify by contemporaneous transmission from a different location by video conference, as provided in this Order. The Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court, in person, in open court.

**Requirements for Allowance of Remote Testimony:**

12. As additional safeguards for the allowance of remote testimony, the party sponsoring each remote witness shall file with the Court, no later than **June 14, 2012 12:00 p.m. EST**, a Witness List for the Trial containing the following information for each potential remote witness (including any potential rebuttal witness):

    (A) Her or his name and title (if applicable).

        i. Subject matter(s) on which the remote witness will provide testimony.

        ii. The city, state, and country where the remote witness will be located while testifying.

        iii. The type of place from which the remote witness will testify, such as a home or an office. No addresses are required.

        iv. Whether anyone will be in the room with the remote witness during

> the testimony and, if so, for each such person, the person's name, title, relationship to the remote witness, and the purpose for being present with the witness.
>
> v. Whether the remote witness will have access to any documents other than exhibits that have been provided to the Court and the parties and, if so, identifying each such document.

**Responsibility for Remote Witnesses:**

13. The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has obtained the password-protected link to the video conference, has obtained all exhibits prior to the Trial, has obtained the Zoom attendance link provided for the Trial, and has equipment and internet service sufficient to permit participation in the Trial.

**Submission of Exhibits to the Court:**

14. No later than **June 14, 2012 12:00 p.m. EST**, each party shall provide to the Court a complete set of the exhibits provided to opposing counsel. The Court's sets of exhibits shall be sent via email by each party to ast_hearings@nyeb.uscourts.gov, and the email transmission shall in the Re line include: Exhibits submitted by [party] for Trial on [date] in case [name and number]. The exhibits so delivered shall constitute the official exhibits in this matter.

**Each party shall create a single, <u>searchable</u>, non-password protected PDF document labeled with the name of the submitting party, with each exhibit labeled with the exhibit number or letter as required by this Order; each exhibit must be accessible by a master exhibit list at the front of or as a side tab of the PDF document older. Each combined PDF document shall not exceed 50MB in size.**

**Compliance with Rule 9037:**

15. All papers submitted to the Court, including exhibits, must comply with Bankruptcy Rule 9037.

**Final Argument:**

16. At the conclusion of the Trial, in lieu of final argument, the Court may request that each party file a post-trial brief with proposed findings of fact and conclusions of law.

**Settlement:**

17. If the Matters are settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same no less than **five (5) business days** prior to the date of the Trial, along with an email to ast_hearings@nyeb.uscourts.gov, notifying the Court of the proposed settlement. **If a stipulation and motion are not timely submitted to the Court, all parties shall be prepared to proceed with the evidentiary Trial.** If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will

not be reset for Trial if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for Trial at a later date.

**Sanctions:**

18. Failure to appear at the Trial or to comply with any provision of this Order may result in appropriate sanctions in accordance with Bankruptcy Rules 1001, 7016, 7037 and 9014, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of any of the Matters.

**Continuances:**

19. Continuances of the Trial or any deadlines set forth in this Order must be requested by written motion. Any request for continuance or amendment to this order shall set forth the status of discovery and shall state the reasons why the party or parties seek a continuance.

**Service:**

20. Plaintiff shall serve a copy of this Order on all appropriate parties within **two (2) business days** following entry of this Order and file a certificate of service thereof within **two (2) business days** thereafter, as required by this Court's Local Rules.



**Dated: June 4, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**