UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

|   |   |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 8-18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |

_____

**DECLARATION OF HOWARD EHRENBERG IN SUPPORT OF LIQUIDATING
TRUSTEE'S (I) MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE
OF APARTMENT 12J LOCATED AT 2 RIVER TERRACE, NEW YORK, N.Y. FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND (II) APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PAYMENT TO
THE RESIDENTIAL BOARD AND OF SALES COMMISSION UPON CLOSING**

I, Howard M. Ehrenberg hereby declare under penalty of perjury:

1.	I am the Liquidating Trustee of the Orion Liquidating Trust (the "**Trust**")

pursuant to the *Debtors' Third Amended Joint Plan of Liquidation* (the "**Plan**").  I make this

Declaration in support of the *Liquidating Trustee's (I) Motion for Entry of an Order Authorizing

the Sale of Apartment 12J Located at 2 River Terrace, New York, N.Y. Free and Clear of Liens,

Claims and Encumbrances and (II) Application for Entry of an Order Authorizing and

Approving Payment to the Residential Board and of Sales Commission at Closing* (the "**Sale**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition,
LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice
Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand
Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc.
(1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC
(unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC
(0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting
Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC
(7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North,
Suite 303, Middletown, NJ 07748.

**Motion**")[Docket No. 949].[2]  I make this Declaration solely in my capacity as Liquidating Trustee and not in any other capacity.  Unless otherwise stated, I make this Declaration based on my personal knowledge and the books and records of the Liquidating Trust.

2.  I am a partner of Sulmeyer Kupertz, PC, and have specialized in the practice of bankruptcy law since 1986.  Since 1995, I have been a member of the Chapter 7 panel of trustees for the Central District of California.  I have been appointed liquidating trustee in various chapter 11 cases.  I have been involved in the sale of hundreds of pieces of property either in my capacity as counsel or as trustee.

3.  On September 20, 2019, the Supreme Court of the State of New York, County of New York, issued a default judgment in favor of the Residential Board of Managers of the Riverhouse One Rockefeller Park (the "**Residential Board**") against 2 River Terrace Apartment 12J, LLC (the "**Parmar Entity**"), in the amount of $200,193.04 (the "**State Court Judgment**") (*See* Sale Motion, Exhibit A).  The Judgment consisted of accrued common charges for the Property, including real property taxes, electricity, and pilot fees which remained unpaid, month to month, from approximately February 2018 to February 2021, as well as interest, penalties and associated legal fees.[3]  In my capacity as Liquidating Trustee, I obtained possession of the Property as of March 1, 2021 (the "**Possession Date**"), at which time the Liquidating Trust began paying for charges and costs of the Property incurred as of or after the Possession Date, including common charges, real estate pilot fees, and electricity.  The Residential Board

---

[2] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

[3] Beginning March 2021, the Liquidating Trustee paid the monthly common charges owed to the Residential Board associated with the Property.

maintains that not less than $469,492 was owed by the Parmar Entity, the Liquidating Trust and/or any other owner of the Property as of June 1, 2021. *See* Exhibit 1 hereto. The funds owed to the Residential Board are subject to a lien (the "**Board Lien**") asserted by the Board.

4.      The Liquidating Trust has paid all common charges incurred since the Possession Date, and I expect those charges to continue to be incurred every month until the Property is sold. The common charges billed to the Liquidating Trust in Exhibit 1 were approximately $12,580.91 for the prior month. The monthly charges have varied from approximately $7500 to the past month which was higher dues to a special assessment being levied. I do not have an agreement with the Board to resolve charges due before the Possession Date, therefore there is a possibility that the Residential Board will take legal action to enforce its rights against the Property. This would likely adversely impact the value of the Property. A sale of the Property will (a) allow the Liquidating Trust to cease paying common charges, and (b) to provide funding to satisfy the Board Lien and resolve a significant pending issue.

5.      In deciding to sell the Property and accept the Buyer's offer, I balanced the need for an expeditious sale against the ongoing costs of maintaining the Property, as well as the possibility that the Residential Board would seek to undertake its Sherriff's Sale notwithstanding that such a sale would likely fail to maximize value. I also considered these issues in light of the impact of the Covid-19 pandemic on real estate prices in New York City and the market in Battery Park.

6.      On or about February 10, 2021, I retained Compass ("**Compass**"), a national real estate company, and specifically The Stanton Hoch Team, who are familiar with the Manhattan residential real estate market. (*See* Motion, Exhibit B,). Based on Compass's advice,

the continued cost of the Property, and my experience, I determined that a private sale strategy would maximize the value of the Property. Compass' advice in this regard was based on various factors, including without limitation, the market conditions at the time of the listing, the nature of the Property, the building in which the Property is located, the likely pool of buyers for the Property, and experience of Compass agents where buyers for similar residential real estate declined to participate in multiple bidder sales or auctions for properties in the same market as the Property. It is my understanding that there is no objection to the amount of compensation sought by Compass. In my experience the compensation sought by the professionals is reasonable and at the market rate for similar services.

7.     Through Compass, I received multiple offers for the Property. With Compass's advice, I assessed the merits of each offer by reviewing, among other things, (a) the amount of the offer, (b) whether the offer was subject to financing or other contingencies, (c) whether the offeror had provided required financial disclosures, and (d) financial information disclosed by the offeror. I determined that the Buyer's offer was higher and better than any other offer since it was, in fact, the highest offer and is an all cash offer with no financing contingency

8.     Neither I nor the Debtors are related to or affiliated with the Buyer. The Buyer and I were each represented by separate counsel and real estate professionals such that the transaction contemplated with the Buyer is an arms-length. negotiation between the parties. Based on the totality of the circumstances, it is my opinion that the purchase price offered is fair and equitable, and the result of an arms' length negotiation informed by multiple bids for the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 9, 2021                    */s/ Howard Ehrenberg*_____
                                       Howard Ehrenberg