Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

**Hearing Date:  July 14, 2021, at 10:00 a.m.
(prevailing Eastern Time)
Objection Deadline:  July 7, 2021, at 4:00
p.m. (prevailing Eastern Time)**

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,
Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

1

## NOTICE OF HEARING ON MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES

**PLEASE TAKE NOTICE** that, concurrently herewith, Howard M. Ehrenberg (the "Liquidating Trustee"), in his sole and exclusive capacity as Liquidating Trustee of the *Liquidating Trust Agreement* (the "Liquidating Trust"), as successor to Orion HealthCorp, Inc., et al. (collectively, the "Debtors"), has caused to be filed the *Motion of Liquidating Trustee for Entry of Final Decree Closing Certain Chapter 11 Cases* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a telephonic hearing (the "Hearing") to consider the relief requested in the Motion will be held before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, Courtroom 960, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Bankruptcy Court"), on **July 14, 2021, at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that, in order to attend the Hearing, in accordance with the Bankruptcy Court's rules and procedures, all parties must email the Courtroom Deputy at: ast_hearings@nyeb.uscourts.gov at least 24 hours in advance of the scheduled hearing to identify the parties that will appear. All attorneys must also identify the party the attorney represents. In order to attend the Hearing, the dial in number is (888) 808-6929 and the access code is 2181522. The Court's relevant rules and procedures for attending the Hearing are set forth more fully at https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for Eastern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, shall be filed with the Bankruptcy Court electronically in accordance with General Order 559 (the

2

"General Order") (which can be found at www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system, and shall be served upon the undersigned counsel for the Liquidating Trustee at (i) Duane Morris LLP, 230 Park Avenue, Suite 1130, New York, NY 10169, Attn: Christopher R. Belmonte, Esq. (crbelmonte@duanemorris.com) and Pamela A. Bosswick, Esq. (pabosswick@duanemorris.com), and (ii) **SULMEYER**KUPETZ, A.P.C., 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406, Attn: Daniel A. Lev, Esq. (dlev@sulmeyerlaw.com) and Matthew P. Kelly, Esq. (mkelly@sulmeyerlaw.com), and shall be filed with the Clerk of the Bankruptcy Court so as to be received no later than **July 7, 2021, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline")**.**

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED AND RECEIVED BY THE OBJECTION DEADLINE IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: June 8, 2021
　　　　New York, New York

　　　　　　　　　　　　　　Respectfully submitted


　　　　　　　　　　　　　　By:  */s/ Christopher R. Belmonte*＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　Christopher R. Belmonte
　　　　　　　　　　　　　　　　　Pamela Bosswick
　　　　　　　　　　　　　　　　　DUANE MORRIS LLP
　　　　　　　　　　　　　　　　　230 Park Avenue
　　　　　　　　　　　　　　　　　New York, New York 10169
　　　　　　　　　　　　　　　　　Telephone:  (212) 818-9200
　　　　　　　　　　　　　　　　　Facsimile:  (212) 818-9606
　　　　　　　　　　　　　　　　　Email:　　　CRBelmonte@duanemorris.com
　　　　　　　　　　　　　　　　　　　　　　　PABosswick@duanemorris.com

　　　　　　　　　　　　　　　　　*-and-*

Daniel A. Lev (CA No. 129622)
Matthew P. Kelly (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311
Facsimile:  (213) 629-4520
Email:         dlev@sulmeyerlaw.com
                   mkelly@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating
Trustee*

Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: (213) 626-2311

*Attorneys for Howard M. Ehrenberg,*
*Liquidating Trustee*

**Hearing Date: July 14, 2021, at 10:00 a.m.**
**(prevailing Eastern Time)**
**Objection Deadline: July 7, 2021, at 4:00**
**p.m. (prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

1

## MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF
## FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES

Howard M. Ehrenberg (the "Liquidating Trustee"), in his sole and exclusive capacity as Liquidating Trustee of the *Liquidating Trust Agreement* (the "Liquidating Trust"), as successor to Orion HealthCorp, Inc., et al., (collectively, the "Debtors"), has caused to be filed this *Motion of Liquidating Trustee for Entry of Final Decree Closing Certain Chapter 11 Cases* (the "Motion").  In support of the Motion, the Liquidating Trustee submits his declaration, annexed hereto as **Exhibit A,** and further respectfully represents as follows:

### PRELIMINARY STATEMENT

1.      By this Motion, the Liquidating Trustee seeks the entry of a final decree closing certain of the Debtors' chapter 11 cases.  In sum, since the date this Court entered its order confirming the Debtors' plan, the assets and liabilities of the Debtors are being treated as though they were merged into the Liquidating Trust associated with the confirmation and distributions under the Plan.  As such, the chapter 11 cases listed in *Exhibit B* to this Motion are no longer active cases.  Moreover, since the establishment of the Liquidating Trust, the assets and liabilities of these Debtors were placed into the Liquidating Trust, and the claims are being managed by the Liquidating Trustee independent of the pending chapter 11 cases.  In other words, at this point, the chapter 11 cases listed in *Exhibit B* are mere shell companies with no operations.  While the Liquidating Trustee is actively pursuing the litigation assets of the Debtors through the Liquidating Trust, these chapter 11 cases are, for all intents and purposes, fully administered, and the plan substantially consummated as to their financial affairs.

2.      Accordingly, the Liquidating Trustee requests entry of a final decree closing the chapter 11 cases listed in *Exhibit B*.  All expenses arising from the administration of the fully administered chapter 11 cases, including court fees and fees required under 28 U.S.C. § 1930(a)(6), have been paid as of the date hereof or will be paid prior to the hearing on this Motion.  To the extent that any claims were filed against any of the Debtors included in the list of fully administered and

2

consummated cases, they will be handled as though filed against Orion HealthCorp, Inc. in Case No. 18-71748 (the "Remaining Case"), and will be administered through that single case, which will remain open. Thus, the closing of these cases will in no way prejudice any creditors or other third parties. Given these circumstances, the Liquidating Trustee requests entry of an order and final decree, pursuant to 11 U.S.C. § 350(a), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Bankruptcy Rules"), substantially in the form attached hereto as *Exhibit C,* closing certain of the Debtors' chapter 11 cases.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution.

4.      The Court also has jurisdiction to hear this Motion pursuant to the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan"). *See* Plan, §13.

5.      The statutory predicate for the relief requested here in is 11 U.S.C. §§ 105 and 350(a), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1.

## BACKGROUND

6.      On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the

"Bankruptcy Court").

7.      On July 5, 2018, New York Network Management, L.L.C. commenced its case (the

"NYNM Case" and, collectively with the Initial Chapter 11 Cases, the "Chapter 11 Cases") by filing

a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which Chapter

11 Cases were subsequently jointly administered under Case No. 18-71748 (AST).

8.      On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy

Judge for the Eastern District of New York, presiding, entered an order (the "Confirmation Order")

[Docket No. 701] confirming the Plan.   See Declaration of Liquidating Trustee, Howard M.

Ehrenberg, annexed hereto as *Exhibit A*, at ¶ 2 (the "Ehrenberg Decl.").

9.      On March 1, 2019, the Plan became effective (the "Effective Date"). The Plan

provides, among other things, for the formation of the Liquidating Trust and the appointment of the

Liquidating Trustee on the Plan's Effective Date to oversee distributions to holders of Allowed

Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.

Ehrenberg Decl. at ¶ 3.

10.      The Plan provides that the Liquidating Trustee shall have the authority and

responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating

Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the

Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other

unencumbered Assets of the Debtors' Estates remaining after all required payments have been made

pursuant to the Plan.  Ehrenberg Decl. at ¶ 4.

11.      As of the Effective Date, the Liquidating Trustee was tasked with, among other things,

(a) the establishment and maintenance of any necessary operating, reserve and trust accounts required

---

[1]  Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to, estimation of, and settlements of Claims; (c) the prosecution of any Causes of Action of the Debtors' Estates not otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.  Ehrenberg Decl. at ¶ 5.

12.     Moreover, on the Effective Date, the Debtors transferred all of their rights, titles, and interests to the Liquidating Trust.  In addition, the Confirmation Order approving the Plan clearly described the consolidation of the Debtors into the Liquidating Trust as follows:

> Liquidating Trust. (a) On the Effective Date, the Liquidating Trust shall be established in accordance with Section 6.3 of the Plan, and the Debtors and the Liquidating Trustee are authorized to and shall execute the Liquidating Trust Agreement and shall take all other steps necessary or appropriate to establish the Liquidating Trust in accordance with and pursuant to the terms of the Liquidating Trust Agreement.  The Liquidating Trust Agreement is hereby approved in all respects.  The Plan and the Liquidating Trust Agreement shall govern the management and administration of the Liquidating Trust and the respective rights, powers and obligations of the Liquidating Trustee and the Beneficiaries.  *On the Effective Date, the Debtors shall transfer to the Liquidating Trust all of their right, title and interest in and to the Causes of Action, and the Liquidating Trustee shall be deemed to have been designated as a representative of the Estates pursuant to Bankruptcy Code section 1123(b)(3)(B) to* enforce and pursue the Causes of Action, including the Assigned Causes of Action, objecting to all Claims, resolving all Disputed Claims, and effecting the Distributions to be made under the Plan to the Holders of Allowed Claims in accordance with the terms of the Plan.  Howard M. Ehrenberg is appointed as the Liquidating Trustee, having the powers, rights and responsibilities as set forth in the Liquidating Trust Agreement.  (Emphasis added).

Ehrenberg Decl. at ¶ 6.

13.     Since the inception of the Liquidating Trust, the Liquidating Trustee has operated the Debtors as one unit, subsuming all liabilities, claims, and assets of the Debtors into the Liquidating Trust.  As noted, the Debtors listed in ***Exhibit B*** are non-operational shell companies.  Moreover, paragraph 28 of the Confirmation Order states as follows:

5

> Dissolution of the Debtors. *On the Effective Date and upon the Debtors causing the Liquidating Trust Assets to be transferred to the Liquidating Trust in accordance with section 6.3 of the Plan, the Debtors shall have no further duties or responsibilities in connection with implementation of the Plan.* Upon entry of a final decree closing the Debtors' Chapter 11 Cases, the Debtors shall be deemed dissolved for all purposes in accordance with applicable state law without the need to take any further action or file any plan of dissolution, notice, or application. (Emphasis added)

Ehrenberg Decl. at ¶ 7.

14.     Here, the continuation of the denoted Chapter 11 Cases is unnecessary given the Plan, the Confirmation Order, and the Liquidating Trust.  Currently, the Liquidating Trustee is paying post-confirmation quarterly fees to the Office of the United States Trustee to maintain these cases, even though there no longer is any value to the Debtors, creditors, or the Liquidating Trust in keeping the cases active.  Entering a final decree to close the denoted Chapter 11 Cases will maximize the return to creditors of the Debtors' Estates by eliminating now unnecessary administrative fees and expenses, and creating further efficiencies for the Liquidating Trustee by eliminating certain ministerial acts, such as monthly operating reports, required to keep these cases active.  Ehrenberg Decl. at ¶ 8.

15.     As illustrated, since confirmation of the Plan, the Liquidating Trustee has assumed control over all of the rights, assets, and liabilities of the Debtors through the Liquidating Trust.  The Plan and Confirmation Order clearly contemplate that Debtors have no further duties or responsibilities with regards to the execution of the Plan or the Liquidating Trust.  For all intents and purposes, therefore, the Debtors listed in ***Exhibit B*** have no further responsibilities to the Court, the Liquidating Trust, or creditors.  Ehrenberg Decl. at ¶ 9.

## RELIEF REQUESTED

16.     By this Motion, the Liquidating Trustee requests entry of an order and final decree, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local

Bankruptcy Rule 3022-1, substantially in the form attached hereto as **_Exhibit C_**, closing certain of the

Chapter 11 Cases.

<h3 style="text-align:center"><u>BASIS FOR RELIEF</u></h3>

17.    Section 350(a) of the Bankruptcy Code provides that a case shall be closed "[a]fter an

estate is fully administered and the court has discharged the trustee."  11 U.S.C. § 350(a).  Bankruptcy

Rule 3022, which implements section 350(a) of the Code, further provides that "[a]fter an estate is

fully administered in a Chapter 11 reorganization, the court, on its own motion or on motion of party

in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022; _see also_ E.D.N.Y. LBR

3022-1.

18.    The term "fully administered" is not defined in either the Bankruptcy Code or the

Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the

following non-exclusive factors to be considered in determining whether a case has been fully

administered: (1) whether the order confirming the plan has become final; (2) whether deposits

required by the plan have been distributed; (3) whether the property proposed by the plan to be

transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan

has assumed the business or management of the property dealt with by the plan; (5) whether payments

under the plan have commenced; and (6) whether all motions, contested matters, and adversary

proceedings have been finally resolved.  Fed. R. Bankr. P. 3022, Advisory Committee Note - 1991

Amendment.

19.    Courts have stated that "these factors are but a guide in determining whether a case has

been fully administered, and not all factors need to be present before a case is closed."  _In re SLI Inc.,_

_et al._, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing _In re Mold Makers, Inc._, 124

B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); _see also In re Kliegl Bros. Universal Elec. Stage Lighting_

_Co., Inc._, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the

7

factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

20.      In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case). Section 1101(2) of the Bankruptcy Code defines substantial consummation as follows: (1) transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

21.      The factors under Bankruptcy Rule 3022 and the substantial consummation test are clearly met here. The Confirmation Order became final in 2019. The Liquidating Trustee has received and is managing all of the assets of the Debtors within the confines of, and pursuant to the terms of, the Liquidating Trust. The only remaining vestiges of the Chapter 11 Cases are the cases and fees associated therewith. Moreover, the Liquidating Trustee has managed the remaining litigation assets of the Liquidating Trust, and the Debtors have no operational assets independent of those managed by the Liquidating Trustee. In addition, the Liquidating Trust has commenced payments to creditors consistent with the Plan. All expenses arising from the administration of these cases, including court fees and trustee fees, required to be paid will be paid within thirty (30) days of closure of these cases, if not already paid. Thus, the entry of the final decree in the denoted Chapter 11 Cases is procedurally optimal and makes sense from a practical perspective.

22.      These guiding factors suggest that the cases listed in ***Exhibit B*** are fully administered and substantially consummated. The only factor in this test that is not fully met is the closure of all motions, contested matters, and adversary proceedings. This factor, however, is not dispositive.

*Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee

Note need not be present before the Court will enter a final decree.").  Since the Liquidating Trustee

was appointed, he has acted as the sole source of decisions for the Debtors through the Liquidating

Trust.  All of the management and wind-down decisions have occurred through the Liquidating Trust

which now houses all the assets and liabilities of the dissolved Debtors.  The Liquidating Trustee will

continue to manage these issues and third parties are in no way prejudiced from seeking Court

intervention.  The Advisory Committee Notes address this very issue:

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.  For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

Fed. R. Bankr. P. 3022, Advisory Committee Note - 1991 Amendment.  Furthermore, the Bankruptcy

Court will retain jurisdiction over any issues relating to the Chapter 11 Cases to be closed, including

the resolution of claims and any contested matters or adversary proceedings, given that the Remaining

Case will not be closed.

23.    As such, third parties will continue to have the ability to seek redress from the Court,

rendering moot any argument that they will suffer some form of prejudice if a final decree is entered.

In this regard, the Liquidating Trustee has made a great deal of progress since the approval of the Plan

and the creation of the Liquidating Trust, including the settlement of major litigation assets, the

negotiating of hundreds of claims, and the day-to-day management of the Liquidating Trust.  The

entry of the final decree closing these specific Chapter 11 Cases is a logical and practical extension of

this wind-down.

## NOTICE

24.     The Liquidating Trustee will provide notice of this Motion to (i) the Office of the United States Trustee for the Eastern District of New York and (ii) all parties requesting notice under Bankruptcy Rule 2002.  Considering the nature of the relief requested, the Liquidating Trustee submits that no other or further notice need be given.

## NO PRIOR REQUEST

25.     No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

26.     For these reasons, the Liquidating Trustee respectfully requests that the Court grant the Motion and enter an order and final decree, pursuant to 11 U.S.C. §§ 105(a)  and 350(a), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, substantially in the form attached hereto as ***Exhibit***

*C*, closing the Chapter 11 Cases listed in ***Exhibit B***.

Dated: June 8, 2021
    New York, New York

                        Respectfully submitted


                        By:  */s/ Christopher R. Belmonte*_____
                            Christopher R. Belmonte
                            Pamela Bosswick
                            DUANE MORRIS LLP
                            230 Park Avenue, Suite 1130
                            New York, New York 10169
                            Telephone:  (212) 818-9200
                            Facsimile:   (212) 818-9606
                            Email:       CRBelmonte@duanemorris.com
                                         PABosswick@duanemorris.com

                            *-and-*

                            Daniel A. Lev (CA No. 129622)
                            Matthew P. Kelly (CA Bar No. 224297)
                            **SULMEYER**KUPETZ, A.P.C.
                            333 South Grand Avenue, Suite 3400
                            Los Angeles, California 90071-1406
                            Telephone:  (213) 626-2311
                            Facsimile:   (213) 629-4520
                            Email:       dlev@sulmeyerlaw.com
                                         mkelly@sulmeyerlaw.com

                            *Counsel for Howard M. Ehrenberg, Liquidating
                            Trustee*

**EXHIBIT A**
**(Declaration of Howard M. Ehrenberg)**

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, declare:

1.      I am an attorney duly admitted to practice in the state of California.  I am the duly admitted, qualified, and acting Liquidating Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities").  I make this declaration in support of the foregoing *Notice of Motion and Motion of Liquidating Trustee for Entry of Final Decree Closing Certain Chapter 11 Cases* (the "Motion").

2.      Prior to my appointment, I learned that, on February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, presiding, entered an order (the "Confirmation Order") [Docket No. 701] confirming the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan").

3.      On March 1, 2019, the Plan became effective (the "Effective Date").  The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of me as Liquidating Trustee on the Plan's Effective Date to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  As noted, I was appointed to be the Liquidating Trustee on the Effective Date, and I continue to act in that capacity.

4.      The Plan provides that, as Liquidating Trustee under the Liquidating Trust, I shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the

Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required

payments have been made pursuant to the Plan.

5.      As of the Effective Date, as Liquidating Trustee, I was tasked with, among other things,

(a) the establishment and maintenance of any necessary operating, reserve and trust accounts required

to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to, estimation of, and

settlements of Claims; (c) the prosecution of any Causes of Action of the Debtors' Estates not

otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests;

and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of

Allowed Claims and Allowed Interests.

6.      Moreover, on the Effective Date, the Debtors transferred all of their rights, titles, and

interests to the Liquidating Trust for me to oversee and manage.  In addition, the Confirmation Order

clearly described the consolidation of Debtors into the Liquidating Trust as follows:

> Liquidating Trust. (a) On the Effective Date, the Liquidating Trust
> shall be established in accordance with Section 6.3 of the Plan, and
> the Debtors and the Liquidating Trustee are authorized to and shall
> execute the Liquidating Trust Agreement and shall take all other
> steps necessary or appropriate to establish the Liquidating Trust in
> accordance with and pursuant to the terms of the Liquidating Trust
> Agreement.  The Liquidating Trust Agreement is hereby approved
> in all respects.  The Plan and the Liquidating Trust Agreement shall
> govern the management and administration of the Liquidating Trust
> and the respective rights, powers and obligations of the Liquidating
> Trustee and the Beneficiaries.  *On the Effective Date, the Debtors
> shall transfer to the Liquidating Trust all of their right, title and
> interest in and to the Causes of Action, and the Liquidating Trustee
> shall be deemed to have been designated as a representative of the
> Estates pursuant to Bankruptcy Code section 1123(b)(3)(B)* to
> enforce and pursue the Causes of Action, including the Assigned
> Causes of Action, objecting to all Claims, resolving all Disputed
> Claims, and effecting the Distributions to be made under the Plan to
> the Holders of Allowed Claims in accordance with the terms of the
> Plan. Howard M. Ehrenberg is appointed as the Liquidating Trustee,
> having the powers, rights and responsibilities as set forth in the
> Liquidating Trust Agreement.  (Emphasis added).

2

7.      Since the inception of the Liquidating Trust, I have operated the Debtors as one unit, subsuming all liabilities, claims, and assets of the Debtors into the Liquidating Trust.  As such, the Debtors listed in **Exhibit B** are non-operational companies.   Moreover, paragraph 28 of the Confirmation Order states as follows:

> Dissolution of the Debtors.  *On the Effective Date and upon the Debtors causing the Liquidating Trust Assets to be transferred to the Liquidating Trust in accordance with section 6.3 of the Plan, the Debtors shall have no further duties or responsibilities in connection with implementation of the Plan.*  Upon entry of a final decree closing the Debtors' Chapter 11 Cases, the Debtors shall be deemed dissolved for all purposes in accordance with applicable state law without the need to take any further action or file any plan of dissolution, notice, or application.  (Emphasis added).

8.      At this point, I believe that the continuation of the denoted Chapter 11 Cases listed in **Exhibit B** is unnecessary given the Plan, the Confirmation Order, and the Liquidating Trust. Currently, I am timely paying post-confirmation quarterly fees to the Office of the United States Trustee to maintain these cases, even though there no longer is any value to the Debtors, creditors, or the Liquidating Trust in keeping the cases active.  Entering a final decree to close the denoted Chapter 11 Cases will maximize the return to creditors of the Debtors' estates by eliminating now unnecessary administrative fees and expenses, and creating further efficiencies for me, as Liquidating Trustee, by eliminating certain ministerial acts, such as monthly operating reports, required to keep these cases active.

9.      Since confirmation of the Plan, the Liquidating Trustee has assumed control over all of the rights, assets, and liabilities of the Debtors through the Liquidating Trust.  For all intents and purposes, therefore, the Debtors listed in ***Exhibit B*** have no further responsibilities to the Court, the Liquidating Trust, or creditors.

The foregoing is true and correct and that this declaration was executed on May 25, 2021, at Los Angeles, California.

Howard M. Ehrenberg, Liquidating Trustee

DM3\7704073.1

**<u>EXHIBIT B</u>**
**(Proposed Closed Chapter 11 Cases)**

| | |
|---|---|
| In re CONSTELLATION HEALTHCARE TECH., INC. | Case No. 18-71749 (AST) |
| In re NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| In re NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| In re NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| In re PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| In re PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| In re MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| In re RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| In re RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| In re WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| In re INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| In re NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| In re NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| In re NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| In re VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| In re MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| In re VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| In re ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| In re ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| In re PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| In re NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |

EXHIBIT C
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER AND FINAL DECREE GRANTING MOTION OF LIQUIDATING TRUSTEE FOR
ENTRY OF FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Upon the *Motion of Liquidating Trustee for Entry of Final Decree Closing Certain Chapter
11 Cases* (the "Motion") filed by Howard M. Ehrenberg, in his sole and exclusive capacity as
Liquidating Trustee of the *Liquidating Trust Agreement*; and the Court having reviewed the Motion;
and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; and this being a core
proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue in this district is proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient
under the circumstances; and the Court having determined that the legal and factual bases set forth in

the Motion establish sufficient cause for the relief requested therein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that pursuant to 11 U.S.C. §§ 105(a) and 350(a), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Rule 3022-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, a final decree closing the Chapter 11 Cases identified on **Exhibit B** to the Motion (the "Closed Chapter 11 Cases") is hereby granted and the Closed Chapter 11 Cases are hereby closed; **provided, however,** that the Court shall retain jurisdiction as is provided in Section 13 (Retention of Jurisdiction) of the Plan[1], and the entry of this Order and Final Decree is without prejudice to the rights of the Liquidating Trustee or any party with requisite standing to seek to reopen the Closed Chapter 11 Cases for cause shown and shall have no effect whatsoever on any adversary proceedings, contested or other matters pending before this Court; and it is further

**ORDERED** that the case of Orion HealthCorp, Inc. (Case No. 18-71748 (AST)) (the "Remaining Case") shall remain open for the further administration of the Debtors' estates pending further order of this Court and, from and after the date and entry of this Order and Final Decree, all potential matters relating to the Debtors, including the closed Chapter 11 Cases, that may arise shall be filed in such case; and it is further

**ORDERED** that, notwithstanding the closing of the Closed Chapter 11 Cases, the case caption for the Remaining Case shall remain in the form of the case caption used in this order; and it is further

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Motion and the Plan.

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the entry, implementation or interpretation of this Order and Final Decree.