UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| ORION HEALTHCORP, INC. et al., : | |
| : | Case No. 18-71748 (AST) |
| Debtors. : | |
| : | (Jointly Administered) |
| _____ : | |
| : | |
| HOWARD M. EHRENBERG IN HIS : | |
| CAPACITY AS LIQUIDATING TRUSTEE : | |
| OF ORION HEALTHCORP, INC., et al., : | Adv. Pro. No. 20-08051 (AST) |
| HEALTHCORP, INC., ET AL., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ELENA SARTISON; 2 RIVER TERRACE : | |
| APARTMENT 12J, LLC; CLODAGH : | |
| BOWYER GREENE A/K/A CLODAGH : | |
| BOWYER; ELLIOTT GREENE, : | : |
| : | |
| Defendants. : | |

---

**EVIDENTIARY OBJECTION TO EXHIBIT SUBMITTED BY
LIQUIDATING TRUSTEE IN SUPPORT OF MOTION TO APPROVE
SALE OF 2 RIVER TERRACE APARTMENT 12J**

The Defendant herein, 2 River Terrace Apartment 12J, LLC ("2 River"), by and through its attorneys, Parlatore Law Group, LLP, respectfully submits its evidentiary objection to the sole numbered exhibit submitted by Howard M. Ehrenberg, acting in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., filed on June 9, 2021 in support of the Trustee's Motion seeking the Court's approval of the sale of Apartment 12J, 2 River Terrace, New York, New York.

1.   The Trustee has submitted as Exhibit 1 [Docket No. 967] a single, uncertified page purporting to be a current bill from Douglas Elliman relating to Apartment 12J.  No foundation was laid for the identification, authenticity or reliability of the document. *See Potamkin Cadillac Corp. v. B.R.l Coverage Corp.,* 38 F.3d 627, 632 (2d Cir. 1994) *citing to Gentile v. County of Suffolk,* 926 F.2d 142, 151 (2d Cir. 1991) (The party proffering evidence has the burden of showing that the prerequisites for its admissibility are met. The district court's findings as to whether those prerequisites have been met may not be overturned unless they are clearly erroneous).  Here, the Trustee provided an affirmation in his capacity as Liquidating Trustee rather than as counsel.  A lay witness may offer opinion testimony only if it is, among other criteria, "rationally based on the witness's perception." *McDowell v. Eli Lilly & Co.,* 2015 U.S. Dist. LEXIS 23445, *9 (S.D.N.Y. 2015), citing to Fed. R. Evid. 701.

2.   The foundational requirement in Fed. R. Civ. 701 goes to the admissibility of evidence because a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *United States v.Garcia,* 291 F.3d 127 (2d Cir. 2004).

1

Respectfully submitted,

Dated:  New York, New York        By:      */s/ Maryam N. Hadden*
       June 14, 2021                     Maryam N. Hadden, Esq.
                                          Parlatore Law Group, LLP
                                          One World Trade Center, Suite 8500
                                          New York, New York   10007
                                          Maryam.hadden@parlatorelawgroup.com
                                          (646)846-6382