**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER AND FINAL DECREE GRANTING AMENDED MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Upon the *Amended Motion of Liquidating Trustee for Entry of Final Decree Closing Certain Chapter 11 Cases* (the "Motion") filed by Howard M. Ehrenberg, in his sole and exclusive capacity as Liquidating Trustee of the *Liquidating Trust Agreement*; and the Court having reviewed the Motion; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual

1

bases set forth in the Motion establish sufficient cause for the relief requested therein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that pursuant to 11 U.S.C. §§ 105(a) and 350(a), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Rule 3022-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, a final decree closing the Chapter 11 Cases identified on **Exhibit B** to the Motion (the "Closed Chapter 11 Cases") is hereby granted and the Closed Chapter 11 Cases are hereby closed; **provided, however,** that the Court shall retain jurisdiction as is provided in Section 13 (Retention of Jurisdiction) of the Plan[1], and the entry of this Order and Final Decree is without prejudice to the rights of the Liquidating Trustee or any party with requisite standing to seek to reopen the Closed Chapter 11 Cases for cause shown and shall have no effect whatsoever on any adversary proceedings, contested or other matters pending before this Court; and it is further

**ORDERED** that the Debtors in the Closed Chapter 11 Cases shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, fees for the period from April 1, 2021, through and including the date of entry of this Final Decree (the "Cash Disbursement Period"). The Debtors in the Closed Chapter 11 Cases shall provide to the United States Trustee an affidavit indicating the cash disbursements that occurred during the Cash Disbursement Period (the "Cash Disbursement Affidavit") and shall pay within ten (10) days of entry of this Final Decree (or such other date as agreed by the United States Trustee), all outstanding fees due under 28 U.S.C. 1930; and it is further

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Motion and the Plan.

**ORDERED** that the case of Orion HealthCorp, Inc. (Case No. 18-71748 (AST)) (the "Remaining Case") shall remain open for the further administration of the Debtors' estates pending further order of this Court and, from and after the date and entry of this Order and Final Decree, all potential matters relating to the Debtors, including the closed Chapter 11 Cases, that may arise shall be filed in such case; and it is further

**ORDERED** that, notwithstanding the closing of the Closed Chapter 11 Cases, the case caption for the Remaining Case shall remain in the form of the case caption used in this order; and it is further

**ORDERED** that, notwithstanding the closing of the Closed Chapter 11 Cases, the Liquidating Trustee is empowered to prosecute all claims, Causes of Action and objections to claims on behalf of the Debtors identified on Exhibit B to the Motion, and consistent with the terms of the Plan and Confirmation Order, the Liquidating Trustee is authorized and empowered to execute any documents in the name of such Debtors; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the entry, implementation or interpretation of this Order and Final Decree.



**Dated: July 27, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**