Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,
Liquidating Trustee*

**Presentment Date: October 28 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objections Due:  October 21, 2021, at 5:00 p.m. (prevailing Eastern Time)**
**Hearing Date: To Be Scheduled by the Court**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

# NOTICE OF PRESENTMENT OF AN ORDER EXTENDING
# THE LIQUIDATING TRUSTEE'S DEADLINE TO OBJECT TO CLAIMS

**PLEASE TAKE NOTICE,** that, upon the annexed motion (the "Motion") of Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), the Liquidating Trustee, by and through his attorneys of record, shall present for signature and approval to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, presiding, on **October 28, 2021, at 10:00 a.m. (prevailing Eastern Time),** or as soon thereafter as the Motion may be heard, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Court"), the proposed Order, pursuant to 11 U.S.C. § 105(a) and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Liquidating Trustee's deadline to object to Claims and Interests filed against the Debtors' Estates from the current deadline of October 29, 2021, to, through and including February 28, 2022, without prejudice to requesting additional extensions for cause shown.

**PLEASE TAKE FURTHER NOTICE,** that objections (the "Objections") to the relief requested in the Motion, if any, shall be in writing, shall conform to the United States Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Eastern District of New York, shall set forth the nature of the objector's interest in the Debtors' Estates and the reasons and legal basis for the Objection, and shall be served upon the undersigned counsel for the Liquidating Trustee at (i) Duane Morris LLP, 230 Park Avenue, Suite 1130, New York, NY 10169, Attn: Christopher R. Belmonte, Esq. (crbelmonte@duanemorris.com) and Pamela A. Bosswick, Esq. (pabosswick@duanemorris.com), and (ii) **SULMEYER**KUPETZ, A.P.C., 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406, Attn: Daniel A. Lev, Esq.

(dlev@sulmeyerlaw.com) and Matthew P. Kelly, Esq. (mkelly@sulmeyerlaw.com), **no later than October 21, 2021, at 5:00 p.m. (prevailing Eastern Time).** The Objection and proof of service shall be filed with the Clerk of the Bankruptcy Court at least seven (7) days prior to the date set for the presentment of the proposed order.

**PLEASE TAKE FURTHER NOTICE, that if Objections are timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the Liquidating Trustee.**

Dated: September 29, 2021
New York, New York

        Respectfully submitted

By: */s/ Christopher R. Belmonte*
Christopher R. Belmonte
Pamela Bosswick
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200
Facsimile:   (212) 818-9606
Email:        CRBelmonte@duanemorris.com
              PABosswick@duanemorris.com

*-and-*

Daniel A. Lev (CA No. 129622)
Matthew P. Kelly (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311
Facsimile:   (213) 629-4520
Email:        dlev@sulmeyerlaw.com
              mkelly@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

and

Daniel A. Lev, Esq. (CA No. 129622)
Matthew P. Kelly, Esq. (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311

*Attorneys for Howard M. Ehrenberg,
Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

## LIQUIDATING TRUSTEE'S MOTION TO EXTEND THE DEADLINE TO OBJECT TO CLAIMS

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), by and through his attorneys, hereby submits the *Liquidating Trustee's Motion to Extend the Deadline to Object to Claims* (the "Motion").  In support of the Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. The Court also has jurisdiction to hear this Motion pursuant to Section 13 of the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan").

2. The statutory basis for the relief sought herein is section 105(a) of the Bankruptcy Code, as defined below, and Rule 9006 of the Federal Rules of Bankruptcy Procedure (as amended or modified, the "Bankruptcy Rules") and Section 8.2 of the Plan.

### BACKGROUND

3. On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of New York (the "Court" or the "Bankruptcy Court").

4. On July 5, 2018, New York Network Management, L.L.C. commenced its case (the "NYNM Case" and, collectively, with the Initial Chapter 11 Cases, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which Chapter 11 Cases were subsequently jointly administered under Case No. 18-71748 (AST).

5. On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, presiding, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Plan.

6. The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Plan's Effective Date (defined below) to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. On March 1, 2019, the Plan became effective (the "Effective Date").

7. The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required payments have been made pursuant to the Plan.

8. As of the Effective Date, the Liquidating Trustee was tasked with, among other things, (a) the establishment and maintenance of any necessary operating, reserve and trust accounts required to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to, estimation of, and settlements of Claims; (c) the prosecution of any Causes of Action of the Debtors' Estates not otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

9.     From time to time, the Liquidating Trustee moved by motion and notice of presentment for an order extending the deadline to object to Claims and Interests filed against the Debtors' Estates (the "<u>Claims Objection Deadline</u>"), and, most recently, on May 5, 2021, for cause shown, this Bankruptcy Court issued an order [Docket No. 943] granting the latest request to extend the Claims Objection Deadline to October 29, 2021.

10.    On July 27, 2021, this Bankruptcy Court issued an order [Docket No. 1008] granting the amended motion of the Liquidating Trustee for entry of a final decree closing certain of the Chapter 11 Cases, and, notwithstanding such closing, empowering the Liquidating Trustee to prosecute all claims, causes of action and objections to claims on behalf of the Debtors in those cases consistent with the terms of the Plan and the Confirmation Order.

11.    Since the filing of the last motion to extend the Claims Objection Deadline, the Liquidating Trustee continues to be actively engaged in negotiations with various creditors regarding their pending claims and, where necessary, will pursue objections to or negotiations of such claims. However, during this time, the United States has been fighting the current COVID-19 pandemic. While the Liquidating Trustee has diligently negotiated with parties regarding a number of claims, the COVID-19 pandemic has slowed the related litigations and claims resolution process that have a direct impact on such claims. In this regard, response times from claimants have slowed as the Liquidating Trustee seeks to obtain more information from parties regarding their submitted proofs of claims. Extending the Claims Objection Deadline to February 28, 2022, will ensure that the Liquidating Trustee will not be forced to file unnecessary complaints or motions against these parties during the midst of the attempts to informally resolve these issues.

## RELIEF REQUESTED

12.    Under the Plan, the Liquidating Trustee was provided one hundred and eighty (180) days from the Effective Date to analyze and object, if necessary, to Claims and Interests. As noted

above, the Liquidating Trustee sought and was granted several extensions of the Claims Objection Deadline to October 29, 2021, for cause shown.

13. By this Motion, the Liquidating Trustee seeks the entry of an order, substantially in the form attached hereto in Exhibit A, further extending the Claims Objection Deadline to, through and including February 28, 2022, without prejudice to request additional extensions for cause shown.

14. While the Liquidating Trustee hoped that the universe of claims would be resolved by the October 29, 2021 deadline, the COVID-19 pandemic and ongoing litigation have impacted the timing of certain objections. The Liquidating Trustee respectfully submits that to have sufficient time to reconcile and, where appropriate, object, the Liquidating Trustee will require a further extension of the Claims Objection Deadline as set forth herein. As such, the Liquidating Trustee seeks an extension of the time to file objections to Claims to February 28, 2022, and anticipates that all objections will be filed by the newly proposed deadline.

15. This request is justified by Section 8.2 of the Plan which provides that the Liquidating Trustee may request that the Court fix a date by which all Claims objections must be filed. Moreover, as discussed below, there is good cause for this request, as it will give the Liquidating Trustee sufficient additional time to investigate, analyze, and address any objectionable Claims or Interests.

**BASIS FOR RELIEF**

16. As highlighted, the Plan and Confirmation Order grant the Liquidating Trustee all powers necessary to implement the provisions of the Liquidating Trust and to administer the Liquidating Trust for the benefit of creditors.

17. As stated above, pursuant to Section 8.2 of Plan, the Liquidating Trustee may ask the Court to extend the Claims Objection Deadline for cause shown. This section of the Plan specifically states:

> Upon the Effective Date, the Liquidating Trustee shall have the exclusive authority to file, settle, compromise, withdraw or litigate to judgment any objections to Claims as permitted under this Plan. Any objections to Claims shall be filed and served on or before the later of (i) one hundred eighty (180) days after the Effective Date or (ii) <u>such date as may be fixed by the Bankruptcy Court upon request of the Liquidating Trustee</u>....

Plan, at Section 8.2 (emphasis added).

18. Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Additionally, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period ... by order of the court, the court for cause shown may at any time in its discretion ... order the period enlarged if the request therefor is made before the expiration of the period originally prescribed...." As demonstrated herein, good cause exists to further extend the Claims Objection Deadline.

### Review and Analysis of Claims and Pursuit of Objections

20. The official claims register (the "<u>Claims Register</u>") was prepared and maintained by Epiq. The Claims Register reflects that five hundred forty-one (541) proofs of claim (each a "<u>Proof of Claim</u>") have been filed in the Chapter 11 Cases asserting claims against the Debtors.

21. Prior to the Effective Date, the Debtors, their lawyers, and their advisors began reviewing, comparing, and reconciling the Proofs of Claim and all supporting documentation provided in connection therewith. Moreover, the Debtors began reviewing potential grounds for adversary proceedings against various parties. Based on this review process, the Debtors filed objections to certain Claims. The Debtors also filed adversary proceedings against several parties that had also filed Proofs of Claim.

22. Following the Effective Date, the Liquidating Trustee and his advisors continued (i) the reconciliation process, identifying categories of Claims that may be targeted for disallowance,

reduction, allowance, or reclassification, and (ii) negotiating resolution of Claims Objections which were unresolved as of the Effective Date. To avoid possible double recovery or otherwise improper recovery by claimants, the Liquidating Trustee is continuing his reconciliation process and will file additional objections to Claims or otherwise seek resolution thereof as and when warranted.

23. In this regard, the Liquidating Trustee has resolved a number of Proofs of Claims through negotiations, litigation and settlements, including, but not limited to, entering into agreements or stipulations to remove duplicate claims, reduce and/or reclassify certain claims or withdraw claims. The Liquidating Trustee also filed two objections to claims, both of which were granted by this Bankruptcy Court. Indeed, as recently as August 27, 2021, the Bankruptcy Court sustained the Liquidating Trustee's objection to the claim filed by 1805 Old Alabama Road LLC [Docket No. 1013].

24. The Liquidating Trustee currently is in the midst of negotiations with a number of parties who have filed Proofs of Claims. Many of the claimants submitted partial documentation. The Liquidating Trustee has requested that the parties provide more information. This process has been delayed at times due to the COVID-19 pandemic, and there remain certain claims which need to be resolved. The Liquidating Trustee is seeking to resolve claims with these parties without Bankruptcy Court intervention in an effort to avoid costly litigation.

25. Moreover, certain new Proofs of Claim have been filed, two of which were filed as recently as April and May of 2021, and the Liquidating Trustee is investigating these claims to determine the grounds for the filing.

26. The Liquidating Trustee also has been actively litigating cases against various parties since the outset of the creation of the Liquidating Trust. The litigation initiated has been intertwined with the claims filed by various parties. In an effort to avoid duplicative motion practice, the Liquidating Trustee has combined claims objections with ongoing litigation when the opportunity has arisen.

27. Due to the complexity of the cases, the cross-over between pending and anticipated litigation and the Claims Register, and the multitude of constituencies involved in the matters, good cause exists to extend the Claims Objection Deadline to permit the orderly and efficient administration of the Liquidating Trust.

28. As this process continues, the Liquidating Trustee expects to continue his review of the Claims, file any necessary objections, and work to resolve all Claims as expeditiously and economically as possible. Accordingly, the Liquidating Trustee seeks to further extend the Claims Objection Deadline from October 29, 2021, to February 28, 2022.

29. The Liquidating Trustee submits that an extension of the Claims Objection Deadline through and including February 28, 2022, is appropriate to complete the Claims reconciliation process and to provide sufficient time to ensure that objections can be filed and served if necessary. Extending the Claims Objection Deadline as set forth herein is not sought for purposes of delay and will not prejudice any Claimant, as each Claimant will retain any substantive defenses it may have to any Claims objections that are filed, and will benefit all creditors holding valid claims.

30. As a result of the foregoing, the Liquidating Trustee believes that the additional amount of time requested is proper and respectfully requests that the Claims Objection Deadline be extended from October 29, 2021 to February 28, 2022.

31. The Liquidating Trustee reserves the right to seek further extensions of the Claims Objection Deadline, as necessary, for further cause shown.

## NOTICE AND PRIOR REQUEST

32. Notice of this Motion will be provided to (i) the Office of the United States Trustee and (ii) all parties requesting notice under Bankruptcy Rule 2002. Considering the nature of the relief requested, the Liquidating Trustee submits that no other or further notice need be given. As set forth above, the Liquidating Trustee sought, by prior motions, similar relief to the relief sought herein from this Court.

## **CONCLUSION**

For these reasons, the Liquidating Trustee respectfully requests that this Bankruptcy Court enter an order (i) granting the Motion, (ii) extending the Claims Objection Deadline to, through and including February 28, 2022, and (iii) granting such other and further relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: September 29, 2021
      New York, New York

      Respectfully submitted

By: */s/ Christopher R. Belmonte*
    Christopher R. Belmonte
    Pamela Bosswick
    DUANE MORRIS LLP
    230 Park Avenue, Suite 1130
    New York, New York 10169
    Telephone: (212) 818-9200
    Facsimile:   (212) 818-9606
    Email:        CRBelmonte@duanemorris.com
                  PABosswick@duanemorris.com

*-and-*

Daniel A. Lev (CA No. 129622)
Matthew P. Kelly (CA Bar No. 224297)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311
Facsimile:   (213) 629-4520
Email:        dlev@sulmeyerlaw.com
              mkelly@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING LIQUIDATING TRUSTEE'S**
**MOTION TO EXTEND THE DEADLINE TO OBJECT TO CLAIMS**

Upon the *Liquidating Trustee's Motion to Extend the Deadline to Object to Claims* (the "Motion"); and the Court having reviewed the Motion; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief requested therein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the Claims Objection Deadline is hereby extended from October 29, 2021, to, through and including February 28, 2022, without prejudice to the right of the Liquidating Trustee to seek further extensions of time for cause shown; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from and related to the entry of this Order.