| | |
|---|---|
| Christopher R. Belmonte, Esq.<br>Pamela A. Bosswick, Esq.<br>Duane Morris LLP<br>230 Park Avenue, Suite 1130<br>New York, New York 10169<br>Telephone: (212) 818-9200 | **Presentment Date:  May 6, 2022, at 10:00 a.m.**<br>**(prevailing Eastern Time)**<br>**Objections Due:  April 29, 2022, at 5:00 p.m.**<br>**(prevailing Eastern Time)**<br>**Hearing Date: To Be Scheduled by the Court** |

and

Daniel A. Lev, Esq. (CA No. 129622)
**Sulmeyer**Kupetz, A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 626-2311

*Attorneys for Howard M. Ehrenberg,*
*Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

# NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER BETWEEN LIQUIDATING TRUSTEE AND NEW JERSEY INNOVATION INSTITUTE, INC. REGARDING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

**PLEASE TAKE NOTICE** that, upon the annexed *Stipulation and Agreed Order Between Liquidating Trustee and New Jersey Innovation Institute, Inc. Regarding Allowance and Payment of Administrative Expense Claim* (the "Stipulation") by and between Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), on the one hand, and New Jersey Innovation Institute, Inc. ("NJII" and together with the Liquidating Trustee, the "Parties"), on the other hand, by and through their respective undersigned counsel, the Liquidating Trustee shall present for signature and approval to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, on **May 6, 2022, at 10:00 a.m. (prevailing Eastern Time),** at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Court"), the proposed Order approving the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that objections (collectively, the "Objections" or an "Objection") to the relief requested in the Stipulation, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall be filed with the Court, shall set forth the nature of the objector's interest in the Debtors' estates and the reasons and legal basis for the Objection, and shall be served upon the undersigned counsel for the Liquidating Trustee at (i) Duane Morris LLP, 230 Park Avenue, Suite 1130, New York, NY 10169, Attn: Christopher R. Belmonte, Esq. (crbelmonte@duanemorris.com) and Pamela A. Bosswick, Esq. (pabosswick@duanemorris.com), and (ii) **SULMEYER**KUPETZ, A.P.C., 333 South Grand

Avenue, Suite 3400, Los Angeles, CA 90071-1406, Attn: Daniel A. Lev, Esq. (dlev@sulmeyerlaw.com), **no later than April 29, 2022, at 5:00 p.m. (prevailing Eastern Time)**. The Objection and proof of service shall be filed with the Clerk of the Bankruptcy Court at least seven (7) days prior to the date set for the presentment of the proposed Order.

**PLEASE TAKE FURTHER NOTICE that if Objections are timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing.  Notice of such a hearing shall be provided by the Liquidating Trustee.**

Dated: April 11, 2022
      New York, New York

Respectfully submitted

By: */s/ Christopher R. Belmonte*
    Christopher R. Belmonte
    Pamela Bosswick
    Duane Morris LLP
    230 Park Avenue, Suite 1130
    New York, New York 10169
    Telephone:  (212) 818-9200
    Facsimile:   (212) 818-9606
    Email:         CRBelmonte@duanemorris.com
                  PABosswick@duanemorris.com

*-and-*

Daniel A. Lev (CA No. 129622)
**Sulmeyer**Kupetz, A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:  (213) 626-2311
Facsimile:   (213) 629-4520
Email:         dlev@sulmeyerlaw.com

*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING STIPULATION AND AGREED ORDER BETWEEN LIQUIDATING TRUSTEE AND NEW JERSEY INNOVATION INSTITUTE, INC. REGARDING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**Claim at Issue: 10094**

Based upon the *Stipulation and Agreed Order Between Liquidating Trustee and New Jersey Innovation Institute, Inc. Regarding Allowance and Payment of Administrative Expense Claim* (the "Stipulation") by and between Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among

1

Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), on the one hand, and New Jersey Innovation Institute, Inc. ("NJII" and together with the Liquidating Trustee, the "Parties"), on the other hand, by and through their respective undersigned counsel, attached hereto as Exhibit 1, pursuant to which NJII agrees that (i) the total amount of its claim shall be reduced from $47,284 to $23,000, (ii) the allowed claim shall be afforded administrative priority status pursuant to 11 U.S.C. §507(a)(2), and (iii) the allowed claim shall be paid, in full, no later than seven (7) business days after the order approving the Stipulation becomes a final, non-appealable order. The Court, having determined that the Stipulation is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and due and sufficient notice of the Stipulation having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Stipulation is hereby approved.

2. The Order is GRANTED.

3. Claim No. 10094 shall be allowed in the amount of $23,000 and the balance of $24,284 shall be disallowed.

4. Claim No. 10094, as allowed pursuant to this Order, shall be afforded administrative priority status pursuant to 11 U.S.C. § 507(a)(2).

5. Claim No. 10094, as allowed pursuant to this Order, shall be paid, in full, no later than seven (7) business days after the Order approving the Stipulation becomes a final, non-appealable order.

6. The Liquidating Trustee and the Claims Agent shall have the authority to revise the claims register in accordance with these terms.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of the Stipulation or this Order.

# EXHIBIT 1

# Stipulation

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C., | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN LIQUIDATING TRUSTEE**
**AND NEW JERSEY INNOVATION INSTITUTE, INC. REGARDING**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**Claim at Issue: 10094**

This *Stipulation and Agreed Order Between Liquidating Trustee and New Jersey Innovation Institute, Inc. Regarding Allowance and Payment of Administrative Expense Claim* (the "Stipulation") is made and entered into by Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and

5

certain of their affiliates (collectively, the "Debtors" or "Debtor Entities"), on the one hand, and New Jersey Innovation Institute, Inc. ("NJII" and together with the Liquidating Trustee, the "Parties"), on the other hand, by and through their respective undersigned counsel as follows:

## RECITALS

1. The Court has jurisdiction over this Stipulation pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court also has jurisdiction over this Stipulation pursuant to Section 13 of the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [Docket No. 645] (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time) (the "Plan").

2. On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of New York (the "Bankruptcy Court").

3. On July 5, 2018, New York Network Management, L.L.C. commenced its case (the "NYNM Case" and, collectively with the Initial Chapter 11 Cases, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which Chapter 11 Cases were subsequently being jointly administered under Case No. 18-71748 (AST).

4. On April 24, 2018, the Debtors filed their *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 135], establishing deadlines to file proofs of claim against any Debtor to assert any claim that arose prior to the Commencement Date.

5.       On May 3, 2018, this Court entered its *Order Establishing the Deadline for Filing Proofs of Claim* (the "Bar Date Order") [Docket No. 156] pursuant to which July 5, 2018 was established as the Claims bar date.

6.       On August 6, 2018, NJII filed its *Proof of Claim*, designated as Claim No. 10094 (the "NJII Claim"), pursuant to which NJII sought an administrative priority claim in the total amount of $47,284 under 11 U.S.C. § 507(a)(2).

7.       On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Plan.

8.       The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. On March 1, 2019, the Plan became effective (the "Effective Date").

9.       The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required payments have been made pursuant to the Plan.

10.       As of the Effective Date, the Liquidating Trustee was tasked with, among other things, (a) the establishment and maintenance of any necessary operating, reserve and trust accounts required to carry out the terms of the Liquidating Trust; (b) the pursuit of objections to,

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

estimation of and settlements of Claims; (c) the prosecution of any cause of action of the Debtors' Estates not otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.

11. In furtherance of the Liquidating Trustee's rights and obligations under the Plan, the Parties have agreed to a resolution of the NJII Claim pursuant to which NJII agrees that (i) the total amount of the NJII Claim shall be reduced from $47,284 to $23,000 and the balance of $24,284 shall be disallowed in its entirety, (ii) the allowed NJII Claim shall be afforded administrative priority status pursuant to 11 U.S.C. § 507(a)(2), and (iii) the allowed NJII Claim shall be paid, in full, no later than seven (7) business days after the order approving the Stipulation becomes a final, non-appealable order.

12. This Stipulation contains the entire agreement between the Parties as to its subject matter and supersedes any and all prior agreements and undertakings between the Parties relating thereto. This Stipulation may not be modified other than by a signed writing executed by the Parties. This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force or effect unless and until such approval is obtained.

## STIPULATION AND ORDER

Based on the foregoing facts, it is hereby stipulated and agreed as follows:

1. The foregoing Recitals are incorporated herein by reference.

2. On August 6, 2018, NJII filed its *Proof of Claim*, designated as Claim No. 10094 (the "NJII Claim"), pursuant to which NJII sought an administrative priority claim in the total amount of $47,284 under 11 U.S.C. § 507(a)(2).

3. The Parties agree that (i) the total amount of the NJII Claim shall be reduced from $47,284 to $23,000 and the balance of $24,284 shall be disallowed in its entirety, (ii) the allowed

NJII Claim shall be afforded administrative priority status pursuant to 11 U.S.C. § 507(a)(2), and (iii) the allowed NJII Claim shall be paid, in full, no later than seven (7) business days after the order approving the Stipulation becomes a final, non-appealable order.

4. The Parties agree that this Stipulation contains the entire agreement between the Parties as to its subject matter and supersedes any and all prior agreements and undertakings between the Parties relating thereto. This Stipulation may not be modified other than by a signed writing executed by the Parties.

5. The Parties jointly request entry of an order approving this Stipulation and authorizing its terms. The Parties agree that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the terms of this Stipulation.

6. This Stipulation may be executed in one or more counterparts, each of which will be an original, and all of which shall constitute an agreement. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in .pdf format) as if such signatures were original "ink" signatures.

Dated: April 7, 2022
      New York, New York

                Respectfully submitted

                By:  */s/ Christopher R. Belmonte*
                      Christopher R. Belmonte
                      Pamela Bosswick
                      Duane Morris LLP
                      230 Park Avenue, Suite 1130
                      New York, New York 10169
                      Telephone: (212) 818-9200
                      Facsimile: (212) 818-9606
                      Email:    CRBelmonte@duanemorris.com
                                    PABosswick@duanemorris.com

                    *-and-*

>Daniel A. Lev (CA No. 129622)
>**Sulmeyer**Kupetz, A Professional Corporation
>333 South Grand Avenue, Suite 3400
>Los Angeles, California 90071
>Telephone: (213) 626-2311
>Facsimile: (213) 629-4520
>Email: dlev@sulmeyerlaw.com
>
>*Counsel for Howard M. Ehrenberg, Liquidating Trustee*

Dated: April 7, 2022
      Westbury, New York

>Respectfully submitted
>
>By: */s/ Andrew M. Thaler*
>Andrew M. Thaler
>Thaler Law Firm PLLC
>675 Old Country Road
>Westbury, New York 11590
>Telephone: (516) 279-6700
>Facsimile: (516) 279-6722
>Email: athaler@thalerlaw.com