**Anthony F. Giuliano, Esq.**
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
**445 Broadhollow Road, Ste. 25**
**Melville. New York 11747**
**afg@glpcny.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., et al., | Case No. 18-71789 (AST) |
| | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------------- x

# DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Constellation Health Investment, LLC ("**Appellant**" or "**CHT**"), by its undersigned counsel, Giuliano Law P.C., designates the following items to be included in the record on appeal, pursuant to Appellant's Notice of Appeal dated October 18, 2022, from the order (the "Order") of the United States Bankruptcy Court for the Eastern District of New York dated October 4, 2022, granting Howard M. Ehrenberg, in his capacity as Liquidating Trustee's ("Appellee") objection to Claim No. 240 filed by CHI and sets forth the following as its designation of record on appeal and statement of issues to be presented on appeal:

## A.    Designation of Record

1.    Voluntary Petition [Dkt. No. 1].

2.    Schedules, Statements and Affidavit [Dkt. No. 204].

3.      Statement of Financial Affairs [Dkt. No. 204].

4.      Order Setting Last Day to File Proofs of Claim [Dkt. No. 156].

5.      Amended Complaint Realignment of parties, addition of counts [Dkt. No. 303 in Adv. Pro. No. 18-08053].

6.      Motion to Object/Reclassify/Reduce/Expunge Claim No. 240 [Dkt. 1053].

7.      Affidavit of Service [Dkt. No. 1054].

8.      Order Granting Motion to Disallow Claim No.240 [Dkt. No. 1058].

9.      Notice of Appeal to District Court [Dkt. No. 1059].

**B.    Issues on Appeal**

10.    Whether the Bankruptcy Court erred in failing to articulate the basis for granting Appellee's Motion to Disallow Claim No. 240 (the "Motion")?

11.    Whether the Bankruptcy Court erred by granting the Motion where the Motion failed to comply with Local Bankruptcy Rule EDNY 3007-1?

12.    Whether the Bankruptcy Court erred in granting the Motion where the relief sought was already the subject of a pending Adversary Proceeding?

13.    Whether the Bankruptcy Court erred in determining that Claim No. 240 was untimely?

14.    Whether the Bankruptcy Court erred in determining that Claim No. 240 failed to meet the standards for *prima facia* validity?

15.    Whether the Bankruptcy Court erred in determining that any agreements the Debtors entered into with Appellant are not enforceable?

16.     Whether the Bankruptcy Court erred in determining that Claim No. 240 was improperly classified?

17.     Whether the Bankruptcy Court erred in determining that Appellant was not entitled to a secured claim?

18.     Whether the Bankruptcy Court erred in determining that Claim No. 240 is inferior to Debtors' Claims?

19.     Whether the Bankruptcy Court erred in granting Appellee's Motion?

Dated: Melville, New York
     November 1, 2022

                        GIULIANO LAW, P.C.
                        Attorneys for Appellant

                    By: */s/ Anthony F. Giuliano*
                        Anthony F. Giuliano
                        445 Broadhollow Rd., Ste. 25
                        Melville, New York 11747
                        (516) 792-9800
                        afg@glpcny.com