**ProHacVice, ClaimsAgent, RELATED, APPEAL, JNTADMN, LEAD**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Bankruptcy Petition #: 8–18–71748–ast

|  |  |
|---|---|
| *Date filed:* | 03/16/2018 |
| *Plan confirmed:* | 02/26/2019 |
| *341 meeting:* | 05/23/2018 |
| *Deadline for filing claims:* | 10/28/2022 |
| *Deadline for filing claims (govt.):* | 09/12/2018 |

Assigned to: Judge Alan S. Trust
Chapter 11
Voluntary
Asset

*Debtor*
**Orion Healthcorp, Inc.**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
NASSAU–NY
Tax ID / EIN: 58–1597246

represented by **John P Amato**
Thompson Coburn Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
212–478–7380
Fax : 212–478–7200
Email: jamato@hahnhessen.com

**Thomas Robert Califano**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
212–839–5575
Fax : 212–839–5599
Email: tom.califano@sidley.com

**Richard A. Chesley**
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606
(312) 368–4000
Fax : (312) 236–7516

**DLA Piper US LLP**
1251 Avenue of the Americas
New York, NY 10020–1104
212–335–4500
Fax : 212–335–4501

**Rachel Nanes**
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
Email: rachel.nanes@dlapiper.com

**Mark T Power**
Thompson Coburn Hahn & Hessen LLP
488 Madison Avenue
Suite 1400
New York, NY 10022
212–478–7350
Fax : 212–478–7400
Email: mpower@hahnhessen.com

1

*Jointly Administered Debtor*
**Constellation Healthcare Technologies, Inc.**
One Arin Park
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 47−2320135

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
305−423−8522
Fax : 305−437−8131

**Mark T Power**
(See above for address)

**David Sager**
DLP Piper LLP (US)
51 Johm F. Kenndey Parkway
Suire 120
Short Hills, NJ 07078−2704
973−520−2550
Fax : 973−8520−2551

*Jointly Administered Debtor*
**NEMS Acquisition, LLC**
One Arin Park
1715 Route 35 North
Suite 303
Middletwon, NJ 07748
Tax ID / EIN: 46−5137378

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Northeast Medical Solutions, LLC**
1715 Route 35 North
Suite 303

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**

2

Middletown, NJ 07748
Tax ID / EIN: 25−1872703

(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Physicians Practice Plus, LLC**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 47−3214122

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Physicians Practice Plus Holdings, LLC**
One Arin Park
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 47−3206100

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Medical Billing Services, Inc.**
1715 Route 35 North
Suite 303
Middletown, NJ 77042
Tax ID / EIN: 76–0162971

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Rand Medical Billing, Inc.**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 95–3697887

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**RMI Physician Services Corporation**
1715 Route 35 North
Suite 303
Middletown, NJ 77042
Tax ID / EIN: 76–0437239

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*                    represented by **John P Amato**
**Western Skies Practice Management, Inc.**                    (See above for address)
1715 Route 35 North
Suite 303                                        **Thomas Robert Califano**
Middletown, NJ 07748                             (See above for address)
Tax ID / EIN: 84–1031904
                                                 **Richard A. Chesley**
                                                 (See above for address)

                                                 **DLA Piper US LLP**
                                                 (See above for address)

                                                 **Rachel Nanes**
                                                 (See above for address)

                                                 **Christopher Oprison**
                                                 (See above for address)

                                                 **Mark T Power**
                                                 (See above for address)

                                                 **David Sager**
                                                 (See above for address)

*Jointly Administered Debtor*                    represented by **John P Amato**
**Integrated Physician Solutions, Inc.**                    (See above for address)
368 W. Pike St., Suite 103
Lawrenceville, GA 30046                           **Thomas Robert Califano**
Tax ID / EIN: 58–2260543                          (See above for address)

                                                 **Richard A. Chesley**
                                                 (See above for address)

                                                 **DLA Piper US LLP**
                                                 (See above for address)

                                                 **Rachel Nanes**
                                                 (See above for address)

                                                 **Christopher Oprison**
                                                 (See above for address)

                                                 **Mark T Power**
                                                 (See above for address)

                                                 **David Sager**

5

(See above for address)

*Jointly Administered Debtor*
**NYNM Acquisition, LLC**
One Arin Park
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 00–0000000

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Northstar FHA, LLC**
One Arin Park
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 00–0000000

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Vachette Business Services, Ltd.**
One Arin Park
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 30–0664672

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*                    represented by  **John P Amato**
**MDRX Medical Billing, LLC**                                   (See above for address)
One Arin Park
1715 Route 35 North                                            **Thomas Robert Califano**
Suite 303                                                      (See above for address)
Middletown, NJ 07748
Tax ID / EIN: 81−1785410                                       **Richard A. Chesley**
                                                               (See above for address)

                                                               **DLA Piper US LLP**
                                                               (See above for address)

                                                               **Rachel Nanes**
                                                               (See above for address)

                                                               **Christopher Oprison**
                                                               (See above for address)

                                                               **Mark T Power**
                                                               (See above for address)

                                                               **David Sager**
                                                               (See above for address)

*Jointly Administered Debtor*                    represented by  **John P Amato**
**VEGA Medical Professionals, LLC**                             (See above for address)
One Arin Park
1715 Route 35 North                                            **Thomas Robert Califano**
Suite 303                                                      (See above for address)
Middletown, NJ 07748
Tax ID / EIN: 81−2851055                                       **Richard A. Chesley**
                                                               (See above for address)

                                                               **DLA Piper US LLP**
                                                               (See above for address)

                                                               **Rachel Nanes**
                                                               (See above for address)

                                                               **Christopher Oprison**
                                                               (See above for address)

                                                               **Mark T Power**
                                                               (See above for address)

                                                               **David Sager**
                                                               (See above for address)

*Jointly Administered Debtor*                    represented by  **John P Amato**
**Allegiance Consulting Associates, LLC**                       (See above for address)

7

1715 Route 35 North
Suite 303
Middletown, NJ 07003
Tax ID / EIN: 46–1557291

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Allegiance Billing & Consulting, LLC**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 52–2297141

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Phoenix Health, LLC**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 47–5650856

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Rachel Nanes**
(See above for address)

**Christopher Oprison**

(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**NEMS West Virginia, LLC**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 46–1449624

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**Northstar First Health, LLC**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 47–4501522

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**Richard A. Chesley**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Christopher Oprison**
(See above for address)

**Mark T Power**
(See above for address)

**David Sager**
(See above for address)

*Jointly Administered Debtor*
**New York Network Management, L.L.C.**
1715 Route 35 North
Suite 303
Middletown, NJ 07748
Tax ID / EIN: 11–3347168

represented by **John P Amato**
(See above for address)

**Thomas Robert Califano**
(See above for address)

**DLA Piper US LLP**
(See above for address)

**Mark T Power**
(See above for address)

*U.S. Trustee*
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722–4437
(631) 715–7800

*Cred Committee Aty*
**Pachulski Stang Ziehl & Jones LLP**

*Creditor Committee*        represented by **Pachulski Stang Ziehl & Jones LLP**
**Official Committee of Unsecured Creditors**        780 Third Avenue
       36th Floor
       New York, NY 10017

       **Ilan D Scharf**
       Pachulski Stang Ziehl & Jones LLP
       780 Third Avenue
       36th Floor
       New York, NY 10017
       (212) 561–7721
       Fax : (212) 561–7777
       Email: ischarf@pszyjw.com

| Filing Date | | # | Docket Text |
|---|---|---|---|
| 03/16/2018 | | 1 | Chapter 11 Voluntary Petition for Non–Individuals. Fee Amount $1717 Filed by Thomas R Califano on behalf of Orion Healthcorp, Inc. Chapter 11 Plan due by 07/16/2018. Disclosure Statement due by 07/16/2018. (Califano, Thomas) (Entered: 03/16/2018) |
| 05/03/2018 | | 156 | Order Setting Last Day To File Proofs of Claim. Proofs of Claims due by 7/5/2018 at 5:00 pm. Government Proof of Claim due by 9/12/2018 at 5:00 pm. Signed on 5/3/2018(Attachments: # 1 Exhibit) (sld) (Entered: 05/03/2018) |
| 05/15/2018 | | 204 | Statement of Financial Affairs for Non–Individuals (Form 207) Filed by Thomas R Califano on behalf of Orion Healthcorp, Inc. (RE: related document(s) Update / Set Deadlines (BK)) (Califano, Thomas) (Entered: 05/15/2018) |
| 08/23/2022 | | 1053 | Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 240. Objections to be filed on 9/22/2022 at 4:00 p.m.. Hearing on Objections, if any, will be held on: TBD. Filed by Mark T Power on behalf of Howard M. Ehrenberg. Order to be presented for signature on 9/23/2022. (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Claim 240) (Power, Mark) (Entered: 08/23/2022) |
| 08/25/2022 | | 1054 | Affidavit/Certificate of Service Filed by Epiq Bankruptcy Solutions LLC (RE: related document(s)1052 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Liquidating Trustee Howard M. Ehrenberg, 1053 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Liquidating Trustee Howard M. Ehrenberg). (Amporfro, Regina) (Entered: 08/25/2022) |
| 10/04/2022 | | 1058 | Ordered, Adjudged, and Decreed Claim No. 240 filed by Constellation Health Investment, LLC is disallowedin its entirety and ordered expunged from the claims register. The Claim Objection is hereby sustained. (Related Doc # 1053) Signed on 10/4/2022. (amp) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/05/2022) |
| 10/18/2022 | | 1059 | Notice of Appeal to District Court Court. . Fee Amount $298 Filed by Anthony F Giuliano on behalf of Constellation Health Investment, LLC (RE: related document(s)1058 Order on Motion to Object/Reclassify/Reduce/Expunge Claims). Appellant Designation due by 11/1/2022. Transmission of Designation to District Court Due by 11/17/2022. (Attachments: # 1 Certificate of Service)(Giuliano, Anthony) (Entered: 10/18/2022) |
| 11/18/2022 | | 1071 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Anthony F. Giuliano on behalf of Constellation Health Investment, LLC (RE: related document(s)1059 Notice of Appeal filed by Interested Party Constellation Health Investment, LLC, 1065 Statement of Issues on Appeal filed by Interested Party Constellation Health Investment, LLC). Appellee designation due by 12/2/2022. (Giuliano, Anthony) (Entered: 11/18/2022) |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

<u>Eastern</u> District of <u>New York</u>
           (State)

Case number (*If known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | <u>Orion Healthcorp, Inc.</u> |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | <u>5 8</u> - <u>1 5 9 7 2 4 6</u> |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | <u>100 Jericho Quadrangle, Suite 235</u><br>Number   Street | <u>1735 Route 35 North</u><br>Number   Street |
| | | | P.O. Box |
| | | <u>Jericho</u>    <u>NY</u>    <u>17753</u><br>City    State    Zip Code | <u>Middletown</u>    <u>NJ</u>    <u>07748</u><br>City    State    Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | <u>Nassau</u><br>County | |
| | | | Number   Street |
| | | | City    State    Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | <u>www.orionhealthcorp.com</u> |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

A. *Check one:*

| Debtor | **Orion Healthcorp, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 6 1 4

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ MM / DD / YYYY Case number _____

District _____ When _____ MM / DD / YYYY Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor See Rider 1 _____ Relationship _____

District _____ When _____ MM / DD / YYYY

Case number, if known _____

| Debtor | **Orion Healthcorp, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  [See Rider 2]

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| | | | |
|---|---|---|---|
| Number | Street | | |
| | | | |
| City | | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | Orion Healthcorp, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**
**(on a consolidated basis)**

☐ $0–$50,000  ☐ $1,000,001–$10 million  ☐ $500,000,001–$1 billion
☐ $50,001–$100,000  ☐ $10,000,001–$50 million  ☐ $1,000,000,001–$10 billion
☐ $100,001–$500,000  ☐ $50,000,001–$100 million  ☐ $10,000,000,001–$50 billion
☐ $500,001–$1 million  ☒ $100,000,001–$500 million  ☐ More than $50 billion

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■   I have been authorized to file this petition on behalf of the debtor.

■   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/16/2018
            MM / DD / YYYY

×  /s/ Timothy J. Dragelin                          Timothy J. Dragelin
   Signature of authorized representative of debtor    Printed name

Title: Chief Restructuring Officer

**18. Signature of attorney**

✖  /s/ Thomas R. Califano                    Date  03/16/2018
   Signature of attorney for debtor                 MM / DD / YYYY

Thomas R. Califano
Printed name

DLA Piper LLP (US)
Firm name

1251 Avenue of the Americas
Number Street

| New York | | NY | 10020-1104 |
|---|---|---|---|
| City | | State | ZIP Code |

| (212) 335-4500 | | thomas.califano@dlapiper.com |
|---|---|---|
| Contact phone | | Email address |

| 2286144 | | NY |
|---|---|---|
| Bar number | | State |

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------  x
In re:                                    :   Chapter 11
                                          :
ORION HEALTHCORP, INC.,                   :   Case No. 18-_____ (___)
                                          :
                  Debtor.                 :
-------------------------------------------------------------  x
```

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates**

       On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of Orion Healthcorp, Inc.

1. Orion Healthcorp, Inc.
2. Constellation Healthcare Technologies, Inc.
3. NEMS Acquisition, LLC
4. Northeast Medical Solutions, LLC
5. NEMS West Virginia, LLC
6. Physicians Practice Plus Holdings, LLC
7. Physicians Practice Plus, LLC
8. Medical Billing Services, Inc.
9. Rand Medical Billing, Inc.
10. RMI Physician Services Corporation
11. Western Skies Practice Management, Inc.
12. Integrated Physician Solutions, Inc.
13. NYNM Acquisition, LLC
14. Northstar FHA, LLC
15. Northstar First Health, LLC
16. Vachette Business Services, Ltd.
17. Phoenix Health, LLC
18. MDRX Medical Billing, LLC
19. VEGA Medical Professionals, LLC
20. Allegiance Consulting Associates, LLC
21. Allegiance Billing & Consulting, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
In re:                                                        :
                                                             :   Chapter 11
ORION HEALTHCORP, INC.,                                      :
                                                             :   Case No. 18-_____ (___)
                          Debtor.                           :
------------------------------------------------------------- x

**Rider 2**

**Real Property or Personal Property that Needs Immediate Attention**

 Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

 The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that (i) poses a threat of imminent and identifiable hazard to public health or safety, (ii) needs to be physically secured or protected from the weather, or (iii) includes perishable goods or assets that could quickly deteriorate. The Debtor notes that it is not aware of the exact definition of "imminent and identifiable hazard" as used in this form.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
## **www.nyeb.uscourts.gov**

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S)**: ORION HEALTHCORP, INC.                    **CASE NO.**: _____

      Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).**]**

☒ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

**1. CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:**_____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
                                   **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**2. CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
                                   **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

## **[OVER]**

## DISCLOSURE OF RELATED CASES (cont'd)

3. **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO)**: _____ *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: _____

_____

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):** ____Y____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.**

/s/ Thomas R. Califano
_____          _____
**Signature of Debtor's Attorney**                         **Signature of Pro-se Debtor/Petitioner**

                                                            _____
                                                            **Mailing Address of Debtor/Petitioner**

                                                            _____
                                                            **City, State, Zip Code**

                                                            _____
                                                            **Email Address**

                                                            _____
                                                            **Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

<u>**NOTE:**</u> **Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------- x
In re:                                    :  Chapter 11
                                          :
ORION HEALTHCORP, INC., et al.,[1]        :  Case No. 18-_____ (___)
                                          :
              Debtor.                     :  (Joint Administration Pending)
-------------------------------------------------------------- x
```

### CONSOLIDATED LIST OF CREDITORS WHO HAVE THE
### SEVENTY-FIVE (75) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor and its debtor affiliates (collectively, the "Debtors") hereby certify that the *Consolidated List of Creditors Who Have the Seventy-Five (75) Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' consolidated top seventy-five (75) unsecured creditors (the "Top 75 List"). The list has been prepared from the Debtors' unaudited books and records as of the Petition Date. The Top 75 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 75 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors. The information presented in the Top 75 List shall not constitute an admission by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim. The Debtors are comprised of twenty-one (21) affiliated companies. There are over 3,200 creditors and parties in interest in these cases, and there may be potential for confusion and/or overlap regarding creditor obligations. Given the circumstances, the Debtors submit that it is appropriate for them to file a consolidated list of their seventy-five (75) largest unsecured creditors.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown); Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Fill in this information to Identify the case:

Debtor Name:    Orion Healthcorp, Inc., et al.

United States Bankruptcy Court for the: Eastern District of New York

Case Number (If known):    18-_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 75 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 75 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 75 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WINSTON & STRAWN LLP 35 W. WACKER DRIVE CHICAGO, IL 60601-9703 | CONTACT: CHRIS ZOCHOWSKI PHONE: 1-312-558-5600 CZochowski@winston.com | TRANSACTION-RELATED | D | | | $3,000,000.00 |
| 2 | GSS INFOTECH 2050, BRUNSWICK PLAZA - 1 STATE HIGHWAY 27 SUITE 201 NORTH BRUNSWICK, NJ 08902 | CONTACT: BHARGAV MAREPALLY PHONE: 1-732-798-3101 FAX: 512.266.8803 | LITIGATION CLAIM | D,U | | | $2,700,000.00 |
| 3 | THE BANK OF NEW YORK NOMINEES LIMITED ONE PICCADILLY GARDENS MANCHESTER M1 1RN ENGLAND | | PROMISSORY NOTE | D | | | $1,942,111.77 |
| 4 | FOREST NOMINEES LIMITED P.O. BOX 328 ST PETER PORT GUERNSEY GY1 3TY CHANNEL ISLANDS | | PROMISSORY NOTE | D | | | $1,234,745.00 |
| 5 | HAREWOOD NOMINEES LIMITED 10 HAREWOOD AVENUE LONDON NW1 6AA ENGLAND | | PROMISSORY NOTE | D | | | $1,133,357.02 |
| 6 | HSBC GLOBAL CUSTODY NOMINEE UK LIMITED 8 CANADA SQUARE LONDON E14 5HQ ENGLAND | | PROMISSORY NOTE | D | | | $1,035,078.37 |

**Debtor:** Orion Healthcorp, Inc., et al.    **Case Number** (if known): 18-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  PLATFORM SECURITIES NOMINEES LIMITED CANTERBURY HOUSE 85 NEWHALL STREET BIRMINGHAM  B3 1LH  ENGLAND | PHONE: 44 12 1233 0336 FAX: 44 12 1605 0909 | PROMISSORY NOTE | D | | | $912,654.79 |
| 8  AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. 200 VESEY STREET NEW YORK, NY  10285 | CONTACT: RAQUEL HERNANDEZ, ASSISTANT CUSTODIAN PHONE: 212-640-5130 FAX: 212-640-0404 | LITIGATION | D,U | | | $855,502.85 |
| 9  HSBC GLOBAL CUSTODY NOMINEE UK LIMITED 8 CANADA SQUARE LONDON  E14 5HQ  ENGLAND | | PROMISSORY NOTE | D | | | $813,345.00 |
| 10  NORTRUST NOMINEES LIMITED 50 BANK STREET CANARY WHARF LONDON  E14 5NT  ENGLAND | PHONE: 44-2079822000 | PROMISSORY NOTE | D | | | $637,037.26 |
| 11  JIM NOMINEES LIMITED 78 MOUNT EPHRAIM TUNBRIDGE WELLS KENT  TN4 8BS  ENGLAND | | PROMISSORY NOTE | D | | | $632,177.40 |
| 12  MORGAN STANLEY CLIENT SECURITIES NOMINEES LIMITED 25 CABOT SQUARE CANARY WHARF LONDON  E14 4QA  ENGLAND | | PROMISSORY NOTE | D | | | $535,841.49 |
| 13  STEEL VALLEY EMERGENCY PHYSICIANS, LLC 2720 SUNSET BLVD STEUBENVILLE, OH  43952 | CONTACT: TOM DANNIBALLE PHONE: 1-740-264-7173 jhazlewood@reedsmith.com | LITIGATION CLAIM | D,U | | | $500,000.00 |
| 14  ROBINSON BROG LEINWAND GREENE GENOVESE AND GLUCK PC 875 THIRD AVENUE 9TH FLOOR NEW YORK, NY  10022 | CONTACT: ADAM GREENE PHONE: 1-212-603-6355 ajg@robinsonbrog.com | PROFESSIONAL SERVICES | D,U | | | $475,000.00 |
| 15  BNY OCS NOMINEES LIMITED ONE PICCADILLY GARDENS MANCHESTER  M1 1RN  UNITED KINGDOM | | PROMISSORY NOTE | D | | | $450,732.02 |
| 16  NORTRUST NOMINEES LIMITED 50 BANK STREET CANARY WHARF LONDON  E14 5NT  UNITED KINGDOM | | PROMISSORY NOTE | D | | | $424,916.11 |
| 17  KOLB RADIOLOGY, PC 635 MADISON AVE NEW YORK, NY  10022 | CONTACT: DR. THOMAS KOLB, MD PHONE: 1-212-602-1168 tkolbmd@yahoo.com | LITIGATION CLAIM | D,U | | | $375,000.00 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 75 Largest Unsecured Claims**    Page 2

22

**Debtor:** Orion Healthcorp, Inc., et al.    **Case Number** (if known): 18-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 18 CREDIT SUISSE CLIENT NOMINEES UK LIMITED ONE CABOT SQUARE CANARY WHARF LONDON E14 4QJ UNITED KINGDOM | | PROMISSORY NOTE | D | | | $367,650.00 |
| 19 THE BANK OF NEW YORK NOMINEES LIMITED ONE PICCADILLY GARDENS MANCHESTER M1 1RN UNITED KINGDOM | | PROMISSORY NOTE | D | | | $335,676.49 |
| 20 GOLDMAN SACHS INTERNATIONAL PO BOX 62663 PETERBOROUGH COURT 133 FLEET STREET LONDON EC4P 4AY UNITED KINGDOM | PHONE: 44 2077 741000 | PROMISSORY NOTE | D | | | $319,576.86 |
| 21 LEXINGTON LANDMARK SERVICES LLC CO ROBINSON BROG LEINWAND GREEN GENOVESE AND GLUCK PC 875 THIRD AVENUE, 9TH FLOOR NEW YORK, NY 10022 | CONTACT: DAVID M. BLUMENTHAL PHONE: 212 603-0497 zb@robinsonbrog.com | PROMISSORY NOTE | D | | | $301,000.00 |
| 22 FINNCAP 60 NEW BROAD STREET LONDON EC2M 1JJ UNITED KINGDOM | CONTACT: STUART ANDREWS PHONE: 020 7220 0565 sandrews@finncap.com | TRANSACTION RELATED | D | | | $299,594.04 |
| 23 PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL L3 1LL UNITED KINGDOM | | PROMISSORY NOTE | D | | | $299,476.51 |
| 24 CHASE NOMINEES LIMITED PO BOX 7732 1 CHASESIDE BOURNEMOUTH BH1 9XA UNITED KINGDOM | PHONE: 44 20 7777 2000 | PROMISSORY NOTE | D | | | $287,665.27 |
| 25 ROOKMINEE SINGH-NARAYAN JAIRAJ YAMRAJTHANK 9317 207TH ST 2295 LANCASTER AVE, BALDWIN, NY 11510 QUEENS VILLAGE, NY 11428 | CONTACT: ROOKMINEE SINGH-NARAYAN JAIRAJ YAMRAJTHANK FAX: 718-740-2000 legal@abdulhassan.com | LITIGATION CLAIM | D,U | | | $250,000.00 |
| 26 1805 OLD ALABAMA V ORION 1805 OLD ALABAMA ROAD ROSWELL, GA 30076 | | LITIGATION CLAIM | | | | $227,473.59 |
| 27 YOUNG CONAWAY RODNEY SQUARE 1000 NORTH KING ST WILMINGTON, DE 19801 | CONTACT: JAMES L PATTON FAX: 302.571.1253 jpatton@ycst.com | TRANSACTION-RELATED | D | | | $225,000.00 |

**Debtor:** Orion Healthcorp, Inc., et al.

**Case Number** (if known): 18-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 SKANDINAVISKA ENSKILDA BANKEN AB PUBL CO BNP PARIBAS SECURITIES SERVICES 55 MOORGATE 4TH FLOOR LONDON EC2R 6PA UNITED KINGDOM | CONTACT: MARK LUSCOMBE PHONE: 44 20 72464000 mark.luscombe@seb.co.uk | PROMISSORY NOTE | D | | | $172,000.00 |
| 29 NORTRUST NOMINEES LIMITED 50 BANK STREET CANARY WHARF LONDON E14 5NT UNITED KINGDOM | | PROMISSORY NOTE | D | | | $153,832.50 |
| 30 PARKERSBURG RADIOLOGY SERVICES, INC. PO BOX 779 PARKERSBURG, WV 26102 | CONTACT: MIKE HENSLEY PHONE: 1-270-793-2027 | LITIGATION CLAIM | D,U | | | $150,000.00 |
| 31 BREWIN NOMINEES LIMITED PO BOX 1025 TIME CENTRAL GALLOWGATE NEWCASTLE UPON TYNE NE99 1SX UNITED KINGDOM | | PROMISSORY NOTE | D | | | $141,900.00 |
| 32 ALLIANCE HEALTH SCIENCES 3418 MIDCOURT RD STE 118 CARROLLTON, TX 75006 | PHONE: 214.420.8200 FAX: 214.420.8205 info@alliancediagnostics.com | TRADE DEBT | | | | $133,494.00 |
| 33 N.Y. NOMINEES LIMITED PO BOX 293 20 FARRINGDON ROAD LONDON EC1M 3NH UNITED KINGDOM | | PROMISSORY NOTE | D | | | $129,000.00 |
| 34 ABN AMRO GLOBAL NOMINEES LIMITED 5 ALDERMANBURY SQUARE LONDON EC2V 7HR UNITED KINGDOM | | PROMISSORY NOTE | D | | | $118,250.00 |
| 35 GEBBS HEALTHCARE SOLUTIONS, INC. 4640 ADMIRALTY WAY STE 950 MARINA DEL RAY 90292 | CONTACT: KIRAN KUMAR, SVP CLIENT RELATIONS SOLUTIONS PHONE: 1-201-562-8294 Kiran.Kumar@gebbs.com | LITIGATION CLAIM | D,U | | | $110,057.50 |
| 36 LAWSHARE NOMINEES LIMITED CALVERLEY HOUSE 55 CALVERLEY ROAD TUNBRIDGE WELLS KENT TN1 2TU UNITED KINGDOM | PHONE: 1-892-523-346 | PROMISSORY NOTE | D | | | $103,313.95 |
| 37 COCKERELL DERMATOPATHOLOGY, P.A. 100 HIGHLAND PARK VILLAGE STE 200 DALLAS, TX 75205 | CONTACT: BRANDA WANDER PHONE: 1-214-530-5200 info@lynnllp.com | LITIGATION CLAIM | D | | | $100,000.00 |

**Debtor:** Orion Healthcorp, Inc., et al.

**Case Number** (if known): 18-_____01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 38 | STATE STREET NOMINEES LIMITED 525 FERRY ROAD EDINBURGH EH5 2AW UNITED KINGDOM | PHONE: 44 0 131 315 2000 FAX: 44 0 131 315 2999 | PROMISSORY NOTE | D | | | $87,075.00 |
| 39 | UBS PRIVATE BANKING NOMINEES LTD 1 FINSBURY AVENUE LONDON EC2M 2AN UNITED KINGDOM | | PROMISSORY NOTE | D | | | $84,481.67 |
| 40 | NORTRUST NOMINEES LTD GFS CUSTODY SERVICING - EMEA NORTHERN TRUST 50 BANK STREET LONDON E14 5NT UNITED KINGDOM | | PROMISSORY NOTE | D | | | $79,629.55 |
| 41 | MR MAX EDWARD ROYDE 13 ELMS ROAD LONDON SW4 9ER UNITED KINGDOM | | PROMISSORY NOTE | D | | | $76,785.53 |
| 42 | PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL L3 1LL UNITED KINGDOM | | PROMISSORY NOTE | D | | | $76,785.53 |
| 43 | MERRILL LYNCH INTERNATIONAL 2 KING EDWARD STREET LONDON EC1A 1HQ UNITED KINGDOM | PHONE: 44-20-7628-1000 UKWealthManagement@ml.com | PROMISSORY NOTE | D | | | $73,902.81 |
| 44 | RATHBONE NOMINEES LIMITED PORT OF LIVERPOOL BUILDING PIER HEAD LIVERPOOL L3 1NW UNITED KINGDOM | | PROMISSORY NOTE | D | | | $69,574.00 |
| 45 | PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL L3 1LL UNITED KINGDOM | | PROMISSORY NOTE | D | | | $63,855.00 |
| 46 | PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL L3 1LL UNITED KINGDOM | | PROMISSORY NOTE | D | | | $59,458.68 |
| 47 | PLATFORM SECURITIES NOMINEES LIMITED CANTERBURY HOUSE 85 NEWHALL STREET BIRMINGHAM B3 1LH UNITED KINGDOM | | PROMISSORY NOTE | D | | | $59,294.42 |
| 48 | CRITERIONS, LLC 18 GENEVIEVE PLACE GREAT NECK, NY 11021 | info@criterions.com | TRADE DEBT | D | | | $57,090.00 |

**Debtor:** Orion Healthcorp, Inc., et al.

**Case Number** (if known): 18-_____01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 49 | PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL  L3 1LL  UNITED KINGDOM | | PROMISSORY NOTE | D | | | $54,481.00 |
| 50 | CHRISTINE COHEN 39 OCEAN AVENUE CENTER MORICHES, NY  11934 | CONTACT: CHRISTINE COHEN chrischohen55@yahoo .com | PROFESSIONAL FEES | D | | | $53,143.17 |
| 51 | JIM NOMINEES LIMITED 78 MOUNT EPHRAIM TUNBRIDGE WELLS KENT  TN4  8BS | | PROMISSORY NOTE | D | | | $47,052.75 |
| 52 | CLAUDIO FERRER VILES  BECKMAN, LLC ATTN MARIA RITA ALAIMO 6350 PRESIDENTIAL COURT FORT MYERS, FL  33919 | CONTACT: MARIA RITA ALAIMO FAX: 877-441-9119 | LITIGATION CLAIM | D,U | | | $46,000.00 |
| 53 | PLATFORM SECURITIES NOMINEES LIMITED CANTERBURY HOUSE 85 NEWHALL STREET BIRMINGHAM  B3   1LH | | PROMISSORY NOTE | D | | | $44,298.60 |
| 54 | CHASE NOMINEES LIMITED PO BOX 7732 1 CHASESIDE BOURNEMOUTH  BH1  9XA | | PROMISSORY NOTE | D | | | $43,715.52 |
| 55 | MCGUIREWOODS LLP 800 EAST CANAL STREET RICHMOND, VA  23219 | CONTACT: GEORGE KEITH MARTIN gmartin@mcguirewoods.com | TRANSACTION RELATED | D | | | $42,900.00 |
| 56 | EQUIVALENT DATA LLC. CO MANFRED STERNBERG JR 4550 POST OAK PLACE SUITE 119 HOUSTON, TX  77027 | CONTACT: MICHAEL J MEDRANO FAX: 713-939-4538 Solutions@eqd.com | TRADE DEBT | | | | $42,500.00 |
| 57 | TD DIRECT INVESTING NOMINEES (EUROPE) LIMITED EXCHANGE COURT DUNCOMBE STREET LEEDS  LS1  4AX | | PROMISSORY NOTE | D | | | $37,358.83 |
| 58 | HSBC GLOBAL CUSTODY NOMINEE (UK) LIMITED 8 CANADA SQUARE LONDON  E14  5HQ | | PROMISSORY NOTE | D | | | $36,281.25 |
| 59 | PEEL HUNT HOLDINGS LIMITED MOOR HOUSE 120 LONDON WALL LONDON  EC2Y 5ET | | PROMISSORY NOTE | D | | | $36,140.21 |
| 60 | STIFEL NICOLAUS EUROPE LTD 150 CHEAPSIDE LONDON  EC2V 6ET | CONTACT: DAVID ARCH david.arch@stifel.com | TRANSACTION RELATED | D | | | $35,819.68 |

Official Form 204     **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 75 Largest Unsecured Claims**     Page 6

26

**Debtor:** Orion Healthcorp, Inc., et al.

**Case Number** (if known): 18-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 61  STIFEL NICOLAUS EUROPE LIMITED 150 CHEAPSIDE LONDON  EC2V 6ET | | PROMISSORY NOTE | D | | | $34,744.86 |
| 62  NOMURA PB NOMINEES LIMITED 1 ANGEL LANE LONDON  EC4R 3AB | | PROMISSORY NOTE | D | | | $31,772.27 |
| 63  TD DIRECT INVESTING NOMINEES (EUROPE) LIMITED EXCHANGE COURT DUNCOMBE STREET LEEDS  LS1 4AX | | PROMISSORY NOTE | D | | | $28,746.36 |
| 64  STATE STREET NOMINEES LIMITED 525 FERRY ROAD EDINBURGH  EH5 2AW | | PROMISSORY NOTE | D | | | $27,950.00 |
| 65  HSBC CLIENT HOLDINGS NOMINEE (UK) LIMITED 8 CANADA SQUARE LONDON  E14 5HQ | | PROMISSORY NOTE | D | | | $27,535.05 |
| 66  W B NOMINEES LIMITED ST JAMES HOUSE 27-43 EASTERN ROAD ROMFORD ESSEX  RM1 3NH | | PROMISSORY NOTE | D | | | $25,800.00 |
| 67  NEW JERSEY INNOVATION INSTITUTE ENTERPRISE DEVELOPMENT CENTERS 211 WARREN ST NEWARK, NJ  07103 | pqrs@njii.com | TRADE DEBT | | | | $25,415.00 |
| 68  KERN CAL LAND PROPERTIES LLC. PO BOX 299 SIMI VALLEY, CA  93062 | CONTACT: ELSIE SALVUCCI | RENT | | | | $24,747.80 |
| 69  AGE 16625 REDMOND WAY M475 REDMOND, WA  98052 | | TRADE DEBT | | | | $21,677.87 |
| 70  VICTOIRE NOMINEES LIMITED 10 HAREWOOD AVENUE LONDON  NW1 6AA | | PROMISSORY NOTE | D | | | $21,217.49 |
| 71  PERSHING NOMINEES LIMITED THE ROYAL LIVER BUILDING PIER HEAD LIVERPOOL  L3 1LL | | PROMISSORY NOTE | D | | | $19,402.46 |
| 72  HOUSTON TEXAS WESTCHASE III PROPERTIES CO MOODY RAMBIN INTEREST 1455 WEST LOOP SOUTH SUITE 700 HOUSTON, TX  77027 | CONTACT: ROBERT O. CROMWELL II bcromwell@moodyrambinint.com | RENT | | | | $18,588.62 |
| 73  CDW GOVERNMENT, INC. 1515 75 REMITTANCE DR SUITE 1515 CHICAGO, IL  60675-1515 | FAX: 847-419-6200 | TRADE DEBT | | | | $17,358.12 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 75 Largest Unsecured Claims**    Page 7

27

**Debtor:** Orion Healthcorp, Inc., et al.　　　　　**Case Number** (if known): 18-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 74　BARCLAYSHARE NOMINEES LIMITED<br>1 CHURCHILL PLACE<br>LONDON  E14  5HP | | PROMISSORY NOTE | D | | | $16,261.74 |
| 75　LAWSHARE NOMINEES LIMITED<br>CALVERLEY HOUSE<br>55 CALVERLEY ROAD<br>TUNBRIDGE WELLS<br>KENT  TN1  2TU | | PROMISSORY NOTE | D | | | $14,648.81 |

Official Form 204　　**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 75 Largest Unsecured Claims**　　Page 8

28

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name __Orion Healthcorp, Inc., et al.__ |
| United States Bankruptcy Court for the: __Eastern District of New York__<br>(State) |
| Case number (If known): _____ |

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐　　Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐　　Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐　　Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐　　Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐　　Schedule H: Codebtors (Official Form 206H)

☐　　Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐　　Amended Schedule _____

☒　　Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the Seventy-Five (75) Largest Unsecured Claims and Are Not Insiders (Official Form 204). Presented on a Consolidated Basis.

☐　　Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/16/2018___　　　　×/s/ Timothy J. Dragelin_____
　　　　　　　　MM / DD / YYYY　　　　　Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　　　　Timothy J. Dragelin_____
　　　　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　　　　Chief Restructuring Officer_____
　　　　　　　　　　　　　　　　　　　Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re:                                                                            : Chapter 11
                                                                                   :
ORION HEALTHCORP, INC.,                                    : Case No. 18-_____ (___)
                                                                                   :
                              Debtor.                                   :
------------------------------------------------------------- x

## CORPORATE OWNERSHIP AND
## E.D.N.Y. LOCAL BANKRUPTCY RULE 1073-3 STATEMENT

       Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and Rule 1073-3 of the Local Bankruptcy Rules for the Eastern District of New York, the undersigned authorized officer of the Debtor certifies that the following corporate entities or individuals, other than a governmental unit, directly or indirectly own 10% or more of any class of the Debtor's equity interest.

| Shareholder | Percentage Ownership Interest |
|---|---|
| Constellation Healthcare Technologies, Inc.<br>One Arin Park<br>1735 Route 35 North, Suite 303<br>Middletown, NJ 07748 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Orion Healthcorp, Inc.

United States Bankruptcy Court for the: Eastern District of New York
(State)

Case number (*If known*):_____

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule _____*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  *Other document that requires a declaration* Statement of Corporate Ownership_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____03/16/2018_____      ✗ */s/ Timothy J. Dragelin*_____
MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                 Timothy J. Dragelin_____
                                 Printed name

                                 Chief Restructuring Officer_____
                                 Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------- x
In re:                                      :
                                            :  Chapter 11
ORION HEALTHCORP, INC.,                      :
                                            :  Case No. 18-_____ (___)
                    Debtor.                  :
-------------------------------------------------------------- x
```

<u>**LIST OF EQUITY SECURITY HOLDERS**</u>

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby

provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Constellation Healthcare Technologies, Inc.<br>One Arin Park<br>1735 Route 35 North, Suite 303<br>Middletown, NJ 07748 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Orion Healthcorp, Inc.

United States Bankruptcy Court for the: Eastern District of New York
                                               (State)

Case number (*If known*):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule _____*

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204).*

☒     *Other document that requires a declaration* List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/16/2018___          ✗ */s/ Timothy J. Dragelin*_____
              MM / DD / YYYY             Signature of individual signing on behalf of debtor


                                         Timothy J. Dragelin_____
                                         Printed name


                                         Chief Restructuring Officer_____
                                         Position or relationship to debtor

**[OMNIBUS RESOLUTION PLACEHOLDER]**

# OMNIBUS JOINT WRITTEN CONSENT
# OF THE BOARDS OF DIRECTORS, SOLE STOCKHOLDERS, SOLE MANAGERS
# AND SOLE MEMBERS, AS APPLICABLE, OF
# CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.
# AND EACH OF ITS SUBSIDIARIES LISTED ON <u>EXHIBIT A</u> HERETO

March 16, 2018

Each of the undersigned, being all of the members of the board of directors, the sole stockholder, the sole manager or the sole member (each, an "Authorized Governing Body" and collectively, the "Authorized Governing Bodies") of the applicable entity or entities listed on Exhibit A hereto (each a "Company" and collectively, the "Companies"), pursuant to the applicable laws of the jurisdiction of organization of each Company and the applicable provisions of the organizational documents of each Company, does hereby consent to the following actions, adopt the following resolutions by written consent in lieu of a meeting and agree that said resolutions shall have the same force and effect as if duly adopted at a meeting of the Authorized Governing Body of each Company held for that purpose:

**WHEREAS**, the Authorized Governing Bodies considered the financial and operational conditions of the Companies' businesses;

**WHEREAS**, the Authorized Governing Bodies reviewed the historical performance of the Companies, the market for the Companies' products and services, and the current and long-term liabilities of the Companies;

**WHEREAS**, the Authorized Governing Bodies reviewed, considered, and received the recommendations of the senior management of the Companies and the advice of the Companies' professionals and advisors with respect to potential avenues for relief that are available to the Authorized Governing Bodies, upon behalf of the Companies, including the possibility of pursuing a restructuring of the Companies' business and assets under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, in order to maintain independence and flexibility in analyzing and investigating various restructuring alternatives, the Authorized Governing Bodies of each of the Companies that are corporations (the "Corporations") desire to set up a special committee of such Authorized Governing Bodies comprised only of one or more disinterested and independent directors (the "Special Committee") to investigate, analyze and negotiate such restructuring alternatives as the Special Committee deems appropriate and in the best interests of each of the Corporations, their creditors, equity holders, and other interested parties, as may be appropriate under applicable law; and

**WHEREAS**, the Authorized Governing Bodies of each of the Corporations have determined that Robert J. Rosenberg qualifies as a disinterested and independent director for purposes of serving on the Special Committee.

**NOW, THEREFORE BE IT RESOLVED**, that, the Authorized Governing Bodies of each of the Corporations hereby (i) establishes the Special Committee, (ii) sets the number of

directors to comprise the Special Committee at one (1) director, (iii) appoints Robert J. Rosenberg to serve as the sole member of the Special Committee; and (iv) and authorizes and empowers the Special Committee to have the full power and authority of the Board for the purposes of the following resolutions; and it is

**FURTHER RESOLVED**, that, in the business judgment of Special Committee and each of the Authorized Governing Bodies of each of the Companies that are not corporations (collectively, with the Special Committee of each of the Corporations, the "Acting Governing Bodies"), after consideration of the alternatives presented to Acting Governing Bodies and the recommendations of senior management of the Companies and the advice of the Companies' professionals and advisors that, at this time under the relevant circumstances, it is desirable and in the best interests of the Companies, their creditors, equity holders, and other interested parties (as such consideration may be appropriate under applicable law) for voluntary petitions to be filed by the Companies under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the Companies' petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "Petitions") are approved in all respects and that Timothy J. Dragelin, Chief Restructuring Officer of all of the Companies and Chief Executive Officer of certain of the Companies and the other officers of the Companies (collectively, the "Authorized Persons") be, and hereby are, authorized and directed, on behalf of and in the name of the Companies, to execute the Petitions or authorize the execution of the Petitions and to cause the same to be filed with the United States Bankruptcy Court for the Eastern District of New York, at such time as the Authorized Persons deem appropriate, in order to commence cases under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"); and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized to execute a senior secured super-priority debtor-in-possession credit agreement (the "DIP Credit Agreement") and all notes, security agreements, financing statements, certificates, consents, and other documents, agreements, and instruments related thereto, with such additions, deletions, or modifications as the Authorized Persons may approve, and to take any and all actions which they may deem necessary or proper in order to consummate the DIP Credit Agreement and the transactions set forth therein; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized to execute and file all petitions, schedules, lists, and other papers and to take any and all actions which they may deem necessary or proper in connection with the prosecution of the Chapter 11 Cases and, in that connection, for the Authorized Persons to retain and employ all assistance, by legal counsel or otherwise, which they may deem necessary or proper in order to successfully prosecute the Chapter 11 Cases; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to retain on behalf of the Companies, upon such terms and conditions as the Authorized Persons shall approve, the following to represent the Companies in connection with the Chapter 11 Cases –

EAST\152251936.1

2

- DLA Piper LLP (US), to render legal services to and to serve as bankruptcy counsel for the Companies;

- FTI Consulting, Inc., to provide the Companies a chief restructuring officer and certain additional personnel and to designate Timothy J. Dragelin as Chief Restructuring Officer; and

- Epiq Bankruptcy Solutions, LLC to serve as claims and noticing agent for the Companies; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized to retain on behalf of the Companies other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals, upon such terms and conditions as the Authorized Persons shall approve, to render services to the Companies in connection with the Chapter 11 Cases or any related insolvency proceeding; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to file the Petitions or with respect to the Chapter 11 Cases, any related insolvency proceeding, or in any matter related thereto, or by virtue of these resolutions be, and hereby are, in all respects ratified, confirmed, and approved; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed, in the name of and on behalf of the Companies, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**[Signature Pages Follow]**

EAST\152251936.1

3

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF:**
Constellation Healthcare Technologies, Inc.
Orion Healthcorp, Inc.
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Chinh Chu abstains and recuses himself from such resolutions:

By: _____
Name: Chinh Chu
Title: Director

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Douglas Newton abstains and recuses himself from such resolutions:

By: _____
Name: Douglas Newton
Title: Director

In his capacity both as director and as the sole member of the Special Committee of the each of the Companies listed above:

By: _____
Name: Robert J. Rosenberg
Title: Independent Director

**CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.**
as Sole Stockholder of Orion Healthcorp, Inc.

By: _____
Name: Timothy J. Dragelin
Title: Chief Executive Officer and Chief Restructuring Officer

[*Signature Page to Bankruptcy Resolutions*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF:**
Constellation Healthcare Technologies, Inc.
Orion Healthcorp, Inc.
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Chinh Chu abstains and recuses himself from such resolutions:

By: _____
Name: Chinh Chu
Title: Director

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Douglas Newton abstains and recuses himself from such resolutions:

By: _____
Name: Douglas Newton
Title: Director

In his capacity both as director and as the sole member of the Special Committee of the each of the Companies listed above:

By: _____
Name: Robert J. Rosenberg
Title: Independent Director

**CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.**
as Sole Stockholder of Orion Healthcorp, Inc.

By: _____
Name: Timothy J. Dragelin
Title: Chief Executive Officer and Chief Restructuring Officer

*[Signature Page to Bankruptcy Resolutions]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF:**
Constellation Healthcare Technologies, Inc.
Orion Healthcorp, Inc.
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Chinh Chu abstains and recuses himself from such resolutions:

By: _____
Name: Chinh Chu
Title: Director

Solely for the purpose of the first resolution appointing the Special Committee, and for all other resolutions Douglas Newton abstains and recuses himself from such resolutions:

By: _____
Name: Douglas Newton
Title: Director

In his capacity both as director and as the sole member of the Special Committee of the each of the Companies listed above:

By: _____
Name: Robert J. Rosenberg
Title: Independent Director

**CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.**
as Sole Stockholder of Orion Healthcorp, Inc.

By: _____
Name: Timothy J. Dragelin
Title: Chief Executive Officer and Chief Restructuring Officer

*[Signature Page to Bankruptcy Resolutions]*

**ORION HEALTHCORP, INC.**
as Sole Stockholder of Integrated Physician Solutions, Inc.

By: _____
Name: Timothy J. Dragelin
Title: Chief Executive Officer and Chief Restructuring Officer


**ORION HEALTHCORP, INC.,**
as Manager of:

NEMS Acquisition LLC
Northeast Medical Solutions, LLC
NEMS West Virginia, LLC
Physicians Practice Plus Holdings, LLC
Physicians Practice Plus, LLC
MDRX Medical Billing, LLC

By: _____
Name: Timothy J. Dragelin
Title: Authorized Signatory


**TIMOTHY J. DRAGELIN**
as Manager of:

Northstar FHA, LLC
Northstar First Health, LLC
Phoenix Health, LLC
VEGA Medical Professionals, LLC
Allegiance Consulting Associates, LLC
NYNM Acquisition, LLC

By: _____
Name: Timothy J. Dragelin
Title: Manager


[*Signature Page to Bankruptcy Resolutions*]

**NORTHSTAR FIRST HEALTH, LLC**
as Sole Member of Vachette Business Services, Ltd.

By: _____
Name: Timothy J. Dragelin
Title: Authorized Signatory

**VEGA MEDICAL PROFESSIONALS, LLC**
as Sole Member of Allegiance Billing & Consulting, LLC

By: _____
Name: Timothy J. Dragelin
Title: Authorized Signatory

*[Signature Page to Bankruptcy Resolutions]*

**EXHIBIT A**

**Companies**

| | Company | Applicable Law | Section of Governing Document |
|---|---|---|---|
| 1. | Constellation Healthcare Technologies, Inc. | Section 141(f) of the Delaware General Corporation Law | Article 2 Section 2.8 of the Amended and Restated By-laws of Constellation Healthcare Technologies, Inc. |
| 2. | Orion Healthcorp, Inc. | Section 141(f) of the Delaware General Corporation Law | Article III, Section 3.16 of the Amended and Restated By-laws of Orion Healthcorp, Inc. |
| 3. | NEMS Acquisition, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of NEMS Acquisition, LLC |
| 4. | Northeast Medical Solutions, LLC | Section 8942 of the Pennsylvania Limited Liability Company Act of 1994 | Article (IV)(a)(i) of the Amended and Restated Operating Agreement of Northeast Medical Solutions, LLC |
| 5. | NEMS West Virginia, LLC | Section 8942 of the Pennsylvania Limited Liability Company Act of 1994 | Article (IV)(a)(i) of the Amended and Restated Operating Agreement of NEMS West Virginia, LLC |
| 6. | Physicians Practice Plus Holdings, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of Physicians Practice Plus Holdings, LLC |
| 7. | Physicians Practice Plus, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of Physicians Practice Plus, LLC |
| 8. | Medical Billing Services, Inc. | Section 6.201 of the Texas Business Organizations Code | Article III, Section 3.16 of the Amended and Restated By-laws of Medical Billing Services, Inc. |

| | Company | Applicable Law | Section of Governing Document |
|---|---|---|---|
| 9. | Rand Medical Billing, Inc. | Section 307(b) of the California Corporations Code | Article III, Section 3.16 of the Amended and Restated By-laws of Rand Medical Billing, Inc. |
| 10. | RMI Physician Services Corporation | Section 6.201 of the Texas Business Organizations Code | Article III, Section 3.16 of the Amended and Restated By-laws of RMI Physician Services Corporation |
| 11. | Western Skies Practice Management, Inc. | Section 7-108-202 of the Colorado Revised Statutes | Article III, Section 3.16 of the Amended and Restated By-laws of Western Skies Practice Management, Inc. |
| 12. | Integrated Physician Solutions, Inc. | Section 141(f) of the Delaware General Corporation Law | Article III, Section 3.16 of the Amended and Restated By-laws of Integrated Physician Solutions, Inc. |
| 13. | NYNM Acquisition, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of NYNM Acquisition, LLC |
| 14. | Northstar FHA, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of Northstar FHA, LLC |
| 15. | Northstar First Health, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Amended and Restated Operating Agreement of Northstar First Health, LLC |
| 16. | Vachette Business Services, Ltd. | Chapter 1705 of the Ohio Revised Code | Article 3 Section 3.3 of the Amended and Restated Operating Agreement of Vachette Business Services, Ltd. |
| 17. | Phoenix Health, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of Phoenix Health, LLC |

| | Company | Applicable Law | Section of Governing Document |
|---|---|---|---|
| 18. | MDRX Medical Billing, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of MDRX Medical Billing, LLC |
| 19. | VEGA Medical Professionals, LLC | Section 18-404 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq. | Article (IV)(a)(i) of the Operating Agreement of VEGA Medical Professionals, LLC |
| 20. | Allegiance Consulting Associates, LLC | Section 407 of the New York Limited Liability Company Law | Article (IV)(a)(i) of the Amended and Restated Operating Agreement of Allegiance Consulting Associates, LLC |
| 21. | Allegiance Billing & Consulting, LLC | Section 407 of the New York Limited Liability Company Law | Article (IV)(a)(i) of the Operating Agreement of Allegiance Billing & Consulting, LLC |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

**ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER
(I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM,
SECTION 503(b)(9) CLAIMS AND (II) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

This matter coming before the Court upon the *Motion of the Debtors for an Order (I)*

*Establishing Deadlines for Filing Proofs of Claim, Section 503(b)(9) Claims and (II) Approving*

*the Form and Manner of Notice Thereof* (the "Motion"),[1] filed by Orion HealthCorp, Inc. and its

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

affiliated debtors and debtors in possession (the "<u>Debtors</u>") for an order, pursuant to sections 105(a), 501, 502, 503, and 1111 of the Bankruptcy Code, Rules 2002, 3003(c), and 5005(a) of the Bankruptcy Rules, and the Administrative Order No. 556 of the United States Bankruptcy Court for the Eastern District of New York, dated March 29, 2010, (i) establishing the Bar Dates for filing, among other things, Proofs of Claim and 503(b)(9) Claims and (ii) approving the form and manner of notice thereof; and the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of the Motion and hearing scheduled with respect to the Motion was appropriate given the circumstances and no other or further notice being required; and the legal and factual bases set forth in the Motion and any hearing thereon establish just cause for the relief granted in this Order:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.  Any objections or other responses to the Motion not withdrawn or resolved are hereby overruled in their entirety.

2.      **General Bar Date:  July 5, 2018 at 5:00 p.m. (EST)** shall be the deadline for all persons or entities, other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code), to file proofs of claim (each a "<u>Proof of Claim</u>") based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "<u>503(b)(9) Claim</u>").

3.      **Governmental Bar Date: September 12, 2018, at 5:00 p.m. (EST)** shall be the deadline for all Governmental Units to file Proofs of Claim against any Debtor based on claims against such Debtor that arose prior to the Petition Date.

4.      **Rejection Damages Bar Date**: Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of this Order, be required to file a Proof of Claim based on such rejection on or before the later of the applicable Bar Date or the date that is **sixty (60) days** after the date of the order authorizing such rejection, and requiring that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of this Order, be required to file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

5.      **Amended Schedules Bar Date**.  If, on or after the date on which the Debtors serve the Bar Date Notice, any Debtor amends or supplements its Schedules to (i) reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) change the characterization of a claim, or (iii) add a new claim to the Schedules described as "disputed," "contingent," or "unliquidated," the deadline (*i.e.*, the Amended Schedules Bar Date) for the applicable claimant to file a Proof of Claim with respect to such amended claim will be the later of (y) the General Bar Date or (z) 5:00 p.m. (prevailing Eastern time) on the date that is sixty (60) days after service of a notice on such claimant of the Schedules Amendment.

6.      The Proof of Claim Form, substantially in the form attached hereto as **<u>Exhibit 3</u>**, is approved in all respects.

3

7. The Bar Date Notice, substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, are approved in all respects.

8. The following procedures for filing Proofs of Claim are hereby approved and adopted in these chapter 11 cases:

(a) Proofs of Claim must substantially conform to the Proof of Claim Form attached hereto as **Exhibit 3**;[2]

(b) All Proofs of Claim must be actually received on or before the Bar Date associated with such claim by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' claims and noticing agent in these chapter 11 cases. Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.nyeb.uscourts.gov), (ii) electronic submission using the interface available on Epiq's website at http://dm.epiq11.com/orionhealthcorp or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by Epiq on or before the Bar Dates at the following addresses:

If by First-Class Mail

Orion HealthCorp, Inc., Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, Oregon 97076-4419

If by Hand Delivery or Overnight Mail

Orion HealthCorp, Inc., Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, Oregon 97005

(c) Proofs of Claim will be deemed timely filed only if they are actually received by Epiq on or before the applicable Bar Date. Proofs of Claim submitted by facsimile or e-mail will *not* be accepted;

---

[2] The Proof of Claim Form is substantially in the form of the Official Bankruptcy Form 410, which can be found at http://www.uscourts.gov/forms/bankruptcy-forms. Proof of Claim forms can also be found at the website maintained by Epiq at http://dm.epiq11.com/orionhealthcorp.

(d)     Proofs of Claim must: (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in the English language; and (iv) be denominated in United States currency;

(e)     Each Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor within twenty (20) days prior to the Petition Date, (ii) attach any documentation identifying the particular invoices corresponding to the asserted 503(b)(9) Claim and delivery address, and (iii) attach documentation evidencing delivery of the goods delivered to and received by the applicable Debtor within twenty (20) days prior to the Petition Date;

(f)     Each Proof of Claim must specify by name the Debtor against which a claim is asserted, and if the holder asserts a claim against more than one Debtor, a separate Proof of Claim must be filed against each such Debtor;

(g)     any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, must file a Proof of Claim based on such rejection on or before the later of the applicable Bar Date or the date that is **sixty (60) days** after the date of the order authorizing such rejection, and as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, be required to file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and

(h)     Any entity that files a Proof of Claim by mail and wishes to receive a date-stamped copy by return mail shall include an additional copy of the Proof of Claim and a self-addressed postage-paid envelope.

9.      The following persons or entities are <u>not</u> required to file a Proof of Claim in accordance with the procedures set forth in this Motion:

(a)     any person or entity that has <u>already</u> properly filed a Proof of Claim against a Debtor with Epiq or the Clerk of the United States Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is <u>not</u> described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or

entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

(c)    any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

(d)    any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

(e)    any holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim;

(f)    any party that is not required to file a proof of claim pursuant to any final order approving debtor in possession financing; and

(g)    any Debtor for any claims it may hold against any other Debtor.

10.    No later than five (5) business days after entry of this Bar Date Order, the Debtors shall cause to be served the Bar Date Notice by first class U.S. mail, postage prepaid, along with a copy of the form Proof of Claim on the following parties:

(a)    the Office of the United States Trustee, Long Island Federal Plaza Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Alfred M. Dimino, Esq. [al.m.dimino@usdoj.gov]);

(b)    proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Ilan D. Scharf, Esq. [ischarf@pszjlaw.com]);

(c)    all parties that have requested notice in these chapter 11 cases;

(d)    all persons or entities that have previously filed a Proof of Claim;

(e)    all known or suspected holders of claims, against any Debtor as of the Petition Date, including all persons or entities listed in the Schedules[3] or that have previously filed a Proof of Claim;

(f)    all current counter-parties to executory contracts and unexpired leases of the Debtors;

---

[3]    In the event that the mailing date occurs before the Debtors' Schedules are filed, the Debtors shall cause to be served all persons or entities that the Debtors intend to include on their Schedules as of the mailing date. In the event that additional persons or entities are identified between the mailing date and the date that the Debtors file their Schedules and included in the Schedules, the Debtors shall notify such additional parties pursuant to the supplemental mailing procedures described below.

(g) all counter-parties to contracts with the Debtors that terminated between January 2017 and the date of the entry of this Order;

(h) all parties to litigation with the Debtors;

(i) all current and former employees, directors, and officers (to the extent that contact information for a former employee, director, or officer is available in the Debtors' books and records);

(j) (1) to the Securities and Exchange Commission at any place the Commission designates, if the Commission has filed either a notice of appearance in the case or a written request to receive notices; (2) to the Internal Revenue Service at its address set out in the register maintained under Rule 5003(e) for this district; (3) to the United States attorney for this district; (4) to the Secretary of the Treasury at Washington, D.C.; and (5) and all other applicable Governmental Units and parties entitled to notice under Bankruptcy Rule 2002(j); and

(k) the Office of the Attorney General in all states in which the Debtors operate, own or lease real property, and/or file tax returns.

11.     The Debtors will mail the Bar Date Notice to each of the foregoing party's last known address included in Debtors' books and records.

12.     **Supplemental Mailings**.  After the initial mailing of the Bar Date Notice, the Debtors may make supplemental mailings of notices, including in the event that (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential holders of claims become known.  In these and similar circumstances, the Debtors are authorized to make supplemental mailings of the Bar Date Notice at any time up to twenty-one (21) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to such holders of claims.

13.     **Any holder of a claim against any Debtor who receives notice of the applicable Bar Dates (whether such notice was actually or constructively received) and is required, but**

fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date, shall, pursuant to Bankruptcy Rule 3003(c)(2), not be treated as a creditor with respect to that claim for purposes of voting and distribution.

14.     The Debtors shall publish the Publication Notice once at least forty-five (45) days before the General Bar Date in the national edition of *The New York Times*.  The Publication Notice will provide effective notice of the Bar Dates to all creditors, including (a) any creditors who are unknown or not reasonably ascertainable by the Debtors, (b) known creditors with addresses that are unknown to the Debtors or are no longer accurate and/or updated, and (c) potential creditors with claims against the Debtors.

15.     Nothing in this Order shall prejudice the right of any Debtor or any other party in interest to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

16.     The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

17.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.



**Dated: May 3, 2018**
        **Central Islip, New York**

_____
                **Alan S. Trust**
        **United States Bankruptcy Judge**

**Exhibit 1**

**(Bar Date Notice)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS

**PLEASE TAKE NOTICE** that on March 16, 2018 (the "Petition Date"), Orion HealthCorp, Inc. and its affiliated debtors and debtors in possession listed above (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on April 24, 2018, the Debtors filed the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Section 503(b)(9) Claims and (II) Approving the Form and Manner of Notice Thereof* [D.I. 135].

**PLEASE TAKE FURTHER NOTICE** that, on [•], 2018, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "Bar Date Order") establishing:

    a.   **General Bar Date:** <u>July 5, 2018, at 5:00 p.m. (EST)</u> as the "General Bar Date" and deadline for all persons or entities, other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code), to file proofs of claim (each, a "Proof of Claim") based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "503(b)(9) Claim");

    b.   **Governmental Bar Date:** <u>September 12, 2018, at 5:00 p.m. (EST)</u> as the "Governmental Bar Date" and deadline for all Governmental Units to file Proofs of Claim against the Debtors based on claims against any Debtor that arose prior to the Petition Date.

    c.   **Rejection Damages Bar Date**: Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, be required to file a Proof of Claim based on such rejection on or before the later of the applicable Bar Date or the date that is **sixty (60) days** after the date of the order authorizing such rejection, and requiring that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, be required to file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

      **You should consult an attorney if you have any questions, including whether to file a Proof of Claim.  If you have any questions with respect to this notice, you may contact the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") at (888) 751-4998.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date, and it is not a claim described in Section 2 below.  Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

      Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.     **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

(a)     any person or entity that has <u>already</u> properly filed a Proof of Claim against a Debtor with Epiq or the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     any person or entity whose claim is listed on a Debtor's Schedule D or E/F of the Debtors' schedules of assets and liabilities ("<u>Schedules</u>"), and (i) the claim is <u>not</u> described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

(c)     any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

(d)     any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

(e)     any holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim;

(f)     any party that is not required to file a proof of claim pursuant to any final order approving debtor in possession financing; and

(g)     any Debtor for any claims it may hold against any other Debtor.

**You should not file a Proof of Claim if you do not have a claim against any of the Debtors. The fact that you have received this Bar Date Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believes that you have a claim.**

3.     **WHEN AND WHERE TO FILE A PROOF OF CLAIM**

Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.nyeb.uscourts.gov), (ii) electronic submission using the interface available on Epiq's website at http://dm.epiq11.com/orionhealthcorp or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by Epiq on or before the Bar Dates at the following addresses:

<u>If by First-Class Mail</u>

Orion HealthCorp, Inc., Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, Oregon 97076-4419

<u>If by Hand Delivery or Overnight Mail</u>

Orion HealthCorp, Inc., Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, Oregon 97005

Proofs of Claim will be deemed timely filed *only if* they are actually received by Epiq on or before the applicable Bar Date.  Proofs of Claim submitted by facsimile or e-mail *will not be accepted*.

4.      **HOW TO FILE A PROOF OF CLAIM**

Enclosed herewith is a Proof of Claim Form, in a form substantially similar to Official Bankruptcy Form 410.   Additional copies of the Proof of Claim Form may be obtained at **http://dm.epiq11.com/orionhealthcorp**.

If you file a Proof of Claim it must be (i) completed on a claim form substantially in the form of the Official Bankruptcy Form 410; (ii) signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (iii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iv) be in English language; and (v) be denominated in United States currency.  Each Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor within twenty (20) days prior to the Petition Date, (ii) attach any documentation identifying the particular invoices corresponding to the asserted 503(b)(9) Claim and delivery address, and (iii) attach documentation evidencing delivery of the goods delivered to and received by the applicable Debtor within twenty (20) days prior to the Petition Date.  Any holder of a claim against more than one Debtor must file a separate Proof of Claim against each Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case.  The Debtors' names and case numbers are set forth above.

**Supporting Documentation**.   Each   Proof   of   Claim   must   include   supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

5.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**EXCEPT AS DESCRIBED IN SECTION 2 ABOVE, AS APPLICABLE, ANY HOLDER OF A CLAIM AGAINST ANY DEBTOR WHO RECEIVED NOTICE OF THE BAR DATES (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY**

RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A PROOF OF CLAIM AGAINST ANY DEBTOR IN ACCORDANCE WITH THE BAR DATE ORDER AND THIS BAR DATE NOTICE ON OR BEFORE THE APPLICABLE BAR DATE, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST ANY SUCH DEBTOR AND ITS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF REORGANIZATION FILED IN ANY SUCH DEBTOR'S CHAPTER 11 CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN ANY SUCH DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

**6.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtors. Interested parties may examine copies of the Schedules at http://dm.epiq11.com/orionhealthcorp (free of charge) or on the Court's electronic docket http://www.nyeb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this Bar Date Notice.

In the event the Debtors file an amendment (a "Schedules Amendment") to any of their Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) changes the characterization of a claim, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," the deadline (the "Amended Schedules Bar Date") for each applicable claimant to file a Proof of Claim with respect to such amended or new claim shall be the later of (y) the General Bar Date or (z) 5:00 p.m. (Eastern Time) on the date that is sixty (60) days after service of a notice on such claimant of the Schedules Amendment), but, in the case of any amendment to the Schedules after the applicable Claim Deadlines where you did not file a proof of claim prior to the applicable Claim Deadlines, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; provided, however, that you are not entitled to an extension of an undisputed, liquidated, non-contingent claim.

Dated: _____, 2018          **DLA PIPER LLP (US)**
      New York, New York

                                          _____
                                          Thomas R. Califano (6144)
                                          DLA Piper LLP (US)
                                          1251 Avenue of the Americas
                                          New York, New York 10020-1104
                                          Telephone: (212) 335-4500
                                          Facsimile:  (212) 335-4501
                                          E-mail:  thomas.califano@dlapiper.com

                                          *Proposed Counsel to the Debtors and Debtors in Possession*

6

**Exhibit 2**

**(Publication Notice)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS

   **PLEASE TAKE NOTICE** that on March 16, 2018 (the "Petition Date"), Orion HealthCorp, Inc. and its affiliated debtors and debtors in possession listed above (collectively, the "Debtors") filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

   **PLEASE TAKE FURTHER NOTICE** that, on April 24, 2018, the Debtors filed the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Section 503(b)(9) Claims and (II) Approving the Form and Manner of Notice Thereof* [D.I. 135].

   **PLEASE TAKE FURTHER NOTICE** that on May [●], 2018, the Court entered an order (the "Bar Date Order"), establishing

a. **General Bar Date:** <u>July 5, 2018, at 5:00 p.m. (EST)</u> as the "General Bar Date" and deadline for all persons or entities, other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code), to file proofs of claim (each, a "<u>Proof of Claim</u>") based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "<u>503(b)(9) Claim</u>"); and

b. **Governmental Bar Date:** <u>September 12, 2018, at 5:00 p.m. (EST)</u> as the "Governmental Bar Date" and deadline for all Governmental Units to file Proofs of Claim against the Debtors based on claims against any Debtor that arose prior to the Petition Date.

c. **Rejection Damages Bar Date:** Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, be required to file a Proof of Claim based on such rejection on or before the later of the applicable Bar Date or the date that is sixty (60) days after the date of the order authorizing such rejection, and requiring that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, be required to file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

**PLEASE TAKE FURTHER NOTICE** that a claimant should consult an attorney if the claimant has any questions. For more detailed information regarding who must file a Proof of Claim and the specific requirements regarding the filing of same, you may (i) contact the Debtors' attorneys, DLA Piper LLP (US), <u>Attn</u>: Thomas R. Califano, Esq. and Rachel Nanes, Esq., by e-mail (thomas.califano@dlapiper.com and rachel.nanes@dlapiper.com) or telephone at (212) 335-4500; (ii) contact the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"), by telephone at (888) 751-4998 or (iii) visit the case website maintained by Epiq at http://dm.epiq11.com/orionhealthcorp. Please note that Epiq is not permitted to give you legal advice. Epiq cannot advise you how to file, or whether you should file, a Proof of Claim.

**Exhibit 3**

**(Proof of Claim Form)**

**United States Bankruptcy Court for the Eastern District of New York**
**Orion HealthCorp, Inc., Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

To submit your form online please go to https://epiqworkflow.com/cases/CCT

Your Mail ID is as follows: [CUSTID]

**Name of Debtor:**    [Debtor Name]

**Case Number:** [Debtor Case No.]

[CLAIM_NM]
[ATTN]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[CITY], [STATE] [ZIP]
[COUNTRY]

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

[Your claim is scheduled by the Debtor as:]
[$XX.XX Classification]
[$XX.XX Classification]
[Unliquidated]

# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. **Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim):  _____

Other names the creditor used with the debtor:  _____

**2.    Has this claim been acquired from someone else?**    ☐ No  ☐ Yes.    **From whom?** _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number     Street

_____
City                       State            ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number     Street

_____
City                       State            ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4.  Does this claim amend one already filed?**

☐ No

☐ Yes.    Claim number on court claims register (if known) _____

Filed on _____
                  MM   / DD  / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6.  Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7.  How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

_____

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____
_____

**Basis for perfection:** _____
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)    _____%
                                    ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

*   Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the such Debtor's business. $_____ Attach documentation supporting such claim.**

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____        _____
                 MM / DD / YYYY           Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
         First name              Middle name              Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number          Street

         _____
         City                          State              ZIP Code

Contact Phone _____  Email _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Orion Healthcorp, Inc., Constellation Healthcare Technologies, Inc., NEMS Acquisition, LLC, Northeast Medical Solutions, LLC, NEMS West Virginia, LLC, Physicians Practice Plus, LLC, Physicians Practice Plus Holdings, LLC, Medical Billing Services, Inc., Rand Medical Billing, Inc., RMI Physician Services Corporation, Western Skies Practice Management, Inc., Integrated Physician Solutions, Inc., NYNM Acquisition, LLC, Northstar FHA, LLC, Northstar

First Health, LLC, Vachette Business Services, Ltd., MDRX Medical Billing, LLC, VEGA Medical Professionals, LLC, Allegiance Consulting Associates, LLC, Allegiance Billing & Consulting, LLC, and Phoenix Health, LLC (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") and are not intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an individual-company basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Upon information and belief, the Debtors' historical books and records, including financial information may be incomplete or inaccurate. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, including, without limitation, by seeking to retrieve their corporate records from third parties, inadvertent errors or omissions, as well as the subsequent discovery of conflicting or additional information, may require the Debtors to amend the Schedules and Statements. The Debtors reserve all rights to amend the Schedules and Statements from time to time as needed.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions (whether negligent or otherwise) in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, amend, modify, revise, or recategorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, amended, modified, revised, or recategorized. The Debtors, on behalf of themselves, their officers, employees, agents, attorneys, and financial advisors, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

2

The Schedules and Statements have been signed by an authorized representative of each Debtor, Daniel S. Jones of FTI Consulting, Inc., who is the interim Chief Financial Officer of each of the Debtors.  In reviewing and signing the Schedules and Statements, the representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any claim, except as previously waived or stipulated by the Debtors.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, recharacterization, other equitable rights or remedies, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant nonbankruptcy law.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph or the record of these chapter 11 cases.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.  **Description of Cases and "As of" Information Date.**  On March 16, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 29, 2018, the Bankruptcy Court entered an order directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases [D.I. 34].

    The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset and liability data of the Debtors as of the close of business on March 15, 2018.

3

3.      **Net Book Value of Assets.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets for purposes of the Schedules and Statements.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the close of business on March 15, 2018.  Additionally, because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined or unknown amounts as of the Petition Date.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4.      **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      **Real Property and Personal Property Leased.**  In the ordinary course of their businesses, the Debtors leased real property and various articles of personal property, including fixtures and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6.      **Excluded Assets and Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  If additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded certain categories of assets, accruals, and liabilities from the Schedules and Statements, including, without limitation, possible deferred gains.  In addition, certain immaterial assets and liabilities may have been excluded.

EAST\153355151.6

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding claims on a post-petition basis, including, but not limited to, prepetition claims related to insurance policies, critical vendors, wages and compensation. Consequently, the amounts reflected in the Schedules and Statements are the Debtors' best effort to report the aggregated amount due from each Debtor to each creditor net of any post-petition payments.

7.     **Intercompany Balances and Underlying Activity.**  The Debtors are still assessing the nature and amounts of the intercompany transactions on an entity level.  As such, these balances and any related intercompany activity have been excluded from the Schedules and Statements pending further review.

8.     **Insiders.**  Solely for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors, (b) senior level officers, (c) equity holders, holding in excess of 5% of the voting securities of the Debtor-entities, (d) Debtor-affiliates, and (e) relatives of any of the foregoing (to the extent known by the Debtors).  Entities or persons listed as "insiders" have been included for informational purposes, and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

9.     **Intellectual Property Rights.**  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights do not exist or have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     **Executory Contracts and Unexpired Leases.**  Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to the appropriate Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Moreover, other than real property leases reported in Schedule A/B, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

11.     **Materialman's/Mechanic's Liens.**  The assets listed in the Schedules and Statements are presented without consideration of materialman's or mechanic's liens, if any such liens exist.

12.     **Classifications.**  Listing a claim or contract on (a) Schedule D as "secured," (b) Schedule E/F, Part 1 as "priority," (c) Schedule E/F, Part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired" does not constitute (i) an admission by the Debtors of the legal rights of the claimant, (ii) a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases, (iii) a waiver to exercise their rights to set off against such claims, or (iv) a waiver of defaults.

5

13.    **Claims Description.**  Schedules D and E/F permit each Debtor to designate a claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a claim on the given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objections or defenses.  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

14.    **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other nonbankruptcy laws.  The Debtors reserve all of their respective rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed, or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") each Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver or release of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15.    **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

    a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such an amount.

    b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts included in the sum, the actual totals may be different than the listed totals.

    c.    Liens.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16.    **Estimates and Assumptions.**  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual amounts could differ from those estimates, which differences may be material.

17.    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

18. **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19. **Employee Addresses.** Current employee addresses on the Schedules and Statements have been substituted with the address of Constellation Healthcare Technology, Inc.'s headquarters. For former employees, the Debtors' have provided the last known address for such individual.

20. **Global Notes Control.** If the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules of Assets and Liabilities**

As stated above, the Schedules do not purport to represent financial statements prepared in accordance with GAAP and are not intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

1. **Schedule A/B.** All values set forth in Schedule A/B are presented per the Debtors' books and records and reflect the net book value of the Debtors' assets as of the close of business on March 15, 2018. NYNM Acquisition, LLC and Northstar FHA, LLC are not set up as entities with their own books and records in the Debtors' accounting and financial reporting system. As such, there are no values associated with these entities within Schedules A/B.

2. **Schedule A/B, Part 1, Question 3 – Checking, savings, or other financial accounts**

To the extent Debtors maintain bank accounts for non-Debtor entities, these accounts have been excluded.

3. **Schedule A/B, Part 2, Question 7 – Deposits, including security deposits and utility deposits**

7

Deposit balances are presented per the Debtors' historical books and records and are not adjusted for deposit offsets or other adjustments that are still pending the Debtors' review and approval.  Due to these pending adjustments deposit balances are subject to change.

4.      **Schedule A/B, Part 2, Question 8 – Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Prepayment balances are presented per the Debtors' historical books and records and are not adjusted for prepayment offsets or other adjustments that are still pending Debtors' review and approval.  Due to these pending adjustments, prepayment balances are subject to change.

5.      **Schedule A/B, Part 3, Question 11 – Accounts receivable**

Accounts receivable balances are presented per Debtors' historical books and records and are not adjusted for bad debt write-offs or other adjustments that are still pending Debtors' review and approval. Due to these pending adjustments accounts receivable balances are subject to change.

6.      **Schedule A/B, Part 4, Question 15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an LLC, partnership or joint venture**

The current values of the Debtors' interests in affiliated entities is currently unknown.

7.      **Schedule A/B, Part 7, Questions 39-45 – Office Furniture, Fixtures, equipment & collectibles**

The current value of the Debtors' interests represents the net book value of assets that most closely match the General Description for questions 39-42, where applicable. Some assets included in Part 7 have been fully depreciated, in which case the current value of the Debtors' interests is zero. Additionally, the values of assets contained in Part 7 have not been adjusted to correct for inappropriate or inaccurate depreciation.  These adjustments are still pending the Debtors' review and approval.  As such, the values contained in Part 7 are subject to change.

8.      **Schedule A/B, Part 10, Questions 60-65 – Intangibles and intellectual property**

The Debtors do not currently have amortization schedules available for the property listed in Part 10.  The current value of the Debtors' interests represents the net book value of the respective property. The value of the property contained in this schedule has not been adjusted to correct for inappropriate or inaccurate amortization.  These adjustments are still pending the Debtors' review and approval.  As such, the values contained in Part 10 are subject to change.

9.      **Schedule A/B, Part 11, Question 72 – Tax refunds and unused net operating losses (NOLs)**

Certain tax forms have yet to be filed with certain tax authorities. The Debtors are performing an assessment of the tax refunds and NOLs related to prior periods. As such, these values are subject to change. Any tax refunds on the Debtors' 2016 tax returns were the result of payments made and/or prior year credits. Additionally, refunds in Part 11 may be due to overpayments of franchise or other taxes based upon gross receipts.

**10.    Schedule A/B, Part 11, Question 73 – Interests in insurance policies or annuities**

Certain of the Debtors currently maintain a variety of insurance policies including property, general liability, and other employee-related policies. To the extent the Debtors have made a determination of the amount of prepaid insurance premiums, such amounts are listed on Schedule A/B, Part 2, Question 8. All policies are expected to remain active. Furthermore, the Debtors do not have key man insurance policies.

**11.    <u>Schedule D</u>**

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights, including certain parties from whom the Debtors have received lien notices but whose notices the Debtors understand have not been filed or recorded. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome or cost prohibitive, and, therefore, the Debtors may not list a date for each claim listed on Schedule D.

Finally, the Debtors are taking no position on the extent or priority of any particular creditor's lien in the Schedules or the Global Notes.

**12.    <u>Schedule E/F</u>**

To the extent any federal, state, or local tax obligations have accrued but are not yet due and payable, such obligations have not been included in Schedule E/F.

The claims of individual creditors for, among other things, goods and services are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowance, or other adjustments due from such creditors to the Debtors. Additionally, some amounts entered may reflect a debit or negative balance. These amounts are immaterial and should not be considered credits, allowances, or other adjustments. The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Wages and Compensation and Maintain and Constitute Employee Benefit Programs in the Ordinary Course and (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Employee Obligations* [D.I. 98] (the "<u>Wages Order</u>"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation and employee benefits.

As such, those amounts, even if due and owing as of the Petition Date, have since been paid. Consequently, those items are not included in the Schedules and Statements.

Schedule E/F does not include certain deferred charges, deferred liabilities, certain accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the Debtors' knowledge, all taxing authorities have been included. If no amount was indicated after the Debtors' professionals analysis as being expected to be owed, the "Unliquidated" claim box has been checked. All known litigation matters have been listed. For pending cases where no final judgement has been made, the "Contingent", "Unliquidated", and "Disputed" boxes have been checked.

Claims of individual creditors for items described as Trade Payables have been incurred at various periods and according to certain payment terms and have been marked as "various" where the form requests a "Date Debt Was Incurred".

13.    **Schedule G**

Although the Debtors have relied upon their respective existing books, records, and financial systems to identify and schedule executory contracts and unexpired leases (collectively, the "Agreements") for each Debtor, and commercially reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party or the remaining term of the Agreement, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Certain of the Agreements listed in Schedule G may have been entered into by more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement, and where a contract party remained uncertain, such Agreements may have been listed on a different Debtor's or multiple Debtors' Schedule G.

Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any Agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.

10

In the ordinary course of business, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, subordination agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease.

Schedule G may be amended at any time to add any omitted contracts, agreements, or leases. Certain of the Agreements listed in Schedule G may consist of several parts, including, amendments, restatements, waivers, letters, and other documents that may not be listed in Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts. Additionally, certain of the Agreements listed in Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights, which are not set forth separately in Schedule G. The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified in Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Agreement, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors reserve all of their rights, claims, and causes of action with respect to the Agreements listed in Schedule G, including the right to (a) dispute the validity, status, or enforceability of any Agreement set forth in Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G; and (c) amend or supplement such Schedule as necessary.

14.    **Schedule H**

For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because

11

the Debtors have treated all such claims as contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

**Specific Disclosures with Respect to the Debtors' Statements of Financial Affairs**

1.    **Part 2, Question 4 - Payments or transfers made within 1 year preceding commencement of this case to creditors who are or were insiders**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 4 are subject to change because of this dispute.  Due to incomplete records, the Debtors do not have the supporting details for the transactions related to this question.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from sources outside of the Debtors' control.  The Debtors have made their best attempt to accurately provide such information.

2.    **Part 4, Question 9 - Gifts made within 2 years preceding commencement of this case, with an aggregate value over $1,000**

Due to incomplete records, the Debtors do not have all the supporting details of some of the transactions related to this question.  The Debtors have made their best attempt to accurately provide such information.

3.    **Part 6, Question 13 - Other transfers - property transferred outside ordinary course of business within 2 years preceding commencement of this case**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 13 are subject to change.  Due to incomplete records, the Debtors do not have the supporting details for the transactions related to this question.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from sources outside of the Debtors' control.   The Debtors have made their best attempt to accurately provide such information.

4.    **Part 7, Question 14 - Previous locations of debtor, all premises occupied and vacated within 3 years preceding commencement of this case**

Due to incomplete records, the Debtors do not have information necessary to completely answer this question.  For some dates of occupancy, the Debtors provided their best estimates for the time periods in which a location was occupied.

5.    **Part 13, Question 30 - Payments, distributions, or withdrawals credited to an insider within 1 year preceding commencement of this case**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 30 are subject to change.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from accounts outside of the Debtors' control.

6.     **Part 13, Question 26d - Creditors and other parties to whom a financial statement was issued within 2 years preceding commencement of this case**

Over the course of the last two years, the Debtors have been involved in several transactions in which their books and records may have been reviewed by several parties involved.  The parties include debt and equity investors, auditors, investment banks, consulting firms, counterparties and other individuals working on each of the transactions.  The major transactions the Debtor has been involved in the last two years include the Debtors' "going private" transaction in January 2017, the acquisition of New York Network Management, L.L.C. in March 2017, and the sale of substantially all of the assets of Debtor Vachette Business Services, Ltd. in March 2018.  In addition to these transactions, the Debtors have shared financial statements with several bank lenders and their professionals in the ordinary course of business as such reporting all of the individual recipients would be onerous and consequently, the Debtors did not attempt to report that information as part of the schedules and statements.

7.     **Part 13, Question 29 - Officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor within 1 year before the filing who no longer hold these positions**

The Debtors do not have complete information regarding the former management of the Debtors.  However, the Debtors have provided such information to the best of their ability and made some assumptions in doing so.  For example, where the Debtors were aware of former board members, the Debtors assumed that such board members held the position over all Debtor entities that are a corporation.

13

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor    Orion HealthCorp, Inc. | |
| United States Bankruptcy Court for the:   Eastern District of New York | |
| Case number   18-71748<br>(if known) | |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

**Part 1:**   **Income**

1. **Gross revenue from business**

   ☑ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

---

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None
      SEE ATTACHED EXHIBIT 3

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None
      SEE ATTACHED EXHIBIT 4

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

---

**Part 3:**   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☐ None

---

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 1805 Old Alabama Road, LLC v. Orion Healthcorp, Inc., 16- EV-000241 **Case number** No, 16- EV-000241 | Breach of Contract | State Court of Fulton County, State of Georgia 185 Central Ave SW Atlanta, GA 30303 USA | ☐ Pending ☐ On appeal ☒ Concluded |
| Cockerell Dermatopathology, P.A. v. Medical Billing Services, Inc. d/b/a Orion MBS, et al. (Cause No. DC-16- 02365) **Case number** No. DC-16- 02365 | Breach of contract and negligence | District Court of Dallas County, TX 133 N Riverfront Blvd #28 Dallas, TX 75207 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Cohen, et al. v. Porteck Corporation, et al. (Index No. 617280/2017) **Case number** No. 617280/2017 | Breach of Contract | Supreme Court of the State of NY, County of Suffolk 1 Court St Riverhead, NY 11901 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Equivalent Data, LLC v. Orion HealthCorp, Inc. **Case number** No. 2015-43519 | Breach of Contract | District Court of Harris County, Tx 49 San Jacinto St #303 Houston, TX 77002 USA | ☐ Pending ☐ On appeal ☒ Concluded |
| GeBBS Healthcare Solutions, Inc. v. Orion HealthCorp, Inc. (Index No. 650346/2018) **Case number** No. 1:16-cv-02206-GHW | Breach of Contract | Supreme Court of New York, County of New York 60 Centre St New York, NY 10007 USA | ☐ Pending ☐ On appeal ☒ Concluded |
| GeBBS Healthcare Solutions, Inc. v. Orion HealthCorp, Inc. (Index No. 650346/2018) **Case number** No. 650346/2018 | Breach of Contract | Supreme Court of New York, County of New York 60 Centre St New York, NY 10007 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| GSS Infotech v. Orion HealthCorp, Inc. and Constellation Health, LLC (Cause No. 2014- 45701/ 2016/45701) **Case number** No. 2014- 45701/ 2016/45701 | Breach of contract, quantum meruit, and unjust enrichment | District Court of Harris County, Tx 49 San Jacinto St #303 Houston, TX 77002 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Kolb Radiology, PC v. Orion Healthcorp, Inc. d/b/a Porteck, LLC (Case No. 1:16-cv- 07824-GHW) **Case number** No. 1:16-cv- 07824-GHW | Breach of contract and conversion | Southern District of New York 464 Pearl St New York, NY 10007 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Orion HealthCorp, Inc. and RMI Physicians Services Corp. v. John G. McBride, et al. ( Case No. 2014-01758) (Court of Appeals Number: 01-17- 00131-CV) **Case number** No: 01-17- 00131-CV | Breach of contract and fraud | District Court of Harris County, Tx; Court of Appeals, First District 301 Fannin St Houston, TX 77002 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Singh-Narayan and Yamraj v. Orion Healthcorp, Inc (Index No. 709520/17) **Case number** No. 709520/17 | Unpaid wages | Supreme Court of the State of NY, County of Queens 88-11 Sutphin Blvd Queens, NY 11435 USA | ☒ Pending ☐ On appeal ☐ Concluded |
| Steel Valley Emergency Physicians, LLC v. North East Medical Solutions, LLC, et al. (Docket No. GD-16- 01479) **Case number** No. GD-16- 01479 | Breach of Contract; Breach of duty of loyalty | Court of Common Pleas, Allegheny County, PA 414 Grant St Pittsburgh, PA 15219 USA | ☒ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☒ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| Texas Society of Pathologists<br>Suite #100<br>401 W. 15th Street<br>Austin, Texas 78701<br>United States | Corp donation for 2016 5K | 6/5/2016 | $5,000.00 |
| **Recipient's relationship to debtor**<br>No known relationship | | | |
| Collier Youth Services<br>160 Conover Road<br>Wickatunk, NJ 07765<br>United States | Charitable donation | 8/21/2017 | $5,000.00 |
| **Recipient's relationship to debtor**<br>No known relationship | | | |
| Unknown | Wine cooler | 12/31/2016 | $1,807.48 |
| **Recipient's relationship to debtor**<br>Not Available | | | |

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275 | | 12/15/2017 | $300,000.00 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275 | | 12/22/2017 | $96,972.50 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275 | | 12/22/2017 | $79,261.44 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275 | | 12/22/2017 | $14,250.00 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|--------|------------------------|------------------------|----------|
| | (Name) | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 2/1/2018 | $94,483.20 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 2/1/2018 | $78,865.30 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 2/1/2018 | $26,651.50 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 2/9/2018 | $154,430.59 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/2/2018 | $283,988.25 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/12/2018 | $41,807.00 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/12/2018 | $51,500.00 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/12/2018 | $45,165.75 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/12/2018 | $4,548.50 |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD 21275<br><br>**Email or website address**<br>www.dlapiper.com<br><br>**Who made the payment, if not debtor?** | | 3/12/2018 | $3,961.00 |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD  21275 | | 3/12/2018 | $250,000.00 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD  21275 | | 3/16/2018 | $51,500.00 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| DLA Piper LLP<br>PO BOX 75190<br>BALTIMORE, MD  21275 | | 3/16/2018 | $213,500.00 |
| **Email or website address**<br>www.dlapiper.com | | | |
| **Who made the payment, if not debtor?** | | | |
| Epiq Systems Acquisition Inc.<br>777 Third Avenue<br>12th Floor<br>New York, NY  10017 | | 2/28/2018 | $25,000.00 |
| **Email or website address**<br>www.epiqglobal.com | | | |
| **Who made the payment, if not debtor?** | | | |
| Epiq Systems Acquisition Inc.<br>777 Third Avenue<br>12th Floor<br>New York, NY  10017 | | 3/14/2018 | $55,000.00 |
| **Email or website address**<br>www.epiqglobal.com | | | |
| **Who made the payment, if not debtor?** | | | |
| Epiq Systems Acquisition Inc.<br>777 Third Avenue<br>12th Floor<br>New York, NY  10017 | | 3/14/2018 | $2,938.00 |
| **Email or website address**<br>www.epiqglobal.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA  02241 | | 1/5/2018 | $142,769.50 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA  02241 | | 12/15/2017 | $228,625.30 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA  02241 | | 12/22/2017 | $113,076.10 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
| | (Name) | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 12/29/2017 | $206,801.08 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/1/2018 | $124,391.98 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/9/2018 | $47,589.02 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/9/2018 | $75,082.50 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/9/2018 | $106,030.10 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/23/2018 | $104,406.95 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 2/23/2018 | $98,760.53 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/2/2018 | $125,277.96 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/2/2018 | $157,319.06 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/12/2018 | $117,967.84 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
| --- | --- | --- | --- |
| | (Name) | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/12/2018 | $116,278.86 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/12/2018 | $125,307.41 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |
| FTI Consulting Inc.<br>PO BOX 418005<br>BOSTON, MA 02241 | | 3/16/2018 | $213,500.00 |
| **Email or website address**<br>www.fticonsulting.com | | | |
| **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

13. **Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
| --- | --- | --- | --- |
| Aayush Sharma | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $293.33 |
| **Relationship to debtor** | | | |
| Abruzzi Investments LLC | Withdrawal / transfer from Wells Fargo IOLA | 5/25/2017 | $250,000.00 |
| **Relationship to debtor**<br>Entity owned by John Petrozza | | | |
| Allegiance Billing Associates, Inc.<br>333 JERICHO TURNPIKE, STE 102<br>JERICHO, NY 11753 | Earn out payment ABC as per escrow | 1/31/2017 | $1,500,000.00 |
| **Relationship to debtor**<br>Entity affiliated with John Esposito | | | |
| Allegiance Billing Associates, Inc.<br>333 JERICHO TURNPIKE, STE 102<br>JERICHO, NY 11753 | Earn out payment ACA as per escrow | 1/31/2017 | $750,000.00 |
| **Relationship to debtor**<br>Entity affiliated with John Esposito | | | |
| Arpita Khan Sharma | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $293.33 |
| **Relationship to debtor** | | | |
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY 11753 | Earn out payment Porteck as per escrow | 6/30/2017 | $1,100,000.00 |
| **Relationship to debtor**<br>CEO | | | |
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY 11753 | Earn out payment Porteck as per escrow | 5/31/2017 | $1,000,000.00 |
| **Relationship to debtor**<br>CEO | | | |

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY  11753<br><br>**Relationship to debtor**<br>CEO | Earn out payment Porteck as per escrow | 4/28/2017 | $600,000.00 |
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY  11753<br><br>**Relationship to debtor**<br>CEO | Earn out payment Porteck as per escrow | 3/31/2017 | $600,000.00 |
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY  11753<br><br>**Relationship to debtor**<br>CEO | Earn out payment Porteck as per escrow | 2/28/2017 | $600,000.00 |
| Arvind Walia<br>27 Kettlepond Rd<br>Jericho, NY  11753<br><br>**Relationship to debtor**<br>CEO | Earn out payment Porteck as per escrow | 1/31/2017 | $600,000.00 |
| Bobby Kumar<br><br>**Relationship to debtor**<br>Unknown | Earn out payment Northstar as per escrow | 4/28/2017 | $1,400,000.00 |
| Bobby Kumar<br><br>**Relationship to debtor**<br>Unknown | Earn out payment Northstar as per escrow | 3/31/2017 | $700,000.00 |
| Bobby Kumar<br><br>**Relationship to debtor**<br>Unknown | Earn out payment Northstar as per escrow | 2/28/2017 | $700,000.00 |
| Bobby Kumar<br><br>**Relationship to debtor**<br>Unknown | Earn out payment Northstar as per escrow | 1/31/2017 | $700,000.00 |
| BOOK TRANSFER DEBIT<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from M&T CHT Accounts | 3/31/2016 | $200,000.00 |
| BOOK TRANSFER DEBIT<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from M&T CHT Accounts | 3/30/2016 | $250,000.00 |
| BOOK TRANSFER DEBIT<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from M&T CHT Accounts | 3/30/2016 | $3,800,000.00 |
| CHECK NUMBER 0055<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from M&T CHT Accounts | 3/30/2016 | $40,000.00 |
| CLOSEOUT<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from M&T CHT Accounts | 7/20/2016 | $1,906,442.04 |
| Damian & Valori LLP, Operating Acct<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from Wells Fargo IOLA | 4/13/2017 | $10,000.00 |
| Daniel Flaskay<br><br>**Relationship to debtor** | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $647.34 |
| Depo International<br><br>**Relationship to debtor**<br>Unknown | Withdrawal / transfer from Wells Fargo IOLA | 7/25/2017 | $3,950.25 |
| Elena Sartison<br><br>**Relationship to debtor** | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $97,737.42 |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
| | (Name) | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Elizabeth Kelly<br>125 Annfield Ct.<br>Staten Island, NY 10304 | NYMN Balance consideration paid - escrow | 3/10/2017 | $7,500,000.00 |
| **Relationship to debtor**<br>Debtor consultant | | | |
| Elizabeth Kelly<br>125 Annfield Ct.<br>Staten Island, NY 10304 | AP Pymt - Elizabeth Kelly: Escrow - 3/10 | 3/10/2017 | $375,000.00 |
| **Relationship to debtor**<br>Debtor consultant | | | |
| Elizabeth Kelly<br>125 Annfield Ct.<br>Staten Island, NY 10304 | Elizabeth Kelly purchase consideration paid for NYNM LLC | 3/10/2017 | $15,589,500.00 |
| **Relationship to debtor**<br>Debtor consultant | | | |
| First United Health | Fees reimbursed to FUH for aborted acquisitions in 2016 | 12/20/2016 | $974,589.50 |
| **Relationship to debtor**<br>Parmar controlled entity | | | |
| First United Health | reimbursed to FUH for payments made to corporate amex | 12/20/2016 | $1,300,000.00 |
| **Relationship to debtor**<br>Parmar controlled entity | | | |
| First United Health | AP Pymt - First United Health | 12/20/2016 | $2,713,227.46 |
| **Relationship to debtor**<br>Parmar controlled entity | | | |
| GKS Business Partners | AP Pymt - GKS Business Partners: escrow 4/14 | 4/14/2017 | $715,000.00 |
| **Relationship to debtor**<br>Consultant/advisor | | | |
| GKS Business Partners | AP Pymt - GKS Business Partners: Escrow 3/10 | 3/10/2017 | $715,000.00 |
| **Relationship to debtor**<br>Consultant/advisor | | | |
| Grange Management Services | AP Pymt - Grange Management Services: escrow 4/14 | 4/14/2017 | $890,000.00 |
| **Relationship to debtor**<br>Consultant/advisor | | | |
| Grange Management Services | AP Pymt - Grange Management Services: escrow 3/10 | 3/10/2017 | $890,000.00 |
| **Relationship to debtor**<br>Consultant/advisor | | | |
| Holland & Knight LLP | Bill - Holland & Knight LLP.: Kelly Litigation Escrow-- NYNM Acquisition | 3/10/2017 | $820,500.00 |
| **Relationship to debtor**<br>Consultant/advisor | | | |
| In Branch Transfer/Withdrawal | Withdrawal / transfer from M&T CHT Accounts | 7/8/2016 | $10,000.00 |
| **Relationship to debtor**<br>Unknown | | | |
| In Branch Transfer/Withdrawal | Withdrawal / transfer from M&T CHT Accounts | 3/18/2016 | $1,000,000.00 |
| **Relationship to debtor**<br>Unknown | | | |
| In Branch Transfer/Withdrawal | Withdrawal / transfer from M&T CHT Accounts | 3/16/2016 | $500,000.00 |
| **Relationship to debtor**<br>Unknown | | | |
| Jackson Wright | Earn out payment MDRX as per escrow | 5/31/2017 | $2,500,000.00 |
| **Relationship to debtor**<br>Payment related to a synthetic entity. | | | |
| Jackson Wright | Earn out payment MDRX as per escrow | 4/28/2017 | $2,000,000.00 |
| **Relationship to debtor**<br>Payment related to a synthetic entity. | | | |
| Jackson Wright | Earn out payment MDRX as per escrow | 3/31/2017 | $1,500,000.00 |
| **Relationship to debtor**<br>Payment related to a synthetic entity. | | | |

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Jackson Wright | Earn out payment MDRX as per escrow | 2/28/2017 | $1,250,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |
| Jackson Wright | Earn out payment MDRX as per escrow | 1/31/2017 | $1,500,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |
| Kirkland & Ellis LLP | AP Pymt - Kirkland &Ellis LLP: Escrow-12/29 | 12/31/2016 | $150,407.25 |
| **Relationship to debtor** Consultant/advisor | | | |
| Kriss & Feuerstein LLP | Withdrawal / transfer from Wells Fargo IOLA | 7/13/2017 | $1,623,600.00 |
| **Relationship to debtor** Purchase of Parmar apartment | | | |
| Legal Order Debit - FBI case#22835317 | Withdrawal / transfer from Wells Fargo IOLA | 3/15/2017 | $20,100,356.70 |
| **Relationship to debtor** Unknown | | | |
| Marko Raich | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $724.17 |
| **Relationship to debtor** | | | |
| Marko Raich 5151 RAU HIGHWAY PALMYRA, MI  49268 | Withdrawal / transfer from Wells Fargo IOLA | 3/3/2017 | $178,240.00 |
| **Relationship to debtor** Purchased certain Vachette assets | | | |
| Marko Raich 5151 RAU HIGHWAY PALMYRA, MI  49268 | Withdrawal / transfer from Wells Fargo IOLA | 11/23/2016 | $240,000.00 |
| **Relationship to debtor** Purchased certain Vachette assets | | | |
| McQuire Woods LLP | AP Pymt - McguireWoods LLP: Escrow payment 12/29 | 12/31/2016 | $175,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Merrill Lynch - Moshe&Miriam Feuer | Withdrawal / transfer from Wells Fargo IOLA | 2/7/2017 | $900,000.00 |
| **Relationship to debtor** Unknown | | | |
| Michele Matney 3130 SHORELAND AVE TOLEDO, OH  43611 | Withdrawal / transfer from Wells Fargo IOLA | 11/23/2016 | $60,000.00 |
| **Relationship to debtor** Unknown | | | |
| Michelle Matney 3130 SHORELAND AVE TOLEDO, OH  43611 | Withdrawal / transfer from Wells Fargo IOLA | 3/3/2017 | $100,260.00 |
| **Relationship to debtor** Unknown | | | |
| Nicka Marcin | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $8,364.19 |
| **Relationship to debtor** | | | |
| Niknim Management Inc. 27 Kettlepond Rd Jericho, NY  11753 | Withdrawal / transfer from Wells Fargo IOLA | 6/28/2017 | $20,000.00 |
| **Relationship to debtor** Arvind Walia's company | | | |
| Niknim Management Inc. 27 Kettlepond Rd Jericho, NY  11753 | Withdrawal / transfer from Wells Fargo IOLA | 6/23/2017 | $1,500,000.00 |
| **Relationship to debtor** Arvind Walia's company | | | |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| One Riverside Park | AP Pymt - One Riverside Park: ACH 8/1/17 | 8/1/2017 | $7,784.00 |
| **Relationship to debtor** Parmar aparment | | | |
| One Riverside Park | AP Pymt - One Riverside Park: Wire 7/5/17 | 7/5/2017 | $7,784.00 |
| **Relationship to debtor** Parmar aparment | | | |
| One Riverside Park | AP Pymt - One Riverside Park: Wire 7/31/17 | 7/31/2017 | $7,784.00 |
| **Relationship to debtor** Parmar aparment | | | |
| One Riverside Park | One Riverside Park Unit 21B paid from Chase 6450 | 5/31/2017 | $7,784.00 |
| **Relationship to debtor** Parmar aparment | | | |
| OUTGOING FEDWIRE FUNDS TRANSFER KRISS & FEUERSTEIN LLP ATTORNEY 19 Colts Gait Lane Colts Neck, NJ 07722 | Withdrawal / transfer from M&T CHT Accounts | 4/1/2016 | $8,000.00 |
| **Relationship to debtor** Related to Paul Parmar | | | |
| OUTGOING FEDWIRE FUNDS TRANSFER KRISS & FEUERSTEIN LLP ATTY ESCROW 19 Colts Gait Lane Colts Neck, NJ 07722 | Withdrawal / transfer from M&T CHT Accounts | 3/30/2016 | $3,800,000.00 |
| **Relationship to debtor** Related to Paul Parmar | | | |
| OUTGOING FEDWIRE FUNDS TRANSFER SAINATH TRADING FZE | Withdrawal / transfer from M&T CHT Accounts | 3/16/2016 | $225,000.00 |
| **Relationship to debtor** Unknown | | | |
| OUTGOING FEDWIRE FUNDS TRANSFER NIKNIM MANAGEMENT INC 27 Kettlepond Rd Jericho, NY 11753 | Withdrawal / transfer from M&T CHT Accounts | 4/15/2016 | $2,500,000.00 |
| **Relationship to debtor** Entity owned by Arvind Walia, CTO at Constellation Healthcare Technologies | | | |
| OUTGOING FEDWIRE TRANSFER AUTO NON REP Robinson Brog GLUCK PC ATTN ADAM J GREENE 875 THIRD AVENUE NEW YORK, NY 10022 | Withdrawal / transfer from M&T CHT Accounts | 8/10/2016 | $12,740,000.00 |
| **Relationship to debtor** Unknown | | | |
| Paul Parmar | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $3,629,167.99 |
| **Relationship to debtor** | | | |
| Paul Parmar 19 Colts Gait Lane Colts Neck, NJ 07722 | Bill - Jersey Central Power & Light: PP Bill Colts Gait | 9/19/2017 | $4,267.64 |
| **Relationship to debtor** Former CFO | | | |
| Paul Parmar 19 Colts Gait Lane Colts Neck, NJ 07722 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 062017 Colts Neck 091517 | 9/15/2017 | $4,334.97 |
| **Relationship to debtor** Former CFO | | | |
| Paul Parmar 19 Colts Gait Lane Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm | 8/2/2017 | $45.18 |
| **Relationship to debtor** Former CFO | | | |

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
| | (Name) | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm | 8/2/2017 | $74.09 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait | 8/2/2017 | $35,808.52 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm | 8/1/2016 | $44.91 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm | 8/1/2016 | $74.28 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait | 8/1/2016 | $34,518.37 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 052017 Colts Neck | 6/15/2017 | $162.74 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 062017 Colts Neck | 6/15/2017 | $1,447.94 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm | 5/3/2017 | $43.27 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm | 5/3/2017 | $70.97 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait | 5/3/2017 | $34,609.18 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00003898 | 4/30/2016 | $34,988.30 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00003899 | 4/30/2016 | $68.71 |
| **Relationship to debtor**<br>Former CFO | | | |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|--------|------------------------|------------------------|----------|
| | (Name) | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00004197 | 4/30/2016 | $85.17 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm | 2/7/2017 | $43.28 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm | 2/7/2017 | $70.97 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait | 2/7/2017 | $34,609.19 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00003898 | 2/29/2016 | $35,106.85 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00003899 | 2/29/2016 | $68.03 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Bill - Township of Colts Neck: Acc ID 00004197 | 2/29/2016 | $41.86 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Reimburse Sam Z for Colts Gait Expenses 2/23/16 | 2/23/2016 | $1,066.18 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | Sam Z. reimbursement Colts Gait Exp 2/2/16 | 2/2/2016 | $2,165.39 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | 12/29/15 Sam Z. reimburse utility bills Colts Gait | 12/31/2015 | $4,525.28 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | 12/30/15 Sam Z reimburse utility bills Colts Gait | 12/31/2015 | $1,627.97 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | 12/8/15 Reimburse Sam Z for utility bills Colts Gait | 12/31/2015 | $9,733.11 |
| **Relationship to debtor**<br>Former CFO | | | |

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Dolan, Rachelle: Jersey Central Power Nov 16 for Corp Parmer Colts neck location Approved by Sam Z. | 12/29/2016 | $281.95 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Dolan, Rachelle: Jersey Central Power Oct for Corp Parmer Colts neck location | 11/22/2016 | $677.36 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Dolan, Rachelle: New Jersey Natural Gas Oct 2016 Statement Parmar Colts Neck location | 11/22/2016 | $1,077.17 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm | 11/2/2016 | $44.91 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm | 11/2/2016 | $74.27 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait | 11/2/2016 | $34,518.36 |
| **Relationship to debtor**<br>Former CFO | | | |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Bill - Dolan, Rachelle: Jersey Central Power & Light Reim Various Confirms #GB6E,GB6G,GB6J,GB6K,GB6L,GB7F for Corp Parmer Colts neck location | 10/24/2016 | $4,631.68 |
| **Relationship to debtor**<br>Former CFO | | | |
| Pepper Hamilton LLP | Withdrawal / transfer from Wells Fargo IOLA | 5/16/2017 | $4,386.75 |
| **Relationship to debtor**<br>Unknown | | | |
| Precise Court Reporting Services | Withdrawal / transfer from Wells Fargo IOLA | 7/5/2017 | $813.90 |
| **Relationship to debtor**<br>Unknown | | | |
| Ranga Bhoomi LLC<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Withdrawal / transfer from Wells Fargo IOLA | 2/10/2017 | $8,765,997.44 |
| **Relationship to debtor**<br>Related to Paul Parmar | | | |
| Ranga Bhoomi LLC<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Withdrawal / transfer from Wells Fargo IOLA | 2/10/2017 | $7,234,002.56 |
| **Relationship to debtor**<br>Related to Paul Parmar | | | |
| Reel Life Production PVT LTD<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Withdrawal / transfer from Wells Fargo IOLA | 4/18/2017 | $150,000.00 |
| **Relationship to debtor**<br>Related to Paul Parmar | | | |
| Reel Life Production PVT LTD<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | Withdrawal / transfer from Wells Fargo IOLA | 2/21/2017 | $300,000.00 |
| **Relationship to debtor**<br>Related to Paul Parmar | | | |

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Robinson Brog | AP Pymt - Robinson Brog Leinwand Greene: Escrow - 3/10 | 3/10/2017 | $775,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Robinson Brog | Robinson & Brog NYNM purchase consideration paid- reps and warranties | 3/10/2017 | $3,590,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Robinson Brog | Robinson and Brog purchase consideration paid-CHT share escrow | 3/10/2017 | $2,000,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Robinson Brog | Robinson Brog funds received | 2/16/2017 | $720,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Robinson Brog | Robinson Brog funds received | 2/15/2017 | $50,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Robinson Brog Leinwand GLUCK PC ATTN ADAM J GREENE 875 THIRD AVENUE NEW YORK, NY 10022 | Withdrawal / transfer from Wells Fargo IOLA | 12/22/2016 | $697,392.29 |
| **Relationship to debtor** Unknown | | | |
| Sarah Reinsch | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $11,434.17 |
| **Relationship to debtor** | | | |
| Sher Tremonte LLP 90 BROAD ST NEW YORK, NY 10004 | Withdrawal / transfer from Wells Fargo IOLA | 10/20/2016 | $365,000.00 |
| **Relationship to debtor** Unknown | | | |
| State Street Corporate LLC 1786 MOUNT FRIENDSHIP RD SMYRNA, DE 19977 | Withdrawal / transfer from Wells Fargo IOLA | 5/15/2017 | $300.00 |
| **Relationship to debtor** Unknown | | | |
| TELLER MISCELLANEOUS DEBIT | Withdrawal / transfer from M&T CHT Accounts | 4/5/2016 | $260,000.00 |
| **Relationship to debtor** Unknown | | | |
| Truc  N To | Potentially non-business related Corporate AmEx charges incurred by Transferee | 3/16/2016 - 3/15/2018 | $15.00 |
| **Relationship to debtor** | | | |
| United States Treasury 2970 MARKET ST BLN 3G23100 PHILADELPHIA, PA 19104-5002 | Withdrawal / transfer from Wells Fargo IOLA | 4/27/2017 | $246,291.45 |
| **Relationship to debtor** Unknown | | | |
| US Legal Support | Withdrawal / transfer from Wells Fargo IOLA | 6/27/2017 | $731.90 |
| **Relationship to debtor** Unknown | | | |
| Vijay Kumar | Earn out payment Phoenix as per escrow | 4/28/2017 | $950,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |
| Vijay Kumar | Earn out payment Phoenix as per escrow | 3/31/2017 | $600,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |
| Vijay Kumar | Earn out payment Phoenix as per escrow | 2/28/2017 | $600,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |

| Debtor | Orion HealthCorp, Inc. | | | Case number (if known) | 18-71748 |
|---|---|---|---|---|---|
| | (Name) | | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| Vijay Kumar | Earn out payment Phoenix as per escrow | 1/31/2017 | $600,000.00 |
| **Relationship to debtor** Payment related to a synthetic entity. | | | |
| Wilcox & Fetzer | Withdrawal / transfer from Wells Fargo IOLA | 6/6/2017 | $4,522.71 |
| **Relationship to debtor** Unknown | | | |
| Windels Marx Lane & Mittendorf LLP | Withdrawal / transfer from Wells Fargo IOLA | 3/24/2017 | $100,000.00 |
| **Relationship to debtor** Unknown | | | |
| Young Conaway Stargatt & Taylor | Withdrawal / transfer from Wells Fargo IOLA | 12/30/2016 | $200,000.00 |
| **Relationship to debtor** Unknown | | | |
| Young Conaway Stargatt & Taylor | Withdrawal / transfer from Wells Fargo IOLA | 1/18/2017 | $100,000.00 |
| **Relationship to debtor** Unknown | | | |
| Young Conway | AP Pymt - Young Conway: Escrow - 12/30 | 12/31/2016 | $425,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |
| Young Conway | AP Pymt - Young Conway: Escrow - 1/24 | 1/24/2017 | $100,000.00 |
| **Relationship to debtor** Consultant/advisor | | | |

---

**Part 7:**  Previous Locations

14. **Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 1625 Avenue of the Cities<br>Suite C - 120<br>East Moline, IL  61265 | From  11/1/2009     To  Current |
| 1625 Avenue of the Cities<br>Suite C - 120<br>East Moline, IL  61265 | From  11/1/2009     To  3/31/2018 |
| One Arin Park<br>1715 Route 35 North<br>Suite 301<br>Middletown, NJ  07748 | From  12/1/2016     To  Current |
| One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ  07748 | From  12/1/2016     To  Current |
| 368 West Pike St<br>Suite 102<br>Lawrenceville, GA  30046 | From  Unknown     To  Current |
| 3200 Wilcrest Drive<br>Suite 415<br>Houston, TX  77042 | From  12/10/2012     To  9/25/2017 |
| 3200 Wilcrest Drive<br>Suite 600<br>Houston, TX  77042 | From  6/8/2011     To  9/25/2017 |

---

**Part 8:**  Health Care Bankruptcies

15. **Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   —  diagnosing or treating injury, deformity, or disease, or
   —  providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None

---

**Part 9:**  Personal Identifiable Information

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☒ Yes. State the nature of the information collected and retained.   Patient Data (Name, Marital status, Home address, Social security number, Medical history, Driver License No.)

Does the debtor have a privacy policy about that information?

☐ No
☒ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

☒ No. Go to Part 10.
☐ Yes. Fill in below:

---

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Iron Mountain<br>600 Distribution Drive<br>Atlanta, GA  30336 | Rachelle Dolan | Accounting, payroll, HR and general company records | ☐ No<br>☒ Yes |

---

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

---

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

---

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes.  Provide details below.

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business  name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| Allegiance Billing & Consulting, LLC<br>333 Jericho Turnpike<br>Suite 102<br>Jericho, NY  11753 | Revenue Cycle Management for hospital-based physician practices | 52-2297141<br>**Date business existed**<br>FromUnknown          ToPresent |
| Allegiance Consulting Associates, LLC<br>2 Broad Street<br>3rd Floor<br>Bloomfield, NJ | Revenue Cycle Management for hospital-based physician practices | 46-1557291<br>**Date business existed**<br>FromUnknown          ToPresent |
| Brooklyn Medical Systems IPA 3, Inc. | | 11-3322998<br>**Date business existed**<br>From                        To |
| Brooklyn Medical Systems IPA 4, Inc. | | 11-3323000<br>**Date business existed**<br>From                        To |
| Brooklyn Medical Systems IPA 5, Inc. | | 11-3323001<br>**Date business existed**<br>From                        To |
| Integrated Physicians Solutions, Inc.<br>368 W. Pike St.<br>Suite 103<br>Lakewood,, GA  30046 | Management services for primary care and pediatric practices | 58-2260543<br>**Date business existed**<br>FromUnknown          ToPresent |
| MDRX Medical Billing, LLC<br>N/A<br>N/A<br>N/A<br>N/A, N/A | Entity used in a sham acquisition with no operating business | 81-1785410<br>**Date business existed**<br>FromUnknown          ToPresent |
| Medical Billing Services, Inc.<br>3200 Wilcrest Drive<br>Suite 550<br>Houston, TX  77042 | Healthcare Revenue Cycle Management | 76-0162971<br>**Date business existed**<br>FromUnknown          ToPresent |
| NEMS Acquisition, LLC<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ | Healthcare Revenue Cycle Management | 46-5137378<br>**Date business existed**<br>FromUnknown          ToPresent |
| Nems West Virginia, LLC<br>1107 Garfield Ave<br>Parkersburg, WV  26105 | Healthcare Revenue Cycle Management | 46-1449624<br>**Date business existed**<br>FromUnknown          ToPresent |
| Network Management Insurance Brokerage Services, LLC | | 11-3593115<br>**Date business existed**<br>From                        To |
| New York Network IPA, Inc | | 11-3322995<br>**Date business existed**<br>From                        To |

---

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| New York Network Management, LLC | | 11-3347168 |
| | | **Date business existed** |
| | | From      To |
| New York Network Premier IPA, Inc | | 11-3322997 |
| | | **Date business existed** |
| | | From      To |
| Northeast Medical Solutions, LLC<br>417 Grand Park Drive<br>Suite 204<br>Parkersburg, WV 26105 | Healthcare Revenue Cycle Management | 25-1872703 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Northstar FHA, LLC<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ | Entity used in a sham acquisition with no operating business | 47-4501522 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Northstar First Health, LLC<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ | Non-operating entity | 47-4501522 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| NYNM Acquisition, LLC<br>2901 4th Ave.<br>1st Floor<br>Brooklyn, NY 11209 | Negotiates contracts with insurance companies on behalf of doctors | Unknown |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Phoenix Health, LLC<br>N/A<br>N/A<br>N/A<br>N/A, N/A | Entity used in a sham acquisition with no operating business | 47-5650856 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Physicians Practice Plus Holdings, LLC<br>100 Jericho Quadrangle<br>Suite 235<br>Jericho, NY 11753 | Healthcare Revenue Cycle Management | 47-3206100 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Physicians Practice Plus, LLC<br>100 Jericho Quadrangle<br>Suite 235<br>Jericho, NY 11753 | Healthcare Revenue Cycle Management | 47-3214122 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Rand Medical Billing, Inc.<br>1633 Erringer Road<br>1st Floor<br>Simi Valley, CA 93065 | Healthcare Revenue Cycle Management | 95-3697887 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| RMI Physician Services Corportation<br>12951 South Fwy<br>Houston, TX 77047 | Healthcare Revenue Cycle Management | 76-0437239 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Vachette Business Services, Ltd.<br>111 Giles Avenue<br>Apartement C<br>Blissfield, MI 49228 | Healthcare third-party billing services, negotiated managed care contracts, and assisted with business management. | 30-0664672 |
| | | **Date business existed** |
| | | From 9/2/2015      To Present |
| VEGA Medical Professionals, LLC<br>2 Broad Street<br>3rd Floor<br>Bloomfield, NJ | Revenue Cycle Management for hospital-based physician practices | 81-2851055 |
| | | **Date business existed** |
| | | From Unknown      To Present |
| Western Skies Practice Management, Inc.<br>7175 West Jefferson Ave.<br>Suite 2500<br>Suite 2500, CO 80235 | Healthcare Revenue Cycle Management | 84-1031904 |
| | | **Date business existed** |
| | | From Unknown      To Present |

26. **Books, records, and financial statements**

   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

      ☐ None

| Name and address | Dates of service |
|---|---|

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|--------|------------------------|--|------------------------|----------|
| | (Name) | | | |

| Name and address | Dates of service | |
|------------------|------------------|--|
| Dolan, Rachelle<br>One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ 07748 | From 3/1997 | To Current |
| Ravi Chivukula<br>111 Round Hill Dr.<br>Freehold, NJ 07728 | From Unknown | To 9-10/2017 |
| Sotirios "Sam" Zaharis<br>1304 Plaza Drive<br>Woodbridge, NJ 07095 | From Unknown | To 9-10/2017 |
| To, Truc N<br>One Arin Park<br>1715 Route 35 North<br>Suite 301<br>Middletown, NJ 07748 | From 5/2017 | To 3/2018 |
| Wildermuth, Corinna M<br>One Arin Park<br>1715 Route 35 North<br>Suite 301<br>Middletown, NJ 07748 | From 11/2017 | To 4/2018 |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|------------------|------------------|--|
| Briggs & Veselka<br>9 Greenway Plaza<br>Suite 1700<br>Houston, TX 07704 | From 01/2016 | To 12/2016 |
| RRBB Accountants and Advisors<br>265 Davidson Avenue<br>Suite 210<br>Somerset, NJ 08873 | From 01/2014 | To 12/2015 |
| Sessler Macklin LLP<br>David Macklin<br>228 East 45th St.<br>10th Floor<br>New York, NY 10017 | From 01/2016 | To 12/2016 |

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|------------------|------------------------------------------------------------------|
| Dolan, Rachelle<br>One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ 07748 | |
| To, Truc N<br>One Arin Park<br>1715 Route 35 North<br>Suite 301<br>Middletown, NJ 07748 | |
| Wildermuth, Corinna M<br>One Arin Park<br>1715 Route 35 North<br>Suite 301<br>Middletown, NJ 07748 | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

See Global Notes

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

#### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None

#### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Arvind Waila | 27 Kettlepond Rd<br>Jericho, NY  11753 | CEO | |
| Chinh Chu | One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ  07748 | Director | |
| Douglas Newton | 555 Madison Avenue<br>26th Floor<br>New York, NY  10022 | Director | |
| Robert J. Rosenberg | 125 E 61st Street<br>New York, NY  10065 | Director | |
| Timothy J. Dragelin | One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ  07748 | CRO | |

#### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Eric Feldstein | 61 East 86th St<br>Apt 54<br>New York, NY  10028 | Board Member | From  2017    To  2018 |
| James Quella | 9 Sharon Mountain Rd<br>Sharon, CT  06069 | Board Member | From  2017    To  11/2017 |
| Joseph A. Seale | 1207 Rosine St<br>Houston, TX  77019 | Officer | From  Unknown    To  Unknown |
| Mark L. Shwartz | 509 East 2nd Street<br>Suite #4<br>Boston, MA  02127 | Officer | From  10/2017    To  10/2017 |
| Parth Mehrotra | 180 Broad St<br>Apt 1405<br>Stamford, CT  07901 | Board Member | From  01/2017    To  01/2018 |
| Paul Parmar | 19 Colts Gait Lane<br>Colts Neck, NJ  07722 | CEO | From  Unknown    To  9/2017 |
| Pav Bakshi | | Board Member | From  Unknown    To  9/2017 |
| Ravi Chivukula | 111 Round Hill Dr.<br>Freehold, NJ  07728 | Controller | From  9/2017    To  10/2017 |
| Sotirios "Sam" Zaharis | 1304 Plaza Drive<br>Woodbridge, NJ  07095 | CFO | From  9/2017    To  10/2017 |
| Truc To | One Arin Park<br>1715 Route 35 North<br>Suite 303<br>Middletown, NJ  07748 | CFO | From  5/2017    To  3/2018 |

#### 30. Payments, distributions, or withdrawals credited or given to insiders
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| Chinh Chu<br>555 Madison Avenue<br>26th Floor<br>New York, NY 10022 | $21,250.00 | 6/15/2017 | Payment for service |
| Elizabeth Kelly / Premier Network Managment, LLC<br>125 Annfield Ct.<br>Staten Island, NY 10,304 | $7,500,000.00 | 3/10/2017 | NYNM acquisition payment |
| Elizabeth Kelly / Premier Network Managment, LLC<br>125 Annfield Ct.<br>Staten Island, NY 10,304 | $375,000.00 | 3/10/2017 | NYNM acquisition payment |
| Elizabeth Kelly / Premier Network Managment, LLC<br>125 Annfield Ct.<br>Staten Island, NY 10,304 | $15,589,500.00 | 3/10/2017 | NYNM acquisition payment |
| Kriss & Feuerstein LLP<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $1,623,600.00 | 7/13/2017 | Withdrawal / transfer from Wells Fargo IOLA |
| Mark L. Shwartz<br>509 East 2nd Street<br>Suite #4<br>Boston, MA 02127 | $26,449.67 | 12/22/2017 | Payment for service |
| Niknim Management Inc.<br>27 Kettlepond Rd<br>Jericho, NY 11753 | $1,500,000.00 | 6/23/2017 | Withdrawal / transfer from Wells Fargo IOLA |
| Niknim Management Inc.<br>27 Kettlepond Rd<br>Jericho, NY 11753 | $20,000.00 | 6/28/2017 | Withdrawal / transfer from Wells Fargo IOLA |
| Parth Mehrotra<br>180 Broad St<br>Apt 1405<br>Stamford, CT 07901 | $273.00 | 12/15/2017 | Payment for service |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $43.27 | 5/3/2017 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $70.97 | 5/3/2017 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $34,609.18 | 5/3/2017 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $162.74 | 6/15/2017 | Bill - Jersey Central Power & Light: Corp-100 048 534 562 052017 Colts Neck |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ 07722 | $1,447.94 | 6/15/2017 | Bill - Jersey Central Power & Light: Corp-100 048 534 562 062017 Colts Neck |

| Debtor | Orion HealthCorp, Inc. | | Case number (if known) | 18-71748 |
|---|---|---|---|---|
| | (Name) | | | |

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $45.18 | 8/2/2017 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $74.09 | 8/2/2017 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $35,808.52 | 8/2/2017 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $4,334.97 | 9/15/2017 | Bill - Jersey Central Power & Light: Corp-100 048 534 562 062017 Colts Neck 091517 |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $4,267.64 | 9/19/2017 | Bill - Jersey Central Power & Light: PP Bill Colts Gait |
| Paul Parmar<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $429,868.61 | 6/28/2016 - 9/20/2017 | Potentially non-business related AmEx charges paid on behalf of Transferree |
| Ravi Chivukula<br>111 Round Hill Dr.<br>Freehold, NJ  07728 | $460.14 | 4/5/2017 | Payment for service |
| Reel Life Production PVT LTD<br>19 Colts Gait Lane<br>Colts Neck, NJ  07722 | $150,000.00 | 4/18/2017 | Withdrawal / transfer from Wells Fargo IOLA |
| Robert J. Rosenberg<br>125 E 61st Street<br>New York, NY  10065 | $30,000.00 | 2/28/2018 | Payment for service |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Debtor | Orion HealthCorp, Inc. | Case number (if known) | 18-71748 |
|---|---|---|---|
| | (Name) | | |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2018.

✖  /s/ Daniel S. Jones                                      Daniel S. Jones
Signature of individual signing on behalf of the debtor          Printed Name

Interim Chief Financial Officer
Position or relationship to debtor

 Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
☑ Yes

---

Official Form 207                **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                Page 24 of 24

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| ADP TOTALSOURCE | 12/15/2017 | $19,379.73 | BENEFITS |
| ATTN JAMES BLUE | 12/15/2017 | $33,627.26 | NET COMPENSATION |
| 13141 NORTHWEST FREEWAY | 12/15/2017 | $1,366.86 | 401K |
| HOUSTON, TX  77040 | 12/15/2017 | $8,296.16 | BENEFITS |
| | 12/15/2017 | $6,155.19 | NET COMPENSATION |
| | 12/15/2017 | $13,125.74 | BENEFITS |
| | 12/15/2017 | $2,480.88 | 401K |
| | 12/15/2017 | $74,927.97 | NET COMPENSATION |
| | 12/15/2017 | $114,082.27 | NET COMPENSATION |
| | 12/15/2017 | $1,681.25 | 401K |
| | 12/15/2017 | $5,366.43 | BENEFITS |
| | 12/15/2017 | $8,281.45 | BENEFITS |
| | 12/15/2017 | $7,771.79 | BENEFITS |
| | 12/15/2017 | $22,190.70 | BENEFITS |
| | 12/15/2017 | $121,463.13 | NET COMPENSATION |
| | 12/15/2017 | $652.90 | BENEFITS |
| | 12/15/2017 | $15,979.73 | BENEFITS |
| | 12/15/2017 | $4,501.81 | 401K |
| | 12/15/2017 | $102.00 | 401K |
| | 12/15/2017 | $45,432.53 | NET COMPENSATION |
| | 12/15/2017 | $816.15 | 401K |
| | 12/15/2017 | $4,115.28 | 401K |
| | 12/15/2017 | $87,517.22 | NET COMPENSATION |
| | 12/15/2017 | $27,650.95 | BENEFITS |
| | 12/21/2017 | $47,253.42 | NET COMPENSATION |
| | 12/21/2017 | $2,106.99 | 401K |
| | 12/21/2017 | $6,008.20 | 401K |
| | 12/21/2017 | $83,076.42 | NET COMPENSATION |
| | 12/21/2017 | $52,766.87 | NET COMPENSATION |
| | 12/21/2017 | $973.59 | 401K |
| | 12/29/2017 | $1,680.08 | 401K |
| | 12/29/2017 | $795.86 | 401K |
| | 12/29/2017 | $3,707.88 | 401K |
| | 12/29/2017 | $47,095.81 | NET COMPENSATION |
| | 12/29/2017 | $102.87 | 401K |
| | 12/29/2017 | $1,361.10 | 401K |
| | 12/29/2017 | $70,236.49 | NET COMPENSATION |
| | 12/29/2017 | $4,545.08 | 401K |
| | 12/29/2017 | $6,152.34 | NET COMPENSATION |
| | 12/29/2017 | $113,507.15 | NET COMPENSATION |
| | 12/29/2017 | $68,700.24 | NET COMPENSATION |
| | 12/29/2017 | $2,480.32 | 401K |
| | 12/29/2017 | $89,097.55 | NET COMPENSATION |
| | 12/29/2017 | $32,735.07 | NET COMPENSATION |
| | 01/05/2018 | $6,742.46 | 401K |
| | 01/05/2018 | $2,558.67 | 401K |
| | 01/05/2018 | $49,138.91 | NET COMPENSATION |
| | 01/05/2018 | $89,339.47 | NET COMPENSATION |
| | 01/05/2018 | $1,243.03 | 401K |

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 01/05/2018 | $53,347.09 | NET COMPENSATION |
| | 01/10/2018 | $719.85 | BENEFITS |
| | 01/10/2018 | $147.00 | BENEFITS |
| | 01/10/2018 | $315.54 | BENEFITS |
| | 01/10/2018 | $144.12 | BENEFITS |
| | 01/10/2018 | $272.71 | BENEFITS |
| | 01/10/2018 | $625.21 | BENEFITS |
| | 01/10/2018 | $192.47 | BENEFITS |
| | 01/10/2018 | $197.04 | BENEFITS |
| | 01/10/2018 | $199.23 | BENEFITS |
| | 01/10/2018 | $233.46 | BENEFITS |
| | 01/10/2018 | $204.00 | BENEFITS |
| | 01/10/2018 | $301.65 | BENEFITS |
| | 01/10/2018 | $210.35 | BENEFITS |
| | 01/10/2018 | $13,042.00 | BENEFITS |
| | 01/10/2018 | $250.12 | BENEFITS |
| | 01/10/2018 | $221.12 | BENEFITS |
| | 01/10/2018 | $6.46 | BENEFITS |
| | 01/10/2018 | $1,556.04 | BENEFITS |
| | 01/10/2018 | $15,447.00 | BENEFITS |
| | 01/10/2018 | $408.00 | BENEFITS |
| | 01/10/2018 | $690.03 | BENEFITS |
| | 01/10/2018 | $93.19 | BENEFITS |
| | 01/10/2018 | $277.32 | BENEFITS |
| | 01/10/2018 | $21,214.00 | BENEFITS |
| | 01/10/2018 | $116.23 | BENEFITS |
| | 01/10/2018 | $364.02 | BENEFITS |
| | 01/10/2018 | $99.66 | BENEFITS |
| | 01/10/2018 | $918.00 | BENEFITS |
| | 01/10/2018 | $358.99 | BENEFITS |
| | 01/10/2018 | $1,498.05 | BENEFITS |
| | 01/10/2018 | $327.48 | BENEFITS |
| | 01/10/2018 | $357.00 | BENEFITS |
| | 01/10/2018 | $306.00 | BENEFITS |
| | 01/10/2018 | $603.55 | BENEFITS |
| | 01/10/2018 | $255.00 | BENEFITS |
| | 01/10/2018 | $171.58 | BENEFITS |
| | 01/10/2018 | $257.37 | BENEFITS |
| | 01/10/2018 | $545.55 | BENEFITS |
| | 01/10/2018 | $549.00 | BENEFITS |
| | 01/10/2018 | $371.85 | BENEFITS |
| | 01/10/2018 | $414.45 | BENEFITS |
| | 01/10/2018 | $94.08 | BENEFITS |
| | 01/10/2018 | $18,884.00 | BENEFITS |
| | 01/10/2018 | $6,680.00 | BENEFITS |
| | 01/10/2018 | $4,364.00 | BENEFITS |
| | 01/10/2018 | $6,166.00 | BENEFITS |
| | 01/10/2018 | $8.76 | BENEFITS |
| | 01/10/2018 | $1,161.61 | BENEFITS |

## Statement of Financial Affairs - Exhibit 3

## Orion Healthcorp, Inc.   18-71748

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 01/10/2018 | $1,369.77 | BENEFITS |
| | 01/10/2018 | $401.46 | BENEFITS |
| | 01/10/2018 | $714.00 | BENEFITS |
| | 01/10/2018 | $81.18 | BENEFITS |
| | 01/10/2018 | $104.18 | BENEFITS |
| | 01/10/2018 | $1,071.00 | BENEFITS |
| | 01/10/2018 | $83.01 | BENEFITS |
| | 01/10/2018 | $1,020.00 | BENEFITS |
| | 01/10/2018 | $29.00 | BENEFITS |
| | 01/10/2018 | $1,626.07 | BENEFITS |
| | 01/10/2018 | $37.96 | BENEFITS |
| | 01/10/2018 | $510.00 | BENEFITS |
| | 01/10/2018 | $7,001.00 | BENEFITS |
| | 01/10/2018 | $21.48 | BENEFITS |
| | 01/10/2018 | $9,642.00 | BENEFITS |
| | 01/10/2018 | $385.41 | BENEFITS |
| | 01/10/2018 | $3,003.00 | BENEFITS |
| | 01/12/2018 | $3,733.00 | 401K |
| | 01/12/2018 | $102.86 | 401K |
| | 01/12/2018 | $1,389.40 | 401K |
| | 01/12/2018 | $1,607.62 | 401K |
| | 01/12/2018 | $74,865.22 | NET COMPENSATION |
| | 01/12/2018 | $810.68 | 401K |
| | 01/12/2018 | $35,799.30 | NET COMPENSATION |
| | 01/12/2018 | $0.00 | NET COMPENSATION |
| | 01/12/2018 | $4,613.82 | 401K |
| | 01/12/2018 | $3,592.17 | 401K |
| | 01/12/2018 | $112,605.38 | NET COMPENSATION |
| | 01/12/2018 | $6,484.57 | NET COMPENSATION |
| | 01/12/2018 | $0.00 | 401K |
| | 01/12/2018 | $68,644.87 | NET COMPENSATION |
| | 01/12/2018 | $95,332.23 | NET COMPENSATION |
| | 01/12/2018 | $46,960.89 | NET COMPENSATION |
| | 01/19/2018 | $997.42 | 401K |
| | 01/19/2018 | $48,554.96 | NET COMPENSATION |
| | 01/19/2018 | $5,898.11 | 401K |
| | 01/19/2018 | $2,516.49 | 401K |
| | 01/19/2018 | $86,869.09 | NET COMPENSATION |
| | 01/19/2018 | $47,557.31 | NET COMPENSATION |
| | 01/22/2018 | $2,040.56 | NET COMPENSATION |
| | 01/22/2018 | $4,742.79 | 401K |
| | 01/22/2018 | $1,663.38 | 401K |
| | 01/22/2018 | $3,505.38 | 401K |
| | 01/22/2018 | $1,527.44 | NET COMPENSATION |
| | 01/22/2018 | $1,370.92 | 401K |
| | 01/22/2018 | $3,792.41 | 401K |
| | 01/22/2018 | $68,564.12 | NET COMPENSATION |
| | 01/22/2018 | $46,648.72 | NET COMPENSATION |
| | 01/22/2018 | $68.28 | 401K |

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 01/22/2018 | $74,935.52 | NET COMPENSATION |
| | 01/22/2018 | $112,385.15 | NET COMPENSATION |
| | 01/22/2018 | $34,764.99 | NET COMPENSATION |
| | 01/22/2018 | $807.59 | 401K |
| | 01/22/2018 | $105,502.34 | NET COMPENSATION |
| | 01/22/2018 | $102.89 | 401K |
| | 01/22/2018 | $6,486.57 | NET COMPENSATION |
| | 02/02/2018 | $3,228.76 | NET COMPENSATION |
| | 02/02/2018 | $5,913.13 | 401K |
| | 02/02/2018 | $85,895.64 | NET COMPENSATION |
| | 02/02/2018 | $2,347.61 | NET COMPENSATION |
| | 02/02/2018 | $36,333.58 | NET COMPENSATION |
| | 02/02/2018 | $55,056.40 | NET COMPENSATION |
| | 02/02/2018 | $1,942.91 | 401K |
| | 02/02/2018 | $1,465.68 | 401K |
| | 02/09/2018 | $4,785.68 | 401K |
| | 02/09/2018 | $3,593.30 | 401K |
| | 02/09/2018 | $3,808.24 | 401K |
| | 02/09/2018 | $73,804.35 | NET COMPENSATION |
| | 02/09/2018 | $43,722.80 | NET COMPENSATION |
| | 02/09/2018 | $90,274.95 | NET COMPENSATION |
| | 02/09/2018 | $1,691.02 | 401K |
| | 02/09/2018 | $797.25 | 401K |
| | 02/09/2018 | $69,538.69 | NET COMPENSATION |
| | 02/09/2018 | $1,241.02 | 401K |
| | 02/09/2018 | $102.91 | 401K |
| | 02/09/2018 | $32,631.90 | NET COMPENSATION |
| | 02/09/2018 | $6,780.02 | NET COMPENSATION |
| | 02/09/2018 | $112,676.20 | NET COMPENSATION |
| | 02/12/2018 | $37.76 | BENEFITS |
| | 02/12/2018 | $1,498.05 | BENEFITS |
| | 02/12/2018 | $93.20 | BENEFITS |
| | 02/12/2018 | $2,181.00 | BENEFITS |
| | 02/12/2018 | $4,364.00 | BENEFITS |
| | 02/12/2018 | $13,859.00 | BENEFITS |
| | 02/12/2018 | $21.48 | BENEFITS |
| | 02/12/2018 | $37.96 | BENEFITS |
| | 02/12/2018 | $12,554.00 | BENEFITS |
| | 02/12/2018 | $6,131.00 | BENEFITS |
| | 02/12/2018 | $1,122.00 | BENEFITS |
| | 02/12/2018 | $6,135.00 | BENEFITS |
| | 02/12/2018 | $18,884.00 | BENEFITS |
| | 02/12/2018 | $1,161.61 | BENEFITS |
| | 02/12/2018 | $6.46 | BENEFITS |
| | 02/12/2018 | $70.08 | BENEFITS |
| | 02/12/2018 | $5,678.00 | BENEFITS |
| | 02/12/2018 | $90.14 | BENEFITS |
| | 02/12/2018 | $80.27 | BENEFITS |
| | 02/12/2018 | $1,563.30 | BENEFITS |

## Statement of Financial Affairs - Exhibit 3

## Orion Healthcorp, Inc.   18-71748

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 02/12/2018 | $1,353.52 | BENEFITS |
| | 02/12/2018 | $81.18 | BENEFITS |
| | 02/12/2018 | $1,518.08 | BENEFITS |
| | 02/12/2018 | $78.50 | BENEFITS |
| | 02/12/2018 | $525.01 | BENEFITS |
| | 02/12/2018 | $225.35 | BENEFITS |
| | 02/12/2018 | $459.00 | BENEFITS |
| | 02/12/2018 | $153.01 | BENEFITS |
| | 02/12/2018 | $705.35 | BENEFITS |
| | 02/12/2018 | $200.76 | BENEFITS |
| | 02/12/2018 | $199.23 | BENEFITS |
| | 02/12/2018 | $663.00 | BENEFITS |
| | 02/12/2018 | $652.07 | BENEFITS |
| | 02/12/2018 | $137.88 | BENEFITS |
| | 02/12/2018 | $147.48 | BENEFITS |
| | 02/12/2018 | $269.04 | BENEFITS |
| | 02/12/2018 | $255.00 | BENEFITS |
| | 02/12/2018 | $341.99 | BENEFITS |
| | 02/12/2018 | $142.58 | BENEFITS |
| | 02/12/2018 | $320.88 | BENEFITS |
| | 02/12/2018 | $326.06 | BENEFITS |
| | 02/12/2018 | $576.06 | BENEFITS |
| | 02/12/2018 | $309.08 | BENEFITS |
| | 02/12/2018 | $153.00 | BENEFITS |
| | 02/12/2018 | $549.00 | BENEFITS |
| | 02/12/2018 | $301.65 | BENEFITS |
| | 02/12/2018 | $332.22 | BENEFITS |
| | 02/12/2018 | $542.63 | BENEFITS |
| | 02/12/2018 | $109.77 | BENEFITS |
| | 02/12/2018 | $371.85 | BENEFITS |
| | 02/12/2018 | $19,854.00 | BENEFITS |
| | 02/12/2018 | $233.46 | BENEFITS |
| | 02/12/2018 | $1,428.00 | BENEFITS |
| | 02/12/2018 | $969.00 | BENEFITS |
| | 02/12/2018 | $357.00 | BENEFITS |
| | 02/12/2018 | $9,642.00 | BENEFITS |
| | 02/12/2018 | $357.00 | BENEFITS |
| | 02/12/2018 | $867.00 | BENEFITS |
| | 02/12/2018 | $218.10 | BENEFITS |
| | 02/12/2018 | $414.45 | BENEFITS |
| | 02/12/2018 | $253.51 | BENEFITS |
| | 02/12/2018 | $369.44 | BENEFITS |
| | 02/12/2018 | $171.58 | BENEFITS |
| | 02/12/2018 | $210.35 | BENEFITS |
| | 02/16/2018 | $50,340.32 | NET COMPENSATION |
| | 02/16/2018 | $87,891.51 | NET COMPENSATION |
| | 02/16/2018 | $37,368.08 | NET COMPENSATION |
| | 02/16/2018 | $1,012.27 | 401K |
| | 02/16/2018 | $5,995.50 | 401K |

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 02/16/2018 | $1,960.03 | 401K |
| | 03/02/2018 | $31,901.65 | NET COMPENSATION |
| | 03/02/2018 | $1,119.58 | 401K |
| | 03/02/2018 | $6,199.39 | 401K |
| | 03/02/2018 | $1,948.75 | 401K |
| | 03/02/2018 | $42,265.72 | NET COMPENSATION |
| | 03/02/2018 | $82,931.29 | NET COMPENSATION |
| | 03/09/2018 | $0.00 | NET COMPENSATION |
| | 03/09/2018 | $790.11 | 401K |
| | 03/09/2018 | $85.87 | 401K |
| | 03/09/2018 | $0.00 | 401K |
| | 03/09/2018 | $71,529.83 | NET COMPENSATION |
| | 03/09/2018 | $3,690.26 | 401K |
| | 03/09/2018 | $115,262.46 | NET COMPENSATION |
| | 03/09/2018 | $1,234.19 | 401K |
| | 03/09/2018 | $31,295.00 | NET COMPENSATION |
| | 03/09/2018 | $71,507.47 | NET COMPENSATION |
| | 03/09/2018 | $4,954.14 | 401K |
| | 03/09/2018 | $1,773.91 | 401K |
| | 03/09/2018 | $84,527.84 | NET COMPENSATION |
| | 03/09/2018 | $43,723.76 | NET COMPENSATION |
| | 03/09/2018 | $3,603.07 | 401K |
| | 03/09/2018 | $5,352.42 | NET COMPENSATION |
| | 03/16/2018 | $7,579.73 | BENEFITS |
| | 03/16/2018 | $83,220.68 | NET COMPENSATION |
| | 03/16/2018 | $14,232.03 | BENEFITS |
| | 03/16/2018 | $7,195.13 | BENEFITS |
| | 03/16/2018 | $22,890.97 | BENEFITS |
| | 03/16/2018 | $23,156.22 | BENEFITS |
| | 03/16/2018 | $30,335.37 | NET COMPENSATION |
| | 03/16/2018 | $6,311.86 | 401K |
| | 03/16/2018 | $633.24 | BENEFITS |
| | 03/16/2018 | $12,474.02 | BENEFITS |
| | 03/16/2018 | $7,160.52 | BENEFITS |
| | 03/16/2018 | $17,558.45 | BENEFITS |
| | 03/16/2018 | $1,969.31 | 401K |
| | | **$4,496,030.86** | |
| BOYNTON & BOYNTON AGENCY | 01/04/2018 | $5,609.10 | AP PAYMENTS |
| 21 CEDAR AVENUE | 01/05/2018 | $3,444.00 | AP PAYMENTS |
| FAIR HAVEN, NJ  07704 | 02/02/2018 | $57,272.73 | AP PAYMENTS |
| | 02/02/2018 | $62,045.45 | AP PAYMENTS |
| | 02/02/2018 | $5,727.27 | AP PAYMENTS |
| | 02/02/2018 | $6,204.55 | AP PAYMENTS |
| | 02/05/2018 | $7,125.83 | AP PAYMENTS |
| | 02/05/2018 | $78,384.17 | AP PAYMENTS |
| | | **$225,813.10** | |

## Statement of Financial Affairs - Exhibit 3

## Orion Healthcorp, Inc.   18-71748

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| BRIGGS AND VESELKA CO. 9 GREENWAY PLAZA SUITE 1700 HOUSTON, TX  77046 | 01/26/2018 | $3,150.00 | AP PAYMENTS |
| | 02/23/2018 | $7,350.00 | AP PAYMENTS |
| | | **$10,500.00** | |
| CHILDREN'S MEDICAL CENTER 331 NORTH BREIEL BLVD. MIDDLETOWN, OH  45042 | 03/15/2018 | $103,533.18 | IPS PHYSICIAN PAYMENTS |
| | | **$103,533.18** | |
| COOPER'S COMMUNICATIONS, LLC 113 TAXIWAY AVENUE EASLEY, SC  29640 | 01/05/2018 | $3,000.00 | AP PAYMENTS |
| | 01/18/2018 | $3,000.00 | AP PAYMENTS |
| | 02/06/2018 | $3,000.00 | AP PAYMENTS |
| | 03/09/2018 | $3,000.00 | AP PAYMENTS |
| | | **$12,000.00** | |
| CYRUSONE-122496 LOCKBOX  773581 3581 SOLUTIONS CENTER CHICAGO, IL  60677-3005 | 12/15/2017 | $1,570.57 | AP PAYMENTS |
| | 12/15/2017 | $1,570.57 | AP PAYMENTS |
| | 01/18/2018 | $1,570.57 | AP PAYMENTS |
| | 01/18/2018 | $1,570.57 | AP PAYMENTS |
| | 02/06/2018 | $1,570.57 | AP PAYMENTS |
| | 02/23/2018 | $1,570.57 | AP PAYMENTS |
| | | **$9,423.42** | |
| GORDON & REES LLP 1111 BROADWAY SUITE 1700 OAKLAND, CA  94607 | 12/15/2017 | $22,359.50 | INSURANCE-RELATED |
| | 12/15/2017 | $10,825.00 | INSURANCE-RELATED |
| | 12/15/2017 | $25,805.65 | INSURANCE-RELATED |
| | | **$58,990.15** | |
| INTACCT CORPORATION DEPT 3237 PO BOX 123237 DALLAS, TX  75312-3237 | 01/26/2018 | $7,185.02 | AP PAYMENTS |
| | 01/26/2018 | $3,592.50 | AP PAYMENTS |
| | 01/26/2018 | $2,708.71 | AP PAYMENTS |
| | 01/26/2018 | $3,693.69 | AP PAYMENTS |
| | | **$17,179.92** | |
| J P MORGAN CHASE ATTN: BARBARA HERNANDEZ 712 MAIN STREET HOUSTON, TX  77002-3201 | 12/29/2017 | $18.00 | AP PAYMENTS |
| | 01/16/2018 | $5,252.81 | AP PAYMENTS |
| | 02/15/2018 | $7,941.31 | AP PAYMENTS |
| | | **$13,212.12** | |
| JHD HEALTHCARE PARTNERS 5057 KELLER SPRINGS ROAD SUITE 300 ADDISON, TX  75001 | 02/06/2018 | $7,500.00 | AP PAYMENTS |
| | | **$7,500.00** | |
| LETOURNEAU INTERESTS INC. | 01/18/2018 | $6,690.00 | RENT |
| | 02/06/2018 | $6,689.70 | RENT |
| | | **$13,379.70** | |
| MARK L. SHWARTZ | 12/22/2017 | $1,449.67 | AP PAYMENTS |
| | 12/22/2017 | $25,000.00 | AP PAYMENTS |
| | | **$26,449.67** | |

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| MERCK SHARP & DOHME CORP.- 5254<br>PO BOX 5254<br>CAROL STREAM, IL  60197-5254 | 12/15/2017 | $112.26 | AP PAYMENTS |
| | 12/15/2017 | $447.52 | AP PAYMENTS |
| | 12/15/2017 | $340.46 | AP PAYMENTS |
| | 01/18/2018 | $194.53 | AP PAYMENTS |
| | 01/18/2018 | $136.18 | AP PAYMENTS |
| | 01/18/2018 | $170.23 | AP PAYMENTS |
| | 01/18/2018 | $148.49 | AP PAYMENTS |
| | 01/18/2018 | $27.01 | AP PAYMENTS |
| | 01/18/2018 | $306.42 | AP PAYMENTS |
| | 01/18/2018 | $309.25 | AP PAYMENTS |
| | 01/18/2018 | $272.37 | AP PAYMENTS |
| | 01/18/2018 | $159.18 | AP PAYMENTS |
| | 01/18/2018 | $517.40 | AP PAYMENTS |
| | 01/18/2018 | $515.05 | AP PAYMENTS |
| | 02/06/2018 | $170.23 | AP PAYMENTS |
| | 02/06/2018 | $547.81 | AP PAYMENTS |
| | 02/16/2018 | $305.44 | AP PAYMENTS |
| | 02/16/2018 | $46.37 | AP PAYMENTS |
| | 02/16/2018 | $107.08 | AP PAYMENTS |
| | 02/16/2018 | $204.28 | AP PAYMENTS |
| | 02/16/2018 | $182.54 | AP PAYMENTS |
| | 02/16/2018 | $144.36 | AP PAYMENTS |
| | 02/23/2018 | $147.14 | AP PAYMENTS |
| | 03/02/2018 | $229.58 | AP PAYMENTS |
| | 03/02/2018 | $330.90 | AP PAYMENTS |
| | 03/02/2018 | $144.36 | AP PAYMENTS |
| | 03/02/2018 | $346.62 | AP PAYMENTS |
| | 03/02/2018 | $75.77 | AP PAYMENTS |
| | 03/09/2018 | $95.22 | AP PAYMENTS |
| | 03/09/2018 | $97.75 | AP PAYMENTS |
| | | **$6,831.80** | |
| PEDIATRIC ASSOCIATES OF DAYTON<br>9000 N MAIN STREET<br>DAYTON, OH  45415 | 03/15/2018 | $378,983.77 | IPS PHYSICIAN PAYMENTS |
| | | **$378,983.77** | |
| PEDIATRIC GROUP ASSOCIATES<br>465 AVENUE OF THE CITIES<br>STE. 120<br>EAST MOLINE, IL  61244 | 03/15/2018 | $156,814.75 | IPS PHYSICIAN PAYMENTS |
| | | **$156,814.75** | |
| PORTECK INDIA INFORSERVICES PVT LTD<br>D179 SECTOR 63<br>NOIDA, UTTAR PRADESH  201307 | 02/06/2018 | $324,347.00 | PORTECK INDIA FUNDING |
| | | **$324,347.00** | |
| ROBERT J. ROSENBERG<br>125 E 61ST STREET<br>NEW YORK, NY  10065 | 02/28/2018 | $30,000.00 | BOARD OF DIRECTORS FEES |
| | | **$30,000.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Orion Healthcorp, Inc.   18-71748**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| SANOFI PASTEUR INC. | 12/26/2017 | $405.35 | AP PAYMENTS |
| ATTN JERRY MESSINA | 01/05/2018 | $348.98 | AP PAYMENTS |
| CONTRACT ADMINISTRATION - 60D17 | 01/05/2018 | $32.98 | AP PAYMENTS |
| DISCOVERY DRIVE | 01/05/2018 | $90.86 | AP PAYMENTS |
| SWIFTWATER, PA  18370 | 01/05/2018 | $33.32 | AP PAYMENTS |
| | 01/05/2018 | $162.23 | AP PAYMENTS |
| | 01/05/2018 | $33.32 | AP PAYMENTS |
| | 01/05/2018 | $98.95 | AP PAYMENTS |
| | 01/05/2018 | $32.98 | AP PAYMENTS |
| | 01/05/2018 | $29.77 | AP PAYMENTS |
| | 01/05/2018 | $53.51 | AP PAYMENTS |
| | 01/05/2018 | $29.94 | AP PAYMENTS |
| | 01/05/2018 | $36.35 | AP PAYMENTS |
| | 01/05/2018 | $76.52 | AP PAYMENTS |
| | 01/05/2018 | $21.90 | AP PAYMENTS |
| | 01/05/2018 | $96.02 | AP PAYMENTS |
| | 01/05/2018 | $226.53 | AP PAYMENTS |
| | 01/05/2018 | $58.27 | AP PAYMENTS |
| | 01/05/2018 | $100.74 | AP PAYMENTS |
| | 01/05/2018 | $36.03 | AP PAYMENTS |
| | 01/05/2018 | $2.73 | AP PAYMENTS |
| | 01/19/2018 | $46.02 | AP PAYMENTS |
| | 01/19/2018 | $23.01 | AP PAYMENTS |
| | 01/19/2018 | $27.61 | AP PAYMENTS |
| | 01/19/2018 | $32.21 | AP PAYMENTS |
| | 01/26/2018 | $630.96 | AP PAYMENTS |
| | 01/26/2018 | $37.04 | AP PAYMENTS |
| | 01/26/2018 | $33.63 | AP PAYMENTS |
| | 01/26/2018 | $46.02 | AP PAYMENTS |
| | 01/26/2018 | $346.16 | AP PAYMENTS |
| | 01/26/2018 | $391.55 | AP PAYMENTS |
| | 01/26/2018 | $305.28 | AP PAYMENTS |
| | 01/26/2018 | $35.98 | AP PAYMENTS |
| | 01/26/2018 | $294.77 | AP PAYMENTS |
| | 01/26/2018 | $9.20 | AP PAYMENTS |
| | 01/26/2018 | $355.68 | AP PAYMENTS |
| | 02/06/2018 | $1,094.27 | AP PAYMENTS |
| | 02/06/2018 | $443.22 | AP PAYMENTS |
| | 02/06/2018 | $290.69 | AP PAYMENTS |
| | 02/06/2018 | $1,816.94 | AP PAYMENTS |
| | 02/16/2018 | $52.39 | AP PAYMENTS |
| | 02/16/2018 | $2.71 | AP PAYMENTS |
| | 02/16/2018 | $25.72 | AP PAYMENTS |
| | 02/16/2018 | $27.61 | AP PAYMENTS |
| | 02/16/2018 | $83.11 | AP PAYMENTS |
| | 02/16/2018 | $146.23 | AP PAYMENTS |
| | 02/16/2018 | $21.67 | AP PAYMENTS |
| | 02/16/2018 | $21.67 | AP PAYMENTS |
| | 02/16/2018 | $115.30 | AP PAYMENTS |

## Statement of Financial Affairs - Exhibit 3

## Orion Healthcorp, Inc.   18-71748

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| | 02/16/2018 | $11.32 | AP PAYMENTS |
| | 02/16/2018 | $124.06 | AP PAYMENTS |
| | 02/16/2018 | $77.58 | AP PAYMENTS |
| | 02/16/2018 | $297.57 | AP PAYMENTS |
| | 02/16/2018 | $86.87 | AP PAYMENTS |
| | 02/16/2018 | $18.41 | AP PAYMENTS |
| | 02/16/2018 | $257.41 | AP PAYMENTS |
| | 02/16/2018 | $55.03 | AP PAYMENTS |
| | 02/16/2018 | $35.98 | AP PAYMENTS |
| | 02/16/2018 | $35.98 | AP PAYMENTS |
| | 02/16/2018 | $35.98 | AP PAYMENTS |
| | 02/16/2018 | $65.01 | AP PAYMENTS |
| | 02/16/2018 | $21.67 | AP PAYMENTS |
| | 02/16/2018 | $409.96 | AP PAYMENTS |
| | 02/23/2018 | $27.61 | AP PAYMENTS |
| | 02/23/2018 | $47.18 | AP PAYMENTS |
| | 02/23/2018 | $180.63 | AP PAYMENTS |
| | 02/23/2018 | $47.18 | AP PAYMENTS |
| | 03/02/2018 | $159.53 | AP PAYMENTS |
| | 03/02/2018 | $68.88 | AP PAYMENTS |
| | 03/02/2018 | $180.51 | AP PAYMENTS |
| | 03/02/2018 | $22.96 | AP PAYMENTS |
| | 03/02/2018 | $382.35 | AP PAYMENTS |
| | 03/02/2018 | $38.10 | AP PAYMENTS |
| | 03/02/2018 | $225.70 | AP PAYMENTS |
| | 03/02/2018 | $114.31 | AP PAYMENTS |
| | 03/02/2018 | $122.12 | AP PAYMENTS |
| | 03/09/2018 | $23.01 | AP PAYMENTS |
| | 03/09/2018 | $185.35 | AP PAYMENTS |
| | 03/09/2018 | $23.01 | AP PAYMENTS |
| | 03/09/2018 | $15.73 | AP PAYMENTS |
| | 03/09/2018 | $81.51 | AP PAYMENTS |
| | 03/09/2018 | $45.92 | AP PAYMENTS |
| | 03/09/2018 | $31.45 | AP PAYMENTS |
| | 03/09/2018 | $44.03 | AP PAYMENTS |
| | 03/09/2018 | $75.48 | AP PAYMENTS |
| | 03/09/2018 | $47.53 | AP PAYMENTS |
| | 03/09/2018 | $280.93 | AP PAYMENTS |
| | 03/09/2018 | $36.99 | AP PAYMENTS |
| | 03/09/2018 | $236.23 | AP PAYMENTS |
| | 03/09/2018 | $32.21 | AP PAYMENTS |
| | 03/09/2018 | $37.74 | AP PAYMENTS |
| | 03/09/2018 | $22.96 | AP PAYMENTS |
| | | **$13,133.90** | |
| SESSLER MACKLIN LLP | 02/07/2018 | $8,750.00 | AP PAYMENTS |
| ATTN DAVID MACKLIN | 03/05/2018 | $6,900.00 | AP PAYMENTS |
| 228 EAST 45TH STREET 10TH FLOOR | | | |
| NEW YORK, NY  10017 | | **$15,650.00** | |

## Statement of Financial Affairs - Exhibit 3

## Orion Healthcorp, Inc.   18-71748

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| TRUC N. TO LLC. 6400 SPINNAKER LANE ALPHARETTA, GA 30005 | 12/15/2017 | $17,500.00 | MANAGEMENT FEES |
| | 01/19/2018 | $17,500.00 | MANAGEMENT FEES |
| | 02/06/2018 | $17,500.00 | MANAGEMENT FEES |
| | 03/02/2018 | $17,500.00 | MANAGEMENT FEES |
| | | **$70,000.00** | |
| TW TELECOM -910182 (LEVEL3) 910182 LEVEL 3 P.O. BOX 910182 DENVER, CO 80291 | 01/05/2018 | $2,651.72 | AP PAYMENTS |
| | 02/06/2018 | $2,061.55 | AP PAYMENTS |
| | 02/16/2018 | $2,061.55 | AP PAYMENTS |
| | 03/09/2018 | $2,061.55 | AP PAYMENTS |
| | | **$8,836.37** | |
| VILES AND BECKMAN LLC 6350 PRESIDENTIAL CT FORT MYERS, FL 33919 | 01/26/2018 | $8,500.00 | OTHER LEGAL SETTLEMENTS |
| | 02/13/2018 | $8,500.00 | OTHER LEGAL SETTLEMENTS |
| | | **$17,000.00** | |
| VINCENT LOPEZ SERAFINO JENEVEIN PC THANKSGIVING TOWER 1601 ELM ST STE 4100 DALLAS, TX 75201 | 12/15/2017 | $5,121.12 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $505.00 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $1,125.00 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $1,286.06 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $327.50 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $5,225.00 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $37.50 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $160.00 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $637.50 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $2,179.12 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $1,387.65 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 12/15/2017 | $1,807.68 | LEGAL FEES RELATED TO ONGOING LITIGATION |
| | 01/19/2018 | $150.00 | AP PAYMENTS |
| | 01/19/2018 | $2,986.11 | AP PAYMENTS |
| | 01/19/2018 | $750.00 | AP PAYMENTS |
| | | **$23,685.24** | |
| **Grand Total:  23** | | **$6,039,294.95** | |

**Statement of Financial Affairs - Exhibit 4**

**Orion Healthcorp, Inc.   1871748**

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| KRISS & FEUERSTEIN LLP 19 COLTS GAIT LANE COLTS NECK, NJ  07722 | RELATED TO PAUL PARMAR | 7/13/2017 | $1,623,600.00 | Withdrawal / transfer from Wells Fargo IOLA |
| | | | **$1,623,600.00** | |
| NIKNIM MANAGEMENT INC. 27 KETTLEPOND RD JERICHO, NY  11753 | ENTITY OWNED BY ARVIND WALIA, CTO AT CONSTELLATION HEALTHCARE TECHNOLOGIES | 6/23/2017 | $1,500,000.00 | Withdrawal / transfer from Wells Fargo IOLA |
| | | 6/28/2017 | $20,000.00 | Withdrawal / transfer from Wells Fargo IOLA |
| | | | **$1,520,000.00** | |
| PAUL PARMAR 19 COLTS GAIT LANE COLTS NECK, NJ  07722 | FORMER CEO | 3/16/2017 - 3/15/2018 | $1,306,287.27 | Potentially non-business related Corporate AmEx charges incurred by Insider |
| | | 5/3/2017 | $34,609.18 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait |
| | | 5/3/2017 | $70.97 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm |
| | | 5/3/2017 | $43.27 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm |
| | | 6/15/2017 | $1,447.94 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 062017 Colts Neck |
| | | 6/15/2017 | $162.74 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 052017 Colts Neck |
| | | 8/2/2017 | $35,808.52 | Bill - Township of Colts Neck: Acct 3898 Block 7 Lot 4.14 Colts Gait |
| | | 8/2/2017 | $74.09 | Bill - Township of Colts Neck: Colts Gait property taxes Block 7 Lot 4.14 QFarm |
| | | 8/2/2017 | $45.18 | Bill - Township of Colts Neck: Property taxes Colts Gait Block 7 Lot 4.13 QFarm |
| | | 9/15/2017 | $4,334.97 | Bill - Jersey Central Power & Light: Corp- 100 048 534 562 062017 Colts Neck 091517 |
| | | 9/19/2017 | $4,267.64 | Bill - Jersey Central Power & Light: PP Bill Colts Gait |
| | | | **$1,387,151.77** | |
| REEL LIFE PRODUCTION PVT LTD 19 COLTS GAIT LANE COLTS NECK, NJ  07722 | RELATED TO PAUL PARMAR | 4/18/2017 | $150,000.00 | Withdrawal / transfer from Wells Fargo IOLA |
| | | | **$150,000.00** | |
| **Grand Total:  4** | | | **$4,680,751.77** | |

**THOMPSON COBURN HAHN & HESSEN LLP**
488 Madison Avenue
New York, NY  10022
(212) 478-7200
Mark T. Power, Esq.
Joseph Orbach, Esq.

**Objection Deadline: September 22, 2022  at 4:00 p.m.**
**Presentment Date: September 23, 2022 at 12:00 p.m.**

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re:

Orion HealthCorp, Inc., *et al.*,

                                      Debtors.
--------------------------------------------------------------x

Chapter 11

Case No. 18-71748-67 (AST)
Case No. 18-71789 (AST)
Case No. 18-74545 (AST)

Jointly Administered.

**NOTICE OF PRESENTMENT OF ORDER GRANTING LIQUIDATING**
**TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 240 FILED BY**
<u>**CONSTELLATION HEALTH INVESTMENT, LLC**</u>

**Claim at Issue:  Claim No 240 Filed by Constellation Health Investment, LLC**

---

**THE ATTACHED MOTION AND PROPOSED ORDER SEEK TO REDUCE,
MODIFY DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOF(S) OF
CLAIM.  CLAIMANT RECEIVING THIS NOTICE SHOULD REVIEW THE
NOTICE AND THE ATTACHED TO DETERMINE IF THEIR CLAIM(S) ARE
AFFECTED.**

---

        **PLEASE TAKE NOTICE**, that upon the annexed motion (the "<u>Motion</u>") of Howard

M. Ehrenberg (the "<u>Liquidating Trustee</u>") under that *Liquidating Trust Agreement* by and

among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of

their affiliates (collectively, the "<u>Debtors</u>" or "<u>Debtor Entities</u>"), the Liquidating Trustee, by

and through his undersigned attorneys of record, shall present for signature and approval to

the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, presiding, on **September**

**23, 2022, at 12:00 p.m. (prevailing Eastern Time),** or as soon thereafter as the Motion may

be heard, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Court" or "Bankruptcy Court"), the proposed Order, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging Claim No. 240 filed by Constellation Health Investment, LLC; and

**PLEASE TAKE FURTHER NOTICE** that a response or objection (collectively, the "Objection") to the relief requested in the Motion or the proposed Order, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall be filed with the Bankruptcy Court, shall set forth the nature of the objector's interest in the Debtors' estates and the reasons and legal basis for the objection, and be served upon the Liquidating Trustee's counsel of record as follows: Thompson Coburn Hahn & Hessen LLP, Attn: Mark T. Power, Esq., at the addresses listed on the first page of this Notice, **no later than September 22, 2022 at 4:00 p.m.** The Objection and proof of service shall be filed at least one (1) day prior to the date set for the presentment of the proposed Order. If no Objection is timely served and filed, the Bankruptcy Court may enter the proposed Order with no further notice or opportunity to be heard; and

*[ Remainder of Page Intentionally Left Blank ]*

**PLEASE TAKE FURTHER NOTICE**, that if an Objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing.  Notice of such a hearing will be provided by the applicant.

Dated:  August 23, 2022
       New York, New York

                                        Respectfully submitted,

                                        By: */s/ Mark T. Power*

                                        **THOMPSON COBURN HAHN & HESSEN LLP**

                                        Mark T. Power, Esq.
                                        Joseph Orbach, Esq.
                                        488 Madison Avenue
                                        New York, NY  10022
                                        (212) 478-7200

                                        *Counsel for Howard M. Ehrenberg, Liquidating Trustee*

**THOMPSON COBURN HAHN & HESSEN LLP**
488 Madison Avenue
New York, NY  10022
(212) 478-7200
Mark T. Power, Esq.
Joseph Orbach, Esq.

Objection Deadline: September 22, 2022  at 4:00 p.m.
Presentment Date: September 23, 2022 at 12:00 p.m.

*Counsel to the Liquidation Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
 ---------------------------------------------------------------x
 In re:                                                                    Chapter 11

 Orion HealthCorp, Inc., *et al.*,                              Case No. 18-71748-67 (AST)
                                                                           Case No. 18-71789 (AST)
                                                 Debtors.        Case No. 18-74545 (AST)
 ---------------------------------------------------------------x
                                                                           Jointly Administered.

**LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 240 FILED BY**
**CONSTELLATION HEALTH INVESTMENT, LLC**

        Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating

Trustee under that *Liquidating Trust Agreement* (the "Liquidating Trust") by and among

Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc., and certain of their

affiliates (collectively, the "Debtors" or "Debtor Entities"), by and through his attorneys,

hereby submits the *Liquidating Trustee's Motion Objecting to Claim No. 240 Filed by Constellation

Health Investment, LLC* (the "Claim Objection"), and respectfully requests the entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

disallowing and expunging Claim No. 240 as a claim which (i) provided insufficient

documentation, (ii) any documentation that may be provided is unenforceable, (iii) was

misclassified as a general unsecured or secured claim, (iv) was inferior to the claims asserted

of the Debtors, and (v) was late-filed.  In support of the Claim Objection, the Liquidating Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution.  The Court also has jurisdiction to hear this Claim Objection pursuant to Section 13 of the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated January 6, 2019 [ECF No. 645] (including all exhibits thereto and as the same may be further amended, modified, or supplemented from time to time) (the "Plan").

2.      The statutory basis for the relief sought herein is sections 105(a) and 502(b) of the Bankruptcy Code, as defined below, Rules 3003, 3007, and 9006 of the Federal Rules of Bankruptcy Procedure, as amended or modified, (the "Bankruptcy Rules"), and Section 8.2 of the Plan.

**BACKGROUND**

3.      On March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Initial Debtors") commenced a case (collectively, the "Initial Chapter 11  Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

4.      On July 5, 2018, New York Network Management, L.L.C. commenced its case (the "NYNM Case" and, collectively, with the Initial Chapter 11 Cases, the "Chapter

- 2 -

11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court, which Chapter 11 Cases are jointly administered under Case No. 18-71748 (AST).

5.     On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, presiding, entered an order (the "Confirmation Order") [ECF No. 701] confirming the Plan.

6.     The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Plan's Effective Date (defined below) to oversee distributions to holders of Allowed Claims[1] and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. The Plan further provides that "any Holders' Interest in the Debtors . . . will be cancelled as of the Effective Date." Plan, §4.1(g); *see also Id.,* §3.3.  On March 1, 2019, the Plan became effective (the "Effective Date").

7.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action of the Debtors, except those expressly waived by the Plan, all Assigned Causes of Action, any Claims or Interests brought against the Debtors, and all other unencumbered Assets of the Debtors' Estates remaining after all required payments have been made pursuant to the Plan.

8.     As of the Effective Date, the Liquidating Trustee was tasked with, among other things, (a) the establishment and maintenance of any necessary operating, reserve and trust accounts required to carry out the terms of the Liquidating Trust; (b) the pursuit of

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Plan.

objections to, estimation of, and settlements of Claims, including proofs of claim filed against the Debtors' Estates; (c) the prosecution of any Causes of Action of the Debtors' Estates not otherwise released under the Plan for the benefit of holders of Allowed Claims and Allowed Interests; and (d) the calculation and distribution of all disbursements to be made under the Plan to holders of Allowed Claims and Allowed Interests.

9. On July 19, 2022, for cause shown, this Bankruptcy Court issued an order [ECF No. 1049] granting the Liquidating Trustee's request to extend the Claims Objection Deadline through and including October 28, 2022.

10. On May 3, 2018, this Bankruptcy Court entered an *Order Granting Motion of the Debtors for an Order (I) Establishing Deadlines for Filing of Proofs of Claim, Section 503(b)(9) Claims and (II) Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [ECF No. 156]. The Bar Date Order set a claims bar date of July 5, 2018, at 5:00 p.m. (EST) (the "General Bar Date").  Moreover, paragraph 13 of the Bar Date Order states that "[a]ny holder of a claim against any Debtor who receives notice of the applicable Bar Dates (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date, shall, pursuant to Bankruptcy Rule 3003(c)(2), not be treated as a creditor with respect to that claim for purposes of voting and distribution."

11. 12. On July 6, 2018, after the expiration of the General Bar Date, Constellation Health Investment, LLC ("CHI" or the "Claimant") filed a claim for $28,550,000 for "money loaned and services performed."  CHI claims that $4,800,000 of its claim is secured by a lien on property through an 8% Coupon.

12.    On January 14, 2021, the Liquidating Trustee filed his *Second Amended Adversary Proceeding Complaint* [Adv. Proc. No. 18-8053, ECF No. 303] (the "Second Amended Complaint") which asserted numerous claims against numerous entities including the Claimant.  Among the claims asserted in the Second Amended Complaint were objections to the Claim (as defined below).

## RELIEF REQUESTED

13.    The Liquidating Trustee files this Claim Objection to Claim No. 240 (the "Claim") of CHI pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, and seeks entry of an order expunging the Claim for the reasons set forth herein or, in the alternative, reclassifying the Claim as a claim asserting an equity interest in the Debtors and, accordingly, authorizing the removal of the Claim from the claims register. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").  Pursuant to Local Rule 3007-1, a true and correct copy of the Claim is annexed hereto as **Exhibit B.**

## OBJECTION TO CLAIM

14.    As highlighted, the Plan, the Confirmation Order, and the Liquidating Trust grant the Liquidating Trustee all powers necessary to implement the provisions of the Plan and to administer the Liquidating Trust for the benefit of creditors.  Section 105(a) of the Bankruptcy Code further provides that the Bankruptcy Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Upon a showing in a claims objection that a claim is legally

insufficient, the claimant has the burden to demonstrate the validity of the claim.  *See In re Arcapita Bank B.S.C.(c),* 508 B.R. 814, 817 (S.D.N.Y. 2014).  Once the objector produces evidence negating the *prima facie* validity of a filed claim by refuting one or more facts in the filed claim, the burden of going forward then reverts to the claimant.  *See In re Waterman Steamship Corp.,* 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996).  The ultimate burden of persuasion always rests on the claimant.  *Id.* at 775.  *Also see In re WorldCom,* No. 02-13533, 2005 WL 3832065 at *4 (Bankr. S.D.N.Y. Dec. 29, 2005).  The claimant must prove the claim, not sit back while the objector attempts to disprove it.  *In re Bennett,* 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988).

16.    In addition, section 502 of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

**A. Insufficient Documentation Provided For Claim**

17.    The Debtors' estates have no liability for the Claim because the Debtors' prepetition books and records do not indicate that there is any liability owing to Claimant and the Claimant has failed to provide any documentation, let alone sufficient documentation, to indicate that there is any amount due and owing by the Debtors.  The Claim lacks sufficient information and evidence to establish an entitlement to any recovery, and the Claimant has not otherwise established that its Claim meets the standards for *prima facie* validity or is enforceable against the Debtors or the property of the Debtors under any agreement or applicable law.  *See* 11 U.S.C. 502(b); *see also* Bankruptcy Rule 3001(f).  No supporting documentation was provided with the Claim to shed light on what "services

- 6 -

were performed," what "money was loaned," and whether such services were performed or money was owed pursuant to a contract or other agreement.

18.    Under Bankruptcy Rule 3001(f), "a proof of claim" is not "prima facie evidence of the claim" unless the proof of claim is "executed and filed in accordance with [the Bankruptcy Rules]."  Fed. R. Bankr. P. 3001(f); *see also In re Rally Partners, L.P.*, 306 B.R. 165, 168 (Bankr. E.D. Tex. 2003) ("A proof of claim . . . does not qualify for [the] prima facie evidentiary effect if it is not executed or filed in accordance with the Bankruptcy Rules. [Bankruptcy] Rule 3001 generally sets forth the requirements for filing a proof of claim . . . ." (*citing First Nat'l Bank of Fayetteville, Ark. v. Circle J Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 300 (W.D. Ark. 1989)) (internal citation omitted)).  The Claim is not prima facie evidence of the claim because such Claimant did not file the Proof of Claim in accordance with Bankruptcy Rule 3001(a).

19.    Bankruptcy Rule 3001(a) defines a "proof of claim" as "a written statement setting forth a creditor's claim."  Fed. R. Bankr. P. 3001(a).  In general, "[a] proof of claim [must] conform substantially to the appropriate Official Form"—that is, the current version of Official Form 10.  Fed. R. Bankr. P. 3001(a); *see also* Fed. R. Bankr. P. 9009 ("Except as otherwise provided in [Bankruptcy] Rule 3016(d), the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate.").  Therefore, "[Official] Form 10 sets forth what [a claimant] is required [to include] in a proof of claim."  *In re Rockefeller Ctr. Props.*, 241 B.R. 804, 819 n.23 (Bankr. S.D.N.Y. 1999).  Through Official Form 10, Bankruptcy Rule 3001(a) requires a proof of claim to contain the "Basis for [the] Claim."  Specifically, Bankruptcy Rule 3001(a) requires a proof of claim to contain "facts sufficient to support a legal basis for the claim."  *In re Planet*

- 7 -

*Hollywood Int'l, Inc.*, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (*citing In re Allegheny Int'l, Inc.*, 954 F.3d 167, 173 (3d Cir. 1992)).

20.    Here, the Claim was not filed properly because the Claim was not supported by any documentation beyond the bare, conclusory descriptions in the Proof of Claim forms. Specifically, the Claimant furnished no information to support any assertion to support the Claim.  Therefore, the Claim does not contain facts sufficient to support legal bases for the Claim, and such Claim was not filed in accordance with Bankruptcy Rule 3001(a).

21.    The Claim is not *prima facie* evidence of the claim because they were not filed in accordance with Bankruptcy Rule 3001(a).  *See Sass v. Barclays Bank PLC (In re Am. Home Mortg. Holdings, Inc.)*, 501 B.R. 44, 62 (Bankr. D. Del. 2013) ("Pursuant to . . . Bankruptcy [Rule] 3001, [if] a proof of claim does not provide the facts and documents necessary to support the claim, [then] it is not entitled to the presumption of *prima facie* validity." (*citing In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008))).  If the Claim is not expunged, the Claimant would receive a recovery to which it is otherwise not entitled to on account of a claim which is not enforceable against the Debtors and their estates.  Accordingly, the Claim should be disallowed and expunged in its entirety.

### B.  Any Documentation That May Exist is Not Enforceable

22.    Further, to the extent that CHI can produce some documentation supporting the Claim, any agreements the Debtors entered into with CHI is likely unenforceable.  As detailed in the Second Amended Complaint,  the Debtors were the victims of a large, complex and brazen fraud that was subject to an intricate and deliberate concealment effort perpetrated by their former management.  The thefts were orchestrated by Parmjit "Paul" Parmar ("Parmar"), and were implemented through (among other things) looting the Debtors' assets

for his own benefit and the benefit of others. Parmar was Chief Executive Officer ("CEO")

and Chairman of the Board of Directors (the "Board") of CHT. Parmar controlled CHT

through his position as CEO and Chairman of the Board of CHT, his ownership of CHT

shares, and his ownership and/or control over the Parmar Shareholder Entities (as defined in

the Second Amended Complaint) which include the Claimant, who owned, directly or

indirectly, CHT shares.

23.     Any agreements the Debtors may have entered into with Claimant were likely

executed by Parmar on both sides of the agreement and thus are unenforceable.  The

manipulation and self-dealing of corporate assets by insiders in control of a company such as

officers, directors, or controlling shareholders reflects bad faith and deprives creditors of fair

consideration.  Self-interested transfers, such as any which may have potentially been made

here where Parmar was on both sides of the agreement, could not have been made in good

faith and violate NYC DCL §273-1.[2]  Further, an insider payment is not in good faith,

regardless of whether or not it was paid on account of an antecedent debt.  *Am. Media, Inc. v.*

*Bainbridge & Knight Labs., LLC*, 135 A.D. 3d. 477, 478 (N.Y. 1st Dept. 2016).  As Parmar was

perpetuating his fraud he likely utilized Claimant and/or any agreements entered into

between the Debtors and Claimant to further his illegal activities.  Courts have consistently

held that agreements to facilitate a crime are unenforceable and void.  *See McMullen v.*

*Hoffman*, 174 U.S. 639, 654 ("no court will lend its assistance in any way towards carrying out

the terms of an illegal contract"); *see also In re Adelphia Communications Corp. Securities and*

*Derivative Litigation*, 2013 WL 6838899 (S.D.N.Y. 2013) (discussing the doctrine of *in pari*

---

[2] The Court previously held contracts introduced by an entity controlled by Parmar were inadmissible where there was no affidavit, factual substantiation, or authentication of documents alleged to have been entered into by the Debtors.  *See* Adversary Proceeding Number 20-08051, Hearing Transcript Feb. 9, 2021 at p. 14:18-15:10.

*delicto* which is the application of the principle that no court will lend its aid to a man who grounds his actions upon an immoral or illegal act); *State v. Strickland*, 42 Md. App. 357, 362 (Md. 1979) ("A basic principle of contract law is that agreements to commit a crime are illegal, void.").

24.    Accordingly, to the extent Claimant can produce and properly authenticate any documentation supporting its Claim, it is likely that such agreements are unenforceable as a matter of law.

### C. Misclassification of Claim

25.    The Claim was improperly classified.  The Claim was filed in part as a general unsecured claim and in part as a secured claim.  The Claim alleges that the Claim is secured by a note in the amount of $4.8 million.

26.    To the extent the Claim arose from equity, the Claim should be disallowed. Since an equity interest does not provide a holder with a "right to payment," it does not constitute a "claim" under section 101(5) of the Bankruptcy Code.  11 U. S.C. § 101(5); *see also In re Hedged- Investments Associates, Inc.,* 84 F.3d 1267, 1272 (10th Cir. 1996) (stating that an equity interest is not a claim against the debtor); *In re Pine Lake Vill. Apartment Co.,* 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (stating that an equity interest is not a claim against the debtor and the equity holder is only entitled to a proof of interest).  Since equity interests in the Debtors do not constitute liabilities of the Debtors or their estates, the Claim must be disallowed in its entirety.  Additionally, to the extent the Claim arises from an original equity basis, even if the Claim was converted into contractual liabilities for purposes of bankruptcy classification, it remains equity.  *See* 11 U.S.C § 510(b); *see also In re Med*

- 10 -

*Diversified, Inc.*, 461 F.3d 251, 254 (2d Cir. 2006) ("in accordance with case law broadly construing section 510(b), [] the claim need not flow directly from the securities transaction, but can be viewed as 'arising from' the transaction if the transaction is part of the causal link leading to the injury"); *In re KIT digital, Inc.*, 497 B.R. 170, 180 (discussing the purpose of § 510(b) and stating that when claimants retain the right to participate in corporate profits if a company succeeds, § 510(b) prevents them from using other claims to recover value of their equity investment in parity with general unsecured creditors); *Matter of Stirling Homex Corp.*, 579 F.2d 206, 213 ("When a corporation becomes bankrupt, the temptation to lay aside the garb of a stockholder . . . and to assume the role of a creditor, is very strong, and all attempts of that kind should be viewed with suspicion."); *Collier on Bankruptcy* (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) at ¶ 510.04[1] ("The clear mandate of section 510(b) is that shareholder claimants will not be permitted to elevate their interests from the level of equity to general claims.")

27.    As discussed herein in ¶¶ 17-21, to the extent CHI is claiming a portion of the CHI Claim is a secured claim, CHI has not provided any documentation or evidence to demonstrate that the CHI Claim is secured, and CHI has not identified any collateral for which it holds a valid and perfected lien or security interest.

### D. Inferior to Debtors Claims

28.    To the extent the Claim relates to Merger Proceeds[3], the claims of the Debtors to such Merger Proceeds are superior to the claim of CHI and thus the Claim should be expunged, for the reasons set forth in detail in the Second Amended Complaint.

---

[3] "Merger Proceeds" as defined in the Second Amended Complain refers to $212,502,269.25 which was paid out in connection with the go-private merger transaction pursuant to which CHT Holdco, LLC acquired the stock of Debtor Constellation Healthcare Technologies.

**E.  Late-Filed Claim**

29.    The Liquidation Trustee further objects to the Claim as it was filed after the applicable General Bar Date.  Pursuant to the Bar Date Order, all holders of claims against the Debtors were required to file a proof of claim with supporting documentation before the applicable General Bar Date.  The Claim was filed after the applicable General Bar Date and, therefore, does not comply with the Bar Date Order.  The Liquidation Trustee has examined the Claim and has determined that they do not constitute an amendment to other timely filed claims.

30.    Failure to timely file a proof of claim constitutes grounds for disallowance and expungement pursuant to the Bankruptcy Code and Bar Date Order, and such claims may be included on an omnibus objection.  *See* Bankruptcy Rule 3007(d)(4).  Further, failure to disallow and expunge the Claim will result in Claimant receiving unwarranted recoveries to the detriment of the Debtors, their estates, and their creditors who have complied with the Bar Date Order and have timely filed proofs of claim in these chapter 11 cases.  *See In re Tronox Incorporated, et al.*, 626 B.R. 688, 699 (Bankr. S.D.N.Y. 2021); *In re Matter of Pacific Drilling S.A., et al.*, 616 B.R. 634, 642-644 (Bankr. S.D.N.Y. 2020).  Accordingly, the Liquidation Trustee requests that the Claim be disallowed as a late filed claim and expunged in its entirety.

31.    Given these issues, the Liquidating Trustee seeks an entry of an order, attached hereto as **Exhibit A,** pursuant to section 502(b) of the Bankruptcy Code, Rules 3003 and 3007 of the Bankruptcy Rules and Local Rule 3007-1, disallowing the Claim and removing the Claim from the claims register.

## RESERVATION OF RIGHTS

32.    The Liquidating Trustee hereby reserves the right to object in the future to the Claim on any additional ground not set forth in this Claim Objection, and to amend, modify, or supplement this Claim Objection to the extent the Claim Objection is not sustained or the claimant files a response to this Claim Objection setting forth additional bases for the Claim.

## NOTICE AND PRIOR REQUEST

33.    Notice of this Claim Objection will be provided to: (i) CHI at the email and physical address for notices set forth in the Claim (**Exhibit B**), (ii) the Office of the United States Trustee, and (iii) all parties requesting notice under Bankruptcy Rule 2002.  The Liquidating Trustee submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.  Except as to the extent set forth in the Second Amended Complaint,[4] no previous request for the relief sought herein has been made by the Debtors or the Liquidating Trustee to this or any other Court.

---

[4] To the extent the Court grants the requested relief as it relates to the Claim, the Liquidating Trustee will withdraw Count XXXV of the Second Amended Complaint as it relates to the Claim.

## CONCLUSION

34.    For the foregoing reasons, the Liquidating Trustee respectfully requests that

this Bankruptcy Court enter an order, substantially in the form attached hereto as **Exhibit**

**A,** (i) sustaining the Claim Objection, (ii) expunging the Claim; (iii) removing the Claim

from the claims register, and (iv) granting such other and further relief as the Bankruptcy

Court deems appropriate under the circumstances.

Dated: August 23, 2022
      New York, New York

                        Respectfully submitted,

                        By: */s/ Mark T. Power*

                        **THOMPSON COBURN HAHN &**
                        **HESSEN LLP**

                        Mark T. Power, Esq.
                        Joseph Orbach, Esq.
                        488 Madison Avenue
                        New York, NY  10022
                        (212) 478-7200

                        *Counsel for Howard M. Ehrenberg, Liquidating Trustee*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                                    Chapter 11

Orion HealthCorp, Inc., *et al.*,                          Case No. 18-71748-67 (AST)
                                                                           Case No. 18-71789 (AST)
                                         Debtors.              Case No. 18-74545 (AST)
-------------------------------------------------------------x
                                                                           Jointly Administered.

### ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 240 FILED BY CONSTELLATION HEALTH INVESTMENT, LLC

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating

Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc.,

Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the

"Debtors" or "Debtor Entities"), by and through his attorneys, submitted the *Liquidating*

*Trustee's Motion Objecting to Claim No. 240 Filed by Constellation Health Investment, LLC* (the

"Claim Objection").  Based on the Claim Objection, and the evidence in support thereof,

the Court finds that Claim No. 240 filed by Constellation Health Investment, LLC shall be

disallowed in its entirety and expunged from the claims register.

The Court having further determined that the Claim Objection is in the best interests

of the Debtors, their estates, their creditors, and other parties in interest; and due and

sufficient notice of the Claim Objection having been given under the particular

circumstances; and it appearing that no other or further notice need be provided; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

   1.    The Claim Objection is hereby sustained.

   2.    The Motion is GRANTED.

3.     Claim No. 240 filed by Constellation Health Investment, LLC is disallowed in its entirety and ordered expunged from the claims register.

4.     The Liquidating Trustee, the Clerk of this Court, and the Claims Agent, Epiq Bankruptcy Solutions, LLC, shall have the authority to take all actions necessary or appropriate to give effect to this Order.

5.     The Liquidating Trustee retains any and all rights to object to Claim No. 240 filed by Constellation Health Investment, LLC on any other grounds as may become necessary.

6.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

**EXHIBIT B**

**Claim No. 240**

United States Bankruptcy Court for the Eastern District of New York
Orion HealthCorp, Inc., Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/CCT

Your Mail ID is as follows: [CUSTID]

Name of Debtor: [Debtor Name] Constellation Healthcare Technologies, Inc.
Case Number: [Debtor Case No.] 18-71749 (AST)

[CLAIM_NM] Constellation Health Investment, LLC
[ATTN] Jeffrey C. Hoffman, Esq.
[ADDRESS1] Windels Marx Lane & Mittendorf
[ADDRESS2] 156 West 56th Street
[ADDRESS3] New York, New York 10019
[CITY], [STATE] [ZIP] U.S.A.
[COUNTRY]

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

JUL 06 2018

**LEGAL SERVICES**

[Your claim is scheduled by the Debtor as:]
[$XX.XX Classification]
[$XX.XX Classification]
[Unliquidated]

# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a ban... under 503(b)(9), do not use this form to make a request for payment of an administrative expense. M...

Filers must leave out or redact information that is entitled to privacy on this form or on any attached d... documents that support the claim, such as promissory notes, purchase orders, invoices, itemized stater... mortgages, and security agreements. **Do not send original documents;** they may be destroyed after sca... explain in an attachment.

Filed: USBC - Eastern District of New York
Orion Healthcorp, Inc., Et al. (B10)
18-71748 (AST)

**CCT**

0000000240

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): Constellation Health Investment, LLC

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No    ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Jeffrey C. Hoffman, Esq. Windels Marx Lane & Mittendorf, LLP | |
| **Name** 156 West 56th Street | **Name** |
| **Number    Street** New York    New York   10019 | **Number    Street** |
| **City        State        ZIP Code** | **City        State        ZIP Code** |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: (212) 237-1000 | Contact phone: _____ |
| Contact email: jhoffman@windelsmarx.com | Contact email: _____ |

**4.    Does this claim amend one already filed?**

☒ No

☐ Yes.    Claim number on court claims register (if known) _____

Filed on _____
MM / DD /YYYY

**5.    Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.    Who made the earlier filing?

_____

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6.    Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

___  ___  ___  ___

**7.    How much is the claim?**

$28,550,000.00

**Does this amount include interest or other charges?**

☒ No

☐ Yes.    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.    What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

money loaned and services performed

137

**9. Is all or part of the claim secured?**

☐ No

☐► Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this *Proof of Claim.*

☐ Motor vehicle

☒ Other. Describe:   ___8% Coupon___

Basis for perfection:   ___possession___

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $ 4,800,000.00

Amount of the claim that is unsecured: $23,750,000.00
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ 4,800,000.00

Annual Interest Rate (when case was filed)   ___8___ %
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the such Debtor's business. $_____ Attach documentation supporting such claim.

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   ___07 / 05 / 2018___     Signature
MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   ___Jeffrey C. Hoffman,___
First name          Middle name          Last name

Title   ___Counsel___

Company   ___Windels Marx Lane & Mittendorf, LLP___
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   ___156 West 56th Street___
Number          Street

___New York___     ___New York___   ___10019___
City          State          ZIP Code

Contact Phone   ___(212) 237-1000___     Email   ___jhoffman@windelsmarx.com___

138



**WINDELS MARX** | Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Charles E. Simpson
212.237.1070
csimpson@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

July 5, 2018

**VIA FEDERAL EXPRES**

**COPY**
Document Control

Orion HealthCorp., Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Re:     **Constellation Healthcare Technologies, Inc.**
        **Chapter 11 Case No. 19-71749 (AST)**

To Whom It May Concern:

Enclosed herewith please find three (3) proofs of claim to be filed against the above-referenced Debtor's estate from the following entities:

1.     First United Health, LLC
2.     Constellation Health LLC
3.     Constellation Health Group LLC

Please accept the enclosed for filing.

Very truly yours,

Charles E. Simpson

CES:mvr
Enclosures

{11569913:1}

ORIGIN ID:QNYA    (212) 237-1070
CHARLES E. SIMPSON, ESQ.
WINDELS MARX LANE & MITTENDORF LLP
156 W. 56TH STREET
23RD FLOOR
NEW YORK, NY 10019
UNITED STATES US

SHIP DATE: 05JUL18
ACTWGT: 1.00 LB
CAD: 4701647/INET3980

BILL SENDER

TO  CLAIMES PROCESSING CENTER
    ORION HEALTHCORP., INC.
    10300 SW ALLEN BLVD.

    BEAVERTON OR 97005
(000) 000-0000          REF: 308397/002
INV:
PO:                     DEPT:

**FedEx**
Express

FRI - 06 JUL 10:30A
PRIORITY OVERNIGHT

TRK#
0201   7726 3817 4908

**XH BNOA**                     97005
                       OR-US   PDX



RECEIVED

JUL 0 6 2018

LEGAL SERVICES



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en/PrintIFrame.html

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| | : | |
| In re: | : | Case No. 18-71748-67 (AST) |
| | : | Case No. 18-71789 (AST) |
| Orion HealthCorp, Inc., *et al.,* | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------ x   **Ref. Docket Nos. 1052-1053**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                          ) ss.:
COUNTY OF NEW YORK   )

DAVID RODRIGUEZ, being duly sworn, deposes and says:

1.  I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC[1], located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On August 23, 2022, I caused to be served the:

    a.  "Liquidating Trustee's Motion Objecting to Claim No. 239 Filed by First United Health, LLC," dated August 23, 2022 [Docket No. 1052], and

    b.  "Liquidating Trustee's Motion Objecting to Claim No. 240 Filed by Constellation Health Investment, LLC," dated August 23, 2022 [Docket No. 1053],

by causing true and correct copies to be:

    i.   enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit A, and

    ii.  delivered via electronic mail to those parties listed on the annexed Exhibit B.

---

[1] Epiq Bankruptcy Solutions, LLC, is now known as Epiq Corporate Restructuring, LLC.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ David Rodriguez*
David Rodriguez

Sworn to before me this
24th day of August, 2022
*/s/ Cassandra Murray*
Notary Public, State of New York
No. 01MU6220179
Qualified in Queens County
Commission Expires April 12, 2026

**EXHIBIT A**

| Claim Name | Address Information |
|---|---|
| BAKER BOTTS L.L.P. | ATTN: CHRISTOPHER NEWCOMB (COUNSEL TO HEALTHTEK SOLUTIONS, LLC) 30 ROCKEFELLER PLAZA NEW YORK NY 10112 |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OPERATION 2970 MARKET STREET PHILADELPHIA PA 19101-7346 |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OPERATION P.O. BOX 7346 PHILADELPHIA PA 19101-7346 |
| JQ 1 | (OFFICIAL COMMITEE OF UNSECURED CREDITORS) 100 JERICHO QUADRANGLE, SUITE 106 JERICHO NY 11753 |
| LAW OFFICE OF CHARLES A. GRUEN | ATTN: CHARLES A. GRUEN (COUNSEL TO U.S. BANK NATIONAL ASSOCIATION D/B/A U.S. BANK EQUIPMENT FINANCE) 381 BROADWAY, SUITE 300 WESTWOOD NJ 07675 |
| MACCO & STERN LLP | ATTN: COOPER J. MACCO (COUNSEL FOR EDGE BUSINESS ALLIANZ & MEDLINK COMPUTER SCIENCES) 2950 EXPRESS DRIVE SOUTH, SUITE 109 ISLANDIA NY 11749 |
| OFFICE OF THE ATTORNEY GENERAL | FOR THE STATE OF NEW YORK ATTN: ERIC T. SCHNEIDERMAN THE CAPITOL ALBANY NY 12224-0341 |
| OFFICE OF THE UNITED STATES ATTORNEY FOR EDNY | ATTN: BONNI PERLIN, BANKRUPTCY COORDINATOR CIVIL DIVISION, EDNY, BANKRUPTCY PROCESSING 271-A CADMAN PLAZA EAST BROOKLYN NY 11201 |
| OFFICE OF THE UNITED STATES TRUSTEE | EASTERN DISTRICT OF NEW YORK LONG ISLAND FEDERAL PLAZA COURTHOUSE ATTN: ALFRED M. DIMINO 560 FEDERAL PLAZA CENTRAL ISLIP NY 11722 |
| REED SMITH LLP | ATTN: CHRYSTAL P. MAURO (COUNSEL TO STEEL VALLEY EMERGENCY PHYSICIANS, INC. ("SVEP") 599 LEXINGTON AVENUE NEW YORK NY 10022 |
| ROSENBERG RICH BAKER BERMAN AND COMPANY | ATTN: MANAGING PARTNER 265 DAVIDSON AVENUE, SUITE 210 SOMERSET NJ 08873 |
| SECURITIES EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE ANDREW CALAMARI, REGIONAL DIRECTOR BROOKFIELD PLACE; 200 VESEY ST, STE 400 NEW YORK NY 10281-1022 |
| SECURITIES EXCHANGE COMMISSION | 100 F STREET, NE WASHINGTON DC 20549 |
| U.S. DEPARTMENT OF JUSTICE | ATTN: SETH SHAPIRO CIVIL DIVISION, COMMERICAL LITIGATION BRANCH P.O. BOX 875 BRANCH FRANKLIN STATION WASHINGTON DC 20044 |
| U.S. DEPARTMENT OF JUSTICE | 950 PENNSYLVANIA AVENUE, NW WASHINGTON DC 20530-0001 |

**Total Creditor count  15**

**EXHIBIT B**

Orion HealthCorp, Inc., et al. Case No. 18-71748-67 (AST)
Electronic Mail Master Service List

| Creditor Name | Email Address |
|---|---|
| ALLIANCE HEALTH SCIENCES | info@alliancediagnostics.com |
| CHAPMAN AND CUTLER FOR BMO HARRIS BANK | stetro@chapman.com |
| CHRISTINE COHEN | chriscohen55@yahoo .com |
| COMMONWEALTH OF PA, OFFICE OF UCTS, DOL & INDUSTRY | ra-li-ucts-bankrupt@state.pa.us |
| DUANE MORRIS LLP | cbelmonte@duanemorris.com; pbosswick@duanemorris.com |
| GOLDBERG WEPRIN FINKEL GOLDSTEIN, LLP | KNash@GWFGLaw.com |
| HAHN & HESSEN LLP | JOrbach@hahnhessen.com; BRose@hahnhessen.com; mpower@hahnhessen.com |
| HAHN & HESSEN LLP | jamato@hahnhessen.com |
| KEYBANK NATIONAL ASSOCIATION | bob_j_burns@keybank.com |
| KOLB RADIOLOGY, PC | tkolbmd@yahoo.com |
| L'ABBATE BALKAN FOR ROBINSON BROG, ET AL | mrice@lbcclaw.com |
| LAMONICA HERBST & MANISCALCO, LLP | sl@lhmlawfirm.com; awofse@lhmlawfirm.com |
| LINEBARGER GOGGAN FOR HARRIS COUNTY, CYPRESS-FAIRBANKS ISD | houston_bankruptcy@publicans.com |
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC | fearley@mintz.com; djpicca@mintz.com; pjricotta@mintz.com; krwalsh@mintz.com |
| MOORE & VAN ALLEN FOR BANK OF AMERICA | davideades@mvalaw.com; treyrayburn@mvalaw.com; zacharysmith@mvalaw.com; jimlangdon@mvalaw.com; gabrielmathless@mvalaw.com |
| MORITT HOCK & HAMROFF LLP | tdriscoll@moritthock.com |
| MORITT HOCK & HAMROFF LLP | lberkoff@moritthock.com |
| MUCHMORE & ASSOCIATES PLLC | mtravis@muchmorelaw.com |
| PACHULSKI STANG FOR UNSECURED CREDITORS COMMITTEE | ischarf@pszjlaw.com; rmikels@pszjlaw.com |
| QUINN EMANUEL FOR PAVANDEEP BAKHSKI | andrewmarks@quinnemanuel.com; colingillespie@quinnemanuel.com; |
| QUINN EMANUEL FOR ROBINSON BROG; AND PAVANDEEP BAKHSKI | alexspiro@quinnemanuel.com; lindsayweber@quinnemanuel.com |
| REED SMITH LLP FOR WOODFOREST & STIFEL | clynch@reedsmith.com; kgwynne@reedsmith.com; crivas@reedsmith.com |
| ROSEN & ASSOCIATES, P.C. | srosen@rosenpc.com |
| SILVERMAN ACAMPORA | AAcampora@SilvermanAcampora.com; RFriedman@SilvermanAcampora.com; BPowers@SilvermanAcampora.com |
| SPROUSE LAW FIRM | msprouse@sprousepllc.com |
| STATE OF MICHIGAN ATTORNEY GENERAL | harrisj12@michigan.gov |
| THALER LAW FIRM PLLC | athaler@athalerlaw.com |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Alissa.Piccione@troutman.com; tim.mast@troutman.com; Bianca.DiBella@troutman.com; Joseph.DeFazio@troutman.com |
| TROUTMAN SANDERS FOR CC CAPITAL MGMT, LLC | mitchel.perkiel@troutmansanders.com; elinora.velazquez@troutmansanders.com |
| TROUTMAN SANDERS FOR CC CAPITAL MGMT, LLC | david.dantzler@troutman.com |

Orion HealthCorp, Inc., et al. Case No. 18-71748-67 (AST)

Electronic Mail Master Service List

| Creditor Name | Email Address |
|---|---|
| U.S. DEPT OF JUSTICE - CIVIL DIVISION | seth.shapiro@usdoj.gov |
| WILMER CUTLER PICKERING HALE AND DORR LLP | lauren.lifland@wilmerhale.com |
| WINDELS MARX LANE & MITTENDORF, LLP FOR PARMAR & NON-DEBTORS | csimpson@windelsmarx.com; jhoffman@windelsmarx.com |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                          Chapter 11

Orion HealthCorp, Inc., *et al.*,                              Case No. 18-71748-67 (AST)
                                                               Case No. 18-71789 (AST)
                                    Debtors.                   Case No. 18-74545 (AST)
------------------------------------------------------------x
                                                               Jointly Administered.

## ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 240 FILED BY CONSTELLATION HEALTH INVESTMENT, LLC

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating

Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc.,

Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the

"Debtors" or "Debtor Entities"), by and through his attorneys, submitted the *Liquidating*

*Trustee's Motion Objecting to Claim No. 240 Filed by Constellation Health Investment, LLC* (the

"Claim Objection").  Based on the Claim Objection, and the evidence in support thereof,

the Court finds that Claim No. 240 filed by Constellation Health Investment, LLC shall be

disallowed in its entirety and expunged from the claims register.

The Court having further determined that the Claim Objection is in the best interests

of the Debtors, their estates, their creditors, and other parties in interest; and due and

sufficient notice of the Claim Objection having been given under the particular

circumstances; and it appearing that no other or further notice need be provided; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

### ORDERED, ADJUDGED, AND DECREED that:

1.    The Claim Objection is hereby sustained.

2.    The Motion is GRANTED.

3.      Claim No. 240 filed by Constellation Health Investment, LLC is disallowed in its entirety and ordered expunged from the claims register.

4.      The Liquidating Trustee, the Clerk of this Court, and the Claims Agent, Epiq Bankruptcy Solutions, LLC, shall have the authority to take all actions necessary or appropriate to give effect to this Order.

5.      The Liquidating Trustee retains any and all rights to object to Claim No. 240 filed by Constellation Health Investment, LLC on any other grounds as may become necessary.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.



Dated: October 4, 2022
        Central Islip, New York

_____
            Alan S. Trust
Chief United States Bankruptcy Judge

- 2 -

Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):   Constellation Health Investment LLC

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.
    ❑ Plaintiff
    ❑ Defendant
    ❑ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.
    ❑ Debtor
    ☒ Creditor
    ❑ Trustee
    ❑ Other (describe) Order Granting Liquidating Trustee's Objection to Claim No. 240 filed by Constellation Health Investment, LLC

### Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: _____

2.  State the date on which the judgment, order, or decree was entered: _____ 10/5/2022 _____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: ____Creditor____   Attorney:   Giuliano Law, PC
    445 Broadhollow Rd. Ste. 25
    Melville, NY 11747
    516-792-9800
    Attn. Anthony F. Giuliano, Esq,

2.  Party: ___Liquidating Trustee___   Attorney:   Thomson Coburn Hahn & Hessen LLP
    488 Madison Ave.
    New York, NY 10022
    212-478-7380
    Att. Mark T. Powers, Esq.

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: _____10/17/2022_____

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Anthony F. Giuliano, Esq.

Giuliano Law, P.C.

445 Broadhollow Rd. Ste.

25

Melville, NY 11747

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                                      Chapter 11

Orion HealthCorp, Inc., *et al.*,                                    Case No. 18-71748-67 (AST)
                                                                            Case No. 18-71789 (AST)
                                    Debtors.                         Case No. 18-74545 (AST)
-----------------------------------------------------------------x
                                                                            Jointly Administered.

### ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION OBJECTING TO CLAIM NO. 240 FILED BY CONSTELLATION HEALTH INVESTMENT, LLC

Howard M. Ehrenberg (the "Liquidating Trustee"), in his capacity as the Liquidating

Trustee under that *Liquidating Trust Agreement* by and among Orion HealthCorp, Inc.,

Constellation Healthcare Technologies, Inc., and certain of their affiliates (collectively, the

"Debtors" or "Debtor Entities"), by and through his attorneys, submitted the *Liquidating*

*Trustee's Motion Objecting to Claim No. 240 Filed by Constellation Health Investment, LLC* (the

"Claim Objection").  Based on the Claim Objection, and the evidence in support thereof,

the Court finds that Claim No. 240 filed by Constellation Health Investment, LLC shall be

disallowed in its entirety and expunged from the claims register.

The Court having further determined that the Claim Objection is in the best interests

of the Debtors, their estates, their creditors, and other parties in interest; and due and

sufficient notice of the Claim Objection having been given under the particular

circumstances; and it appearing that no other or further notice need be provided; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Claim Objection is hereby sustained.

2.      The Motion is GRANTED.

3.    Claim No. 240 filed by Constellation Health Investment, LLC is disallowed in its entirety and ordered expunged from the claims register.

4.    The Liquidating Trustee, the Clerk of this Court, and the Claims Agent, Epiq Bankruptcy Solutions, LLC, shall have the authority to take all actions necessary or appropriate to give effect to this Order.

5.    The Liquidating Trustee retains any and all rights to object to Claim No. 240 filed by Constellation Health Investment, LLC on any other grounds as may become necessary.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.



Dated: October 4, 2022
      **Central Islip, New York**

                          **Alan S. Trust**
                  **Chief United States Bankruptcy Judge**

- 2 -

**Anthony F. Giuliano, Esq.**
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
**445 Broadhollow Road, Ste. 25**
**Melville. New York 11747**
**afg@glpcny.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., et al., | Case No. 18-71789 (AST) |
| | Case No. 18-74545 (AST) |
| | |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------- x

**CERTIFICATE OF SERVICE**

       I, Anthony F. Giuliano, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on October 18, 2022, I caused to be served a copy of the Notice of Appeal and Civil Cover Sheet on all parties to this action, via Electronic Document Filing System (ECF).

Dated:  Melville, New York
        October 18, 2022

                              Respectfully Submitted,

                              By: */s/ Anthony F. Giuliano*
                                  Anthony F. Giuliano
                                  Giuliano Law, P.C.
                                  445 Broadhollow Road
                                  Suite 25
                                  Melville, NY 11747
                                  Tel. (516) 792-9800
                                  Email. afg@glpcny.com

# Notice Recipients

District/Off: 0207–8              User: admin                  Date Created: 10/18/2022

Case: 8–18–71748–ast            Form ID: pdf000              Total: 2

**Recipients of Notice of Electronic Filing:**

ust       United States Trustee      USTPRegion02.LI.ECF@usdoj.gov
aty       Mark T Power               mpower@hahnhessen.com

TOTAL: 2

Anthony F. Giuliano, Esq.
GIULIANO LAW, P.C.
Attorneys for Movants
445 Broadhollow Road, Ste. 25
Melville. New York 11747
afg@glpcny.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

In re:                                                Chapter 11

                                                      Case No. 18-71748-67 (AST)
Orion HealthCorp, Inc., et al.,                       Case No. 18-71789 (AST)
                                                      Case No. 18-74545 (AST)

                                    Debtors.          (Jointly Administered)

-------------------------------------------------------------------- x

## DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Constellation Health Investment, LLC ("**Appellant**" or "**CHT**"), by its undersigned counsel, Giuliano Law P.C., designates the following items to be included in the record on appeal, pursuant to Appellant's Notice of Appeal dated October 18, 2022, from the order (the "Order") of the United States Bankruptcy Court for the Eastern District of New York dated October 4, 2022, granting Howard M. Ehrenberg, in his capacity as Liquidating Trustee's ("Appellee") objection to Claim No. 240 filed by CHI and sets forth the following as its designation of record on appeal and statement of issues to be presented on appeal:

### A.    Designation of Record

1.    Voluntary Petition [Dkt. No. 1].

2.    Schedules, Statements and Affidavit [Dkt. No. 204].

3.      Statement of Financial Affairs [Dkt. No. 204].

4.      Order Setting Last Day to File Proofs of Claim [Dkt. No. 156].

5.      Amended Complaint Realignment of parties, addition of counts [Dkt. No. 303 in Adv. Pro. No. 18-08053].

6.      Motion to Object/Reclassify/Reduce/Expunge Claim No. 240 [Dkt. 1053].

7.      Affidavit of Service [Dkt. No. 1054].

8.      Order Granting Motion to Disallow Claim No.240 [Dkt. No. 1058].

9.      Notice of Appeal to District Court [Dkt. No. 1059].

**B.      Issues on Appeal**

10.      Whether the Bankruptcy Court erred in failing to articulate the basis for granting Appellee's Motion to Disallow Claim No. 240 (the "Motion")?

11.      Whether the Bankruptcy Court erred by granting the Motion where the Motion failed to comply with Local Bankruptcy Rule EDNY 3007-1?

12.      Whether the Bankruptcy Court erred in granting the Motion where the relief sought was already the subject of a pending Adversary Proceeding?

13.      Whether the Bankruptcy Court erred in determining that Claim No. 240 was untimely?

14.      Whether the Bankruptcy Court erred in determining that Claim No. 240 failed to meet the standards for *prima facia* validity?

15.      Whether the Bankruptcy Court erred in determining that any agreements the Debtors entered into with Appellant are not enforceable?

16.     Whether the Bankruptcy Court erred in determining that Claim No. 240 was improperly classified?

17.     Whether the Bankruptcy Court erred in determining that Appellant was not entitled to a secured claim?

18.     Whether the Bankruptcy Court erred in determining that Claim No. 240 is inferior to Debtors' Claims?

19.     Whether the Bankruptcy Court erred in granting Appellee's Motion?

Dated: Melville, New York
          November 1, 2022

GIULIANO LAW, P.C.
Attorneys for Appellant

By: */s/ Anthony F. Giuliano*
        Anthony F. Giuliano
        445 Broadhollow Rd., Ste. 25
        Melville, New York 11747
        (516) 792-9800
        afg@glpcny.com