UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC., *et al.*,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST)<br><br>(Jointly Administered) |
| Howard M. Ehrenberg, *as liquidating Trustee*,<br><br>                      Plaintiff,<br><br>v.<br><br>John Johnston, *et al.*,<br><br>                      Defendants. | Adv. Pro. No. 20-08046 (AST) |
| Howard M. Ehrenberg, *as liquidating Trustee*,<br><br>                      Plaintiff,<br><br>v.<br><br>Richard Ian Griffiths, *et al.*,<br><br>                      Defendants. | Adv. Pro. No. 18-08048 (AST) |
| Howard M. Ehrenberg, *as liquidating Trustee*,<br><br>                      Plaintiff,<br><br>v.<br><br>Joel Plasco, *et al.*,<br><br>                      Defendants. | Adv. Pro. No. 18-08053 (AST) |

**LIQUIDATING TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT ARVIND WALIA'S MOTION TO COMPEL COMPLIANCE**

Plaintiff, Howard M. Ehrenberg ("Trustee"), liquidating trustee of the jointly administered bankruptcy estates of Orion HealthCorp, Inc. and Constellation Healthcare Technologies, Inc. (collectively, "Debtors"), by and through his attorneys, hereby responds to and opposes the Motion to Compel Compliance with the Settlement Agreement filed by Defendant Arvind Walia ("Walia") and the accompanying memorandum of law in support of his motion (ECF No. 93, 94, "Motion").

## PRELIMINARY STATEMENT

Last year, in December 2021, the Court approved a complex Settlement Agreement[1] between the Trustee and 17 signatory parties that resolved claims in three different adversary proceedings. The Movant, Walia, is a party to this agreement.

The Settlement Agreement required Debtors' insurer to pay defendants' timely submitted defense expenses, after adjustment using standard business practices. Any payment disputes were to be promptly raised with the insurer, negotiated, and ultimately adjudicated by the mediator. After claims had been paid and all timely disputes had been resolved, the insurer was to exhaust its policy by payment to the Trustee. This process completed a year ago, and the insurer exhausted its policy by payment to the Trustee in early 2022.

In his Motion, Walia contends that he timely submitted to the insurer his defense costs, but they were not paid. Walia did not utilize the dispute resolution protocol and did not raise any disputes within the time provided in the Settlement Agreement. Instead, he did not raise a dispute until after all claims had been adjusted, and after the insurer paid the Trustee.

It is not clear whether or how much Walia should have been paid by the insurer, had he timely raised this dispute. But there are no circumstances or terms in the Settlement Agreement that authorize or require the Trustee to make any payments to him once this period lapsed and the insurer paid out the remaining policy limits. The Trustee had no role in the adjustment process, no authority or obligation to pay defense costs, and does not know if expenses were timely, reasonable, or otherwise payable by the insurer's standard business practices. The Trustee is not required to bear the costs of Walia's belatedly raised coverage dispute, and the Motion should be denied.

---

[1] Capitalized terms that are not defined in this opposition incorporate the definitions set forth in the Motion.

1

# THE SETTLEMENT AGREEMENT DOES NOT ALLOW
# WALIA TO RECOVER DEFENSE EXPENSES FROM THE TRUSTEE

The Settlement Agreement sets forth a robust protocol for the submission, payment, and dispute resolution of Walia's defense costs. The parties designed this protocol to allow the insurer to determine the amount of the ultimate settlement payment to the Trustee with finality. In other words, the Settlement Agreement was expressly written to preclude later claims of non-payment of defense costs – the exact claim Walia is making in this Motion.

### A. The Terms of the Settlement Agreement Require Walia and the Insurer to Timely Raise and Resolve Any Payment Disputes.

The negotiated terms of the Settlement Agreement required Certain Underwriters at Lloyd's, London ("Insurer" or "Underwriters") first to pay the named defendants' normally adjusted defense costs, and then to exhaust the policy with a cash payment to the Trustee. *See* Motion ¶¶ 3-4, Settlement Agreement § 3(i), ECF No. 93-1 at pp. 9-11.

At the time of the settlement negotiations, defendants had not yet tendered their defense costs to the Insurer. However, before the Insurer could calculate the amount needed to exhaust the policy, it needed all defendants to timely tender their claims. Likewise, the Trustee needed these claims to be timely adjusted so that payment could be timely made for disbursement to creditors. In order to give finality to the ultimate settlement payment, all parties agreed on the following framework:

**First**, the Settlement Agreement required all defendants to "submit to Underwriters any and all invoices for all attorneys' fees and costs that Defendants maintain are covered under the Underwriters Policy." *Id.* § 3(i)(b). This required defendants to submit any invoices within fifteen days of the Cutoff Date, as defined. *Id*. Failure to tender these invoices is a waiver of defendants' claim for fees. *Id.* § 3(i)(c).

Movant contends the Cutoff Date was November 4, 2021, requiring tender by November 19, and that his invoices were timely submitted to the insurer.

**Second**, the Settlement Agreement required Insurer to "review all invoices for attorneys' fees and costs incurred by Defendants" within 30 days of submission," adjust timely claims using their "standard and ordinary business practices," and pay "only reasonable and necessary attorneys' fees or costs covered under the Underwriters Policy." *Id.* § 3(i)(d) & (e).

The Trustee is not permitted to review or adjust these claims under the Settlement Agreement.

**Third**, the Settlement Agreement expressly sets forth an alternative dispute resolution procedure if Insurer does not pay the full amount of the tendered claim. A party must first provide notice of any dispute, and attempt to resolve the dispute informally within fifteen days, by meeting and conferring. *Id.* § 3(i)(g). If the parties were unable to informally resolve this dispute, the mediator, Hon. Gerald E. Rosen (Ret.), shall hear and adjudicate the dispute. *Id.* In essence, this requires all payment disputes to be raised and negotiated within 60 days of the Cutoff Date, or by January 3, 2022.[2]

Walia does not contend he raised any disputes with the Insurer or Trustee during this period. At a minimum, the Trustee was not notified of any payment dispute during this period.

**Fourth**, the Settlement Agreement requires the Insurer to make a cash payment to the Trustee within 30 days of the Court's approval of the settlement or the payment of legal invoices. *Id.* § 3(i)(h). This provision sets an outside deadline for payment of settlement funds to the Trustee. If no payment disputes were raised, Insurers would pay the Trustee no later than January 18, 2023, or thirty days after the covered defense expenses were to be paid. Alternatively, if there were payment disputes, the Insurer and Trustee would know any disputed amounts by January 3. The Insurer exhausted its policy in early 2022 pursuant to the agreement.

For his part, the Trustee agreed to dismiss claims against Walia (and the other defendants) and not to execute the Settlement Agreement against his personal assets. *Id.* §§ 3(iii) & 6(i). Walia

---

[2] Using Walia's proposed Cutoff Date of November 4, 2021, invoices were required to be submitted by November 19 (+15 days), Insurer was required to adjust and pay by December 19 (+30 days, or 45 days from the Cutoff Date), and disputes are to be raised and conferred by January 3 (+15 days, or 60 days from the Cutoff Date).

does not allege a breach of either of these covenants. The Trustee owes no further covenants to Walia in the Settlement Agreement.

As a signatory to the Settlement Agreement, Walia agreed to be bound by its terms. But despite agreeing to this framework, Walia ignored it, failing to raise any payment disputes until after the Insurer paid the Trustee. Instead, Walia filed this Motion to "compel compliance" with an agreement that does not impose payment obligations on the Trustee and with which he himself did not comply. Thus, Walia has no rights against the Trustee under the Settlement Agreement that would compel the relief he requests in his Motion.

### B. Walia Has No Right to Relief Against the Trustee.

Walia's Motion should be denied because the Settlement Agreement does not provide for the requested relief. There are three reasons for this: (1) the terms of the Settlement Agreement do not allow Walia to recover money from the Trustee; (2) Walia did not attempt to address disputes with the Insurer before ultimate payment, as he was required to do; and (3) the Trustee has neither breached nor failed to comply with the terms of the Settlement Agreement.

#### 1. The Trustee Bears No Obligations to Walia Under the Settlement Agreement.

Walia's Motion asks the Court to "comply with the terms of the Settlement Agreement" by issuing an order requiring the Trustee "to pay or cause to be paid those attorney's fees and costs which Movant incurred in defense of the Directors and Officers Adversary Proceeding." Motion at 2. In essence, he is asking the *Trustee* to pay the invoices he submitted to the *Insurer* for adjustment and payment. The Settlement Agreement does not provide for this.

In his brief Motion, Walia fails to point to any terms that, if enforced by this Court, would obligate the Trustee to pay his defense costs. In his discussion of the agreement, Walia cites to several provisions require the Insurer to adjust and pay reasonable costs; however, he cites no provisions requiring the Trustee to pay. *See* Motion ¶¶ 3-6. This is because there are none.

Moreover, the Settlement Agreement includes a provision in which Walia agreed to "release any and all claims against Debtors' estates" that were not preserved in section 5 of the agreement.[3] Settlement Agreement § 6(viii). Therefore, even if Walia had some claim to defense costs against the Debtors', which he did not, it was released in the Settlement Agreement.

Since there is no law that would obligate the Trustee to Walia, he instead cites to case law requiring the Court to enforce Settlement Agreement terms as written. Walia describes these terms as follows:

> The language of the Settlement Agreement is clear – Underwriters/Hiscox was to pay the legal fees and expenses incurred in defense of the Directors and Officers Adversary Proceeding before transmitting any funds to the Trustee; however, it transmitted funds to the Trustee without paying Movant's Invoices.

Motion ¶ 14. Even in Walia's own characterization of the agreement, only the Insurer bore any responsibility to pay defense expenses. Walia does not even attempt to argue that the Settlement Agreement requires the Trustee to pay, because it clearly does not. Insofar as his Motion demands the Trustee pay his defense expenses not paid by the Insurer, he provides no support in law or the language of the Settlement Agreement.

### 2.  Walia Did Not Comply With the Notice and Dispute Provisions of the Settlement Agreement.

The Settlement Agreement requires Walia to actively participate in the claim adjustment process. He cannot passively sit back and wait until after the Insurer pays the Trustee to pursue his claim.

Walia contends that he timely emailed invoices to the Insurer, not the Trustee, and thus raises a factual allegation that the Trustee cannot independently assess. But Walia stopped there. He took no further action to enforce his rights under the agreement, and did not raise any disputes regarding non-payment as the Settlement Agreement required.

---

[3] Section 5(ii)(b) preserves only proofs of claim filed Walia's and does not preserve claims relating to payment of defense costs, which there were none.

5

The Trustee did not and could not have adjusted Walia's claim for defense costs under the agreement, and cannot opine on why they was not paid. The Trustee cannot adjust attorney fee invoices using the Insurer's "standard and ordinary business practices," and cannot determine whether Walia's tendered defense expenses are "reasonable and necessary attorneys' fees or costs covered under the Underwriters Policy," as they must be under the agreement. *See* Settlement Agreement § 3(i)(d) & (e). This is exactly why the Settlement Agreement required disputes to be timely raised and addressed with the Insurer within 60 days of the Cutoff date.

The clear purpose of this provision is to provide the Insurer and the Trustee notice of any fee disputes within a limited period after signing the agreement. This process allows all defendants to collect on defense costs, and also allows the Insurer and the Trustee to properly evaluate the amount of the payment required to exhaust the policy after accounting for these costs. Defendants were only required to tender already incurred invoices and actively monitor their claims. While Walia satisfied the first, he did not satisfy the second.

The agreement does not permit defendants to collect on claims that are not timely submitted, or timely disputed with the carrier. Otherwise, the provisions providing a timeline for adjustment of these costs would have no effect, as defendants could sit on their claims and dispute them later, as Walia attempts to do in this Motion. This is precisely the situation that the Settlement Agreement language was written to avoid. Walia should not be permitted to raise new cost disputes long after the claim adjustment period concluded and the settlement funds issued. Nor should he be permitted to recover the costs of preparing this Motion, which would not have been necessary had he timely raised this dispute pursuant to the agreement.

### 3. The Trustee Has Not Violated the Settlement Agreement and Should Not Be Responsible for Paying the Defense Costs of a Defendant to His Adversary Proceeding.

Not only does Walia have no contractual right to compel the Trustee to pay under the Settlement Agreement, but forcing the Trustee to pay Walia's attorney's fees is inequitable and not consistent with law.

The defendant Directors and Officers who were parties to the Settlement Agreement specifically prevented the Trustee from adjusting their claims for defense costs. Since payment of defense costs would reduce the ultimate settlement payment,[4] defendants did not want the Trustee to see their invoices or be involved in the adjustment of their claims.

As a result, the Trustee was entirely excluded from the adjustment process. He was not provided with the defendants' tender of invoices, had no say in how they were adjusted or paid, and could not raise disputes. Instead, the Settlement Agreement provided that the Trustee would only be notified if a defendant raised a dispute with the Insurer; at that point, the Trustee may be involved in the attempt to resolve the dispute. *See* Settlement Agreement § 3(i)(g).

Only Walia and the Insurer had any ability to control the claim, payment, or raise any disputes. Without any say in this claim process, the Trustee should not bear any risk in error. Under these circumstances, the Trustee could not have advocated for or against payment, could not have provided notice of unpaid amounts, and could not have taken any action to enforce the provisions of the Settlement Agreement relating to the payment of defense costs. Lacking any ability to control the payment of defense expenses, the Trustee should not bear the costs errors or disputes.

Movant's requested relief would also lead to absurd results and a subversion of the "American Rule," which states that "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253 (2010)). Here, the Trustee pursued Debtors' claims against Walia seeking damages for breaching his fiduciary duties. Walia hired counsel to dispute these claims, and agreed to a settlement that required Insurer to pay his defense costs pursuant to the protocol described above. Since there is no applicable fee-shifting statute here, and no contractual obligation requiring the Trustee to pay Walia's defense fees, the proposed order turns this rule on its head and forces the plaintiff Trustee to bear a defendant's

---

[4] The Settlement Agreement required the Insurer to exhaust the policy after paying defense costs. Thus, any defense costs paid would reduce the ultimate payment under the Settlement Agreement dollar for dollar.

defense expenses with no contractual or statutory obligation. This was never imagined, anticipated, nor bargained for.

## CONCLUSION

For all the foregoing reasons, the Trustee respectfully requests that the Court deny Walia's Motion to the extent it seeks an order compelling the Trustee to pay Walia defense expenses under the Settlement Agreement. The Trustee cannot be compelled to satisfy obligations that are not imposed by law or assumed in the Settlement Agreement. Walia simply cannot compel the Trustee to satisfy contractual obligations that the Trustee does not have.

Dated: December 22, 2022

Respectfully Submitted,

REED SMITH LLP

By: /s/ Benjamin R. Fliegel
Benjamin R. Fliegel
599 Lexington Ave, 22nd Floor
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail:   BFliegel@reedsmith.com

*Special Counsel to Howard M. Ehrenberg,
as liquidating Trustee of the jointly
administered bankruptcy estates of Orion
HealthCorp, Inc. and Constellation
Healthcare Technologies, Inc*