UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., *et al.*, | : | Case No. 18-71789 (AST) |
| | : | Case No. 18-74545 (AST) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ---------------------------------------------------------------------x | | |
| | : | |
| Howard M. Ehrenberg in his capacity as Liquidating | : | |
| Trustee of Orion Healthcorp, Inc., *et al.*, | : | |
| | : | Adv. Pro. No. 18-08053 (AST) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| Parmjit Singh Parmar (a/k/a Paul Parmar), *et al.*, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------------x

**ORDER AUTHORIZING THE LIQUIDATING TRUSTEE
TO ENTER INTO AND APPROVING THE SETTLEMENT
AGREEMENT BY AND AMONG THE LIQUIDATING TRUSTEE
AND HARMOHAN PARMAR (A/K/A HARRY PARMAR)
AND DIOSKOUROI KASTOR POLYDEUCES, LLC**

**WHEREAS**, on March 16, 2018 (the "Petition Date"), each Debtor other than New York Network Management, L.L.C. (the "Debtors") commenced a case (collectively, the "Initial Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court");

**WHEREAS**, on April 4, 2018, the Debtors commenced the instant adversary proceeding (the "Adversary Proceeding") by the filing of a complaint (the "Complaint");

**WHEREAS**, on January 14, 2021, the Plaintiffs filed the second amended complaint (the "Amended Complaint") asserting claims against the Settling Defendants for, *inter alia*, constructive trust, fraudulent conveyance, turnover, unjust enrichment and conversion arising from the Settling Defendant's receipt of 40 Broad Street, Apt. 20 FG, New York, New York 10004 (the "Broad Street Property") which was allegedly purchased with the proceeds from the Merger described in the Amended Complaint;

**WHEREAS**, on or about January 6, 2019, the Debtors filed their Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code (as confirmed, the "Plan");

**WHEREAS**, on February 26, 2019, the Court entered an Order (the "Confirmation Order") confirming the Plan;

**WHEREAS**, on March 1, 2019, the effective date of the Plan occurred (the "Effective Date"), and pursuant to the Plan and the Confirmation Order, the Liquidating Trustee was appointed as successor to the Debtors and is empowered to prosecute and settle, with Court approval, the claims asserted in this Adversary Proceeding against the Settling Defendants;

**WHEREAS**, the Liquidating Trustee and Settling Defendants desire to enter into the Settlement Agreement dated November 16, 2022, a copy of which is annexed to the Motion to Compromise Controversy (as annexed, the "Settlement Agreement") and the Liquidating Trustee seeks this Court's authorization to enter into and approve the Settlement Agreement;

**NOW THEREFORE, IT IS HEREBY:**

**ORDERED**, that all unresolved objections to the Motion, if any, are hereby overruled; and it is further

**ORDERED**, that the Settlement Agreement is approved in its entirety and the Liquidating Trustee is authorized to execute and consummate the Settlement Agreement; and it is further

**ORDERED**, that the Parties may take any further actions necessary to implement the terms of the Settlement Agreement; and it is further

**ORDERED**, that the Bankruptcy Court shall retain jurisdiction with respect to any issues arising from the implementation of this Order and the Settlement Agreement.



Dated: December 27, 2022
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge